## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) KIMIESHA HILL, (2) JASON GARNETT,AND (3) KIARA McCORKLE, on behalf of themselves And all others similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-21-97-PRW |
| | ) | |
| (1) TOWN OF VALLEY BROOK, (2) VALLEY BROOK MUNICIPAL COURT, (3) LEWIS NIEMAN, Mayor of Valley Brook, in his official capacity; (4) STEPHEN HAYNES, Municipal Judge,in his official and individual capacity; (5) MICHAEL STAMP, Chief of Valley Brook Police Department, in his official capacity; (6) VALLEY BROOK POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

Andrew W. Lester, OBA No. 5388
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

February 25, 2021

## TABLE OF CONTENTS

STATEMENT OF THE CASE ........................................................................ 1

Plaintiffs' Claims ...................................................................................... 1

Summary of the Argument ........................................................................ 3

ARGUMENT AND AUTHORITIES ........................................................... 4

Standard of Review .................................................................................... 4

PROPOSITION I:  PLAINTIFFS MAY NOT SEEK REDRESS IN
FEDERAL DISTRICT COURT .................................................................. 5

    A.    The *Rooker-Feldman* doctrine bars claims made by
        Plaintiffs Garnett and McCorkle .............................................. 5

    B.    Application of the *Younger* abstention doctrine
        prohibits Plaintiff Hill's claims ............................................... 6

PROPOSITION II:  PLAINTIFFS' FAILURE TO SEEK RELIEF
UNDER THE OKLAHOMA UNIFORM POST-CONVICTION
PROCEDURAL ACT IS FATAL ................................................................ 7

PROPOSITION III:  THE UNITED STATES SUPREME COURT
HAS LONG HELD THAT NO CAUSE OF ACTION EXISTS UNDER
§ 1983, WHERE THE CLAIMS ARE BASED ON AN INTACT
CRIMINAL CONVICTION OR SENTENCE ............................................ 8

PROPOSITION IV:  JUDGE HAYNES IS ENTITLED TO
ABSOLUTE IMMUNITY ......................................................................... 10

PROPOSITION V:  PLAINTIFFS FAIL TO STATE A CLAIM
FOR EXCESSIVE FINES ......................................................................... 13

PROPOSITION VI:  BECAUSE THIS MATTER HAS BEEN
REMOVED TO FEDERAL COURT, PLAINTIFF'S REQUEST
THAT THIS ACTION BE CERTIFIED AS A CLASS ACTION
MUST BE DISMISSED ............................................................................. 14

PROPOSITION VII:  VALLEY BROOK MUNICIPAL COURT
AND VALLEY BROOK POLICE DEPARTMENT ARE NOT

**ENTITIES CAPABLE OF BEING SUED** .................................................................. **15**

**CONCLUSION** .............................................................................................................. **15**

OK 579642.1

# TABLE OF AUTHORITIES

## Federal Case Law

*Arbaugh v. Y&H Corp.*,
546 U.S. 500 (2006) ...................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................4

*Basso v. Utah Power & Light Co.*,
495 F.2d 906 (10th Cir. 1974) ...................................................................4

*Bell Atlantic v. Twombly*,
550 US 544 (2007) .....................................................................................4

*Bradley v. Fisher*,
80 U.S. 335 (1872) ...................................................................................10

*Campbell v. City of Spencer*,
682 F.3d 1278 (10th Cir. 2012) .................................................................6

*Chapman v. Oklahoma*,
472 F.3d 747 (10th Cir. 2006) ..................................................................7

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*,
319 F.3d 1211 (10th Cir. 2003) .................................................................7

*Dennis v. Sparks*,
449 U.S. 24 (1980) ...................................................................................11

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,
544 U.S. 280 (2005) ...................................................................................5

*Forrester v. White*,
484 U.S. 219 (1988) .................................................................................11

*Heck v. Humphrey*,
512 U.S. 477 (1994) ...................................................................3, 9, 10, 15

*Holt v. United States*,
46 F.3d 1000 (10th Cir. 1995) ...................................................................5

OK 579642.1

*Johnson v. De Grandy,*
512 US. 997 (1994) ................................................................5

*Kentucky v. Graham,*
473 U.S. 159 (1985) ............................................................10

*Kiowa Indian Tribe of Oklahoma v. Hoover,*
150 F.3d 1163 (10th Cir. 1998) ............................................5

*Marshall v. Dupree,*
2008 WL 2751343 (D.Colo. 2008).......................................7

*McFadden v. City of Midwest City,*
2014 WL 798013 (W.D.Okla. Feb. 27, 2014).......................10

*Mireles v. Waco,*
502 U.S. 9 (1991) .........................................................11, 12

*Mitchell v. Forsyth,*
472 U.S. 511 (1985) ............................................................11

*Mobley v. McCormick,*
40 F.3d 337 (10th Cir. 1994) ................................................4

*Pierson v. Ray,*
386 U.S. 547 (1967) ............................................................11

*Ridge at Red Hawk, LLC v. Schneider,*
493 F.3d 1174 (10th Cir. 2007) ............................................4

*Shangreaux v. Midwest City Police Dept.,*
1991 WL 104313 (10th Cir.1991)........................................15

*Sperry Products, Inc. v Association of American Railroads,*
44 F Supp. 660 (S.D.N.Y. 1942) .........................................14

*Stump v. Sparkman,*
435 U.S. 349 (1978) ............................................................11

*Taylor v. City of Bixby,*
2012 WL 6115051 (N.D.Okla. Dec. 10, 2012) ......................9

OK 579642.1

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
551 U.S. 308 (2007) ....................................................................................4

*United States v. Bajakajian,*
524 U.S. 321 (1998) ..................................................................................13

*Wallace v. Kato,*
549 U.S. 384 (2007) ....................................................................................9

*Younger v. Harris,*
401 U.S. 37 (1971) ...................................................................................5, 7

**Oklahoma Case Law**

*Dutton v. City of Midwest City,*
2015 OK 51, 353 P.3d 532 .....................................................................8, 10

*Gregory v. Fransein,*
2002 OK CIV APP 35, 42 P.3d 298.............................................................11

**Federal Statutes, Rules and Acts**

Fed. R. Civ. P. 12(b).................................................................................1, 4

Fed. R. Civ. P. Rule 23 ...............................................................................14

28 U.S.C. § 1738 ..........................................................................................6

Civil Rights Act of 1871,
42 U.S. § 1983 .............................................................................2, 3, 8, 9, 11

Fourth Amendment to the United States Constitution ..................................3

Sixth Amendment to the United States Constitution....................................3

Eighth Amendment to the United States Constitution ...........................2, 13

Fourteenth Amendment to the United States Constitution......................2, 3

*Rooker-Feldman* Doctrine ...................................................................3, 5, 6

*Younger* Abstention Doctrine ...................................................3, 5, 6, 7, 15

OK 579642.1

## <u>Oklahoma Statutes and Rules</u>

Oklahoma Constitution
Article 2, Section 7 of the .........................................................................................2, 8

11 O.S. § 27-129 ....................................................................................................7

11 O.S. § 28-101 ....................................................................................................2

12 O.S. § 2017 ......................................................................................................15

12 O.S. § 2023 ......................................................................................................14

Oklahoma Uniform Post-Conviction Procedure Act
22 O.S. § 1080 ...............................................................................................3, 7, 8, 9

OK 579642.1

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Town of Valley Brook,[1] Valley Brook Municipal Court, Lewis Nieman, in his official capacity, Stephen Haynes, in his official and individual capacity, Michael Stamp, in his official capacity, and the Valley Brook Police Department (collectively, the "Municipal Defendants") move to dismiss Plaintiffs' Amended Class Action Complaint (Dkt. No. 1-5) ("Complaint") against them. Not only do Plaintiffs fail to state a claim upon which relief can be granted, the Court lacks subject matter jurisdiction to hear the claims.

## STATEMENT OF THE CASE

### Plaintiffs' Claims

Plaintiffs were convicted in the Valley Brook Municipal Court for a variety of municipal offenses, including driving with a broken taillight, driving with a suspended sentence, speeding, possession of a controlled substance, and possession of drug paraphernalia. Dkt. No. 1-5, ¶¶ 17, 40, 58. According to the Complaint, Plaintiffs were arrested and, when it was determined that they could not pay a fine, jailed pending the next regularly scheduled municipal hearing. *Id*., ¶¶ 5, 7. At their respective hearings, Plaintiffs allege the Municipal Defendants did not inquire as to their ability to pay before imposing fines. *Id.*, ¶¶ 29, 51, 70. Plaintiffs also allege the Municipal Defendants ignored or arbitrarily denied their requests for relief from payment or refused to consider alternative forms to payment. *Id.*, ¶¶ 29, 51, 70. Plaintiffs maintain they were not advised of their right to counsel nor was counsel provided. *Id.*, ¶ 8. Ultimately, each Plaintiff

---

[1] Valley Brook does not have "a population of more than sixty-five thousand (65,000) inhabitants, as determined by the latest federal census," hence none qualifies to have a

pleaded guilty or no contest to the charges brought against them. *Id.*, ¶¶ 29, 49, 70. After a plea was entered, Plaintiffs allege they were returned to jail because they were unable to pay the fees and fines. Plaintiff Hill's case remains open, and she has not yet paid all the fees/fines assessed against her. *Id.*, ¶¶ 33, 35 – 38. Plaintiff Garnett was advised that he owes an additional $587.25, but he believes all fees/fines have been paid. *Id.*, ¶¶ 52, 55. Plaintiff McCorkle does not have any outstanding fees/fines.  *Id.*, ¶¶ 74, 76.

Plaintiffs now seek damages, a permanent injunction preventing the Municipal Defendants from engaging in unlawful acts, an order declaring the alleged conduct illegal, and an order vacating Plaintiffs' fees, fines, and costs. *Id.*, at 45-46. Plaintiffs assert the following claims:

Count 1 – Imprisonment or threat of imprisonment for failure to pay a fine in violation of the due process and equal protection clauses of the Fourteenth Amendment to the United State Constitution and 42 U.S.C. § 1983 (Dkt. No. 1-5, ¶¶ 144-151);

Count II – Failure to provide an opportunity to be heard prior to arrest, detention or other punitive action in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 (Dkt. No. 1-5, ¶¶ 152-159);

Count III – Denial of due process in violation of Article 2, Section 7 of the Oklahoma Constitution (Dkt. No. 1-5, ¶¶ 160-167);

Count IV – Jailing Plaintiffs indefinitely without a judicial hearing in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 (Dkt. No. 1-5, ¶¶ 168- 172);

Count V – Excessive fines in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983 (Dkt. No. 1-5, ¶¶ 169-181);

Count VI – Imprisoning or threating to imprison Plaintiffs for non-payment of

---

court of record under 11 O.S. § 28-101.

debts without appointing adequate counsel or securing a knowing and intelligent waiver of counsel in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, the Sixth Amendment to the United States Constitution and 42 U.S.C. § 1983 (Dkt. No. 1-5, ¶¶ 182-191); and,

Count VII – Unreasonable searches in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 (Dkt. No. 1-5, ¶¶ 192-199).

## <u>Summary of the Argument</u>

Nowhere, however, do Plaintiffs allege they appealed imposition of the court costs, fees, and fines. Nowhere do Plaintiffs allege they challenged the Municipal Defendants' actions through the Oklahoma criminal appellate process based on the Municipal Defendants' failure to follow applicable state or federal law or rules. Nowhere do Plaintiffs allege they sought protection of the Oklahoma Uniform Post-Conviction Procedure Act ("OUPCPA"), 22 O.S. §§ 1080, *et seq.*, which specifically provides a mechanism to challenge the imposition of a fine or sentence as well as state and federal constitutional violations. Instead, Plaintiffs now seek relief in a civil court for what they perceive to be deprivations of their rights in connection with their criminal sentencing.

Such actions are not permitted. The *Rooker-Feldman* doctrine prohibits the claims of Plaintiffs Garnett and McCorkle from proceeding. Plaintiff Hill's claims cannot proceed under the *Younger* abstention doctrine because her case, according to the Complaint (Dkt. No. 1-5, ¶¶ 35, 37), remains pending. Furthermore, Plaintiffs failed to avail themselves of the OUPCPA and cannot now "appeal" their cases in civil court. Likewise, the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), prohibits Plaintiffs from proceeding because their state court judgments have not been

3

invalidated. And, Judge Haynes is entitled to absolute judicial immunity. As more fully set forth below, the Amended Complaint must be dismissed with prejudice.

## ARGUMENT AND AUTHORITIES

### Standard of Review

The sufficiency of a complaint is a question of law, and when considering a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, the "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis original).

A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it "tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "[C]onclusory statements without reference to [a complaint's] factual context," *id.*, at 686, are not entitled to an assumption of truth.

Under Rule 12(b)(1), the plaintiff, the party asserting jurisdiction, has the burden of establishing it. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

4

A party may allege a facial attack that questions the sufficiency of the complaint. *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995). The court must dismiss a claim if it lacks subject matter jurisdiction. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006).

**PROPOSITION I:**
**PLAINTIFFS MAY NOT SEEK REDRESS IN FEDERAL DISTRICT COURT.**

### A. The *Rooker-Feldman* doctrine bars claims made by Plaintiffs Garnett and McCorkle.

Plaintiffs Garnett and McCorkle are complaining of injuries caused by a municipal court's final judgement or decision. They assert that their judgments and payments of fines were the result of wrongfully obtained convictions. Their claims cannot be stated except in terms of their final judgment or decision.  The *Rooker-Feldman* doctrine, however, bars "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Kiowa Indian Tribe of Oklahoma v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998), citing *Johnson v. De Grandy,* 512 US. 997, 1005-1006 (1994).

While the *Rooker-Feldman* doctrine does not apply to a claim independent of a state court judgment, it does apply to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005). *Cf. Younger v. Harris*, 401 U.S. 37 (1971) (explaining *Younger* abstention against ongoing state court proceedings). Simply put, *Rooker-Feldman* bars actions "complaining of injuries caused

5

by the state-court judgments." *Id. See also* 28 U.S.C. § 1738 (state court judicial proceedings are entitled to full faith and credit). All of Plaintiffs' claims against Municipal Defendants are just that – asserted injuries allegedly caused by municipal court judgments.

Plaintiffs demand a vacatur "of all outstanding fines currently outstanding and assessed against each Plaintiff and others similarly situated, in accordance with Rule 8.5." Dkt. No. 1-5, at 46. They also seek damages resulting from the alleged unlawful conduct. They do not challenge the constitutionality of the underlying ordinances, rules or statutes. Instead, they challenge application of the underlying ordinances to them.

In other words, Garnett and McCorkle are challenging the municipal judgments of conviction. Their claim is that "[t]he alleged constitutional wrong was the content of the judgment." *Campbell v. City of Spencer,* 682 F.3d 1278, 1285 (10th Cir. 2012). That means that their claim is "barred by *Rooker-Feldman*." *Id.* The source of Plaintiffs' alleged injury against Municipal Defendants – their municipal court judgments or deferred adjudications and the money they allege was collected upon conviction – is the municipal court's enforcement of the judgment on those convictions.

Garnett and McCorkle are asking this Court to overturn the state court judgments and return the monies they allege they paid. *Rooker-Feldman* prohibits their quest to overturn these state court judgments in this court, and the claims should be dismissed.

## B. Application of the *Younger* abstention doctrine prohibits Plaintiff Hill's claims.

The *Younger* abstention doctrine "applies to any federal court proceeding that

6

would interfere with state judicial functions, which includes state criminal and civil proceedings." *Marshall v. Dupree,* 2008 WL 2751343, * 5 (D.Colo. 2008); *Younger,* supra. "Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006), quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). Plaintiff Hill admits the case against her is still pending. She admits that she is waiting on a new court date (Dkt. No. 1-5, ¶ 35) and has not paid all of her fines. *Id*., ¶¶ 37, 38. *Younger* abstention is mandatory. Because her municipal court case is ongoing, Hill's claims must be dismissed.

**PROPOSITION II:**
**PLAINTIFFS' FAILURE TO SEEK RELIEF UNDER THE OKLAHOMA UNIFORM POST-CONVICTION PROCEDURE ACT IS FATAL.**

Plaintiffs are seeking to undo the consequences of their actions. Specifically, they seek compensation for damages they claim they have suffered, and vacatur of all outstanding fines they have paid or were ordered to pay, as a consequence of having been found guilty of (or having pleaded no contest to) various criminal charges.

Yet, Plaintiffs did not seek any type of state court redress. They could have challenged the municipal court's actions. They could have appealed. 11 O.S. § 27-129 (providing for appeals to district court and a trial de novo). They could have sought relief under the Oklahoma Uniform Post-Conviction Procedure Act ("OUPCPA"), 22 O.S. §§ 1080, *et seq*. Instead, they did nothing. Their failure to seek any type of appellate or post-conviction relief is fatal to their claims.

The OUPCPA provides a means for challenging a state court conviction or

7

sentence that occurred in violation of the United States Constitution and the Oklahoma Constitution. 22 O.S. § 1080(a). The Act "encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." *Id*. It creates a "post-conviction remedy that supplant[s] the common-law writs and redefined what post-conviction claims may be made." *Dutton v. City of Midwest City,* 2015 OK 51, ¶ 21, 353 P.3d 532, 541.

Although the OUPCPA was available to Plaintiffs to contest their municipal court judgments and sentences, Plaintiffs never invoked it. Nor did they appeal their convictions. Nothing prevented them from asserting their rights under the OUPCPA or from asserting the alleged constitutional violations on appeal. Nothing prevented them from contesting their municipal charges or from asserting alleged constitutional violations in connection with their charges.

Plaintiffs cannot simply ignore relief available to them. Their claims are not cognizable and must be dismissed with prejudice.

### PROPOSITION III:
### THE UNITED STATES SUPREME COURT HAS LONG HELD THAT NO CAUSE OF ACTION EXISTS UNDER § 1983, WHERE THE CLAIMS ARE BASED ON AN INTACT CRIMINAL CONVICTION OR SENTENCE.

A plaintiff cannot state a claim under the Civil Rights Act of 1871, 42 U.S. § 1983, for wrongful acts in connection with a conviction without having first obtained either direct relief in state court or a writ of habeas corpus in federal court. According to the Supreme Court:

> [T]o recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness

8

would render a conviction or sentence invalid, *a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*[.]

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis added); *see also Wallace v. Kato*, 549 U.S. 384, 392 (2007) (same). To put it bluntly, "[a] claim for damages … that has not been so invalidated *is not cognizable under § 1983*." *Heck*, 512 U.S. at 487 (emphasis added). The Supreme Court held in *Heck* that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, **the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated**." *Id.* (emphasis added).

That is exactly what would happen here. The prayer for relief makes it clear. Dkt. No. 1-5, at 45-46. Plaintiffs demand that the municipal court judgments or deferred adjudications be vacated, that the Municipal Defendants' actions be declared unconstitutional, and that Plaintiffs be awarded restitution, precisely what *Heck* forbids. Thus, as *Heck* says, "the complaint must be dismissed." *Id.*

The *Heck* Court's holding does not merely "engraft an exhaustion requirement upon § 1983, but rather den[ies] the existence of a cause of action … unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489. District courts have repeatedly found that *Heck* applies when relief under the OUPCPA is available. *See, e.g., Taylor v. City of Bixby*, 2012 WL 6115051 (N.D.Okla. Dec. 10, 2012) (*Heck* applies where habeas is unavailable

9

but plaintiff has an alternative to challenge the conviction); *McFadden v. City of Midwest City,* 2014 WL 798013 (W.D.Okla. Feb. 27, 2014) (same); *Dutton v. City of Midwest City,* 2014 WL 348982 (W.D.Okla. Jan. 31, 2014) (same).

None of these Plaintiffs has alleged that their "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck,* 512 U.S. at 486-87. To the contrary, as the Complaint itself makes clear, Plaintiffs' convictions are intact. Dkt. No. 1-5, ¶¶ 34, 54, 70, 74, 76.

Plaintiffs cannot ignore the various remedies available to them. They have had numerous state court avenues for relief but have chosen to skip them. *Heck* and its progeny prohibit these claims from proceeding. Plaintiffs' claims must be dismissed.

**PROPOSITION IV:**
**JUDGE HAYNES IS ENTITLED TO ABSOLUTE IMMUNITY.**

It is a fundamental principle of "the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher,* 80 U.S. 335, 341 (1872). Nevertheless, Plaintiffs have brought suit against Judge Haynes in both his official capacity,[2] as

---

[2] Of course, an official capacity suit is just another way of suing the government entity itself. *See* generally, *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) ("…an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." (internal citations omitted)). Thus, Plaintiffs' claims brought against Defendants Nieman

municipal judge of Valley Brook, and in his individual capacity. Specifically, Count I, II, III, V, and VI are attempts to state claims against Haynes. These claims fail.

The doctrine of judicial immunity bars Plaintiffs' claims against Judge Haynes. Judicial immunity is "an immunity from suit, not just from the ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991), citing *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). "Judges enjoy immunity, because even if their actions were in error, the litigant is accorded the right to appellate review for correction of any such errors." *Gregory v. Fransein,* 2002 OK CIV APP 35, ¶ 4, 42 P.3d 298, 300, citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Furthermore, "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Judicial immunity can only be overcome under two conditions – actions taken in a complete absence of all jurisdiction[3] and actions not taken in the judge's judicial capacity. *Mireles,* 502 U.S. at 11-12, citing *Forrester v. White,* 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman,* 435 U.S. 349, 356-357, 360 (1978). Neither condition is satisfied in this case. All claims against Judge Haynes must be dismissed with prejudice.

To determine if an act by a judge is judicial, one examines "the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump*, 435

---

and Stamp, both in their official capacities only, constitute a suit against the Town of Valley Brook. That is also the case as to the official capacity claim against Judge Haynes.

OK 579641.1

U.S. at 362. The relevant inquiry is to the "nature" and "function" of the judge's act – "not the act itself." *Mireles,* 502 U.S. at 13. "If judicial immunity means anything, it means that judge 'will not be deprived of immunity because the action he took was in error ... or was in excess of his authority." *Id.* at 12 – 13.

Plaintiffs' allegations relate to actions Judge Haynes took while acting in a judicial capacity. Specifically, Plaintiffs' allege:

- Judge Haynes is a municipal official (Dkt. No. 1-5, ¶¶ 2, 8);

- Judge Haynes is involved in setting fines (Dkt. No. 1-5, ¶ 9);

- Plaintiffs appeared before Judge Haynes at the Valley Brook Municipal Court (Dkt. No. 1-5, ¶¶ 10, 25);

- Judge Haynes presided over a courtroom and gives instructions prior to hearings (Dkt. No. 1-5, ¶ 25);

- Judge Haynes directed Plaintiffs to speak with the City Attorney regarding their charges and fines (Dkt. No. 1-5, ¶¶ 26, 99);

- Judge Haynes did not determine if Plaintiff Hill could afford the fine or inquire about her financial status (Dkt. No. 1-5, ¶ 29);

- Judge Haynes begins his proceedings with a discussion about the municipal court process (Dkt. No. 1-5, ¶ 97);

- Plaintiffs consider Judge Haynes "court staff; (Dkt. No. 1-5, ¶ 102); and,

- Judge Haynes accepts pleas (Dkt. No. 1-5, ¶ 102).

---

[3] The Amended Complaint contains no allegations that Judge Haynes performed any function other than a judicial one or that he acted in the complete absence of all jurisdiction.

These actions were clearly judicial in nature and function. Plaintiffs' complaints about Judge Haynes' actions, or, in some cases, inactions, all stem from Judge Haynes' role as a judge. Plaintiffs never assert that Judge Haynes, independent of his judicial role, somehow injured or harmed Plaintiffs. He is absolutely immune from suit. All claims against Judge Haynes, whether in his official or individual capacity, must be dismissed with prejudice.

**PROPOSITION V:**
**PLAINTIFFS FAIL TO STATE A CLAIM FOR EXCESSIVE FINES.**

Plaintiffs allege the Municipal Defendants collected fines so excessive as to deprive them of their rights secured by the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. However, Plaintiffs fail to make any factual allegation demonstrating what fines were paid, how much was paid, or even how they were deprived of a right secured by the Constitution or laws of the United States. Their claims must be dismissed.

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture **must bear some relationship to the gravity of the offense** that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (citations omitted) (emphasis added). "[D]istrict courts in the first instance, and the courts of appeals, reviewing the proportionality determination *de novo*, must compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is **grossly disproportional** to the gravity of the defendant's offense, it is unconstitutional." *Id.*, at 335-36 (citations

13

omitted) (emphasis added).

Plaintiffs offer no factual allegations to support their excessive fines claim – only conclusory allegations. Plaintiffs believe that the Municipal Defendants may charge a "probation fee" (Dkt. No. 1-5, ¶ 177), but make no factual allegation that such a fee was ever paid. Plaintiffs' further assert that each Plaintiff was charged "thousands of dollars" for municipal violations. Dkt. No. 1-5, ¶ 178. But, they fail to allege the amount each Plaintiff was charged or paid.

Plaintiffs fail to satisfy the minimum pleading requirements. At best, they rely on the mere possibility that someone could assert a claim for a probation fee – even though none of the named Plaintiffs has alleged that they were required to pay such a fee. Moreover, Plaintiffs have set forth no factual allegations supporting their claim that any fine was excessive. In fact, the Amended Complaint is silent as to the amount of the Plaintiffs' fines and fees. Count V must be dismissed.

### PROPOSITION VI:
### BECAUSE THIS MATTER HAS BEEN REMOVED TO FEDERAL COURT, PLAINTIFF'S REQUEST THAT THIS ACTION BE CERTIFIED AS A CLASS ACTION MUST BE DISMISSED

Plaintiffs seek certification of this action as a class action, pursuant to Oklahoma law codified at 12 O.S. § 2023. Dkt. No. 1-5, ¶¶ 120 - 143, and Prayer for Relief, p. 45. With respect to actions in federal court, Fed. R. Civ. P. Rule 23 governs class actions. That Rule is a rule of procedure. *Sperry Products, Inc. v Association of American Railroads,* 44 F. Supp. 660 (S.D.N.Y. 1942), *aff'd in part* and *rev'd in part* on other grounds, 132 F.2d 408 (2nd Cir. 1942), *cert. denied*, 319 US 744 (1943). Plaintiffs

14

therefore may not seek certification of a class pursuant to state law. The request for certification must be dismissed.

## PROPOSITION VII:
## VALLEY BROOK MUNICIPAL COURT AND VALLEY BROOK POLICE DEPARTMENT ARE NOT ENTITES CAPABLE OF BEING SUED.

Plaintiffs' incorrectly name the "Valley Brook Municipal Court" and "Valley Brook Police Department" as defendants. Pursuant to Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to … be sued in this state." 12 O.S. § 2017(B). Neither the Valley Brook Municipal Court" nor the "Valley Brook Police Department" are juridical entities capable of being sued. *See* generally, *Shangreaux v. Midwest City Police Dept.,* 1991 WL 104313, *2 (10th Cir.1991) (unpublished opinion) (finding that the police department of Midwest City "is not a suable entity."). The Valley Brook Municipal Court" and "Valley Brook Police Department" are divisions of the Town of Valley Brook, not separate, juridical, legal entities. All claims against them should be dismissed.

## <u>CONCLUSION</u>

Plaintiffs Garnett and McCorkle did not appeal their convictions or avail themselves of the Oklahoma Uniform Post-Conviction Procedures Act. Application of the *Younger* abstention doctrine prohibits Plaintiff Hill's claims from moving forward. Moreover, as the Supreme Court has mandated in *Heck v. Humphrey*, this case must be dismissed with prejudice. No matter how hard they try, Plaintiffs cannot get around the fact that they are asserting the invalidity of their sentences. Additionally, Judge Haynes is entitled to absolute judicial immunity.

15

## **RELIEF REQUESTED**

For the foregoing reasons, Defendants respectfully request that the Court dismiss this case with prejudice.

Respectfully submitted,


s/Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

OK 579641.1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Defendants' Motion to Dismiss with the Clerk of the Court by using the ECF system on this Thursday, February 25, 2021. I also certify that the foregoing document is being served this day on all counsel of record identified on this Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by ECF or via U.S. Mail for those counsel or parties who are not authorized to receive Notices of Electronic filing electronically.

Woodrow K. Glass
WARD & GLASS, LLP
1601 36TH Ave NW
Norman, OK  73072
woody@wardglasslaw.com

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC  20005
aago@lawyerscommittee.org
tmays@lawyerscommittee.org

Jason A. Leckerman
Lisa Swaminathan
Laura E. Luisi Gavin
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor
Philadelphia, PA  19103
leckermanj@ballardspahr.com
swaminathanl@ballardspahr.com
gavinl@ballardspahr.com
babchinetskayal@ballardspahr.com

s/Courtney D. Powell

17

OK 579641.1