## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) KIMIESHA HILL, (2) JASON GARNETT,AND (3) KIARA McCORKLE, on behalf of themselves And all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-21-97-PRW |
| (1) TOWN OF VALLEY BROOK, (2) VALLEY BROOK MUNICIPAL COURT, (3) LEWIS NIEMAN, Mayor of Valley Brook, in his official capacity; (4) STEPHEN HAYNES, Municipal Judge,in his official and individual capacity; (5) MICHAEL STAMP, Chief of Valley Brook Police Department, in his official capacity; (6) VALLEY BROOK POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

April 1, 2021

## <u>TABLE OF CONTENTS</u>

*Rooker-Feldman prohibits Plaintiffs from asking this court to*
*declare their convictions void* ........................................................................... 1

*Younger abstention applies to Plaintiff Hill's claims* .......................................... 2

*The Oklahoma Post Conviction Procedures Act requires dismissal of this case* ............ 3

*Plaintiffs are not challenging the process of enforcing*
*judgments – they are challenging the judgments themselves* ............................................. 4

*Claims against Judge Haynes are barred by the doctrine of judicial immunity* ............... 5

*Plaintiffs fail to show that the amount of the fines is so grossly*
*disproportional to the Plaintiffs' offenses that they are unconstitutional* ...................... 8

*Neither the Valley Brook Municipal Courts nor the Valley Brook*
*Police Departments are proper parties* ............................................................ 8

**CONCLUSION** .................................................................................... 9

# TABLE OF AUTHORITIES

## Federal Case Law

*Anderson v. Private Capital Grp*.,
549 F.App'x 715 (10th Cir. 2013) .............................................................. 1

*Ariatti v. Edwards*,
171 Fed. App'x 718 (10th Cir. 2006) .......................................................... 4

*Bradley v. Fisher*,
80 U.S. 335 (1872) ...................................................................................... 5

*Cain v. City of New Orleans*,
186 F. Supp. 3d 536 (E.D. La. 2016) .......................................................... 2

*Foman v. Davis*,
371 U.S. 178 (1962) .................................................................................... 1

*Graff, et al. v. Aberdeen Enterprizes II, Inc., et al.*,
Case 4:17-cv-00606-TCK-JFJ, Dkt. No. 352
(N.D.Okla. March 12, 2021) ....................................................................... 4

*Heck v. Humphrey*,
512 U.S. 477 (1994) ............................................................................ 4, 5, 9

*Hill v. State of Oklahoma*,
2000 WL 358475 (10th Cir. April 7, 2000)................................................ 7

*Ketchum v. Albuquerque Police Dep't.*,
1992 WL 51481 (10th Cir. March 12, 1992)............................................. 8

*Ketchum v. Cruz*,
961 F.2d 916 (10th Cir.1992) .................................................................... 1

*Kiowa Indian Tribe of Oklahoma v. Hoover*,
150 F.3d 1163 (10th Cir. 1998) ................................................................. 2

*Kneisser v. McInerney*,
2018 WL 1586033 (D.N.J. March 30, 2018) ............................................ 7

*Malipurathu v. Jones*,
2012 WL 3822197 (W.D.Okla. June 11, 2012) ..................................... 5, 7

OK 579642.1

*Martinez v. Winner, et al.*,
771 F.2d 424 (10th Cir. 1985) ...........................................................................6, 7

*Normandeau v. City of Phoenix*,
2012 WL 621730 (D.Ariz. Feb. 24, 2012) .............................................................1

*Parga v. Bd. of Cty. Comm'rs of Tulsa*,
2019 WL 1231675 (N.D.Okla. March 15, 2019) ....................................................7

*Rheuark v. Shaw*,
628 F.2d 297 (5th Cir. 1980) ...............................................................................6

*Stump v. Sparkman*,
435 U.S. 349 (1978) ........................................................................................5, 6

*Tso v. Murray*,
2020 WL 4200126 (10th Cir. 2020) .....................................................................1

*United States v. Bajakajlan*,
524 U.S. 321 (1998) ...........................................................................................8

*Ward v. City of Norwalk*,
640 F. App'x 462 (6th Cir. 2016) .........................................................................9

*Whayne v. State of Kansas*,
980 F.Supp 387 (D.Kan. 1997) ............................................................................8

Wilson v. Municipal Court of Wichita,
2001 WL 1249679 (D.Kan. Oct. 5, 2011) .............................................................8

*Ysais v. New Mexico*,
373 F. App'x 863 (10th Cir. 2010) ........................................................................7

**Oklahoma Case Law**

*Pickens v. State*,
2007 OK CR 18, 158 P.3d 482 ............................................................................3

**Federal Statutes, Rules and Acts**

Civil Rights Act of 1871,
42 U.S.C. § 1983 ..........................................................................................4, 5, 7

OK 579642.1

*Rooker-Feldman* Doctrine ........................................................................ 1, 2

*Younger* Abstention Doctrine ................................................................. 2, 3

## **Oklahoma Statutes and Rules**

11 O.S. § 14-113 ............................................................................................. 9

11 O.S. § 27-101 ............................................................................................. 8

11 O.S. § 27-102 ............................................................................................. 9

11 O.S. § 27-129 ............................................................................................. 3

Oklahoma Uniform Post-Conviction Procedure Act
22 O.S. § 1080 ...................................................................................... 2, 3, 4, 9

Plaintiffs' Response (Dkt. No. 8) to Defendants' Motion to Dismiss (the Response")
fails to cure the Complaint's deficiencies. Plaintiffs do not and cannot state a claim. They
do not and cannot demonstrate that this Court has subject matter jurisdiction. The Motion
to Dismiss (the "Motion") (Dkt. No. 7) should be granted without leave to amend, as any
amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962) (futility of
amendment justifies denial of leave to amend); *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th
Cir.1992) (same).

**Rooker-Feldman prohibits Plaintiffs from asking this court to declare their
convictions void.** In footnote 4 on Page 21 of the Response, Plaintiffs insist they "are not
challenging the content of the judgments." But that is exactly what they seek to accomplish,
as they admit in the next sentence by stating "they are challenging the arbitrary assessment
of a variety of fines." Response, at 21 n. 4. These two statements are antithetical to each
other. They are, in fact, challenging the judgments as "*void ab initio*."

No authority exists for the fallacious proposition that *Rooker-Feldman* does not
apply. To the contrary, the Tenth Circuit has repeatedly ruled that it has "not adopted the
'*void ab initio*' exception" to *Rooker-Feldman. Tso v. Murray*, ___ F.Appx. ___, 2020 WL
4200126 (10th Cir. 2020), citing *Anderson v. Private Capital Grp*., 549 F.App'x 715, 717-
18 (10th Cir. 2013) (noting that other circuits have declined to adopt a "*void ab initio*"
exception).

In *Normandeau v. City of Phoenix*, 2012 WL 621730 (D.Ariz. Feb. 24, 2012),
plaintiff argued he was not seeking "to 'undo' his traffic tickets," *id*. at *4, but was merely
alleging constitutional violations stemming from his various traffic tickets. The court,

1

however, found that because plaintiff was asking the court to return "the money he paid them pursuant to a state-court judgment," "it would necessarily involve overturning the state-court judgment that deprived him of his money in the first place." *Id*. The court concluded that *Rooker-Feldman* "forbids federal courts from taking such action." *Id*. That is exactly the situation here.

Plaintiffs' reliance on *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163 (10th Cir. 1998) is misplaced. *Kiowa* does not concern a municipal court process but rather addresses matters of tribal sovereignty and self-government. And *Cain v. City of New Orleans*, 186 F. Supp. 3d 536 (E.D. La. 2016), is a one-off district court ruling not followed elsewhere.

No matter how they phrase it, Plaintiffs clearly allege they are seeking a declaration voiding a judgment.  They seek more than just disgorgement – they want their convictions vacated and declared void. *Rooker-Feldman* clearly applies. The Court lacks subject matter jurisdiction. The Complaint should be dismissed.

**_Younger abstention applies to Plaintiff Hill's claims._** *Younger's* requirements are satisfied in this case. Plaintiff Hill admits she still must appear in court due to her failure to pay her fines. Response, at 10. Her nonpayment is distinguishable from the cases cited by Plaintiff where the parties were simply being monitored. Hill has failed to fulfill the obligations of her sentence and has been ordered to appear in court. Her allegations make clear the matter is still pending. She does not and cannot dispute she has an adequate forum to hear her federal claims –she could appeal the ruling or avail herself of the Oklahoma Uniform Post Conviction Procedure Act. Yet she has done neither. Instead, she seeks to

pursue an impermissible civil action. She cites no binding authority that prohibits removing the matter and asserting *Younger*. The Motion must be granted.

**The Oklahoma Post Conviction Procedures Act requires dismissal of this case.**
Plaintiffs claim they are not contesting their municipal convictions, judgments, and sentences, but merely the *process* by which Defendants enforce those judgments. Yet the Complaint states otherwise. Plaintiffs allege that the City Attorney "routinely recommends that individuals who cannot afford to pay their fines plead 'guilty' or 'no contest' and complete a time payment application, without the ramifications of that choice." Dkt. No. 1-5, at ¶ 100. They assert, "Court staff, including Judge Haynes, also ignore the constitutional requirements for accepting pleas, which must be knowing, intelligent, and voluntary." *Id.* at *¶ 102*. Contrary to their statement in the Response, these allegations reveal that Plaintiffs are actually calling into question their pleas and convictions.

This is precisely why the Oklahoma Uniform Post-Conviction Procedure Act ("OUPCPA"), 22 O.S. §§ 1080, *et seq.* is the appropriate method to address their claims. If a procedural flaw occurred in the issuance of the conviction, judgment, or sentence — such as if the plea was not knowingly, voluntary and intelligent, *see Pickens v. State*, 2007 OK CR 18, 158 P.3d 482 — then an appeal of a municipal judgment may be made to the Oklahoma County District Court under 11 O.S. § 27-129 for *de novo* review. Then, if necessary, the Oklahoma Court of Criminal Appeals can review for error.

Plaintiffs may not circumvent the OUPCPA. Their municipal judgments of conviction may not be challenged here. The Motion to Dismiss should be granted.

***Plaintiffs are not challenging the process of enforcing judgments – they are challenging the judgments themselves.*** Plaintiffs' attempt to sidestep *Heck v. Humphrey* is unavailing.

In a similar case, the Northern District of Oklahoma squarely addressed the issue of whether the *Heck* doctrine applied when the plaintiffs were questioning a "policy and practice of arresting and confining individuals on debt-collection arrest warrants … without inquiry into the individuals' ability to pay or other pre-deprivation process[.]" *Graff, et al. v. Aberdeen Enterprizes II, Inc., et al.,* Case 4:17-cv-00606-TCK-JFJ, Dkt. No. 352, at *21 (N.D.Okla. March 12, 2021). The court concluded that plaintiffs' § 1983 cases "would necessarily undermine a basic characteristic – i.e., the imposed fees, fines and/or costs – of their pleas agreements and criminal sentences." *Id.* at *22. Continuing the court noted, "[p]laintiffs cannot pursue a federal court lawsuit based on an alleged failure to provide them with a hearing on their ability to pay court imposed fines, costs and fees without a showing that they have taken advantage of available state court procedures and that their sentences have been reversed on direct appeal. This is true because success on the federal claims would render their sentences invalid." *Id.,* citing, *Heck, supra.* The court concluded that the claims were barred by *Heck* because, if Plaintiffs were successful, a portion of their sentence would be invalidated. *Id.* at 23, citing *Ariatti v. Edwards,* 171 Fed. App'x 718, 710 n. 2 (10th Cir. 2006) (finding section 1983 claims based on issuance of bench warrant for failure to pay or appear on a speeding ticket likely barred by *Heck*).

4

Plaintiffs' claims in this case are no different. A finding in favor of Plaintiffs on any of their § 1983 claims would invalidate a portion of their sentences. *Heck* bars any such ruling. The Motion to Dismiss should be granted.

**Claims against Judge Haynes are barred by the doctrine of judicial immunity.**

Judicial immunity is immunity from suit. *Bradley v. Fisher,* 80 U.S. 335, 341 (1872) (a judicial officer "exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."). Plaintiffs conveniently ignore their request to recover damages and injunctive relief (Dkt. No. 1-5, at 46 and ¶¶ 151, 159, 167, 172, 181, 190, 191, 199) from Judge Haynes, in his individual capacity, focusing solely on their request for declaratory judgment. Response, at 18 – 19. "Judges are immune from liability for damages or injunctive relief, including 42 U.S.C. § 1983 actions for alleged constitutional deprivations, when the action complained of was taken in their judicial capacity, even if that action 'was in error, was done maliciously, or was in excess of [their] authority.'" *Malipurathu v. Jones,* 2012 WL 3822197, at *9 (W.D.Okla. June 11, 2012), citing *Stump v. Sparkman,* 435 U.S. 349, 356 (1978)[1]. Cloaking their requests for relief as simply "declaratory" belies the true nature of Plaintiffs' claims.

Plaintiffs do not dispute that the actions are judicial. Motion, at 12 – 13; Response, at 18 – 20. It is undisputed that "a judge is entitled to judicial immunity if he has not acted

---

[1] The cases Plaintiffs rely upon are factually distinguishable. In each case, the judicial officer was sued in his official capacity -- not individually. Furthermore, a suit against Judge Haynes in his official capacity is simply another way of suing the Town of Valley Brook, who is the real party in interest.

in clear absence of all jurisdiction and if the act was a judicial one. An act is judicial if it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity." *Martinez v. Winner, et al.*, 771 F.2d 424, 434 (10th Cir. 1985), citing, *Stump*, 435 U.S. at 359.

An act "may be administrative or ministerial for some purposes and still be a 'judicial' act for purposes of immunity from liability for damages." *Martinez,* 771 F.2d at 434, citing *Rheuark v. Shaw,* 628 F.2d 297, 304-305 (5th Cir. 1980). Each act is examined to determine if it was a "function normally performed by a judge and if the parties were dealing with the judge in his judicial capacity." *Martinez, supra.*

Ignoring the majority of Judge Haynes' actions, Plaintiffs cherry pick three additional acts and assert they were "administrative" – allegedly informing Plaintiffs Hill and Garnett that he would not grant time payments, allegedly directing Plaintiffs Hill and McCorkle to call friends and family and allegedly relying on an individual to hand out, review and/or rule on applications for him. Response, at 19, 20. Plaintiffs' characterization of these acts fall flat.

Judge Haynes did not inform Plaintiffs that he "would not grant time payment applications" (Response, at 19) – the allegation is not contained in the Complaint. Rather, the Complaint alleges at ¶ 25 that Judge Haynes stated "he rarely grants those applications." Dkt. No. 1-5, at 8. Furthermore, the Complaint does not allege that Judge Haynes "relied upon" Mayor Nieman, as alleged by Plaintiffs. Rather, the paragraphs cited by Plaintiffs (Response, at 20) merely recite Mayor Nieman's actions. There are no allegations or facts that support the allegation that Judge Haynes was relying upon or directing Mayor Nieman.

And, even if he were, Judge Haynes retains the juridical authority to control and run his courtroom. *See Martinez,* 771 F.2d at 434 ("…it is the judge's responsibility to exercise control over the courtroom and take security precautions at trial.").

The cases relied upon by Plaintiffs in support of their claims that these acts were "administrative" failed. *Kneisser v. McInerney*, 2018 WL 1586033 (D.N.J. March 30, 2018), (Response, at 20) did not find that the judge was performing administrative acts, rather only that the case was not ripe for summary judgment. Similarly, in *Parga v. Bd. of Cty. Comm'rs of Tulsa*, 2019 WL 1231675 (N.D.Okla. March 15, 2019), (Response, at 19, 20) the administrative acts included the creation of a money-bail schedule and promulgation of local rules – neither of which are at issue in this case.

Claims against Judge Haynes in his individual capacity must be dismissed. *Malipurathu, supra; see* also *Hill v. State of Oklahoma,* 2000 WL 358475 (10th Cir. April 7, 2000) (holding a state district judge is entitled to judicial immunity from § 1983); *Ysais v. New Mexico,* 373 F. App'x 863, 866 (10th Cir. 2010) ("Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983"). The Motion to Dismiss should be granted.

> ***Plaintiffs fail to show that the amount of the fines is so grossly disproportional to the Plaintiffs' offenses that they are unconstitutional.*** Plaintiffs concede they have failed to allege an essential element of their claim – namely, the amount of fines each paid. Instead, Plaintiffs claim that it was either "hundreds or thousands of dollars." Response, at 21. Ironically, Plaintiffs assert that they cannot be expected to plead specific amounts *even*

*though they are the individuals who paid the fines and are now asserting the fines were excessive.*

To determine if fees are excessive, the amount assessed must be alleged – otherwise, there is no way to determine if the fee surpasses the "usual, the proper, or a normal measure of proportion." *United States v. Bajakajlan*, 524 U.S. 321, 335 (1998). Plaintiffs fail to establish the bare minimum required and have not stated a plausible claim against Defendants. The Motion must be granted.

**Neither the Valley Brook Municipal Courts nor the Valley Brook Police Departments are proper parties.** Plaintiffs concede that governmental sub-units are not subject to suit. Response, at 25; *see also, Whayne v. State of Kansas,* 980 F.Supp 387, 391 (D.Kan. 1997). "It is a well-settled principle of law that a subunit of city government is not itself a governmental entity subject to suit." *Wilson v. Municipal Court of City of Wichita*, 2001 WL 1249679, *1 (D.Kan. Oct. 5 2011). The Tenth Circuit has determined that a municipal police department is not a legal entity capable of being sued because it lacks a legal identity separate and district from the political subdivision it represents. *Ketchum v. Albuquerque Police Dep't.*, 1992 WL 51481, at * 2 (10th Cir. March 12, 1992).

Likewise, municipal courts are sub-units of the municipality. Creation of a municipal court is determined by the municipality – not the state. 11 O.S. § 27-101 ("A municipality may create a Municipal Court, as provided in this article, which shall be not of record."). The municipality's governing body determines "by resolution that the efficient disposition of cases involving the violation of municipal ordinances necessitates putting the court into operation." 11 O.S. § 27-102. Plaintiffs' reliance on *Ward v. City of Norwalk,*

640 F. App'x 462 (6th Cir. 2016) (Response, at 24), is misplaced. Not only is *Ward* not binding authority, but the Ohio municipal courts at issue were formed and functioned differently than municipal courts in Oklahoma. For example, the Ohio municipal courts were formed by the state – the Valley Brook municipal court was formed by the City of Valley Brook. The Valley Brook municipal court is nothing more than a sub-unit of the municipality. *See e.g.* 11 O.S. § 14-113 (when a defendant is in the custody of a municipal jail, the custodial municipality is liable for cost of medical care).

The Valley Brook Police Department and the Valley Brook Municipal Court are improper parties not capable of being sued. The Motion to Dismiss should be granted.

## CONCLUSION

Plaintiffs' Response does not correct the legal deficiencies found in the Complaint. Plaintiffs offer no cognizable reason that they could not take advantage of the Oklahoma Uniform Post-Conviction Procedures Act. Their failure to do so, coupled with *Heck*, require dismissal of this case. The claims against Judge Haynes should be dismissed with prejudice. Plaintiffs fail to identify any acts Judge Haynes took that were not in his judicial capacity. For the foregoing reasons, Defendants request the Court dismiss this case with prejudice.

Respectfully submitted,

s/Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP

9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing Defendants' Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss with the Clerk of the Court by using the ECF system on this Thursday, April 1, 2021.  I also certify that the foregoing document is being served this day on all counsel of record identified on this Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by ECF or via U.S. Mail for those counsel or parties who are not authorized to receive Notices of Electronic filing electronically.

Service List
Woodrow K. Glass
WARD & GLASS, LLP
1601 36TH Ave NW
Norman, OK  73072
woody@wardglasslaw.com

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC  20005
aago@lawyerscommittee.org
tmays@lawyerscommittee.org

Jason A. Leckerman
Lisa Swaminathan
Laura E. Luisi Gavin
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor
Philadelphia, PA  19103
leckermanj@ballardspahr.com
swaminathanl@ballardspahr.com

gavinl@ballardspahr.com
babchinetskayal@ballardspahr.com


                              s/Courtney D. Powell
                              _____