IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) ) Case No. 5:21-cv-00097-PRW |
| Plaintiffs, | ) ) |
| v. | ) ) |
| TOWN OF VALLEY BROOK, et al, | ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), in accordance with Local Civil Rule 7.1(i), respectfully request an opportunity to file a supplemental brief to address the Reply filed by Defendants. (Defs.' Reply, ECF No. 15.) Plaintiffs have consulted with counsel for Defendants, who do not oppose the relief sought in this Motion. In support of this Motion, Plaintiffs state as follows:

1. On February 25, 2021, Defendants filed a Motion to Dismiss, asserting that various abstention and immunity doctrines prevent this Court from protecting Plaintiffs' constitutional rights. (Defs.' Mot. Dismiss, ECF No. 7.) Plaintiffs filed their Response on March 18, 2021. (Pls.' Resp., ECF No. 8.) Defendants filed their Reply on April 1, 2021. (Defs.' Reply.)

2. In their Reply, Defendants cite new case law, do not accurately characterize Plaintiffs' requests for relief, make certain statements of fact and law with which Plaintiffs

disagree, and raise new arguments and theories to support their Motion to Dismiss. Plaintiffs respectfully request the Court allow Plaintiffs leave to file a supplemental brief in response to Defendants' Reply, so that Plaintiffs may have the opportunity to address many of the statements contained therein and respond to Defendants' newly raised arguments and cases.

3. Significantly, Defendants rely on a new decision to support their Motion to Dismiss. *See Graff v. Aberdeen Enterprizes II, Inc.*, No. 17-CV-606-TCK-JFJ, 2021 U.S. Dist. LEXIS 46760, at *1 (N.D. Okla. Mar. 12, 2021). Defendants assert that *Graff* is relevant to their pending motion to dismiss Plaintiffs' claims based on *Heck v. Humphrey* because *Graff* is "similar" to this case. (Defs.' Reply 4.) Plaintiffs disagree and respectfully request an opportunity to respond to this new case.

4. Many of the arguments in Defendants' Reply also hinge on Defendants' inaccurate characterizations of Plaintiffs' requests for relief. Plaintiffs request an opportunity to address the significance of these mischaracterizations, which include without limitation the following:

    a. *First,* Defendants' suggestion that Plaintiffs seek vacatur of fines that have already been paid is incorrect. (*Id.* at 2.) Plaintiffs only seek vacatur of *outstanding* fines pursuant to Rule 8.5, which allows a court to relieve a municipal defendant of their municipal debt upon a determination of inability to pay. (Am. Compl., Prayer for Relief, ECF No. 1-5.)

    b. *Second,* Defendants incorrectly claim that Plaintiffs "seek[] a declaration voiding [their] judgments." (Defs.' Reply 2.) Plaintiffs do not seek a

declaration voiding their judgments. As an initial matter, the only Plaintiffs seeking declaratory relief are those with outstanding fines, i.e., Ms. Hill and Mr. Garnett. Ms. Hill and Mr. Garnett are seeking a declaration that Defendants have and continue to violate their due process rights when Defendants fail to make ability to pay determinations after uncontested judgments have been entered. (Am. Compl., Prayer for Relief.)

        c.    *Third*, Defendants incorrectly state that Plaintiffs seek injunctive relief against Judge Haynes. (Defs' Reply 5.) Plaintiffs do not seek injunctive relief against Judge Haynes. Rather, they seek declaratory relief against Judge Haynes and monetary damages against him based on his administrative acts. (*See e.g.*, Am. Compl., at ¶¶ 150–51, 158–59, 180–81, 190–91.)

    5.    Some of the arguments in Defendants' Reply also rely on misstatements of fact or law. Plaintiffs request an opportunity to address the significance of these arguments and misstatements. For example, Defendants' argument that Ms. Hill "has an adequate [state] forum to hear her federal claims" is legally incorrect. (Defs.' Reply 2.) Without a Rule 8 hearing under Oklahoma law, Ms. Hill could not raise her constitutional claims in state court, and she, therefore, does not have a judgment related to her ability to pay that could be appealed in state court. Similarly, Defendants mistakenly argue that Plaintiffs should be aware of the amount of fines assessed against them because "*they are the individuals who paid the fines and are now asserting the fines were excessive*." (Defs.' Reply 8) (emphasis in original). Ms. Hill and Mr. Garnett never paid any municipal debt because they did not have the ability to pay that debt. (*See e.g.*, Am. Compl., at ¶¶ 31–32, 50–51.) Instead, they earned credit toward their debt by sitting in jail, and they still have

outstanding debts.  (*Id.* at ¶¶ 33, 36, 52, 55–56.)  In any event, the case law does not require that Plaintiffs plead an exact amount.  In addition, Defendants' argument that *Cain v. City of New Orleans*, 186 F. Supp. 3d 536 (E.D. La. 2016), is a "one-off district court ruling not followed elsewhere" (Defs.' Reply 2) is not correct.  *See, e.g.*, *Feenstra v. Sigler*, No. 19-CV-00234-GKF-FHM, 2019 U.S. Dist. LEXIS 197889, at *19 (N.D. Okla. Nov. 14, 2019); *Ballard v. Hendl*, No. 15-00627-BAJ-EWD, 2018 U.S. Dist. LEXIS 55085, at *11 (M.D. La. Mar. 30, 2018).

6. Plaintiffs also request an opportunity to respond to new arguments and/or theories raised by Defendants, which Defendants could have raised in their opening brief, but did not.  These include:

  a. Defendants' argument that the Oklahoma Uniform Post-Conviction Procedure Act ("OUPCPA") precludes Plaintiffs' claims because Plaintiffs' Complaint includes the following facts: (1) the City Attorney routinely recommends that individuals plead "guilty" or "no contest," and (2) court staff, including Judge Haynes, do not read a colloquy before accepting pleas.  (Defs.' Reply 3.)

  b. Defendants' argument that Plaintiffs invoked the "*void ab initio*" exception to the *Rooker-Feldman* doctrine, suggesting that Plaintiffs are challenging the municipal court's jurisdiction to adjudicate municipal court violations.  (Defs.' Reply 1.)

7. Finally, Plaintiffs request an opportunity to respond to Defendants' request to dismiss Plaintiffs' entire complaint with prejudice.  Defendants offer no argument as to why any alleged jurisdictional deficiency warrants dismissal rather than remand, and have not even moved to dismiss Plaintiffs' state constitutional claim (Count III).

     For the reasons set out herein, Plaintiffs respectfully request the Court grant them leave to file a supplemental brief, not to exceed ten (10) pages, within seven (7) days of the Court's granting this motion.

Dated:  April 7, 2021

                <u>s/Woodrow K. Glass</u>
Woodrow K. Glass (OBA #15690)
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.360.9700 Telephone
405.360.7902 Facsimile
woody@wardglasslaw.com

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Pro hac vice motions forthcoming*

Jason A. Leckerman
Lisa Swaminathan
Laura E. Luisi Gavin
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
GavinL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2021, a true and correct copy of the foregoing Motion was served upon all parties of record via the Court's CM/ECF system.

s/Woodrow K. Glass