# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 5:21-cv-00097-PRW<br>) |
| v. | )<br>) |
| TOWN OF VALLEY BROOK, et al, | )<br>) |
| Defendants. | )<br>) |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN
## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

**LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8600

**WARD & GLASS**
1601 36th Ave NW
Norman, OK 73072
(405) 253-4031

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. The *Rooker-Feldman* doctrine does not apply to Mr. Garnett or McCorkle's claims. ................................................................................... 2

    B. *Younger* abstention does not apply to Ms. Hill's claims. .............................. 5

    C. *Heck v. Humphrey* does not apply to any Plaintiffs' claims. ........................ 6

    D. Plaintiffs were not required to seek relief under the OUPCPA. ................... 8

    E. Defendant Haynes is not entitled to absolute immunity. .............................. 9

    F. Plaintiffs have sufficiently pleaded excessive fines claims. ....................... 10

    G. Defendants have not moved to dismiss Count III. ...................................... 10

III. CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Priv. Cap. Grp.*,
  549 F.App'x 715 (10th Cir. 2013) .................................................................................. 5

*Ballard v. Hendl*,
  No. 15-00627-BAJ-EWD, 2018 U.S. Dist. LEXIS 55085 (M.D. La.
  Mar. 30, 2018) ................................................................................................................ 3

*Buck v. Myers*,
  244 F. App'x 193 (10th Cir. 2007) ................................................................................. 5

*Cain v. City of New Orleans*,
  186 F. Supp. 3d 536 (E.D. La. 2016) .......................................................................... 3, 8

*Caliste v. Cantrell*,
  No. 17-6197, 2017 U.S. Dist. LEXIS 136783 (E.D. La. Aug. 25, 2017) ....................... 6

*Fant v. City of Ferguson*,
  107 F Supp. 3d 1016 (E.D. Mo. 2015) ........................................................................... 8

*Feenstra v. Sigler*,
  No. 19-CV-00234-GKF-FHM, 2019 U.S. Dist. LEXIS 197889 (N.D.
  Okla. Nov. 14, 2019) .............................................................................................. 3, 4, 8

*Graff v. Aberdeen Enterprizes II, Inc.*,
  No. 17-CV-606-TCK-JFJ, 2021 U.S. Dist. LEXIS 46760 (N.D. Okla.
  Mar. 12, 2021) .................................................................................................... 1, 6, 7, 8

*Heck v. Humphrey*,
  512 U.S. 477 (1994) .................................................................................................. 1, 6

*Humphrey v. Kan. Dep't of Wildlife*,
  No. 13-4025-JTM, 2013 U.S. Dist. LEXIS 128685 (D. Kan. Sept. 10,
  2013) ............................................................................................................................ 10

*Kneisser v. McInerney*,
  No: 1:15-cv-07043-NLH-AMD, 2018 U.S. Dist. LEXIS 55389 (D.N.J.
  Mar. 30, 2018) ................................................................................................................ 9

*Mo's Express, LLC v. Sopkin*,
  441 F.3d 1229 (10th Cir. 2006) ...................................................................................... 4

*Normandeau v. City of Phoenix*,
   No. 11-1629-PHX-JAT, 2012 U.S. Dist. LEXIS 23438, at *12 (D. Ariz.
   Feb. 24, 2012) .................................................................................................... 4

*Plotner v. AT&T Corp.*,
   224 F.3d 1161 (10th Cir. 2000) ........................................................................... 3

*Powers v. Hamilton Cnty. Pub. Def. Comm'n*,
   501 F.3d 592 (6th Cir. 2007) ............................................................................... 8

*Rahimi v. Sweat*,
   748 F. App'x 849 (10th Cir. 2018) ...................................................................... 9

**State Statutes**

Oklahoma Uniform Post-Conviction Procedure Act, OKLA. STAT. 22 §
   1080 (2014) ................................................................................................ 2, 8, 9

**Rules**

Okla. Crim. App. Rule 8 ............................................................................................ 4, 6

**Constitutional Provisions**

U.S. CONST. amend VIII ............................................................................................. 3

Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs") respectfully submit this Supplemental Brief in opposition to the Motion to Dismiss filed by Defendants Town of Valley Brook, Valley Brook Municipal Court, Judge Stephen Haynes, Mayor Lewis Nieman, Police Chief Michael Stamp, and Valley Brook Police Department (the "Defendants").

## I.  INTRODUCTION

Despite representing to this Court that federal jurisdiction over Plaintiffs' claims was proper by removing a state-court filed action to federal court, Defendants now mischaracterize Plaintiffs' requests for relief, make inaccurate statements of law and fact, and cite new but inapplicable case law to argue that *state courts* should hear Plaintiffs' claims.  Defendants' request to dismiss the Amended Complaint with prejudice—almost exclusively on jurisdictional grounds—belies that they are attempting to evade any review of conduct that they largely concede violates Plaintiffs' constitutional rights as alleged.

Defendants' misstatements pervade their argument for dismissal.  To obtain dismissal under the *Rooker-Feldman* doctrine, Defendants inaccurately describe Plaintiffs' requests for relief as efforts to modify or set aside a state court judgment, and erroneously suggest that Plaintiffs seek to evade *Rooker-Feldman* under an inapplicable "*void ab initio*" exception.  In support of *Younger* abstention, Defendants ask this Court to create precedent that would deprive plaintiffs of any forum to redress harms and incorrectly argue that Plaintiff Hill has an adequate state forum in which to raise her claims.  To secure dismissal under *Heck v. Humphrey*, Defendants turn to a new decision—*Graff v. Aberdeen Enterprizes II, Inc.*—which is factually distinguished, contrary to existing case law, and on

appeal. And in furtherance of their argument that Plaintiffs should have first sought relief under the Oklahoma Uniform Post-Conviction Procedure Act ("OUPCPA"), Defendants rely on extraneous facts that they did not cite in their opening brief.

Defendants' remaining arguments similarly distort Plaintiffs' allegations. In arguing for judicial immunity, Defendants wrongly state that Plaintiffs seek injunctive relief against Judge Haynes and incorrectly assert that dismissal is warranted, even though there are—at the very least—disputes of fact regarding immunity that warrant discovery. Defendants likewise seek dismissal of Plaintiffs' excessive fines claim based on the false assertion that all Plaintiffs paid fines and should know the amount of those fines.

Finally, Defendants seek dismissal of the entire Amended Complaint with prejudice, without explaining why alleged jurisdictional deficiencies warrant dismissal, and without recognizing that they have not moved to dismiss Plaintiffs' state constitutional claim (Count III) against Defendants. Because Defendants have, once again, failed to provide any viable grounds for dismissal, this Court should deny Defendants' motion to dismiss and allow Plaintiffs to proceed to discovery.

## II. ARGUMENT

### A. The *Rooker-Feldman* doctrine does not apply to Mr. Garnett or McCorkle's claims.

To invoke the *Rooker-Feldman* doctrine, which precludes federal courts from exercising appellate jurisdiction over state court judgments, Defendants erroneously claim that Mr. Garnett and Ms. McCorkle[1] are: (1) "challenging the arbitrary assessment" of their

---

[1] In their Reply Brief, Defendants indicate that they are seeking to dismiss all Plaintiffs'

2

criminal fines on all of their claims; (2) seeking a "declaration voiding [their] judgments"; and (3) seeking vacatur of fines that have already been paid. (Defs.' Reply 1–2.)

*First*, all of Mr. Garnett and Ms. McCorkle's claims challenge the *process* by which Defendants have and continue to collect Plaintiffs' judgments, not the underlying judgments. Courts have ruled that process claims—just like Plaintiffs' claims—are "separate and distinct from the validity of the [underlying] judgment itself." *See, e.g.*, *Cain v. City of New Orleans*, 186 F. Supp. 3d 536, 553 (E.D. La. 2016). Defendants' argument that *Cain* is a "one-off district court ruling not followed elsewhere" is incorrect; in fact, another court within this Circuit has recently followed it. *See, e.g.*, *Feenstra v. Sigler*, No. 19-CV-00234-GKF-FHM, 2019 U.S. Dist. LEXIS 197889, at *19 (N.D. Okla. Nov. 14, 2019) (following *Cain*); *Ballard v. Hendl*, No. 15-00627-BAJ-EWD, 2018 U.S. Dist. LEXIS 55085, at *11–12, 14 (M.D. La. Mar. 30, 2018) (following *Cain*). And Plaintiffs' Eighth Amendment claim (Count V) challenges a municipal system that upon information and belief allows Defendants to arbitrarily assess multiple costs and fines against Plaintiffs, which taken together exceed statutorily prescribed amounts. (*See* Pls.' Resp. 12–13, n.6.)

*Second*, neither Mr. Garnett nor Ms. McCorkle seeks a declaration voiding a judgment. (*See* Am. Compl. Prayer for Relief, ECF No. 1-5.) As an initial matter, Ms. McCorkle is not seeking declaratory relief at all. (*See, e.g.*, *id.* at ¶¶ 151, 159, 172, 181,

---

claims based on *Rooker-Feldman*. (Defs.' Reply 1.) In their opening brief, however, Defendants only moved to dismiss Mr. Garnett and Ms. McCorkle's claims under *Rooker-Feldman*. (*See* Defs.' Mot. 5–6.) Defendants cannot now argue that all Plaintiffs' claims should be dismissed under *Rooker-Feldman*. *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000) (declining to address issues raised for the first time in a reply brief).

3

191.) And, while Mr. Garnett is (because he owes outstanding fines and is subject to Defendants' ongoing violations of his rights, *see, e.g.*, *id.* at ¶ 55), he seeks a declaration that Defendants have and continue to violate his due process rights when they fail to make ability to pay determinations after uncontested judgments have been entered. (*See id.* at ¶¶ 150, 158, 167, 180, 190.) *Rooker-Feldman* does not bar this type of prospective declaratory relief. *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237–38 (10th Cir. 2006) (ruling that *Rooker-Feldman* did not apply where plaintiff requested prospective relief).

*Third*, neither Mr. Garnett nor Ms. McCorkle seeks vacatur of fines that they already paid. (Defs.' Reply 1–2.) Ms. McCorkle is not seeking vacatur of fines at all, while Mr. Garnett seeks only a vacatur of *outstanding* fines pursuant to Rule 8.5, which allows a court to relieve a municipal defendant of their municipal debt upon a determination of inability to pay. (Am. Compl. ¶ 163); *cf. Feenstra*, 2019 U.S. Dist. LEXIS 197889, at *20 n.5 (noting that plaintiffs' request for vacatur of outstanding fines did not "necessarily imply the invalidity of [plaintiffs'] conviction[s] or sentence[s]" (internal citations omitted)). Despite Defendants' efforts to rely on *Normandeau v. City of Phoenix*, that decision does not support a different outcome, as the plaintiff in that case alleged that a biased state court rejected his challenge to the imposition of costs due to inability to pay. *See* No. 11-1629-PHX-JAT, 2012 U.S. Dist. LEXIS 23438, at *12 (D. Ariz. Feb. 24, 2012). That is not what Plaintiffs allege here, where Defendants did not consider ability to pay at all.

Defendants also suggest for the first time that Mr. Garnett and Ms. McCorkle are seeking to evade *Rooker-Feldman* by challenging their judgments as "*void ab initio*," (Defs.' Reply 1.) That is not correct. The *"void ab initio"* exception to the *Rooker-*

4

*Feldman* doctrine applies when plaintiffs challenge a state court's jurisdiction to issue the underlying state court judgment. *See, e.g.*, *Anderson v. Priv. Cap. Grp.*, 549 F.App'x 715, 717–18 (10th Cir. 2013). Plaintiffs have not questioned the state's jurisdiction over Plaintiffs' municipal offenses; nor have they argued that any exception to *Rooker-Feldman* applies. Rather, they challenge the process by which Defendants assess and collect municipal debt from individuals who raise ability to pay as an issue. It is clear that *Rooker-Feldman* does not bar this Court's review of that *process* (or lack thereof).

      **B.**     ***Younger* abstention does not apply to Ms. Hill's claims.**

In their Reply Brief, Defendants offer no explanation as to why this Court should permit them to seek *Younger* abstention after they removed to federal court. Defendants likewise fail to explain why, even if *Younger* is satisfied, dismissal is the appropriate course of action.[2] (*See* Pls.' Resp. 10 n.5)

Still, Defendants' argument that *Younger* is satisfied because Ms. Hill "has an adequate forum to hear her federal claims" is incorrect. (Defs.' Reply 2.) "[A] necessary predicate for a *Younger* dismissal . . . is, the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved . . . . [and] the opportunity for appeal does not negate a denial of due process in the initial proceeding." *See Caliste v. Cantrell*, No. 17-6197, 2017 U.S. Dist. LEXIS 136783, at *9 (E.D. La. Aug. 25, 2017)

---

[2] Defendants also ignore that where *Younger* is satisfied but a litigant seeks damages, courts stay claims for damages pending resolution in state court. *See Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007) ("Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether." (citation omitted)).

5

(internal citations and quotations omitted). The failure to provide a Rule 8 hearing under Oklahoma law means that Ms. Hill will not receive a determination related to her ability to pay that she could challenge or appeal before she suffers constitutional violations, leaving her without an adequate forum to hear her federal claims. In turn, *Younger* does not apply.

    **C.**    ***Heck v. Humphrey* does not apply to any Plaintiffs' claims.**

In their Reply Brief, Defendants cite a new district court decision—*Graff v. Aberdeen Enterprizes II, Inc.*, No. 17-CV-606-TCK-JFJ, 2021 U.S. Dist. LEXIS 46760, at *1 (N.D. Okla. Mar. 12, 2021)—to argue that Plaintiffs' claims warrant dismissal under *Heck v. Humphrey*, which bars federal suits that would imply the invalidity of a state court judgment. In *Graff*, the court ruled that *Heck* barred § 1983 claims "premised on the argument that [d]efendants ha[d] a policy and practice of arresting and confining individuals on debt-collection arrest warrants issued based on unsworn statements, without inquiry into the individuals' ability to pay or other pre-deprivation process, and on warrant applications that no reasonable person could believe were sufficient to justify arrest." *Graff*, 2021 U.S. Dist. LEXIS 46760, at *34. Defendants argue that *Graff* forecloses Plaintiffs' § 1983 claims. (Defs.' Reply 4–5.) They are mistaken.[3]

As an initial matter, the facts alleged in Plaintiffs' Amended Complaint are distinguishable from those alleged in *Graff*. For instance, in *Graff*, the court observed that the plaintiffs' "public records repeatedly reflect[ed] the assessment of costs and fines as

---

[3] While Defendants only cite *Graff* in support of their *Heck* argument, its factual and legal distinctions apply with equal force to Defendants' *Rooker-Feldman* and *Younger* arguments. Notably, *Graff* was also originally filed in federal court. *See id.* at *23.

6

part of the sentences imposed, findings by the state district courts regarding [p]laintiffs' ability to pay, installment of payment plans, and review of financial status," which plaintiffs could challenge using state court procedures. *Graff*, 2021 U.S. Dist. LEXIS at *20. Here, however, Defendants cite to no such records. Indeed, the gravamen of Plaintiffs' Amended Complaint is that Defendants' practices and procedures effectively barred them from developing any record of their ability to pay, negating the possibility of an appellate review of their injuries in state court.

In addition, the *Graff* plaintiffs challenged the defendants' failure to assess ability to pay before Defendants issued a warrant for failure to pay. *See id.* at *34. Here, Plaintiffs challenge Defendants' failure to assess ability to pay immediately before jailing or threatening them with jail. As the *Graff* court acknowledged, this distinction is significant:

> A defendant's arrest on an active bench warrant is not tantamount to incarceration of the indigent without a court finding that their failure to pay . . . was willful. To the contrary, it is nothing more than a means by which the court may compel recalcitrant offenders to appear and participate in the cost review process when they have voluntarily chosen not to.

*Id.* at *16. Plaintiffs here appeared for their court hearings and proactively sought to participate in the mandatory cost review process that Defendants failed to provide.

*Graff*, currently on appeal,[4] also contradicts significant, existing case law that allows constitutional challenges to the practice of incarcerating individuals for failure to pay municipal debts. *See, e.g.*, *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592,

---

[4] *See Graff, et al. v. Aberdeen Enterprizes II, Inc., et al.*, No. 4:17-cv-00606-TCK-JFJ, ECF No. 356 (N.D. Okla. April 4, 2021).

7

604–05 (6th Cir. 2007); *Cain*, 186 F. Supp. at 548; *Fant v. City of Ferguson*, 107 F Supp. 3d 1016, 1029 (E.D. Mo. 2015).  At least one other federal district court in this Circuit, which was not addressed by the court in *Graff*, has cited those cases with approval.  *See, e.g.*, *Feenstra*, 2019 U.S. Dist. LEXIS 197889, at *19.  Citing this precedent, the *Feenstra* Court ruled that *Heck* does not bar § 1983 claims (like those alleged by Plaintiffs), which "challenge the procedure to impose . . . fines and fees—specifically the failure to grant an indigency hearing" because such claims do not "challenge . . . the judgment and sentence of the fines and fees themselves."  *Id.* at *20.  In these circumstances, *Heck* does not bar Plaintiffs' § 1983 claims.

   **D.**  **Plaintiffs were not required to seek relief under the OUPCPA.**

  In their Reply, Defendants for the first time pull two factual allegations from the seven-count Amended Complaint to argue that Plaintiffs are challenging their pleas and convictions—specifically, they cite allegations that (1) the City Attorney routinely recommends that individuals plead "guilty" or "no contest," and (2) court staff, including Judge Haynes, do not read a colloquy before accepting pleas.  (Defs.' Reply 3.)  These averments are not the basis for Plaintiffs' claims; rather, they provide additional context for the proceedings in which Plaintiffs' rights are being violated.  Plaintiffs' claims, however, focus exclusively on the constitutionality of Defendants' actions with respect to collecting criminal fines and imprisoning municipal defendants solely because they cannot afford those fines.  Plaintiffs were not required to pursue these claims under the OUPCPA—which provides a mechanism to challenge a conviction or sentence—before

8

proceeding in federal court. (*See* Pls.' Resp. 17–18.) Thus, Defendants' motion to dismiss based on the OUPCPA must be denied.

### E. Defendant Haynes is not entitled to absolute immunity.

To support their case for judicial immunity, Defendants incorrectly state that Plaintiffs seek injunctive relief against Judge Haynes. (Defs.' Reply 5.) Plaintiffs acknowledge that Section 1983 precludes plaintiffs from seeking injunctive relief against a judge unless a judge violates a previously issued declaration. *See Rahimi v. Sweat*, 748 F. App'x 849, 852 (10th Cir. 2018). For this specific reason, Plaintiffs are not seeking injunctive relief against Judge Haynes. (*See, e.g.*, Am. Compl. ¶¶ 150, 158, 180, 190.) Rather, they seek declaratory relief against Judge Haynes, and damages based on his administrative acts, neither of which is barred by judicial immunity. (*See* Pls.' Resp. 19.)

Defendants dispute the extent to which some of these acts qualify as administrative. (Defs.' Reply 6). But they admit that at least one case—*Kneisser v. McInerney*, No: 1:15-cv-07043-NLH-AMD, 2018 U.S. Dist. LEXIS 55389, at *41–44 (D.N.J. Mar. 30, 2018)—has ruled that allegations like Plaintiffs precluded an entry of summary judgment on immunity grounds. (Defs.' Reply 7.) The summary judgment standard is far higher than the motion to dismiss standard, especially where the dispute at issue is one of fact. *See Humphrey v. Kan. Dep't of Wildlife*, No. 13-4025-JTM, 2013 U.S. Dist. LEXIS 128685, at *12 (D. Kan. Sept. 10, 2013). At a minimum, Defendants' argument suggests there are disputed issues of fact as to the administrative character of Judge Haynes' acts and dismissal at this early stage is improper.

9

### F. Plaintiffs have sufficiently pleaded excessive fines claims.

Defendants mistakenly argue that Plaintiffs should be aware of the amount of fines assessed against them because "*they are the individuals who paid the fines and are now asserting the fines were excessive*." (Defs.' Reply 8) (emphasis in original). Once again, however, neither Mr. Garnett—nor Ms. Hill—paid their fines. (*See e.g.*, Am. Compl., at ¶¶ 31–32, 50–51.) Rather, they earned credit toward those fines by sitting in jail, and they still have outstanding debts. (*Id.* at ¶¶ 33, 36, 52, 55–56.) Regardless, the case law is clear that Plaintiffs are not required to plead an exact amount. (*See* Pls.' Resp. 21–23.) Thus, Defendants' new challenge to Plaintiffs' excessive fines claim also fails.

### G. Defendants have not moved to dismiss Count III.

Finally, Defendants ask this Court to dismiss Plaintiffs' entire Amended Complaint with prejudice. Defendants offer no argument, however, as to why any alleged jurisdictional deficiency warrants dismissal rather than remand. (*See* Pl.'s Resp. 10 n.5, 14 n.7); *see also supra* Section II.B. They also have not moved to dismiss Plaintiffs' state constitutional claim (Count III). In these circumstances, Defendants' request to dismiss Plaintiffs' entire Amended Complaint with prejudice is inappropriate.

### III. CONCLUSION

Plaintiffs have plausibly stated seven claims under federal and state law challenging the debtors' prison scheme concocted by Defendants. Defendants have not provided any basis that withstands scrutiny for this Court to dismiss any of these claims. Thus, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss.

Dated: April 14, 2021

        s/Woodrow K. Glass
        Woodrow K. Glass (OBA #15690)
        Ward & Glass
        1601 36th Ave NW
        Norman, OK 73072
        405.253.4031 DIRECT
        405.360.7902 FAX
        woody@wardglasslaw.com

        Arthur Ago
        Tianna Mays
        Lawyers' Committee for Civil Rights Under Law
        1500 K Street NW, Suite 900
        Washington, DC 20005
        202-662-8600 DIRECT
        202-783-0857 FAX
        aago@lawyerscommittee.org
        tmays@lawyerscommittee.org
        *Pro hac vice motions forthcoming*

        Jason A. Leckerman
        Lisa Swaminathan
        Laura E. Luisi Gavin
        Izabella Babchinetskaya
        Ballard Spahr LLP
        1735 Market St. 51st Floor,
        Philadelphia, PA 19103
        215.864.8266 DIRECT
        215.864.8999 FAX
        LeckermanJ@ballardspahr.com
        SwaminathanL@ballardspahr.com
        GavinL@ballardspahr.com
        BabchinetskayaI@ballardspahr.com
        *Admitted pro hac vice*

        *Attorneys for Plaintiffs*

Case 5:21-cv-00097-PRW   Document 25   Filed 04/14/21   Page 16 of 16

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2021, a true and correct copy of the foregoing Supplemental Motion was served upon all parties of record via the Court's CM/ECF system.

s/Woodrow K. Glass
Woodrow K. Glass