IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| (1)   KIMIESHA HILL, | ) | |
| (2)   JASON GARNETT, AND | ) | |
| (3)   KIARA McCORKLE, on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2021-97 |
| | ) | |
| (1)   TOWN OF VALLEY BROOK; | ) | |
| (2)   VALLEY BROOK MUNICIPAL COURT; | ) | |
| (3)   LEWIS NIEMAN, Mayor of Valley Brook, | ) | |
| in his official capacity; | ) | |
| (4)   STEPHEN HAYNES, Municipal Judge, | ) | |
| in his official and individual capacity; | ) | |
| (5)   MICHAEL STAMP, Chief of Valley Brook | ) | |
| Police Department, in his official capacity; | ) | |
| (6)   VALLEY BROOK POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED ANSWER TO
<u>AMENDED CLASS ACTION COMPLAINT</u>**

Defendants, Town of Valley Brook, Lewis Nieman, Stephen Haynes and Michael

Stamp (collectively, the "Defendants")[1], for their Answer to Plaintiffs' Amended Class

Action Complaint (Dkt. No. 1-5), state:

<u>**INTRODUCTION**</u>

1.      Defendants admit Plaintiffs filed this lawsuit alleging certain violations of

the United States and Oklahoma Constitutions, the laws of Oklahoma and certain rules of

---

[1] The Valley Brook Municipal Court and Valley Brook Police Department were dismissed
from this action. (Dkt. No. 29).

criminal procedure. Defendants deny the remaining allegations of Paragraph 1 and further deny that Plaintiffs are entitled to any damages/relief.

2.      Defendants deny the allegations contained in Paragraph 2.

3.      Paragraph 3 contains a legal recitation that is not subject to admission or denial. To the extent a response is required, Defendants deny they committed any violations.

4.      Paragraph 4 contains a legal recitation that is not subject to admission or denial. To the extent a response is required, Defendants deny they committed any violations.

5.      Paragraph 5 contains a legal recitation that is not subject to admission or denial. To the extent a response is required, Defendants deny they have committed any violations.

6.      Defendants deny the allegations contained in Paragraph 6.

7.      Defendants deny the allegations contained in Paragraph 7.

8.      Defendants deny the allegations contained in Paragraph 8.

9.      Defendants admit Defendant Mayor Nieman will sometimes attend municipal court proceedings. Defendants deny the remaining allegations contained in Paragraph 9.

10.     Defendants admit that Plaintiffs were arrested by the Valley Brook Police Department ("VBPD") and spent time at the Oklahoma County jail facility. Defendants also admit that the Plaintiffs appeared before Defendant Judge Haynes. Defendants deny the remaining allegations contained in Paragraph 10.

2

11.     Defendants admit Plaintiffs filed this lawsuit and are seeking damages and other relief. Defendants deny the remaining allegations of Paragraph 11 and further deny that Plaintiffs are entitled to any damages or relief.

## JURISDICTION AND VENUE

12.     Paragraph 12 contains a legal recitation that is not subject to admission or denial. Defendants admit Plaintiffs filed this lawsuit alleging violations of federal and Oklahoma law. To the extent a response is required, Defendants deny they have committed any such violations.

13.     Paragraph 13 contains a legal recitation that is not subject to admission or denial. Defendants admit Plaintiffs filed this lawsuit alleging violations of federal and Oklahoma law and that they are residents of Oklahoma. Defendants deny any remaining allegations.

14.     Paragraph 14 contains a legal recitation that is not subject to admission or denial. Defendants admit Plaintiffs filed this lawsuit alleging violations of federal and Oklahoma law. To the extent a response is required, Defendants deny they have committed any such violations.

15.     Defendants admit the actions complained of occurred primarily in Valley Brook, Oklahoma. Defendants deny any remaining allegations in Paragraph 15.

## PARTIES

**Plaintiffs**

16.     Defendants admit Plaintiff Hill is a natural person but are without sufficient knowledge as to the remaining allegations in Paragraph 16 and deny the same.

3

17.     Defendants admit Plaintiff Hill was arrested and charged as set forth in Paragraph 17. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 17 and deny the same.

18.      Defendants admit Plaintiff Hill was arrested. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 18 and deny the same.

19.     Defendants admit Plaintiff Hill was arrested. Defendants deny the remaining allegations of Paragraph 19.

20.     Defendants admit Plaintiff Hill was taken to the Valley Brook Police Station. Defendants deny the remaining allegations of Paragraph 20.

21.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 21 and deny the same.

22.     Defendants admit Plaintiff Hill was transferred to the Oklahoma County jail. Defendants deny the remaining allegations of Paragraph 22.

23.     Defendants admit the allegations contained in Paragraph 23.

24.     Defendants admit Plaintiff Hill attended her scheduled hearing on February 12, 2020. Defendants are without sufficient knowledge as to the remaining allegations of Paragraph 24 and deny the same.

25.     Defendants admit Defendant Judge Haynes held a hearing on February 12, 2020. Defendants deny the remaining allegations of Paragraph 25.

26.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 26 and deny the same.

27.     Defendants are without sufficient knowledge as to the allegations contained

4

in Paragraph 27 and deny the same.

28.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 28 and deny the same.

29.     Defendants admit Plaintiff Hill pleaded no contest. Defendants are without sufficient knowledge as to the remaining allegations contained in Paragraph 29 and deny the same.

30.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 30 and therefore deny the same.

31.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 31 and deny the same.

32.     Defendants deny the allegations contained in Paragraph 32.

33.     Paragraph 33 contains a legal recitation that is not subject to admission or denial. Defendants admit Plaintiff Hill remained in jail until February 17, 2020. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 33.

34.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 34 and deny the same.

35.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 35 and deny the same.

36.     Defendants admit a warrant was issued to Plaintiff Hill and signed by Defendant Judge Haynes. Defendants are without sufficient knowledge as to the remaining allegations and deny the same.

37.     Defendants are without sufficient knowledge as to the allegations contained

in Paragraph 37 and deny the same.

38.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 38 and deny the same.

39.     Defendants admit Plaintiff Garnett is a natural person but are without sufficient knowledge as to the remaining allegations in Paragraph 39 and deny the same.

40.     Defendants admit Plaintiff Garnett was arrested and charged as set forth in Paragraph 40. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 40 and deny the same.

41.     Defendants admit Plaintiff Garnett was taken to the Valley Brook Police Station. Defendants deny the remaining allegations of Paragraph 41.

42.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 42 and deny the same.

43.     Defendants admit Plaintiff Hill was transferred to the Oklahoma County Jail. Defendants deny the remaining allegations of Paragraph 43.

44.     Defendants admit the allegations contained in Paragraph 44.

45.     Defendants admit Plaintiff Garnett attended his scheduled hearing on February 12, 2020. Defendants are without sufficient knowledge as to the remaining allegations of Paragraph 45 and deny the same.

46.     Defendants admit Defendant Judge Haynes held a hearing on February 12, 2020. Defendants deny the remaining allegations of Paragraph 46.

47.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 47 and deny the same.

48.     Paragraph 48 contains a legal recitation that is not subject to admission or denial. Defendants are without sufficient knowledge as to the allegations contained in Paragraph 48 and deny the same.

49.     Defendants admit Plaintiff Garnett pleaded no contest. Defendants are without sufficient knowledge as to the remaining allegations contained in Paragraph 49 and deny the same.

50.     Defendants admit Plaintiff Hill pleaded no contest. Defendants are without sufficient knowledge as to the remaining allegations contained in Paragraph 50 and deny the same.

51.     Defendants deny the allegations contained in Paragraph 51.

52.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 52 and deny the same.

53.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 53 and deny the same.

54.     Defendants admit Plaintiff Garnett was sentenced to probation for six months and was required to send a copy of his driving records to the VBPD. Defendants deny the remaining allegations of Paragraph 54.

55.     Defendants admit that Paragraph 55 accurately reflects the document attached as Exhibit B to the Complaint.

56.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 56 and deny the same.

7

57.     Defendants admit Plaintiff McCorkle is a natural person but are without sufficient knowledge as to the remaining allegations in Paragraph 57 and deny the same.

58.     Defendants admit Plaintiff McCorkle was arrested and charged as set forth in Paragraph 58. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 58 and deny the same.

59.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 59 and deny the same.

60.     Defendants admit Plaintiff McCorkle was asked to exit the vehicle and placed in handcuffs. Defendants are without sufficient knowledge as to the remaining allegations contained in Paragraph 60 and deny the same.

61.      Defendants are without sufficient knowledge as to the allegations contained in Paragraph 61 and deny the same.

62.     Defendants admit Plaintiff McCorkle was taken to the VBPD. Defendants deny the remaining allegations of Paragraph 62.

63.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 63 and deny the same.

64.     Defendants admit Plaintiff McCorkle was taken to the Oklahoma County Jail. Defendants deny the remaining allegations of Paragraph 64.

65.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 65 and deny the same.

OK 1060707.1

66.     Defendants admit Plaintiff McCorkle attended her scheduled hearing on February 26, 2020. Defendants are without sufficient knowledge as to the remaining allegations of Paragraph 66 and therefore deny the same.

67.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 67 and deny the same.

68.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 68 and deny the same.

69.     Paragraph 69 contains a legal recitation that is not subject to admission or denial. Defendants are without sufficient knowledge as to the allegations contained in Paragraph 69 and therefore deny the same.

70.     Defendants admit Plaintiff McCorkle pled guilty. Defendants are without sufficient knowledge as to the remaining allegations contained in Paragraph 70 and therefore deny the same.

71.     Defendants deny the allegations contained in Paragraph 71.

72.      Defendants deny the allegations contained in Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 74 and deny the same.

75.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 75 and deny the same.

76.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 76 and deny the same.

OK 1060707.1

77.     Defendants are without sufficient knowledge as to the allegations contained in Paragraph 77 and deny the same.

78.     Defendants admit the allegations contained in Paragraph 78.

79.      Defendants admit the allegations contained in Paragraph 79. However, Valley Brook Municipal Court was dismissed from this action. (Dkt. No. 29).

80.     Defendants admit Defendant Judge Haynes is the municipal judge in Valley Brook. The remainder of Paragraph 80 contains legal statements and general statements unrelated to the law or facts of this case. To the extent a response is required, Defendants deny the same. Moreover, all claims against Defendant Judge Haynes seeking damages or injunctive relief were dismissed. (Dkt. No. 29).

81.     Defendants admit the allegations contained in Paragraph 81.

82.     Defendants admit the allegations contained in Paragraph 82.

83.     Defendants admit the allegations contained in Paragraph 83. However, VBPD was dismissed from this action. (Dkt. No. 29).

## **FACTUAL ALLEGATIONS**

**A.     Background**

84.     Paragraph 84 contains general statements, unrelated to the law or facts of this case. Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 84 and deny the same.

85.     Paragraph 85 contains general statements, unrelated to the law or facts of this case. Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 85 and deny the same.

OK 1060707.1

86.     Paragraph 86 contains general statements, unrelated to the law or facts of this case. Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 86 and deny the same.

**B.     The VBPD Uses Stops for Municipal Offenses to Conduct Unconstitutional Searches, Which Often Lead to Arrests, Multiple Charges, and Higher Fines.**

87.     Paragraph 87 contains general statements, unrelated to the law or facts of this case. Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 87 and deny the same.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants admit that VBPD officers patrol the streets in Valley Brook. Defendants deny the remaining allegations of Paragraph 89.

90.     Defendants deny the allegations contained in Paragraph 90.

91.     Defendants deny the allegations contained in Paragraph 91.

92.     Defendants deny the allegations contained in Paragraph 92.

93.     Defendants deny the allegations contained in Paragraph 93.

94.     Defendants deny the allegations contained in Paragraph 94.

**C.     Municipal Court Proceedings Focus on Debt Collection and Lack Basic Constitutional Protections.**

95.     Defendants deny the allegations contained in Paragraph 95.

96.      Defendants admit the first two sentences of Paragraph 96. Defendants deny the remaining allegations of Paragraph 96.

97.     Defendants admit that Defendant Judge Haynes begins his proceedings with a discussion regarding the municipal court process. Defendants deny the remaining

allegations of Paragraph 97.

98.     Defendants admit that there is a process in place for indigent defendants. Defendants deny the remaining allegations of Paragraph 98.

99.     Defendants admit that parties are encouraged to reach a possible resolution in each case. Defendants also admit that a municipal official or employee will often read the list of individuals present. Defendants deny the remaining allegations of Paragraph 99.

100.    Defendants deny the allegations contained in Paragraph 100.

101.    Defendants deny the allegations contained in Paragraph 101.

102.    Defendants deny the allegations contained in Paragraph 102.

103.    Defendants deny the allegations contained in Paragraph 103.

104.    Defendants deny the allegations contained in Paragraph 104.

105.     Defendants admit a process is in place for indigent defendants. Defendants deny the remaining allegations of Paragraph 105.

106.    Defendants deny the allegations contained in Paragraph 106.

107.    Defendants deny the allegations contained in Paragraph 107.

108.    Defendants deny the allegations contained in Paragraph 108.

109.    Defendants deny the allegations contained in Paragraph 109.

110.    Paragraph 110 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 110.

111.    Defendants deny the allegations contained in Paragraph 111.

OK 1060707.1

112.    Paragraph 112 contains general statements, unrelated to the law or facts of this case. Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 112 and deny the same.

113.    Defendants deny the allegations contained in Paragraph 113.

114.    Defendants deny the allegations contained in Paragraph 114.

115.    Defendants deny the allegations contained in Paragraph 115.

116.    Defendants deny the allegations contained in Paragraph 116.

117.    Defendants deny the allegations contained in Paragraph 117.

118.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 118 and deny the same.

119.     Paragraph 119 contains a statement of Oklahoma procedure that is not subject to admission or denial. To the extent Paragraph 119 contains any factual allegations, Defendants deny the same.

## CLASS ALLEGATIONS

120.    Paragraph 120 does not contain any allegations against Defendants and no response is required.

121.    Paragraph 121 does not contain any allegations against Defendants and no response is required.

122.    Paragraph 122 contains a legal recitation that is not subject to admission or denial.

**A.    Numerosity, § 2023(A)(1)**

123.    Defendants deny the allegations contained in Paragraph 123.

OK 1060707.1

124.    Defendants deny the allegations contained in Paragraph 124.

**B. Commonality, § 2023(A)(2)**

125.    Defendants deny the allegations contained in Paragraph 125.

126.    Paragraph 126 does not contain any allegations against Defendants. To the extent Paragraph 126 contains any factual allegations, Defendants deny the same.

127.    Paragraph 127 does not contain any allegations against Defendants. To the extent Paragraph 127 contains any factual allegations, Defendants deny the same.

**C.    Typicality, § 2023(A)(3)**

128.    Defendants deny the allegations contained in Paragraph 128.

129.    Paragraph 129 does not contain any allegations against Defendants. To the extent Paragraph 129 contains any factual allegations, Defendants deny the same.

**D.    Adequacy, § 2023(A)(4)**

130.    Paragraph 130 does not contain any allegations against Defendants. To the extent Paragraph 130 contains any factual allegations, Defendants deny the same.

131.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 131 and deny the same.

132.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 132 and deny the same.

133.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 133 and deny the same.

134.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 134 and deny the same.

135.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 135 and deny the same.

**E.    General Applicability, § 2023(B)**

136.    Defendants deny the allegations contained in Paragraph 136.

137.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 137 and deny the same.

138.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 138 and deny the same.

139.    Defendants are without sufficient knowledge as to the accurateness of the statements made in Paragraph 139 and deny the same.

140.    Defendants deny the allegations contained in Paragraph 140.

**F. Predominance and Superiority, § 2023(B)(3)**

141.    Paragraph 141 does not contain any allegations against Defendants. To the extent Paragraph 141 contains any factual allegations, Defendants deny the same.

142.    Paragraph 142 does not contain any allegations against Defendants. To the extent Paragraph 142 contains any factual allegations, Defendants deny the same.

143.     Paragraph 143 does not contain any allegations against Defendants. To the extent Paragraph 143 contains any factual allegations, Defendants deny the same.

OK 1060707.1

## <u>CAUSES OF ACTION</u>

### COUNT I:

**IMPRISONMENT OR THREAT OF IMPRISONMENT FOR FAILURE TO PAY A FINE IN VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**

Against the Town of Valley Brook, the Valley Brook Municipal Court, Mayor Nieman, and Judge Haynes[2]

144.     Defendants re-allege and incorporate by reference their previous responses to Plaintiffs' allegations.

145.     Paragraph 145 does not contain any allegations against Defendants and no response is required. To the extent a response is required, Defendants deny the same.

146.      Defendants admit Defendant Valley Brook is a municipality. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 146 and deny the same.

147.     Paragraph 147 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 147.

148.     Defendants deny the allegations contained in Paragraph 148.

149.     Defendants deny the allegations contained in Paragraph 149.

150.     Defendants deny the allegations contained in Paragraph 150.

151.     Defendants deny the allegations contained in Paragraph 151. Furthermore, Plaintiffs cannot seek damages against Defendant Judge Haynes. (Dkt. No. 29).

---

[2] Valley Brook Municipal Court has been dismissed. (Dkt. No. 29).

16

## COUNT II:

### FAILURE TO PROVIDE AN OPPORTUNITY TO BE HEARD PRIOR TO ARREST, DETENTION, OR OTHER PUNITIVE ACTION IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITUTION AND 42 U.S.C. § 1983

Against the Town of Valley Brook, the Valley Brook Municipal Court[3], Mayor Neiman, and Judge Haynes

152.    Defendants re-allege and incorporate by reference their previous responses to Plaintiffs' allegations.

153.    Paragraph 153 does not contain any allegations against Defendants and no response is required. To the extent a response is required, Defendants deny the same.

154.    Defendants admit Defendant Valley Brook is a municipality. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 154 and deny the same.

155.    Paragraph 155 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 155.

156.    Defendants deny the allegations contained in Paragraph 156.

157.    Defendants deny the allegations contained in Paragraph 157.

158.    Defendants deny the allegations contained in Paragraph 158.

159.    Defendants deny the allegations contained in Paragraph 159. Furthermore, Plaintiffs cannot seek damages against Defendant Judge Haynes. (Dkt. No. 29).

---

[3] Valley Brook Municipal Court has been dismissed. (Dkt. No. 29).

17

## COUNT III:

## DENIAL OF DUE PROCESS IN VIOLATION OF ARTICLE 2, SECTION 7 OF THE OKLAHOME CONSTITUTION

Against the Town of Valley Brook, Valley Brook Municipal Court[4]4, Mayor Neiman, Judge Haynes

160.    Defendants re-allege and incorporate by reference their previous responses to Plaintiffs' allegations.

161.    Paragraph 161 does not contain any allegations against Defendants and no response is required. To the extent a response is required, Defendants deny the same.

162.    Paragraph 162 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 162.

163.    Paragraph 163 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 163.

164.    Paragraph 164 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 164.

165.    Defendants deny the allegations contained in Paragraph 165.

166.    Defendants deny the allegations contained in Paragraph 166.

167.    Defendants deny the allegations contained in Paragraph 167. Moreover, Defendants cannot seek injunctive relief as to Defendant Judge Haynes. (Dkt. No. 29).

---

[4] Valley Brook Municipal Court has been dismissed. (Dkt. No. 29).

OK 1060707.1

## COUNT IV:

## JAILING PLAINTIFFS INDEFINITELY WITHOUT A JUDICIAL HEARING IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITUTION AND 42 U.S.C. § 1983

Against the Town of Valley Brook, Michael Stamp, and the VBPD[5]

168.    Defendants re-allege and incorporate by reference their previous responses to Plaintiffs' allegations.

169.    Paragraph 169 does not contain any allegations against Defendants and no response is required. To the extent a response is required, Defendants deny the same.

170.    Defendants admit Defendant Valley Brook is a municipality. Defendants are without sufficient knowledge as to the remaining allegations and deny the same.

171.    Paragraph 171 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 171.

172.    Defendants deny the allegations contained in Paragraph 172.

## COUNT V:

## EXCESSIVE FINES IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

Against All Defendants[6]

173.    Defendants re-allege and incorporate by reference their previous responses to Plaintiffs' allegations.

174.    Paragraph 174 does not contain any allegations against Defendants and no

---

[5] The VBPD has been dismissed. (Dkt. No. 29).
[6] The VBPD and Valley Brook Municipal Court have been dismissed. (Dkt. No. 29).

19

response is required. To the extent a response is required, Defendants deny the same.

175.    Defendants admit Defendant Valley Brook is a municipality. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 175 and deny the same.

176.    Paragraph 176 contains a legal recitation that is not subject to admission or denial. To the extent a response is required, Defendants deny the same.

177.    Defendants deny the allegations contained in Paragraph 177.

178.    Defendants deny the allegations contained in Paragraph 178.

179.    Defendants deny the allegations contained in Paragraph 179.

180.    Defendants deny the allegations contained in Paragraph 180.

181.    Defendants deny the allegations contained in Paragraph 181.

## COUNT VI:

**IMPRISONING OR THREATENING TO IMPRISON PLAINTIFFS FOR NONPAYMENT OF DEBTS WITHOUT APPOINTING ADEQUATE COUNSEL OR SECRING A KNOWING AND INTELLIGENT WAIVER OF COUNSEL IN VIOLATION FO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDEMNT TO THE UNITED STATES CONSITUTION, THE SIXTH AMENDEMENT TO THE UNITED STATES CONSITUTION, AND 42 U.S.C. § 1983**

Against the Town of Valley Brook, Valley Brook Municipal Court[7], Mayor Neiman, and Judge Haynes

182.    Defendants re-allege and incorporate by reference their previous responses to Plaintiffs' allegations.

---

[7] Valley Brook Municipal Court has been dismissed. (Dkt. No. 29).

183.    Paragraph 183 does not contain any allegations against Defendants and no response is required. To the extent a response is required, Defendants deny the same.

184.    Defendants admit Defendant Valley Brook is a municipality. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 184 and deny the same

185.    Paragraph 185 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 185.

186.    Defendants deny the allegations contained in Paragraph 186.

187.    Defendants deny the allegations contained in Paragraph 187.

188.    Defendants deny the allegations contained in Paragraph 188.

189.    Defendants deny the allegations contained in Paragraph 189.

190.    Defendants deny the allegations contained in Paragraph 190.

191.    Defendants deny the allegations contained in Paragraph 191.

## COUNT VII:

## UNREASONABLE SEARCHES IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

Against the Town of Valley Brook, Michael Stamp, and the VBPD[8]

192.    Defendants re-allege and incorporate by reference their previous responses to Plaintiffs' allegations.

193.    Paragraph 193 does not contain any allegations against Defendants and no

---

[8] The VBPD has been dismissed (Dkt. No. 29).

OK 1060707.1

response is required. To the extent a response is required, Defendants deny the same.

194.    Defendants admit Defendant Valley Brook is a municipality. Defendants are without sufficient knowledge as to the remaining allegations in Paragraph 194 and deny the same

195.    Paragraph 195 contains a legal recitation that is not subject to admission or denial. Defendants deny the remaining allegations contained in Paragraph 195.

196.    Defendants deny the allegations contained in Paragraph 196.

197.    Defendants deny the allegations contained in Paragraph 197.

198.    Defendants deny the allegations contained in Paragraph 198.

199.    Defendants deny the allegations contained in Paragraph 199.

## <u>PRAYER FOR RELIEF</u>

a.    Defendants request the Court deny class certification.

b.    Defendants request the Court deny the requested declaratory judgment.

c.    Defendants request the Court deny the requested declaratory judgment.

d.    Defendants request the Court deny the requested injunctive relief.

e.    Defendants request the Court deny Plaintiffs' request for damages. Furthermore, monetary damages are not recoverable as to Defendant Judge Haynes.

f.    Defendants request the Court deny the Plaintiffs' request for vacatur of all outstanding fines.

g.    Defendants request the Court deny Plaintiffs' request for attorney fees.

h.    Defendants request the Court deny Plaintiffs' request for costs.

i.    Defendants request the Court deny Plaintiffs' request for any other relief.

22

## DEFENSES

1.      Plaintiffs have failed to state a claim upon which relief may be granted.

2.      Defendants complied with all applicable Oklahoma and federal laws, regulations, and Constitutional provisions.

3.      Defendants assert that the allegations in the Complaint do not rise to the level of a Constitutional violation.

4.      Plaintiffs have alternate, adequate remedies at law.

5.      The Sixth Amendment does not require counsel at post conviction, such as Rule 8, hearings.

6.      Plaintiffs have not complied with the Oklahoma Governmental Tort Claims Act and failed to properly comply with or allege compliance with the Oklahoma Governmental Tort Claims Act.

7.      Defendants are immune from liability under the Oklahoma Governmental Tort Claims Act.

8.      Plaintiffs failed to avail themselves of available post-conviction relief under the Oklahoma Uniform Post-Conviction Procedures Act.

9.      All acts or omissions of the Defendants were undertaken in good faith, without malice, under authority of the statutes of the State of Oklahoma and validly enacted ordinances and regulations of Defendant Valley Brook, Oklahoma, and were fully justified and reasonable under the circumstances.

10.     Defendants' actions were objectively reasonable under the circumstances and done in good faith.

23

OK 1060707.1

11.     Probable cause existed in connection with the searches conducted by Defendants.

12.     Probable cause existed to arrest Plaintiffs.

13.     No action or inaction of Defendants caused any harm or damage to Plaintiffs.

14.     Defendants cannot be and are not liable for the action or inactions of an employee which were taken outside the scope of the employee's employment.

15.     Defendants have not implemented any policy or procedure that can be found in any ordinance, regulation, policy statement, or decision officially adopted by Defendant Valley Brook, or found in a pattern of persistent practices known to and approved by Defendant Valley Brook, that would be considered unconstitutional.

16.     Defendants assert that Plaintiffs were given, or had available to them, available due process for each of the alleged deprivations of his/her constitutional rights and have therefore failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

17.     Defendants contend that Plaintiffs failed to mitigate their damages, if any.

18.     All individual Defendants are entitled to qualified immunity.

19.     Defendant Judge Haynes is entitled to absolute immunity.

20.     Any claim arising under 42 U.S.C. § 1983 made against a municipal official acting in his/her official capacity is the same as a claim raised against the municipality.

21.     Plaintiffs fail to state a claim under 42 U.S.C. § 1983 because they did not obtain direct relief in state court or a writ of habeas corpus in federal court.

24

22.     The Rooker-Feldman doctrine prohibits Plaintiffs from pursuing their claims.

23.     The amount of fees paid by Plaintiffs was proportional to the gravity of their violations.

24.     Plaintiffs' claims are barred by the doctrine of unclean hands.

25.     This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

26.     Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based solely on the allegations in the Amended Complaint. As such, Defendants reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

Wherefore, Defendants request judgment in their favor and against Plaintiffs on all claims, plus its costs, a reasonable attorney fee, and such other relief as is appropriate.

Respectfully submitted,

s/Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

25

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that I electronically filed the above and foregoing document with the Clerk of the Court by using the ECF system on the 11th day of May, 2022. I also certify that the foregoing document is being served this day on all counsel of record identified on this Service List via transmission of Notices of Electronic Filing generated by ECF.

Woodrow K. Glass
WARD & GLASS, LLP
1601 36TH Ave NW
Norman, OK  73072
woody@wardglasslaw.com

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC  20005
aago@lawyerscommittee.org
tmays@lawyerscommittee.org

Jason A. Leckerman
Lisa Swaminathan
Laura E. Luisi Gavin
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor
Philadelphia, PA  19103
leckermanj@ballardspahr.com
swaminathanl@ballardspahr.com
gavinl@ballardspahr.com
babchinetskayal@ballardspahr.com

       s/Courtney D. Powell     

OK 1060707.1