IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMIESHA HILL, et al., on behalf of )
themselves and all others similarly situated, )
                                                ) Case No. CV-21-00097-SLP
                Plaintiffs, )
                         )
v.                          )
                         )
TOWN OF VALLEY BROOK, et al, )
                         )
                Defendants. )
                         )

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:      May 25, 2022

Appearing for Plaintiffs:    Tianna Mays
                                      Lawyers' Committee for Civil Rights Under Law
                                      1500 K Street NW, Suite 900
                                      Washington, DC 20005
                                      202-662-8600 DIRECT
                                      202-783-0857 FAX
                                      tmays@lawyerscommittee.org
                                      *Pro hac vice*

                                      Jason A. Leckerman
                                      Izabella Babchinetskaya
                                      Ballard Spahr LLP
                                      1735 Market St. 51st Floor,
                                      Philadelphia, PA 19103
                                      215.864.8266 DIRECT
                                      215.864.8999 FAX
                                      LeckermanJ@ballardspahr.com
                                      BabchinetskayaI@ballardspahr.com
                                      *Pro hac vice*

Appearing for Defendants:  Courtney D. Powell
                                      9400 N. Broadway Extension, Suite 600
                                      Oklahoma City, Oklahoma 73114-7423

Telephone: (405) 844-9900
Facsimile: (405) 844-9958
cpowell@spencerfane.com

**Jury Trial Demanded X - Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT.**

   (1) **Plaintiffs**: Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle, on behalf of themselves and all others similarly situated ("Plaintiffs") bring this class action against Defendants the Town of Valley Brook, Mayor Lewis Nieman, Police Chief Michael Stamp, and Judge Stephen Haynes ("Defendants") for damages, declaratory, and/or injunctive relief arising out of Defendants' violations of the United States and Oklahoma Constitutions, the law of Oklahoma, and the Rules of the Oklahoma Court of Criminal Appeals. Defendants' policies and procedures have perpetrated the contemporary equivalent of a debtors' prison in this judicial district. As described in detail in the Complaint, Plaintiffs were jailed by Valley Brook solely because they could not pay municipal fines. Plaintiffs were arrested by the Valley Brook Police Department, charged with minor municipal offenses, and jailed for nearly a week before their first court appearances because they could not afford an arbitrary sum for release. Each then pleaded guilty or no contest to charges before the Valley Brook Municipal Court and was ordered to pay municipal fines in full immediately. Each explained that he or she could not afford these fines. Under federal and state law, these Plaintiffs were entitled to an ability-to-pay determination, which they never received. Instead, they were re-jailed or threatened with jail simply because they could not afford the fines imposed against them. Based on their experiences, Plaintiffs now bring various federal and state constitutional claims against Defendants.

   (2) **Defendants**: Plaintiffs bring this action against the Town of Valley Brook, Mayor Lewis Nieman (in his official capacity only), Municipal Judge Stephen Haynes and Police Chief Michael Stamp (in his official capacity only) (collectively, the "Defendants") alleging a variety of federal and state constitutional violations. The Valley Brook Municipal Court and the Valley Brook Police Department were dismissed. (Dkt. No. 29). Likewise, all claims seeking damages or injunctive relief against Municipal Judge Stephen Haynes were also dismissed. (Dkt. No. 29). Defendants deny all the allegations set forth in the Complaint. Defendants' actions were undertaken in good faith, under the authority of, and in compliance with, state and federal laws.

**2.** **JURISDICTION.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1441(a).

**3.** **STIPULATED FACTS.** List stipulations as to all facts that are not disputed, including jurisdictional facts.

(1) Plaintiffs were arrested by the Valley Brook Police Department and spent time at both the Valley Brook Police Station and the Oklahoma County jail facility.

(2) Plaintiffs appeared before Judge Haynes.

(3) The events underlying this action took place in Valley Brook, Oklahoma.

(4) Judge Haynes held a hearing on February 12, 2020.

(5) Plaintiff Hill was arrested.

(6) Plaintiff Hill was taken to the Valley Brook Police Station.

(7) Plaintiff Hill was transferred to the Oklahoma County jail.

(8) Plaintiff Hill appeared before Judge Haynes on February 12, 2020.

(9) Plaintiff Garnett was arrested.

(10) Plaintiff Garnett was taken to the Valley Brook Police Station.

(11) Plaintiff Garnett was transferred to the Oklahoma County Jail.

(12) On February 6, 2020, Plaintiff Garnett was released on his own recognizance, even though he stilled owed outstanding fines, after the weekly Valley Brook Municipal Court Session was cancelled due to inclement weather. He was instructed to attend the next court session on February 12, 2020.

(13) Plaintiff Garnett appeared before Judge Haynes on February 12, 2020.

(14) Plaintiff Garnett was sentenced to probation for six months and was required to send a copy of his driving records to Valley Brook Police Department.

(15) Plaintiff McCorkle was arrested on February 21, 2020.

(16) Plaintiff McCorkle was asked to exit her vehicle and placed in handcuffs.

(17) Plaintiff McCorkle was taken to the Valley Brook Police Station.

(18) Plaintiff McCorkle was then transferred to the Oklahoma County Jail.

(19) Plaintiff McCorkle appeared before Judge Haynes on February 26, 2020.

(20) The Town of Valley Brook is a political subdivision of the State of Oklahoma located in Oklahoma County. Valley Brook's governing body includes Mayor Nieman and the Valley Brook Board of Trustees.

(21) Valley Brook Municipal Court is a municipal court not of record located at 1618 SE 59th Street, Oklahoma City, OK 73129.

(22) Judge Haynes is the municipal judge in Valley Brook.

(23) Lewis A. Nieman is the current Mayor of the Town of Valley Brook. His office is located at 1618 SE 59th Street, Oklahoma City, OK 73129.

(24) Michael Stamp is the current Chief of the Valley Brook Police Department, which is located at 1618 SE 59th Street, Oklahoma City, OK 73129.

(25) Valley Brook generally holds municipal court proceedings one night per week, beginning around six o'clock in the evening.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

   a. **Plaintiffs:**

   Plaintiffs seek damages, declaratory, and/or injunctive relief stemming from the following causes of action:

   (1) Count I: Defendants imprisoned or threatened to imprison Plaintiffs for failure to pay a fine in violation of the due process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

   (2) Count II: Defendants failed to provide an opportunity for Plaintiffs to be heard prior to arrest, detention, or other punitive action in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

   (3) Count III: Defendants denied Plaintiffs due process in violation of Article 2, Section 7 of the Oklahoma Constitution;

(4) Count IV: Defendants jailed Plaintiffs indefinitely without a judicial hearing in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

(5) Count V: Defendants assessed against Plaintiffs excessive fines in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983;

(6) Count VI: Defendants imprisoned or threatened to imprison Plaintiffs for non-payment of debts without appointing adequate counsel or securing a knowing and intelligent waiver of counsel in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

(7) Count VII: Defendants unreasonably searched Plaintiffs in violation of the Fourth and Fourteenth Amendments to the United States Constitutions and 42 U.S.C. § 1983.

(b) **Defendants:**

(1) Defendants complied with all applicable Oklahoma and Federal laws, regulations, and Constitutional provisions.

(2) Plaintiffs' allegations do not rise the level of a Constitutional violation.

(3) Plaintiffs have alternate, adequate remedies at law and have failed to avail themselves of the same.

(4) The Sixth Amendment does not require counsel at post conviction, such as Rule 8 hearings.

(5) Plaintiffs have failed to comply with the Oklahoma Governmental Tort Claims Act ("OGTCA") and failed to properly comply, and allege compliance, with the OGTCA.

(6) Defendants are immune from liability under the OGTCA.

(7) Plaintiffs failed to avail themselves of available post-conviction relief under the Oklahoma Uniform Post-Conviction Procedures Act ("OUPCPA").

(8) Defendants' acts or omissions were undertaken in good faith, without malice, under authority of Oklahoma law and validly enacted ordinances and regulations of Defendant Valley Brook, Oklahoma.

(9) Defendants' acts or omissions were fully justified, objectively reasonable under the circumstances and done in good faith.

(10) Probable cause existed in connection with the searches conducted by Defendants.

(11) Probable cause existed to arrest Plaintiffs.

(12) Defendant Valley Brook cannot be and is not liable for the action or inactions of an employee(s) that were taken outside the scope of employment.

(13) There is no policy or procedure in any ordinance, regulation, policy statement, or decision, officially adopted by Defendant Valley Brook, or found in a pattern of persistent practices known and approved by Defendant Valley Brook, that would be considered unconstitutional.

(14) Plaintiffs were given, or had available to them, due process for each of the alleged deprivations of his/her constitutional rights and have therefore failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

(15) All individual Defendants are entitled to qualified immunity.

(16) Defendant Judge Haynes is entitled to absolute immunity.

(17) Any claim arising under 42 U.S.C. § 1983 made against a municipal officer acting in his/her official capacity is the same as a claim raised against the municipality.

(18) Plaintiffs failed to obtain direct belief in state court or a writ of habeas corpus in federal court, and, therefore, cannot state a claim under 42 U.S.C. § 1983.

(19) The *Rooker-Feldman* doctrine prohibits Plaintiffs from pursuing their claims.

(20) The amount of fees paid by Plaintiffs was proportional to the gravity of their violations.

(21) Plaintiffs' claims are barred by the doctrine of unclean hands.

(22) This action may not be maintained as a class action pursuant to Rule 23 of

   the Federal Rules of Civil Procedure.

   (23) No action or inaction of Defendants caused any harm or damage to Plaintiffs.

   (24) Plaintiffs failed to mitigate their damages, if any.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE.**

   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

   ☐ Yes  **X** No

6. **MOTIONS PENDING AND/OR ANTICIPATED**

   (1) Plaintiffs anticipate filing a Class Certification Motion.

   (2) Defendants anticipate filing a motion for summary judgment.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes   **X** No

   If "no," by what date will they be made? June 8, 2022

8. **PLAN FOR DISCOVERY.**

   (1) The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on May 25, 2022.

   (2) The parties anticipate that discovery should be completed within 9 months.

   (3) In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

   The parties agreed to revisit the discussion of ADR at a later date.

   (4) Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

   **X** Yes ☐ No

(5) Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

**X** Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

<u>The parties agreed to revisit the discussion regarding the need for a protective order at a later date.</u>

(6) Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

<u>N/A</u>

9. **ESTIMATED TRIAL TIME**: Two to three weeks

10. **BIFURCATION REQUESTED:**  ☐ Yes  **X** No

11. **POSSIBILITY OF SETTLEMENT**:  ☐ Good  **X** Fair  ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

   (1) Compliance with LCvR 16.1(a)(1) - ADR discussion: **X** Yes  ☐ No

   (2) The parties request that this case be referred to the following ADR process:

   ☐ Court-Ordered Mediation subject to LCvR 16.3
   ☐ Judicial Settlement Conference
   ☐ Other _____
   **X** None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  ☐ Yes  **X** No

14. Type of Scheduling Order Requested.  **X** Standard  -  ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 2nd day of June.

                                          s/Jonathan M. Irwin
                                          Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin (OBA #32636)
Ward & Glass, LLP
1601 36th Ave NW
Norman, OK 73072
405.360.7902 FAX
405.360.9700 PHONE
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*

Jason A. Leckerman
Lisa Swaminathan
Laura E. Luisi Gavin
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
GavinL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

_____
Courtney D. Powell
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
cpowell@spencerfane.com

*Attorney for Defendants*