IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>TOWN OF VALLEY BROOK, et al,<br><br>      Defendants. | )<br>)<br>)<br>) Case No. 5:21-cv-00097-SLP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

**PURSUANT TO THE APPLICATION AND FOR GOOD CAUSE**, this Court enters the following Protective Order governing confidential and private material obtained in this case.

1. The following, if obtained during the course of this litigation, are deemed private and confidential and subject to this Order:

    A. Medical, psychological, or counseling records related to any persons and the information contained in such records.

    B. Tax returns, pay records, loan applications, financial statements and W-2 forms related to Plaintiffs, individual Defendants, or any other persons.

    C. Personnel records which relate to internal personnel investigations including examination and selection material for employment, hiring, appointment, promotion, demotion, discipline, or resignation; or where disclosure would

1

        constitute a clearly unwarranted invasion of personal privacy as defined in and pursuant to Oklahoma Open Records Act, 51 Okla. Stat. § 24A.7.

    D.    Any documents showing non-public information on salary, payroll, tax, insurance, benefit or retirement records, beneficiary designations or benefits.

    E.    Social Security numbers and dates of birth of any persons shall be held confidential provided, however, that month and year of birth and last four digits of a social security number shall not be confidential.

    F.    The names of minor children or incompetent persons shall be confidential however such persons may be identified by initials.

    G.    Unlisted home addresses and unlisted home phone numbers and cell phone numbers shall be confidential, however the last four digits of a phone number shall not be confidential.

    H.    Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g however the dates of attendance at a school, degrees obtained and dates of degrees shall not be confidential.

2. The confidential materials described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

3. These confidential materials may be disclosed to:

    A.    The parties;

    B.    The attorneys for the parties and the attorneys' staff;

    C.    The Court, the Court's staff and the staff of the Court Clerk;

    D.    Any witness during the course of depositions;

    E.    Any court reporter or videographer;

    F.    Any person who is or reasonably may be expected to be a witness in this action, and

    G.    Any person who reasonably would need to see such materials in order give testimony or information related to the case, to form opinions or to serve as a consultant with regard to issues in the action.

4.    In order to comply with HIPAA requirements and particularly 45 C.F.R. § 164.512(e)(v)(A), (B), a party receiving medical records must:

    A.    Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

    B.    Must return such information to either the entity from which it was received, or the attorney of the party to whom it pertains or destroy the protected health information (including all copies made) which actions must be taken at the end of the litigation or proceeding.

5.    In the case of disclosure of records or confidential information to persons who are potential witnesses as described in Par. 3(F) or (G), such persons must be advised that the information is subject to a confidentiality order and that such order applies to them.  Such persons must be advised that they must maintain such information as confidential.

6. This Order shall extend Leave of Court to any party seeking to use any document or information that has been designated "Confidential" as an exhibit to any pleading, brief, or other court filing to electronically file said exhibit that contains "Confidential" information under seal. Any such exhibit which is electronically filed under seal shall be electronically filed under seal in accordance with the Filing and Viewing Civil Sealed/Ex Parte Documents Submitted Sealed Proposed Orders instructions, effective May 1, 2015, located on the website for the United States District Court for the Western District of Oklahoma. Pursuant to Section III.A of the United States District Court, Western District of Oklahoma, Electronic Filing Policies and Manual, only those portions of a document that must be filed under seal should be electronically filed under seal. If, however, a party files a brief, pleading, or other court filing which contains substantial argument or information about that information which has been designated "Confidential," that party may either:

   A. Redact all such personal identifier information, "Confidential" information or reference to information which has been designated "Confidential" and file a separate, unredacted version of the brief, pleading or other court filing in accordance with this Paragraph 6; Section III. Of the United States District Court, Western District of Oklahoma, Electronic Filing Policies and Procedures Manual; and the Filing and Viewing Civil Sealed/Ex Parte Documents Submitting Sealed Proposed Orders instructions, effective May 1, 2015, located on the website for the United States District Court for the Western District of Oklahoma, or

      B.      That party may, by separate motion, seek Leave of Court to file the entire brief, pleading or other court filing under seal.

7.      The party entitled to hold the information as confidential may waive the confidentiality of all or part of any otherwise confidential information or waive the requirement that any portion of information be filed under seal, however such waiver will not be implied but must be made expressly by the party.

8.      Information that is confidential shall be marked confidential except that medical and counseling records, tax returns of individuals and educational records are confidential without further designation.  A party may designate portions of depositions as confidential if it contains information designated as confidential by this Order and if such designation is made in writing within fifteen (15) days of the transmittal of the deposition transcript.

9.      Any party receiving information marked as confidential or a designation of deposition testimony may dispute the designation of confidentiality by sending a written statement to the designating party.  The written statement must identify what documents or testimony is disputed as confidential and it must be sent out within fifteen (15) days of the receipt of the designation of confidentiality.  Thereafter, the party making the designation of confidentiality has the duty to meet and confer and, if no agreement can be reached, to file a motion asking for a determination of the confidential nature of the information which must be filed within thirty (30) days of the date when the objection to confidentiality is received.  If no application is made,

the material will cease to be confidential. If application is made, the material must be treated as confidential until the Court determines the matter.

10. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

11. Claims of Privilege or inadvertent disclosure of privileged or confidential material shall be controlled by the provisions of Rule 26.

12. This Order shall remain in force unless and until it is modified by this Court.

13. Information filed of record or presented in open court ceases to be confidential when so filed or presented subject, however, to the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

14. The entry of this protective order does not constitute a determination that any materials designated as confidential are either relevant, admissible or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

15. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

16. Notwithstanding any other provision of this Order, any document that is considered a public record under the Oklahoma Open Records Act, 51 Okla. Stat. § 24A.1 *et seq.*, shall not be considered confidential.

17. At the conclusion of the litigation–which includes completion of all appeals, matters on remand or the expiration of time for appeals–counsel shall, promptly return or destroy medical records as described in paragraph four. The balance of any other

confidential records shall be returned if requested, or destroyed at counsel's option after the passage of five years. The Parties agree that they will not charge each other for document production. It is in all instances the responsibility of the party to seek return of documents to make a formal request for return and set out the proposed manner of return.

**SO ORDERED THIS 26th day of September, 2022.**

                                                   SCOTT L. PALK
                                                   UNITED STATES DISTRICT JUDGE