IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMIESHA HILL, et al., on behalf of themselves )
and all others similarly situated, )
)  Case No. 5:21-cv-00097-SLP
                Plaintiffs, )
)
v. )
)
TOWN OF VALLEY BROOK, et al., )
)
                Defendants. )
)

## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANTS TO PRODUCE DOCUMENTS

Plaintiffs Kimiesha Hill, Kiara McCorkle, and Jason Garnett ("Plaintiffs") move to compel Defendants Town of Valley Brook, Lewis Nieman, Stephen Haynes, and Michael Stamp (collectively, "Defendants") to produce documents in response to the four first set of requests for documents Plaintiffs served on each Defendant. Through this Motion, Plaintiffs seek to compel production of documents that Defendants admit exist, are in their possession, and are subject to discovery, but which they have nonetheless failed to produce, or otherwise make available, to Plaintiffs. Plaintiffs file this Motion only after making numerous attempts to resolve this dispute with Defendants over the course of nearly three months. Court intervention is required to prevent Defendants' continued and unexplained delay in meeting their discovery obligations.

## FACTUAL BACKGROUND

1.      On June 23, 2022, Plaintiffs served four separate Requests for Production of Documents on each Defendant (collectively, "Requests"). Ex. 1, Pls.' Requests.

2.      Defendants' responses were due on July 25, 2022. *See* Fed. R. Civ. P. 34(b)(2)(A).

3.      On July 19, 2022, in anticipation of Defendants' responses, Plaintiffs requested a meeting to discuss a protocol for the production of electronically stored information ("ESI"). Ex. 2, July 19, 2022 I. Babchinetskaya E-mail.

4.      On July 25, 2022, in response to Plaintiffs' request for a meet and confer on ESI, Defendants requested a two-week extension until August 8, 2022 to respond to Plaintiffs' Requests, to which Plaintiffs agreed over e-mail and phone. Ex. 2, July 25, 2022 I. Babchinetskaya E-mail; Ex. 3, July 25, 2022 A. Ferate E-mail.

5.      On July 28, 2022, the parties met and conferred on ESI protocol. During the meet and confer, Defendants stated that written responses would be served within a week, with document production following the week after.

6.      Defendants failed to meet the agreed-upon deadline of August 8, 2022 and failed to serve their discovery responses on Plaintiffs.

7.      Defendants did not request an additional extension to respond to Plaintiffs' Requests.

8.      On August 10, 2022, Plaintiffs notified Defendants that Defendants missed the deadline to respond to Plaintiffs' Requests. Ex. 2, August 10, 2022 I. Babchinetskaya E-mail.

9. On August 11, 2022, Defendants responded regarding the missed deadline, stating that they would serve their discovery responses by Monday, August 15, 2022. Ex. 2, August 11, 2022 C. Powell E-mail.

10. Plaintiffs did not agree to an extension.

11. On August 15, 2022, Defendants again failed to provide their discovery responses.

12. On August 16, 2022, Plaintiffs e-mailed Defendants again, notifying Defendants that they failed to meet both the August 8, 2022 discovery deadline and the August 15, 2022 date on which Defendants indicated the delayed documents would be produced. Ex. 2, August 16, 2022 I. Babchinetskaya E-mail.

13. On August 16, 2022, Plaintiffs sent another e-mail, requesting a meet and confer on the timeliness of Defendants' responses. Ex. 2, August 16, 2022 J. Irwin E-mail.

14. On August 19, 2022, the parties met and conferred. The same day, following the meet and confer, Defendants circulated written responses to Plaintiffs' Requests. Ex. 2, August 19, 2022 C. Powell E-mail. In their cover e-mail, Defendants stated that Defendant Town of Valley Brook possesses documents responsive to Plaintiffs' Requests directed at Defendants Lewis Nieman, Stephen Haynes, and Michael Stamp, and agreed to produce those documents without the need to serve additional discovery. *Id.* Defendants also requested a protective order in connection with certain human resource documents and an extension until August 26, 2022 to produce responsive documents. *Id.*

15. Although Plaintiffs promptly agreed to extend the production deadline to August 26, 2022, they did so expressly reserving the right to argue that Defendants waived

objections to Plaintiffs' Requests based on their untimely responses. Ex. 2, August 19, 2022 I. Babchinetskaya E-mail.

16. To avoid additional delays in document production, Plaintiffs circulated a draft of a proposed protective order on August 25, 2022. Ex. 2, August 25, 2022 I. Babchinetskaya E-mail.

17. Defendants failed to produce documents on August 26, 2022, despite agreeing to do so. Nor did Defendants respond to Plaintiffs' e-mail providing a draft protective order.

18. In an e-mail to one of Plaintiffs' counsel who sent only one of the above e-mails, counsel for Defendants asserted that counsel's office was experiencing an outage that precluded counsel from accessing the documents. Ex. 4, August 26, 2022 C. Powell E-mail.

19. Later that evening, counsel for Defendants indicated that Defendants were "work[ing] to finalize a complete production of documents," but that Defendants would not produce the documents by the new, agreed-upon deadline. Ex. 5, August 26, 2022 C. Powell E-mail at 9:04 PM.

20. On August 29, 2022, Defendants stated, for the first time, that they needed to collect additional documents and asked for another extension until September 6, 2022. Ex. 5, August 29, 2022 C. Powell E-mail.

21. On the evening of September 6, 2022, Defendants circulated a ShareFile link containing one PDF of 122 pages. Ex. 6, September 6, 2022 C. Powell E-mail.

22. On September 7, 2022, Plaintiffs, via e-mail, notified Defendants that their untimely production was deficient and failed to comply with the agreed upon ESI protocol about which the parties met and conferred on July 28, 2022. Ex. 6, September 7, 2022 I. Babchinetskaya E-mail.

23. On September 8, 2022, Defendants responded to Plaintiffs' September 7, 2022 e-mail, indicating that Defendants would provide a complete response to Plaintiffs' e-mail by September 9, 2022, and that their September 6, 2022 production did not contain all of the documents Defendants intended to produce. Ex. 7, September 8, 2022 C. Powell E-mail. Counsel for Defendants further claimed that counsel did not have all of Defendants documents and that the parties needed to discuss the production of "ticket jackets" – documents containing contemporaneous notes of municipal court proceedings for potential class members. *Id.*

24. Additionally, on August 8, 2022, Defendants produced a small amount of additional documents and amended their written discovery responses. Ex. 8, September 8, 2022 Responses to Pls' Requests.

25. Defendants failed to provide a complete response to Plaintiffs' September 8, 2022 e-mail, as they had promised.

26. Plaintiffs yet again followed up on September 12, 2022, requesting a response to the September 8, 2022 e-mail related to ESI protocol and the completeness of Defendants' productions. Ex. 7, September 12, 2022 I. Babchinetskaya E-mail.

27. Defendants did not respond.

28. Plaintiffs again followed up on September 19, 2022. Ex. 7, September 19, 2022 I. Babchinetskaya E-mail.

29. On September 19, 2022, Defendants finally responded to the draft protective order – after Plaintiffs followed up on at least *four* separate occasions. *See* Ex. 7, September 19, 2022 C. Powell E-mail; Ex. 5, August 30, 2022 I. Babchinetskaya E-Mail; Ex. 6, September 7, 2022 I. Babchinetskaya E-Mail; Ex. 7, September 12, 2022 I. Babchinetskaya E-Mail; Ex. 7, September 19, 2022 I. Babchinetskaya E-mail.

30. During a meet and confer on September 22, 2022, the parties discussed the status of the document production, including ESI and hard copy records of information related to municipal court hearings and documents Defendants agreed to produce pursuant to the protective order proposed by Plaintiffs. Defendants agreed to produce documents on a rolling basis beginning the following week, and agreed to provide Plaintiffs with an update on the copying of certain documents by Saturday, September 24, 2022. Ex. 7, September 22, 2022 I. Babchinetskaya E-mail.

31. Defendants did not provide Plaintiffs with an update on September 24, 2022.

32. On September 29, 2022, Plaintiffs sent Defendants a deficiency letter, which outlined Defendants' discovery delays, including their untimely responses and partial productions, their failure to produce agreed-upon documents, and their use of meritless and inappropriate objections. Ex. 9, September 29, 2022 Deficiency Letter. Plaintiffs requested a response by October 3, 2022. *Id.*

33. On September 29, 2022, Defendants stated that they were still copying documents but that electronic reports would be ready by the next week. Ex. 7, September 29, 2022 C. Powell E-mail.

34. On September 30, 2022, because of Defendants' continued discovery delays and the impending class certification deadline, Plaintiffs filed an unopposed motion to extend case deadlines. ECF. No. 43.

35. Plaintiffs once again asked Defendants to respond to the deficiency letter and produce responsive documents on October 10, 2022. Ex. 7, October 10, 2022 I. Babchinetskaya E-mail.

36. Since September 8, 2022, Defendants have failed to produce any additional documents, including the electronic records they agreed to produce the week of October 3, 2022 and the documents requiring a protective order, which was entered by the Court on September 26, 2022. ECF No. 42.

37. To date, Defendants have failed to respond to Plaintiffs' deficiency letter and have failed to comply with their discovery obligations.

38. For months, Plaintiffs have attempted to resolve discovery disputes without the need for Court intervention. Plaintiffs are now left with no choice but to move this Court to Compel Defendants to comply with their discovery obligations and produce responsive documents.

## ARGUMENT AND AUTHORITIES

I. **Legal Standard**

The Federal Rules of Civil Procedure afford broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). The information sought in discovery need not be admissible to be discoverable. *Id*. In response to requests for production, the responding party must produce information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party opposing relevant discovery bears the burden of establishing that the discovery does not fall within the purview of Rule 26(b)(1), "or [that the requested discovery] is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *See Shotts v. Geico Gen. Ins. Co.*, No. CIV-16-1266-R, 2017 U.S. Dist. LEXIS 171515, at *2 (W.D. Okla. Oct. 17, 2017).

Pursuant to Fed. R. Civ. P. 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Here, the parties have met and conferred on the document production on three separate occasions. *See supra*, ¶¶ 5, 14, 30. Furthermore, Plaintiffs have circulated numerous e-mails related to discovery deficiencies, granted two extensions in an attempt to amicably resolve discovery disputes, and served a deficiency letter that went unanswered. *See supra*, ¶¶ 4, 8, 12–13, 15, 22, 26, 28, 32, 35.

Undersigned counsel hereby certifies that counsel from Ballard Spahr LLP ("Ballard") has in good faith conferred with counsel for Defendants by telephone and videoconference in an effort to obtain discovery without Court action in accordance with LCvR37.1.  Here, no personal conference is required because counsel from Ballard (who, with co-counsel in the same geographic area, is primarily handling discovery issues in this case) is located in Philadelphia, Pennsylvania, and the distance to Defendants' counsel's location in Oklahoma City, Oklahoma renders a personal conference infeasible.  To the extent the Court, however, determines that Plaintiffs' local counsel must engage in a personal conference with Defendants' counsel, because many of the issues in this Motion arise from a failure to timely make a discovery response, Plaintiffs' conferences with Defendants' counsel by telephone and videoconference suffice as to the timeliness issues under LCvR37.1.  Despite Plaintiffs' efforts, Defendants continue to disregard their discovery obligations, stalling the production of documents that are relevant both to class certification and the merits of this action.

II.     **Legal Argument**

The information Plaintiffs seek through discovery is directly relevant to the merits and the certification of Plaintiffs' four Classes: (1) persons who currently owe or will incur debts to Defendant Valley Brook for fines, fees, and costs or surcharges arising from cases in the Valley Brook Municipal Court; (2) persons who were either jailed, or threatened with jail, and coerced into making a full payment without receiving a hearing or other meaningful inquiry into ability to pay by the Valley Brook Municipal Court; (3) persons who were stopped by the Valley Brook Police Department for a municipal violation and

had their vehicle searched without reasonable suspicion, probable cause, or voluntary consent; and (4) persons who were stopped by the Valley Brook Police Department for a municipal violation and were jailed for an indefinite period of time without judicial process.

Plaintiffs' Requests seek to prove the elements of their claims, as well as documents to establish that numerous persons fall within the four Classes and that these persons have suffered the same or similar constitutional violations as a result of Defendants' unlawful conduct. Defendants violated individuals' due process rights by imprisoning or threatening them with imprisonment for failure to pay; failing to provide an opportunity for individuals to be heard prior to arrest, detention, or other punitive action; and jailing individuals indefinitely without an opportunity to be heard. Plaintiffs' Requests also seek documents relevant to their claims that Defendants levied excessive fines in violation of the Eight Amendment and conducted unreasonable searches in violation of the Fourth Amendment.

### a. Defendants' Failure to Timely Respond Waives All Objections.

As an initial matter, Defendants' delay in responding to Plaintiffs' Requests after the Parties agreed-upon two-week extension waives all objections that Defendants cited in their Responses and Objections. Courts within the Tenth Circuit have held that Fed. R. Civ. P. 34 includes an implied waiver of objections for failure to timely respond to requests for production of documents. *See e.g.*, *Brunson v. McCorkle*, No. 11-cv-1018 JCH/LAM, 2013 U.S. Dist. LEXIS 202685, at *3–4 (D.N.M. Jan. 4, 2013) (granting the plaintiff's motion to compel and deeming objections waived after defendant failed to respond to their first sets of interrogatories and first set of requests for production); *T.A. v. Moore Pub. Sch.*,

No. CIV-06-858-C, 2007 U.S. Dist. LEXIS 114928 (W.D. Okla. Nov. 19, 2007) (same).

Here, Defendants only asked for, and Plaintiffs only agreed to, a two-week extension for responses to Plaintiffs' Requests – from July 25, 2022 to August 8, 2022. Defendants provided written responses to Plaintiffs' Requests nearly a month after they were originally due, and eleven days after the agreed-upon extended deadline. Defendants never communicated with Plaintiffs to seek another extension, nor did Plaintiffs agree to provide another extension for written responses. Defendants belatedly sought an extension to produce all responsive documents until August 26, 2022. Even though Plaintiffs agreed – expressly reserving the right to argue that Defendants waived objections to Plaintiffs' Requests – Defendants yet again missed the August 26, 2022 deadline. And now, more than seven weeks later, they still have yet to produce all responsive documents or even communicate a date upon which all responsive documents will be produced. Defendants' continued discovery delays have prejudiced Plaintiffs' ability to seek class certification, already resulting in the need to seek an extended scheduling order. Because of Defendants' continued and unexcused failure to timely satisfy their discovery obligations, despite Plaintiffs' numerous accommodations, the Court should find that Defendants have waived all objections.

### b. Defendants Assert Invalid Boilerplate Objections.

Even if Defendants had not waived their objections, Defendants' responses and objections to the Requests are wholly deficient. It is now well-established that a party objecting to a request for production is required to specify the objectionable aspect of the request, include the grounds for the objection, produce responsive information to non-

objectionable portions of the request, and also "state whether any responsive materials are being withheld on the basis of that objection." *Dowell v. Cox Okla. Telecom, LLC*, No. CIV-18-108-D, 2019 U.S. Dist. LEXIS 2500, at *6 (W.D. Okla. Jan. 7, 2019) (quoting Fed. R. Civ. P. 34(b)(2)(C)). Defendants consistently objected to Plaintiffs' Requests on the grounds that they are "overbroad, vague, and not proportionate to the issues in this case."[1] Ex. 8, Responses to Plaintiffs' Requests.[2] Defendants' assertion of boilerplate objections, coupled with their failure to declare affirmatively whether all responsive documents have been produced, alone forms a basis for the Court to compel discovery. *See Peeler v. Int'l Ass'n of Firefighters, Local 3694*, No. CIV-12-01381-M, 2013 U.S. Dist. LEXIS 129390, at *6 (W.D. Okla. Sep. 11, 2013) (granting motion to compel due to vague, boilerplate objections and failure to affirmatively declare whether all responsive documents were produced); *see also Kunneman Props. LLC v. Marathon Oil Co.,* No. 17-CV-456-GKF-JFJ, 2019 U.S. Dist. LEXIS 178179, at *5 (N.D. Okla. Oct. 15, 2019) ("Objections to discovery requests must be stated 'with specificity.' Mere boilerplate objection language, such as 'vague, over-broad, unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence,' without more, is not sufficient." (internal citations omitted)).

---

[1] Defendants' responses ignore that this case relates to a systemic, multi-year scheme to extort funds from individuals, and is not limited to individual plaintiffs.

[2] *See, e.g.*, Stamp's Responses Nos. 1, 9, 10, 20, 13, 19; Haynes' Responses Nos. 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19; Neiman's Responses Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15; the Town's Responses Nos. 1, 2, 3, 4, 5, 6, 7, 11, 12, 13, 17, 18, 19, 20, 18(sic), 23, 24.

### c. Defendants' Admit They Have Not Produced Responsive Documents in Their Possession, Custody, and Control.

Defendants, in fact, have admitted that responsive documents, not yet produced, exist. Defendants cited the fact that responsive documents are maintained by the Town of Valley Brook (the "Town") as an objection to a majority of the Requests. Ex. H, Responses to Pls' Requests.[3] Judge Haynes, Mayor Neiman, and Chief Stamp, however, failed to indicate which of these documents would be produced by the Town. As noted in the meet and confer on August 19, 2022 and Defendants' e-mail dated August 19, 2022, Defendants agreed to produce documents in the Town's possession without the need for Plaintiffs to amend their Requests. Ex. 2, August 19, 2022 C. Powell E-mail. Plaintiffs relied on this agreement.

Additionally, although Defendants agreed they would produce documents pursuant to the protective order and electronic records containing information like citation and fine amounts for potential class members, they have yet to do so. To date, Defendants have failed to produce any additional documents or otherwise advise as to when they would produce these documents.

Finally, the limited documents produced by Defendants in response to the Plaintiffs' Requests do not come close to satisfying their discovery obligations. Defendants only produced documents related to certain policies and forms, financial statements and budgets, and citation records for only the named Plaintiffs. As an initial matter, the produced

---

[3] Neiman's Responses Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10; Haynes' Responses Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19; Stamp's Responses Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, 18, 19, 20, 21.

documents fail to encompass the entire time period specified in the Requests (i.e., records from 2017 – present), to which Defendants did not object.  Furthermore, the documents Defendants identified in response to specific Requests highlight Defendants' discovery deficiencies:

- Haynes' Response to Plaintiffs' Request No. 3:  This request asks for documents sufficient to evidence municipal defendants' "opportunity to be heard as to the refusal or neglect to pay" payment plan installments, as required under Rule 8.4 of the Oklahoma Court of Criminal Appeals, prior to their incarceration for failure to pay.  In response, Defendants referred to documents VB 1-4 (i.e., two blank forms). Defendants have not produced documents related to individuals' opportunity to be heard prior to incarceration.  If two blank forms encompass the entirety of their production on their compliance with Rule 8.4, Defendants need to say so.

- Haynes' Response to Plaintiffs' Request No. 19:  This request asks for "communications to any Defendants regarding court fees, fines, and costs." Again, Defendants referred to documents VB 1-4, as well as VB 100-200 (citations for the named Plaintiffs). Defendants failed to produce any communications, including, but not limited to communications via an internal Town platform or text messages and e-mails.

- Neiman's Response to Plaintiffs' Request No. 5:  This Request seeks communications "pertaining to the assessment and collection of [f]ines, [f]ees, or [c]osts, including the practice of imprisoning or threatening with imprisonment," use of probation and community service, Rule 8 Hearings, and alternative payment options.  Defendants referred to VB 100-200.  Again, Defendants failed to produce any communications.

Ex. 8, Defendants Responses to Pls' Requests.[4]

---

[4]   Neiman's Responses Nos. 1, 2, 3, 5, 13, 14; Haynes' Responses Nos. 1, 3, 11, 13 17, 19; Stamp's Responses Nos. 1, 4, 5, 6, 8, 9, 10, 11, 12, 13, 16, 17, 20, 21; Town's Responses Nos. 1, 2, 3, 7–18, 20, 23, 24.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order finding that Defendants have waived all objections to Plaintiffs' First Request for Production of Documents Directed at Defendant Town of Valley Brook, Defendant Mayor Lewis Neiman, Defendant Judge Stephen Haynes, and Defendant Police Chief Michael Stamp, and compelling Defendants to produce all responsive documents to each of the four Requests for Production.

Dated:  October 25, 2022

Respectfully submitted,
*s/Jonathan M. Irwin*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin (OBA #32636)
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900

Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*
*\*Admitted in New Jersey and Maryland only.*
*Practice limited to matters before federal courts*
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October 2022, I electronically submitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants on file.

*s/Jonathan M. Irwin*
Jonathan M. Irwin