# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | Case No. 5:21-cv-00097-SLP |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TOWN OF VALLEY BROOK, et al, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED AT DEFENDANT TOWN OF VALLEY BROOK**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), by their undersigned counsel, hereby propound the following First Set of Requests for the Production of Documents Directed to Defendant Town of Valley Brook (the "Requests"). Within 30 days of the service date of the Document Requests, Defendant Town of Valley Brook shall serve written responses to the Requests and shall produce or make available those documents and things the production to which Defendant Town of Valley Brook has no objection at the offices of Ward & Glass, 1601 36th Ave NW, Norman, OK 73072.

The Requests shall be answered in accordance with the Definitions and Instructions that are below. The full text of the Definitions and Instructions shall be deemed incorporated by reference into each Document Request.

**DEFINITIONS**

1.      The terms "Town of Valley Brook," "Town," "Valley Brook," "Defendant Valley Brook," "You," and "Your," as used in these Requests, refer to Defendant Town of Valley Brook, it agencies, and to any staff employed in the Town of Valley Brook, or any representative or consultant of the aforementioned.

2.      The term "Plaintiff(s)" refers to Kimiesha Hill, Jason Garnett, and Kiara McCorkle.

3.      The term "Municipal Defendant(s)" refers to individuals who were stopped by Valley Brook Police officers and appeared before Defendant Judge Stephen Haynes, including, but not limited to, Plaintiffs, for the adjudication of municipal or criminal charges in the Valley Brook Municipal Court.

4.      "Defendants" refers to the Town of Valley Brook, Judge Stephen Haynes, Mayor Lewis Nieman, and Police Chief Michael Stamp.

5.      "Municipal Court" refers to the Valley Brook Municipal Court.

6.      "Police Department" refers to the Valley Brook Police Department.

7.      "Court Proceedings" means any event pertaining to the adjudication of a municipal or criminal charge in front of Defendant Judge Stephen Haynes.

8.      The terms "Fines," "Fees," or "Costs" refer to a sum imposed for punishment; payment for a municipal or criminal offense; or other amounts assessed against Municipal Defendants for any reason by the Valley Brook Police Department and its officials, Defendant Judge Stephen Haynes and officials of the Valley Brook Municipal Court, or any other representative or agent of Defendant Town of Valley Brook.

9.      The term "Document(s)" shall have the broadest possible meaning under Fed. R. Civ. P. 34(a), and includes, without limitation, any electronically stored information ("ESI"), written or graphic matter or other tangible means of preserving thought or expression, and all

2

tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, including recorded oral statements, written statements, meetings, conversations, or conferences, formal or informal, at any time or place, under any circumstances, whereby any information was exchanged, and, to the extent not previously stated, any other transmission, conveyance, or exchange of information, by writing, recorded oral statement, electronic transmission, fax or other means, including memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, recorded meetings or other communications, recorded interoffice telephone calls, diaries, chronological data, minutes, books, reports, schedules, affidavits, declarations, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

10.     The term "Communications" includes any type of correspondence (*e.g.*, letters, electronic mail, text messages, Twitter messages, Facebook messages, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting, or telephone conversation, as well as every kind of written or graphic communication.

11.     The terms "Policy," "Policies," "Procedure(s)," or "Practices" mean any practice, procedure, directive, memorandum, custom, routine, rules, courses or codes of conduct, whether written or unwritten, formal or informal, recorded or unrecorded, and which were recognized, adopted, or followed by Town of Valley Brook employees or staff.

12.     The term "Rule 8," as used in these Requests, refers to Rules 8.1 – 8.8 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18, which list district court procedures relating to the assessment of a criminal defendant's ability to pay.

13.     The term "Rule 8 Hearing" refers to a judicial proceeding required by Rule 8.1 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18.

14.     The terms "and" and "or" should be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of the Request that which might otherwise be construed to be outside the scope.  Whenever the conjunctive or the disjunctive appears within a Request, the Request is to be construed as requesting all information that relates to any one or any combination of elements of the Request as if each element has been stated separately.  The conjunctive and disjunctive are not to be construed in any way that would limit the scope of the Request.

15.     The words "all," "any," and "each" should be construed most expansively.  "Any" includes the word "all," and "all" includes the word "any."   The disjunctive includes the conjunctive and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

16.      "Pertains to," "pertaining to," "Relates to" and "Relating to" mean comprising, mentioning, analyzing, discussing, summarizing, describing, reflecting, referring to, containing,

depicting, embodying, evidencing, constituting, concerning, reporting or involving an act, occurrence, event, transaction, fact, thing or course of relating.

17.     The term "including" means including but not limited to.

18.     Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.  If you are unclear on the meaning of any word, please contact the undersigned counsel.

## **INSTRUCTIONS**

1.     In producing documents, furnish all documents in your possession, custody, or control, regardless of whether the documents are possessed directly by you, your agents, employees, representatives, or investigators, or possessed by your present or former attorneys or their agents, employees, representatives or investigators, and regardless of location.

2.     These Requests are continuing in nature. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce such additional documents.

3.     If any document is claimed to be immune from discovery on grounds of privilege, please identify the documents for which the privilege is claimed, along with the applicable privilege, identify the parties to whom the document was sent, and provide all required information on a privilege log in the format determined by the parties pursuant to Fed. R. Civ. P. 26(b)(5).

4.     You shall produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

5.     If any information is deleted or redacted from a document produced in response to these Requests, state: (a) the reason for the deletion/redaction, (b) the subject matter of the deletion/redaction, and (c) if the deletion/redaction is based on a claim of privilege, state the privilege being asserted and the facts allegedly giving rise to the claim of privilege.

6.      If any document responsive to these Requests has been lost, mutilated or destroyed, so state and identify each such document and the Request to which the document was responsive.

7.      If you object to any part of a Request and refuse to answer that part, state your objection and answer the remaining portion of that Request. If you object to the scope or time period of a Request, and refuse to answer for that scope or time period, state your objection and answer the Request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

8.      Electronically stored information ("ESI") must be produced by converting the electronic format of the application in which such ESI is normally created, viewed, and/or modified, into a standard image format capable of being viewed and printed on standard computer systems in a reasonably useable form. Specifically, ESI should be produced in the Tagged Image File Format ("TIFF," or .TIF files), together with optical character recognition ("OCR") load files containing the viewable text or other data in such ESI, unless another format is agreed upon by the parties.

9.      All grounds for an objection to a Request shall be stated with specificity. Each response to a Request shall state (i) that production will be made as requested or (ii) state with reasonable particularity the grounds for any objection to production in a format that would satisfy Fed. R. Civ. P. 34(b)(2).

10.     No later than 30 days after receipt of the Request, pursuant to Fed. R. Civ. P. 34(b)(2), you must state whether production of responsive documents within your possession, custody, or control is complete or that there are no documents in your possession, custody, or control that are responsive to the Requests.

11.     Unless otherwise stated, the time period for these Requests is from January 1, 2017 to present. If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a Request, you must produce the earlier or subsequent document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to this Request.

12.     These Requests are made without prejudice to, and Plaintiffs reserve, all rights, remedies, and positions.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    All Documents sufficient to show a breakdown of finances for the Town of Valley Brook, including revenue generated from the collection of Fines, Fees, and Costs and the use of such revenue.

**Response:**

**REQUEST NO. 2:**    All Documents sufficient to show yearly budget allocations for Your Police Department and Your Municipal Court, including a breakdown of how Your Police Department and Your Municipal Court use their respective budgets.

**Response:**

**REQUEST NO. 3:**    All schedules of Fees, Fines, or Costs listing each municipal charge and the associated fines or fees, and any court costs assessed by You including, but not limited to, court proceedings, probation, failures to appear, warrants, trials, appeals, continuances, and time payment.

**Response:**

**REQUEST NO. 4:**    All Documents sufficient to show how You determine Fees, Fines, or Costs schedules.

**Response:**

**REQUEST NO. 5:**     All Documents or Communications concerning complaints, grievances, or any other accusations of misconduct that have been made against You or Your municipal officials pertaining to the assessment and collection of Fees, Fines, or Costs by Your Police Department and Your Municipal Court, and any disciplinary actions taken in response to such complaints, grievances, or accusations, whether formal or informal.

**Response:**

**REQUEST NO. 6:**     All Documents and Communications evidencing or otherwise indicating Your role in, and awareness of, the assessment and collection of Fees, Fines, or Costs by Your Municipal Court and Police Department.

**Response:**

**REQUEST NO. 7:**     All Documents and Communications pertaining to Municipal Defendants' ability to pay Fees, Fines, or Costs to Your Police Department and Your Municipal Court.

**Response:**

**REQUEST NO. 8:**     All Policies and Procedures regarding probation, including those pertaining to the determination of whether a Municipal Defendant is eligible for probation, the court costs associated with probation, Your oversight over probation, and any supervisory role played by the Municipal Court or the Valley Brook Police Department during the probationary period.

**Response:**

**REQUEST NO. 9:**     All Policies and Procedures regarding an arrested individual's detention at Oklahoma County jail, their ability to challenge their detention prior to the weekly Court Proceeding, and treatment of Pay-For-Stay Costs.

**Response:**

**REQUEST NO. 10:**  All Policies and Procedures regarding notices sent by You to Municipal Defendants of upcoming Court Proceedings.

**Response:**

**REQUEST NO. 11:**  All Documents, Policies, Procedures, and Communications pertaining to reasonable payment alternatives for Municipal Defendants, including but not limited to waiver of bonds, reduction of municipal debts, payment plans, probation, or community service.

**Response:**

**REQUEST NO. 12:**  All Documents and Communications pertaining to the practice of jailing or threatening to jail Municipal Defendants who cannot pay Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 13:**  All Documents and Communications evidencing or otherwise describing Your Policies and Procedures pertaining to the availability of public defenders or other counsel for Municipal Defendants, before, during, and after a Court Proceeding, and to informing Municipal Defendants of their right to counsel when jailed or threatened with jail.

**REQUEST NO. 14:**  All Policies and Procedures regarding determinations that a Municipal Defendant is eligible for community service in lieu of or in addition to paying Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 15:**  All training and employment Documents, Polices, or Procedures You provided or which were otherwise provided to Valley Brook Municipal Court employees.

**Response:**

**REQUEST NO. 16:**  All Policies and Procedures regarding the issuance of arrest warrants for failure to appear at a Court Proceeding.

**Response:**

**REQUEST NO. 17:**  All Documents evidencing or otherwise describing Your Practices regarding record-keeping pertaining to financial records; disciplinary proceedings against municipal officials; collection and assessment of Costs, Fees, and Fines; and Court Proceedings.

**Response:**

**REQUEST NO. 18:**  All Documents and Communications regarding Plaintiffs.

**Response:**

**REQUEST NO. 19:**  All Documents evidencing or otherwise identifying Municipal Defendants sent to Oklahoma County Jail after they could not pay Costs, Fees, or Fines.

**Response:**

**REQUEST NO. 20:**  All Documents and Communications regarding revenue generated from the collection of Fines, Fees, or Costs.

**Response:**

**REQUEST NO. 17:**  All expert reports prepared on behalf of the Municipality, or in the possession of the Municipality, with respect to the allegations set forth in the Complaint thereof, that were prepared during the two years preceding the filing of the Complaint, in connection with this or any other proceeding, or for any other reason.

**Response:**

**REQUEST NO. 18:**  Any document of which You have knowledge and which relates to or bears upon the subject matter of this Complaint.

**Response:**

**REQUEST NO. 21:**  All Documents sufficient to show the job descriptions or employment responsibilities of municipal officials pertaining to Court Proceedings.

**Response:**

**REQUEST NO. 22:**  All Documents You intend to rely upon during trial.

**Response:**

**REQUEST NO. 23:**  All Documents concerning the appointment of Defendant Judge Stephen

Haynes to the Valley Brook Municipal Court.

**Response:**

**REQUEST NO. 24:**  All Documents concerning the roles and responsibilities of Judge Stephen

Haynes for the Valley Brook Municipal Court, including any contracts or agreements.

**Response:**

Dated:  June 23, 2022
                                                */s/Jason A. Leckerman*

                                              Jason A. Leckerman
                                              Lisa Swaminathan
Laura E. Luisi Gavin
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
GavinL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays*
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*
*\*Admitted in New Jersey and Maryland only. Practice limited to matters before federal courts*

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

KIMIESHA HILL, et al., on behalf of )
themselves and all others similarly situated, )
                                    ) Case No. 5:21-cv-00097-SLP
                  Plaintiffs, )
                                       )
                      v. )
                                         )
TOWN OF VALLEY BROOK, et al, )
                                         )
                  Defendants. )
                                         )

---

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED AT DEFENDANT MAYOR LEWIS NEIMAN

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), by their undersigned counsel, hereby propound the following First Set of Requests for the Production of Documents Directed to Defendant Mayor Lewis Neiman (the "Requests").  Within 30 days of the service date of the Document Requests, Defendant Mayor Lewis Neiman shall serve written responses to the Requests and shall produce or make available those documents and things the production to which Defendant Mayor Lewis Neiman has no objection at the offices of Ward & Glass, 1601 36th Ave NW, Norman, OK 73072.

        The Requests shall be answered in accordance with the Definitions and Instructions that are below.  The full text of the Definitions and Instructions shall be deemed incorporated by reference into each Document Request.

## **DEFINITIONS**

1.      The terms "Mayor Lewis Nieman," "Mayor Nieman," "Nieman," "Defendant Nieman," "You," and "Your," as used in these Requests, refer to Defendant Lewis Nieman, and any staff employed in the Valley Brook Mayor's Office, or any representative or consultant of the aforementioned individuals.

2.      The term "Plaintiff(s)" refers to Kimiesha Hill, Jason Garnett, and Kiara McCorkle.

3.      The term "Municipal Defendant(s)" refers to individuals who appeared before Defendant Judge Stephen Haynes, including, but not limited to, Plaintiffs, for the adjudication of municipal or criminal charges in the Valley Brook Municipal Court.

4.      "Defendants" refers to the Town of Valley Brook, Judge Stephen Haynes, Mayor Lewis Nieman, and Police Chief Michael Stamp.

5.      "Municipal Court" refers to the Valley Brook Municipal Court.

6.      "Police Department" refers to the Valley Brook Police Department.

7.      "City Attorney" refers to the municipal prosecutor who participates in Valley Brook Municipal Court Proceedings.

8.      The term "Time Payment Application(s)" refers to an application filled out by Municipal Defendants requesting installment payments or alternatives to payment in full.

9.      "Court Proceedings" means any event pertaining to the adjudication of a municipal or criminal charge in front of Defendant Judge Stephen Haynes.

10.      The terms "Fines," "Fees," or "Costs" refer to a sum imposed for punishment; payment for a municipal or criminal offense; or other amounts assessed against Municipal Defendants for any reason by the Valley Brook Police Department and its officials, Defendant Judge Stephen Haynes and officials of the Valley Brook Municipal Court, or any other representative or agent of Defendant Town of Valley Brook.

11.    The term "Document(s)" shall have the broadest possible meaning under Fed. R. Civ. P. 34(a)(1), and includes, without limitation, any electronically stored information ("ESI"), written or graphic matter or other tangible means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, including recorded oral statements, written statements, meetings, conversations, or conferences, formal or informal, at any time or place, under any circumstances, whereby any information was exchanged, and, to the extent not previously stated, any other transmission, conveyance, or exchange of information, by writing, recorded oral statement, electronic transmission, fax or other means, including memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, recorded meetings or other communications, recorded interoffice telephone calls, diaries, chronological data, minutes, books, reports, schedules, affidavits, declarations, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

12.    The term "Communications" includes any type of correspondence (*e.g.*, letters, electronic mail, text messages, Twitter messages, Facebook messages, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement,

understanding, meeting, or telephone conversation, as well as every kind of written or graphic communication.

13.     The terms "Policy," "Policies," "Procedure(s)," or "Practices" mean any practice, procedure, directive, memorandum, routine, rules, courses or codes of conduct, whether written or unwritten, formal or informal, recorded or unrecorded, and which were recognized, adopted, or followed by the Valley Brook Mayor's Office employees or staff, including Mayor Nieman and his staff, in conducting the affairs of the Town of Valley Brook.

14.     The term "Rule 8," as used in these Requests, refers to Rules 8.1 – 8.8 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18, which list district court procedures relating to the assessment of a criminal defendant's ability to pay.

15.     The term "Rule 8 Hearing" refers to the judicial proceeding required by Rule 8.1 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18.

16.     The terms "and" and "or" should be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of the Request that which might otherwise be construed to be outside the scope.  Whenever the conjunctive or the disjunctive appears within a Request, the Request is to be construed as requesting all information that relates to any one or any combination of elements of the Request as if each element has been stated separately.  The conjunctive and disjunctive are not to be construed in any way that would limit the scope of the Request.

17.     The words "all," "any," and "each" should be construed most expansively.  "Any" includes the word "all," and "all" includes the word "any."   The disjunctive includes the conjunctive and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

18.     "Pertains to," "Pertaining to," "Relates to" and "Relating to" mean comprising, mentioning, analyzing, discussing, summarizing, describing, reflecting, referring to, containing, depicting, embodying, evidencing, constituting, concerning, reporting or involving an act, occurrence, event, transaction, fact, thing or course of relating.

19.     The term "including" means including but not limited to.

20.     Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.  If you are unclear on the meaning of any word, please contact the undersigned counsel.

## INSTRUCTIONS

1.     In producing documents, furnish all documents in your possession, custody, or control, regardless of whether the documents are possessed directly by you, your agents, employees, representatives, or investigators, or possessed by your present or former attorneys or their agents, employees, representatives or investigators, and regardless of location.

2.     These Requests are continuing in nature. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce such additional documents.

3.     If any document is claimed to be immune from discovery on grounds of privilege, please identify the documents for which the privilege is claimed, along with the applicable privilege, identify the parties to whom the document was sent, and provide all required information on a privilege log in the format determined by the parties pursuant to Fed. R. Civ. P. 26(b)(5).

4.     You shall produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

5.     If any information is deleted or redacted from a document produced in response to these Requests, state: (a) the reason for the deletion/redaction, (b) the subject matter of the

deletion/redaction, and (c) if the deletion/redaction is based on a claim of privilege, state the privilege being asserted and the facts allegedly giving rise to the claim of privilege.

6.      If any document responsive to these Requests has been lost, mutilated or destroyed, so state and identify each such document and the Request to which the document was responsive.

7.      If you object to any part of a Request and refuse to answer that part, state your objection and answer the remaining portion of that Request. If you object to the scope or time period of a Request, and refuse to answer for that scope or time period, state your objection and answer the Request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

8.      Electronically stored information ("ESI") must be produced by converting the electronic format of the application in which such ESI is normally created, viewed, and/or modified, into a standard image format capable of being viewed and printed on standard computer systems in a reasonably useable form. Specifically, ESI should be produced in the Tagged Image File Format ("TIFF," or .TIF files), together with optical character recognition ("OCR") load files containing the viewable text or other data in such ESI, unless another format is agreed upon by the parties.

9.      All grounds for an objection to a Request shall be stated with specificity. Each response to a Request shall state (i) that production will be made as requested or (ii) state with reasonable particularity the grounds for any objection to production in a format that would satisfy Fed. R. Civ. P. 34(b)(2).

10.      No later than 30 days after receipt of the Request, pursuant to Fed. R. Civ. P. 34(b)(2), you must state whether production of responsive documents within your possession,

custody, or control is complete or that there are no documents in your possession, custody, or control that are responsive to the Requests.

11.     Unless otherwise stated, the time period for these Requests is from January 1, 2017 to the present. If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a Request, you must produce the earlier or subsequent document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to this Request.

12.     Unless otherwise stated, these Requests are limited to Your conduct in Valley Brook, Oklahoma.

13.     These Requests are made without prejudice to, and Plaintiffs reserve, all rights, remedies, and positions.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**     All Documents sufficient to show what percent of Your budget stems from the collection of Fines, Fees, or Costs and how those funds are used.

**Response:**

**REQUEST NO. 2:**     All schedules of Fees, Fines, or Costs listing each municipal charge and the associated fines or fees, and any court costs assessed by You, including, but not limited to, costs for court proceedings, probation, failures to appear, warrants, trials, appeals, continuances, and time payment.

**Response:**

**REQUEST NO. 3:**     All Documents and Communications sufficient to show Your job responsibilities, including Your responsibilities during Court Proceedings and overseeing community service obligations.

**Response:**

**REQUEST NO. 4:**    All Documents and Communications sufficient to show which Court Proceedings You attended.

**Response:**

**REQUEST NO. 5:**    All Communications with Defendants pertaining to the assessment and collection of Fines, Fees, or Costs, including the practice of imprisoning or threatening with imprisonment Municipal Defendants for failure to pay; sentencing Municipal Defendants to community service or probation; Time Payment Applications and alternative payment options; and Rule 8 Hearings.

**Response:**

**REQUEST NO. 6:**    All Documents and Communications related to Your role in assessing Time Payment Applications and suggesting payment options, probation, and community service for Municipal Defendants.

**Response:**

**REQUEST NO. 7:**    All Policies, Procedures, and Documents evidencing or other pertaining to Your Practices to determine when a Municipal Defendant may be eligible for community service or alternative payment plans in lieu of or in addition to payment of full Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 8:**    All Communications with the City Attorney regarding Court Proceedings, community service, probation, and the assessment and collection of Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 9:**    All Documents or Communications regarding advice to or conversations with Municipal Defendants during Court Proceedings.

**Response:**

**REQUEST NO. 10:**   All Documents and Communications pertaining to your awareness of Defendant Judge Stephen Haynes' assessment of Fees, Fines, or Costs against Municipal Defendants and any inquiry into Municipal Defendants' ability to pay such municipal debts.

**Response:**

**REQUEST NO. 11:**   All Documents or Communications concerning complaints, grievances, or any other accusations that have been made against You, or any disciplinary actions taken against You in Your current capacity as Mayor, whether formal or informal, pertaining to the assessment and collection of Fees, Fines, or Costs against Municipal Defendants and your role during Court Proceedings.

**Response:**

**REQUEST NO. 12:**   All documents or communications evidencing any statements you have made regarding Municipal Defendants' ability to pay Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 13:**   All documents or communications pertaining to the collection of Fees, Fines, or Costs and its relationship to the Town of Valley Brook's budget, revenues, or expenditures.

**Response:**

**REQUEST NO. 14:**   All Documents evidencing Your Policies or Procedures regarding record-keeping.

**Response:**

**REQUEST NO. 15:**   All Documents and Communications regarding Plaintiffs.

**Response:**

**REQUEST NO. 16:**  All Documents You intend to rely upon during trial.

**Response:**

Dated: June 23, 2022

        _/s/ Jason A. Leckerman_
        Jason A. Leckerman
        Lisa Swaminathan
        Laura E. Luisi Gavin
        Izabella Babchinetskaya
        Ballard Spahr LLP
        1735 Market St. 51st Floor,
        Philadelphia, PA 19103
        215.864.8266 DIRECT
        215.864.8999 FAX
        LeckermanJ@ballardspahr.com
        SwaminathanL@ballardspahr.com
        GavinL@ballardspahr.com
        BabchinetskayaI@ballardspahr.com
        _Admitted pro hac vice_

        Woodrow K. Glass (OBA #15690)
        Jonathan M. Irwin
        Ward & Glass
        1601 36th Ave NW
        Norman, OK 73072
        405.253.4031 DIRECT
        405.360.7902 FAX
        woody@wardglasslaw.com
        jonathan@wardglasslaw.com

        Arthur Ago
        Tianna Mays*
        Lawyers' Committee for Civil Rights
        Under Law
        1500 K Street NW, Suite 900
        Washington, DC 20005
        202-662-8600 DIRECT
        202-783-0857 FAX
        aago@lawyerscommittee.org
        tmays@lawyerscommittee.org
        _Admitted pro hac vice_
        _*Admitted in New Jersey and Maryland only. Practice_
        _limited to matters before federal courts_

        _Counsel for Plaintiffs_

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 5:21-cv-00097-SLP ) ) |
| v. | ) ) |
| TOWN OF VALLEY BROOK, et al, | ) ) |
| Defendants. | ) ) |

---

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED AT DEFENDANT JUDGE STEPHEN HAYNES

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), by their undersigned counsel, hereby propound the following First Set of Requests for the Production of Documents Directed to Defendant Judge Stephen Haynes (the "Requests"). Within 30 days of the service date of the Document Requests, Defendant shall serve written responses to the Requests and shall produce or make available those documents and things the production to which Defendant has no objection at the offices of Ward & Glass, 1601 36th Ave NW, Norman, OK 73072.

The Requests shall be answered in accordance with the Definitions and Instructions that are below. The full text of the Definitions and Instructions shall be deemed incorporated by reference into each Document Request.

**DEFINITIONS**

1.      The terms "Judge Stephen Haynes," "Judge Haynes," "Haynes," "Defendant Haynes," "You," and "Your," as used in these Requests, refer to Defendant Stephen Haynes, and any clerks or other staff employed in the Valley Brook Municipal Court, or any representative or consultant of the aforementioned individuals.

2.      The term "Plaintiff(s)" refers to Kimiesha Hill, Jason Garnett, and Kiara McCorkle.

3.      The term "Municipal Defendant(s)" refers to individuals who were stopped by Valley Brook Police officers and appeared before You, including, but not limited to, Plaintiffs, for the adjudication of municipal or criminal charges in the Valley Brook Municipal Court.

4.      "Defendants" refers to the Town of Valley Brook, Judge Stephen Haynes, Mayor Lewis Nieman, and Police Chief Michael Stamp.

5.      "Municipal Court" refers to the Valley Brook Municipal Court.

6.      "Police Department" refers to the Valley Brook Police Department.

7.      "City Attorney" refers to the municipal prosecutor who participates in Valley Brook Municipal Court Proceedings.

8.      The term "Time Payment Application" refers to an application filled out by Municipal Defendants requesting installment payments or alternatives to payment in full.

9.      The term "Ticket Jacket" refers to the physical envelope, sleeve, or flat paper container with a sealable flap, used to enclose and record all information regarding each Municipal Defendant during Court Proceedings and any documents or information contained inside the envelope regarding the Municipal Defendant.

10.     The term "Pay-For-Stay Costs" refers to the amount charged to individuals for their confinement in jail.

11.     The terms "Fines," "Fees," or "Costs" refer to a sum imposed for punishment; payment for a municipal or criminal offense; or other amounts assessed against Municipal Defendants for any reason by the Valley Brook Police Department and its officials, Defendant Judge Stephen Haynes and officials of the Valley Brook Municipal Court, or any other representative or agent of Defendant Town of Valley Brook.

12.     "Court Proceedings" means any event pertaining to the adjudication of a municipal or criminal charge in front of Judge Haynes.

13.     The term "Document(s)" shall have the broadest possible meaning under Fed. R. Civ. P. 34(a), and includes, without limitation, any electronically stored information ("ESI"), written or graphic matter or other tangible means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, including recorded oral statements, written statements, meetings, conversations, or conferences, formal or informal, at any time or place, under any circumstances, whereby any information was exchanged, and, to the extent not previously stated, any other transmission, conveyance, or exchange of information, by writing, recorded oral statement, electronic transmission, fax or other means, including memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, recorded meetings or other communications, recorded interoffice telephone calls, diaries, chronological data, minutes, books, reports, schedules, affidavits, declarations, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs,

microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

14.     The term "Communications" includes any type of correspondence (*e.g.*, letters, electronic mail, text messages, Twitter messages, Facebook messages, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting, or telephone conversation, as well as every kind of written or graphic communication.

15.     The terms "Policy," "Policies," "Procedure(s)," or "Practices" mean any practice, procedure, directives, memorandum, routine, rules, courses or codes of conduct, whether written or unwritten, formal or informal, recorded or unrecorded, and which were recognized, adopted, or followed by You and the Valley Brook Municipal Court employees or staff.

16.     The term "Rule 8," as used in these Requests, refers to Rules 8.1 – 8.8 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18, which list court procedures relating to the assessment of a criminal defendant's ability to pay.

17.     The term "Rule 8 Hearing" refers to the judicial proceeding required by Rule 8.1 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18.

18.     The term "Order(s)" refers to oral or written judicial decisions.

19.     The terms "and" and "or" should be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of the Request that which might otherwise be construed to be outside the scope.  Whenever the conjunctive or the disjunctive appears within a Request, the Request is to be construed as requesting all information that relates to any one or any

combination of elements of the Request as if each element has been stated separately.  The conjunctive and disjunctive are not to be construed in any way that would limit the scope of the Request.

20.     The words "all," "any," and "each" should be construed most expansively.  "Any" includes the word "all," and "all" includes the word "any."  The disjunctive includes the conjunctive and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

21.     "Pertains to," "Pertaining to," "Relates to" and "Relating to" mean comprising, mentioning, analyzing, discussing, summarizing, describing, reflecting, referring to, containing, depicting, embodying, evidencing, constituting, concerning, reporting or involving an act, occurrence, event, transaction, fact, thing or course of relating.

22.     The term "including" means including but not limited to.

23.     Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.  If you are unclear on the meaning of any word, please contact the undersigned counsel.

## **INSTRUCTIONS**

1.     In producing documents, furnish all documents in your possession, custody, or control, regardless of whether the documents are possessed directly by you, your agents, employees, representatives, or investigators, or possessed by your present or former attorneys or their agents, employees, representatives or investigators, and regardless of location.

2.     These Requests are continuing in nature.  If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce such additional documents.

3.      If any document is claimed to be immune from discovery on grounds of privilege, please identify the documents for which the privilege is claimed, along with the applicable privilege, identify the parties to whom the document was sent, and provide all required information on a privilege log in the format determined by the parties pursuant to Fed. R. Civ. P. 26(b)(2)(5).

4.      You shall produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

5.      If any information is deleted or redacted from a document produced in response to these Requests, state: (a) the reason for the deletion/redaction, (b) the subject matter of the deletion/redaction, and (c) if the deletion/redaction is based on a claim of privilege, state the privilege being asserted and the facts allegedly giving rise to the claim of privilege.

6.      If any document responsive to these Requests has been lost, mutilated or destroyed, so state and identify each such document and the Request to which the document was responsive.

7.      If you object to any part of a Request and refuse to answer that part, state your objection and answer the remaining portion of that Request. If you object to the scope or time period of a Request, and refuse to answer for that scope or time period, state your objection and answer the Request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

8.      Electronically stored information ("ESI") must be produced by converting the electronic format of the application in which such ESI is normally created, viewed, and/or modified, into a standard image format capable of being viewed and printed on standard computer systems in a reasonably useable form. Specifically, ESI should be produced in the Tagged Image File Format ("TIFF," or .TIF files), together with optical character recognition ("OCR") load files

containing the viewable text or other data in such ESI, unless another format is agreed upon by the parties.

9.      All grounds for an objection to a Request shall be stated with specificity. Each response to a Request shall state (i) that production will be made as requested or (ii) state with reasonable particularity the grounds for any objection to production in a format that would satisfy Fed. R. Civ. P. 34.

10.      No later than 30 days after receipt of the Request, pursuant to Fed. R. Civ. P. 34(b)(2)(A), you must state whether production of responsive documents within your possession, custody, or control is complete or that there are no documents in your possession, custody, or control that are responsive to the Requests.

11.      Unless otherwise stated, the time period for these Requests is from January 1, 2017 to the present. If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a Request, you must produce the earlier or subsequent document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to this Request.

12.      Unless otherwise stated, these Requests are limited to Your conduct in Valley Brook, Oklahoma.

13.      These Requests are made without prejudice to, and Plaintiffs reserve, all rights, remedies, and positions.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**   All Documents and Orders containing or relating to "findings of the court regarding [a] defendant's ability or inability to pay" Fees, Fines, or Costs, as specified in Rule 8.7 of the Oklahoma Court of Criminal Appeals.

**Response:**

**REQUEST NO. 2:**    All Orders entered in Rule 8 Hearings that evidence the "findings of facts and conclusion of law necessary to support" those Orders, as specified in Rule 8.7 of the Oklahoma Court of Criminal Appeals.

**Response:**

**REQUEST NO. 3:**    For each instance in which a Municipal Defendant was incarcerated for failure to pay Fees, Fines, or Costs in accordance with a payment plan, all Documents sufficient to evidence Municipal Defendants' "opportunity to be heard as to the refusal or neglect to pay" payment plan installments, as required under Rule 8.4 of the Oklahoma Court of Criminal Appeals.

**Response:**

**REQUEST NO. 4:**    All Documents sufficient to show Your Policies and Practices for determining whether a Municipal Defendant is in "poverty" or has a "physical disability," as those terms are used in Rule 8.5 of the Oklahoma Court of Criminal Appeals, and all Documents recording any finding or rejection of "poverty" or "physical disability."

**Response:**

**REQUEST NO. 5:**    Documents, Transcripts, or recordings of any Rule 8 Hearings You conducted in Valley Brook Municipal Court.

**Response:**

**REQUEST NO. 6:**    If a Rule 8 Hearing was waived under Okla. Stat. tit. 20 § 106.4(a), any and all Documents recording the consent of Municipal Defendants to excuse the court reporter.

**Response:**

**REQUEST NO. 7:**   All Documents sufficient to show all Municipal Defendants imprisoned for failure to pay Fines, Fees, or Costs, and the amount of time Municipal Defendants were held in jail.

**Response:**

**REQUEST NO. 8:**   All Time Payment Applications and Ticket Jackets for Municipal Defendants that You issued a warrant or held in contempt or imprisoned for failure to pay Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 9:**   All Documents pertaining to Municipal Defendants whose license You suspended or suggested be suspended for failure to pay Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 10:**   All Documents and Communications pertaining to Municipal Defendants who You sentenced to probation.

**Response:**

**REQUEST NO. 11:**   All Documents and Communications pertaining to Municipal Defendants sentenced to community service in lieu of or in addition to paying Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 12:**   All Documents sufficient to identify all Municipal Defendants incarcerated for failure to pay Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 13:**  For each instance in which a Municipal Defendant requested a payment plan because they were unable to pay Fees, Fines, or Costs at the time of the Court Proceeding, all Documents, Policies, or Procedures regarding Your decision on such payment plans.

**Response:**

**REQUEST NO. 14:**  For each instance in which a Municipal Defendant was permitted to pay in installments, all Documents regarding the amount owed and the intervals at which such payments were owed.

**Response:**

**REQUEST NO. 15:**  All Communications with Defendants or the City Attorney regarding (1) Rule 8 of the Oklahoma Court of Criminal Appeals, (2) the implementation of or compliance with the same, (3) the assessment and collection of Fines, Fees, or Costs, (4) imprisoning Municipal Defendants for failure to pay, (5) the use, availability, or need of public defenders during Court Proceedings, and (6) Plaintiffs.

**Response:**

**REQUEST NO. 16:**  All Documents and Communications concerning complaints, grievances, or accusations of misconduct that have been made against You in Your capacity as a judge and any disciplinary actions taken against You, whether formal or informal.

**Response:**

**REQUEST NO. 17:**  Documents and Communications sufficient to show Your responsibilities as a Valley Brook Municipal Court judge.

**Response:**

**REQUEST NO. 18:**  All Documents and Communications sufficient to show Your Policies and Procedures in assessing and determining (1) court Fees, Fines, or Costs, including doubling Fees,

Fines, or Costs on certain occasions, (2) Time Payment Applications, and (3) credit toward

outstanding municipal debt of $100 per day in jail.

**Response:**

**REQUEST NO. 19:**   All Communications to any Defendant regarding court Fees, Fines, or

Costs.

**REQUEST NO. 20:**   All Documents You intend to rely upon during trial.

**Response:**

Dated:  June 23, 2022

/s/ Jason A. Leckerman
Jason A. Leckerman
Lisa Swaminathan
Laura E. Luisi Gavin
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
GavinL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays*
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*
*Admitted in New Jersey and Maryland only. Practice
limited to matters before federal courts*

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

KIMIESHA HILL, et al., on behalf of themselves )
and all others similarly situated,　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )　Case No. 5:21-cv-00097-SLP
　　　　　　　　　　　　　Plaintiffs,　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　v.　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
TOWN OF VALLEY BROOK, et al,　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　Defendants.　　 )
　　　　　　　　　　　　　　　　　　　　 )

---

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED
AT DEFENDANT POLICE CHIEF MICHAEL STAMP**

　　　　Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Kimiesha

Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), by their undersigned counsel, hereby

propound the following First Set of Requests for the Production of Documents Directed to

Defendant Police Chief Michael Stamp (the "Requests").  Within 30 days of the service date of

the Document Requests, Defendant shall serve written responses to the Requests and shall

produce or make available those documents and things the production to which Defendant has no

objection at the offices of Ward & Glass, 1601 36th Ave NW, Norman, OK 73072.

　　　　The Requests shall be answered in accordance with the Definitions and Instructions that

are below.  The full text of the Definitions and Instructions shall be deemed incorporated by

reference into each Document Request.

**DEFINITIONS**

　　　　1.　　　　The terms "Chief Michael Stamp," "Chief Stamp," "Stamp," "Defendant Stamp,"

"You," and "Your," as used in these Requests, refer to Defendant Michael Stamp, and any other

staff employed in the Valley Brook Police Department, or any representative or consultant of the aforementioned individuals.

2.      The term "Plaintiff(s)" refers to Kimiesha Hill, Jason Garnett, and Kiara McCorkle.

3.      The term "Municipal Defendant(s)" refers to individuals who were stopped by Valley Brook Police officers and appeared before Judge Haynes, including, but not limited to, Plaintiffs, for the adjudication of municipal or criminal charges in the Valley Brook Municipal Court.

4.      "Defendants" refers to the Town of Valley Brook, Judge Stephen Haynes, Mayor Lewis Nieman, and Police Chief Michael Stamp.

5.      "Court Proceedings" means any event pertaining to the adjudication of a criminal charge in front of Judge Haynes.

6.      The terms "Fines," "Fees," or "Costs" refer to a sum imposed for punishment; payment for a municipal or criminal offense; or other amounts assessed against Municipal Defendants for any reason by the Valley Brook Police Department and its officials, Defendant Judge Stephen Haynes and officials of the Valley Brook Municipal Court, or any other representative or agent of Defendant Town of Valley Brook.

7.      The term "Document(s)" shall have the broadest possible meaning under Fed. R. Civ. P. 34(a), and includes, without limitation, any electronically stored information ("ESI"), written or graphic matter or other tangible means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, including recorded oral statements, written statements, meetings, conversations, or conferences, formal or informal, at any

2

time or place, under any circumstances, whereby any information was exchanged, and, to the extent not previously stated, any other transmission, conveyance, or exchange of information, by writing, recorded oral statement, electronic transmission, fax or other means, including memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, recorded meetings or other communications, recorded interoffice telephone calls, diaries, chronological data, minutes, books, reports, schedules, affidavits, declarations, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

8. The term "Communications" includes any type of correspondence (*e.g.*, letters, electronic mail, text messages, Twitter messages, Facebook messages, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting, or telephone conversation, as well as every kind of written or graphic communication.

9. The terms "Policy," "Policies," or "Procedure(s)," or "Practices" mean any practice, procedure, directive, memorandum, routine, rules, courses of code of conduct, whether written or unwritten, formal or informal, recorded or unrecorded, and which were recognized, adopted, or followed by the Valley Brook Police Department employees or staff, including Chief Stamp, his staff, and/or officers of the Valley Brook Police Department.

10.     The terms "and" and "or" should be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of the Request that which might otherwise be construed to be outside the scope.  Whenever the conjunctive or the disjunctive appears within a Request, the Request is to be construed as requesting all information that relates to any one or any combination of elements of the Request as if each element has been stated separately.  The conjunctive and disjunctive are not to be construed in any way that would limit the scope of the Request.

11.     The words "all," "any," and "each" should be construed most expansively.  "Any" includes the word "all," and "all" includes the word "any." The disjunctive includes the conjunctive and vice versa, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

12.      "Pertains to," "Pertaining to," "Relates to" and "Relating to" mean comprising, mentioning, analyzing, discussing, summarizing, describing, reflecting, referring to, containing, depicting, embodying, evidencing, constituting, concerning, reporting or involving an act, occurrence, event, transaction, fact, thing or course of relating.

13.     The term "including" means including but not limited to.

14.     Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.  If you are unclear on the meaning of any word, please contact the undersigned counsel.

## INSTRUCTIONS

1.     In producing documents, furnish all documents in your possession, custody, or control, regardless of whether the documents are possessed directly by you, your agents, employees, representatives, or investigators, or possessed by your present or former attorneys or their agents, employees, representatives or investigators, and regardless of location.

2.      These Requests are continuing in nature. If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce such additional documents.

3.      If any document is claimed to be immune from discovery on grounds of privilege, please identify the documents for which the privilege is claimed, along with the applicable privilege, identify the parties to whom the document was sent, and provide all required information on a privilege log in the format determined by the parties pursuant to Fed. R. Civ. P. 26(b)(5).

4.      You shall produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices.

5.      If any information is deleted or redacted from a document produced in response to these Requests, state: (a) the reason for the deletion/redaction, (b) the subject matter of the deletion/redaction, and (c) if the deletion/redaction is based on a claim of privilege, state the privilege being asserted and the facts allegedly giving rise to the claim of privilege.

6.      If any document responsive to these Requests has been lost, mutilated or destroyed, so state and identify each such document and the Request to which the document was responsive.

7.      If you object to any part of a Request and refuse to answer that part, state your objection and answer the remaining portion of that Request. If you object to the scope or time period of a Request, and refuse to answer for that scope or time period, state your objection and answer the Request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

8.      Electronically stored information ("ESI") must be produced by converting the electronic format of the application in which such ESI is normally created, viewed, and/or modified, into a standard image format capable of being viewed and printed on standard computer

systems in a reasonably useable form. Specifically, ESI should be produced in the Tagged Image File Format ("TIFF," or .TIF files), together with optical character recognition ("OCR") load files containing the viewable text or other data in such ESI, unless another format is agreed upon by the parties.

9.      All grounds for an objection to a Request shall be stated with specificity. Each response to a Request shall state (i) that production will be made as requested or (ii) state with reasonable particularity the grounds for any objection to production in a format that would satisfy Fed. R. Civ. P. 34(b)(2).

10.     No later than 30 days after receipt of the Request, pursuant to Fed. R. Civ. P. 34(b)(2), you must state whether production of responsive documents within your possession, custody, or control is complete or that there are no documents in your possession, custody, or control that are responsive to the Requests.

11.     Unless otherwise stated, the time period for these Requests is from January 1, 2017 to the present. If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a Request, you must produce the earlier or subsequent document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to this Request.

12.     Unless otherwise stated, these Requests are limited to Your conduct in Valley Brook, Oklahoma.

13.     These Requests are made without prejudice to, and Plaintiffs reserve, all rights, remedies, and positions.

<u>**REQUESTS FOR PRODUCTION**</u>

**REQUEST NO. 1:**    All Documents and Communications pertaining to Plaintiffs.

**Response:**

**REQUEST NO. 2:**    All Documents sufficient to show any and all training provided to officers of the Valley Brook Police Department on traffic stops, vehicle searches, and use of canines.

**Response:**

**REQUEST NO. 3:**    All Policies and Procedures regarding traffic stops, including vehicle searches, the use of canines, and impounding vehicles.

**Response:**

**REQUEST NO. 4:**    All Policies, Procedures, and Documents evidencing your Practices regarding (1) informing individuals of the charges against them and their rights; (2) detaining individuals during and after vehicle searches; (3) holding detained individuals at the Valley Brook Police Station; and (5) allowing detained individuals to use their cell phones to obtain funds for release.

**Response:**

**REQUEST NO. 5:**    All Documents, Policies, and Procedures pertaining to Valley Brook Police Department officers' assessment of Fines, Fees, and Costs.

**Response:**

**REQUEST NO. 6:**    All Documents, Policies, and Procedures sufficient to show a breakdown of Fines, Fees, and Costs assessed in relation to specific charges and municipal violations, and how Your officers determine Fines, Fees, and Costs upon an individual's detention at the Valley Brook Police Station.

**Response:**

**REQUEST NO. 7:**    All Documents sufficient to show bail bondsmen You have approved and how they were selected.

**Response:**

**REQUEST NO. 8:**    All Policies, Procedures, and Documents evidencing or otherwise describing Practices pertaining to transferring detained individuals to Oklahoma County jail for failure to pay Fines, Fees, or Costs.

**Response:**

**REQUEST NO. 9:**    Policies and Procedures pertaining to the jailing of Municipal Defendants prior to a Court Proceeding, the length of time they are held in jail, and their release, including being released on their own recognizance.

**Response:**

**REQUEST NO. 10:**  Policies and Procedures regarding an arrested individual's detention at Oklahoma County jail and their ability to challenge their detention prior to the weekly Court Proceeding.

**Response:**

**REQUEST NO. 11:**  All Policies, Procedures, and Documents evidencing or otherwise describing Practices related to warrants for failure to appear and failure to pay Fines, Fees, or Costs.

**Response:**

**REQUEST NO. 12:**  All Documents sufficient to show Your and Your officers' roles during Court Proceedings.

**Response:**

**REQUEST NO. 13:**  All Documents and Communications regarding Defendants' assessment and collection of Fees, Fines, or Costs.

**Response:**

**REQUEST NO. 14:**  All Documents or Communications evidencing any statements You have made regarding Municipal Defendants ability to pay Fines, Fees, or Costs, whether public or private.

**Response:**

**REQUEST NO. 15:**  All Documents or Communications concerning complaints, grievances, or any other accusations of misconduct that have been made against You or Your officers, or any disciplinary actions taken against You or Your officers, in relation to traffic stops and searches, assessment and collection of Fines, Fees, or Costs, and detaining individuals after they are unable to pay, whether formal or informal.

**Response:**

**REQUEST NO. 16:**  All Documents sufficient to show any agreements (formal or informal) between You and the Oklahoma County Jail.

**Response:**

**REQUEST NO. 17:**  All Documents and Communications related to the portion of Your budget funded by the collection of Fines, Fees, or Costs, and Your use of that part of Your budget.

**Response:**

**REQUEST NO. 18:**  All Documents and Communications sufficient to show the number of officers employed by the Valley Brook Police Department each month during the relevant time period.

**Response:**

**REQUEST NO. 19:**   All Documents evidencing or otherwise identifying individuals sent to Oklahoma County Jail after they could not pay Costs, Fees, or Fines assessed at the Valley Brook Police Department.

**Response:**

**REQUEST NO. 20:**   All Documents and Communications related to jailing or threatening to jail Municipal Defendants for inability to pay Fines, Fees, and Costs.

**Response:**

**REQUEST NO. 21:**   All Documents evidencing or otherwise describing Your Policies or Procedures regarding record-keeping.

**Response:**

**REQUEST NO. 22:**   All Documents You intend to rely upon during trial.

**Response:**

Dated:  June 23, 2022                    */s/ Jason A. Leckerman*
                                         Jason A. Leckerman
                                         Lisa Swaminathan
                                         Laura E. Luisi Gavin
                                         Izabella Babchinetskaya
                                         Ballard Spahr LLP
                                         1735 Market St. 51st Floor,
                                         Philadelphia, PA 19103
                                         215.864.8266 DIRECT
                                         215.864.8999 FAX
                                         LeckermanJ@ballardspahr.com
                                         SwaminathanL@ballardspahr.com
                                         GavinL@ballardspahr.com
                                         BabchinetskayaI@ballardspahr.com
                                         *Admitted pro hac vice*

                                         Woodrow K. Glass (OBA #15690)
                                         Jonathan M. Irwin
                                         Ward & Glass
                                         1601 36th Ave NW
                                         Norman, OK 73072
                                         405.253.4031 DIRECT
                                         405.360.7902 FAX
                                         woody@wardglasslaw.com
                                         jonathan@wardglasslaw.com

                                         Arthur Ago
                                         Tianna Mays*
                                         Lawyers' Committee for Civil Rights
                                         Under Law
                                         1500 K Street NW, Suite 900
                                         Washington, DC 20005
                                         202-662-8600 DIRECT
                                         202-783-0857 FAX
                                         aago@lawyerscommittee.org
                                         tmays@lawyerscommittee.org
                                         *Admitted pro hac vice*
                                         *Admitted in New Jersey and Maryland only. Practice
                                         limited to matters before federal courts*

                                         *Counsel for Plaintiffs*

11