# EXHIBIT 9

# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Izabella Babchinetskaya
Tel: 215.864.8315
Fax: 215.864.8999
babchinetskayai@ballardspahr.com

September 29, 2022

*By Email (cpowell@spencerfane.com)*

Courtney Jo Davis Powell
Spencer Fane LLP - OKC
9400 N Broadway Extension
Suite 600
Oklahoma City, OK 73114-7423

Re:   *Hill, et al. v. Valley Brook, et al.*, Case No. 5:21-cv-00097-SLP

Dear Courtney:

I write to address a number of deficiencies related to Defendants' amended responses (the "Responses") to Plaintiffs' First Set of Requests for Document Productions (the "Requests") that require your prompt attention. Plaintiffs reserve the right to raise further concerns with Defendants' discovery responses as Plaintiffs continue to review Defendants' document productions.

### *Defendants' Failure to Timely Respond*

It has been over three months since Plaintiffs served their Requests, and yet, Defendants continuously fail to meet their discovery obligations. Indeed, Defendants' delays in producing responsive documents have prejudiced Plaintiffs' ability to pursue necessary class certification discovery.

Plaintiffs served their First Set of Requests for the Production of Documents for each Defendant on June 23, 2022. In response, Defendants requested and Plaintiffs agreed to a two-week extension to respond until August 8, 2022. The parties also held a meet and confer on July 28, 2022 to discuss ESI protocol in which Defendants explained that document collection would be complete within the next week and production would follow shortly thereafter. When Defendants did not produce documents by August 8, 2022, Plaintiffs reached out to Defendants for a status update. Defendants promised to respond to the Requests by August 15, 2022, but again failed to do so. Plaintiffs thereafter requested a meet and confer to discuss Defendants' anticipated responses, which was held on August 19, 2022.

During the August 19, 2022 meet and confer, Defendants indicated that they could promptly provide written responses to the Requests, but sought another extension to produce documents until August 26, 2022. Plaintiffs promptly agreed to extend the production deadline, without waiving the right to argue that Defendants waived objections to Plaintiffs' document requests based on their untimely productions. Later that day, Defendants provided written responses to the Requests, noting that they

Courtney Powell
September 29, 2022
Page 2

would only produce certain documents if the Parties agreed to and moved for a protective order. To avoid a further delay in document production, Plaintiffs circulated a draft protective order on August 25, 2022. Defendants neither responded to the draft protective order, nor produced any documents on August 26, 2022. Instead, on August 29, 2022, Defendants indicated, for the first time, that they needed to collect additional documents and asked for another extension to produce those documents until September 6, 2022.

On September 6, 2022 and September 8, 2022, Defendants made partial productions, and requested a meet and confer to discuss the production of ticket jackets. On September 22, 2022, the parties held a meet and confer to discuss the production of tickets jackets. At this meet and confer, Defendants agreed to produce ticket jackets from 2017 to present, as well as information kept in an electronic format easily accessible to Defendants. Defendants agreed to provide an update on the status of the copying of ticket jackets by the morning of Saturday, September 24, 2022, and agreed that Defendants would produce ticket jackets on a rolling basis. Defendants failed to provide an update on the ticket jackets.

During the September 22, 2022 meet and confer, Defendants also consented to the proposed protective order, which Plaintiffs filed on September 22, 2022, and the Court entered on September 26, 2022. Defendants represented during the meet and confer that they would promptly produce any documents withheld until entry of the Protective Order, but have not yet done so.

As described below, Defendants' document productions are deficient and critical documents remain outstanding. The productions also fail to comply with the ESI protocol to which the parties agreed during a meet and confer on July 28, 2022. Defendants produced combined PDFs, which are not compatible with Relativity, and do not appear to provide any relevant metadata.

*Production Deficiencies*

I.      **"Maintained by the Town"**

Defendants Judge Stephen Haynes, Mayor Lewis Neiman, and Police Chief Michael Stamp cited the fact that responsive documents are maintained by the City as an objection to a majority of the Requests. *See, e.g.* Neiman RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10; Haynes RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19; Stamp RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, 18, 19, 20, 21. Judge Haynes, Mayor Neiman, and Chief Stamp, however, failed to indicate which of these documents would be produced by the City. As noted in the meet and confer on August 19, 2022 and your email dated August 19, 2022, Defendants agreed to produce documents in the City's possession without the need for Plaintiffs to amend their Requests. Please confirm which documents will be included in the City's productions, and to the extent Defendants' Responses reference produced documents, please confirm additional documents will be produced.

II.     **"Overbroad, vague, and not proportional to the issues in this case"**

Defendants objected to many document requests on the grounds that the Requests are "overbroad, vague, and not proportionate to the issues in this case." *See, e.g.*, Stamp RFP Nos. 1, 9, 10, 20, 13, 19;

Courtney Powell
September 29, 2022
Page 3

Haynes RFP Nos. 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19; Neiman RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15; City RFP Nos. 1, 2, 3, 4, 5, 6, 7, 11, 12, 13, 17, 18, 19, 20, 18(sic), 23, 24. It appears that Defendants limited their responses to these requests to only documents pertaining directly to the named Plaintiffs. As you know, discovery is not limited to the named Plaintiffs. The scope of discovery relates to class members. Please advise as to whether Defendants have withheld any documents responsive to any of these requests based on these objections, identify which requests, and whether Defendants intend to stand by these objections.

### III.     Protective Order

Defendants objected to certain document requests on the basis that a protective order was needed, yet Defendants failed to respond to Plaintiffs' draft joint protective order without repeated follow-up for over three weeks. *See* Stamp RFP Response No. 15; Haynes RFP Response No. 16; City RFP Response No. 5. The Protective Order was entered by the Court on September 26, 2022. During the Parties' meet and confer on September 22, 2022, Defendants represented that they would produce these documents upon entry of this protective order. Please advise as to when you will produce the documents withheld now that the Court has entered the Protective Order.

### IV.     Produced Documents

What is more, the documents produced by Defendants in response to the Plaintiffs' Requests are wholly deficient. Defendants' productions consist of a few policies, certain of the City's financial statements and budgets, blank time-pay applications and plea agreement forms, citation and fine amounts by charge, citation records of the named plaintiffs only, and citation fine reports. The produced documents fail to encompass the entire time period specified in the Requests (i.e. records from 2017 – present), to which Defendants did not object.

Furthermore, to the extent Defendants identified documents in response to specific Requests, Defendants failed to produce all responsive documents. *See, e.g.* City RFP No. 1 (referring Plaintiffs to VB123-151 and VB 161-183); Stamp RFP No. 1 (referring plaintiffs to VB 100-122). For instance, Haynes' RFP No. 3 asks for documents sufficient to evidence municipal defendants' "opportunity to be heard as to the refusal or neglect to pay" payment plan installments, as required under Rule 8.4 of the Oklahoma Court of Criminal Appeals, prior to their incarceration for failure to pay. Defendants referred to Valley Brook 1-4 (i.e., a blank time-pay application and a blank plea agreement). If it is Defendants' position that these blank forms complete Defendants' production on their compliance of Rule 8.4, please confirm that position in writing. Similarly, Haynes' RFP No. 19 asks for "communications to any Defendants regarding court fees, fines, and costs." Again, Defendants referred to Valley Brook 1-4, as well as 100-200 (citations for the named Plaintiffs). Defendants failed to produce any communications, including, but not limited to communications via an internal City platform or text messages and emails. Other references to documents are similarly deficient. Please confirm whether you will produce additional documents responsive to these requests and the date by which you will produce them.

\* \* \*

Courtney Powell
September 29, 2022
Page 4


We are hopeful that the parties can reach agreement on these disputes without the need for Court intervention; however, time is of the essence and Defendants' delays are inexcusable. Please respond to this letter no later than October 3, 2022.


Sincerely,


/s/Izabella Babchinetskaya
Izabella Babchinetskaya

cc:     Andrew W Lester
        Anthony J Ferate
        Shannon F Davies
        Woodrow K. Glass
        Jonathan M. Irwin
        Arthur Ago
        Tianna Mays*
        Jason Leckerman
        Lisa Swaminathan
        Laura E. Luisi Gavin

        *Admitted in New Jersey
        and Maryland only.
        Practice limited to matters
        before federal courts.