IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)  KIMIESHA HILL,                                    )
(2)  JASON GARNETT, and                                )
(3)  KIARA McCORKLE, on behalf of                      )
themselves and all others similarly situated,          )
                                                       )
                        Plaintiffs,                    )
                                                       )
vs.                                                    )          Case No. CIV-21-97-SLP
                                                       )
(1)  TOWN OF VALLEY BROOK,                             )
(2)  VALLEY BROOK MUNICIPAL COURT,                     )
(3)  LEWIS NIEMAN, Mayor of Valley Brook,              )
in his official capacity,                              )
4)  STEPHEN HAYNES, Municipal Judge,                   )
in his official and individual capacity,               )
(4)  MICHAEL STAMP, Chief of Valley Brook              )
Police Department, in his official capacity, and       )
(5) VALLEY BROOK POLICE                                )
DEPARTMENT,                                            )
                                                       )
                        Defendants.                    )

**DEFENDANTS, TOWN OF VALLEY BROOK, LEWIS NIEMAN, STEPHEN
HAYNES AND MICHAEL STAMP'S, RESPONSE AND OBJECTION TO
<u>PLAINTIFFS' MOTION TO COMPEL</u>**

Defendants, Town of Valley Brook (the "Town"), Lewis Nieman, Stephen

Haynes, and Michael Stamp, for their response to Plaintiffs' Motion to Compel (Dkt. No.

50) (the "Motion") request the Court deny the Motion. Defendants responded to

Plaintiffs' discovery and continue to supplement their responses to Plaintiffs' request.

While discovery has not been bifurcated between potential class discovery and discovery

as to liability, Defendants have produced information sufficient for Plaintiffs to begin

formulating their request to certify the class. The Motion should be denied.

## PROCEDURAL POSTURE

1.       Plaintiffs electronically transmitted four sets of discovery on June 23, 2022, to Defendants counsel. As a result, Defendants' responses were due on or about July 25, 2022.

2.       During the interim, the undersigned's father-in-law passed away. The funeral was scheduled for the same day as the deadline for Defendants to respond to Plaintiffs' requests. The undersigned was primarily responsible for responding to and coordinating the document production.

3.       On July 25, 2022, the undersigned e-mailed opposing counsel alerting them of what occurred and asked for a two week extension of time to respond. (E-mail dated 07-25-2022, Exhibit 1). Unbeknownst to the undersigned, a second e-mail was sent from Defendants' counsel's office requesting a three-week extension of time to respond in light of the undersigned's absence.

4.       As a result of the conflicting requests, Defendants docketed the deadline to respond to discovery for three weeks. (E-mail dated 08-11-2022, Ex. 2).

5.       Defendants responded to the discovery on August 19, 2022. (E-mail dated 08-19-22, Ex. 3; Responses to Plaintiffs' Requests for Production, Dkt. No. 50, Ex. 8).

6.       Subsequent to their responses to discovery, counsel for both parties exchanged e-mails and telephone calls regarding production of documents, production protocols, Plaintiffs' concerns with the responses, and production of the documents. (E-mail dated 08-26-22, Ex. 4; E-mail dated 08-29-22, Ex. 5).

OK 1097114.1

7.     Defendants produced documents and transmitted Amended Responses to Discovery Requests to Plaintiffs on September 6, 2022. (ShareFile Screen, Exs. 6, 7; Amended Responses, Ex. 8). Upon review, it was determined that not all the documents were transmitted and an additional production occurred on September 8, 2022. (ShareFile Screed, Ex. 6; E-mail dated 08-08-22, Ex. 9).

8.     Counsel for the parties continued to engage in dialogue, both e-mail and by telephone, regarding the scope of production and other discovery issues. (E-mail dated 09-19-22, Ex. 10). Plaintiffs' counsel affirmed that their requests included production of "Ticket Jackets." "Ticket Jackets" are, in essence, the municipal court's file, and include copies of the citation, payment records, and other documents related to the case.

9.     At the time of counsel's call, it was believed that a hard copy of the "Ticket Jackets" for at least the first requested year would be available within the next two weeks following the conference call. It was further believed that a similar electronic copy would be available the following week.

10.    This understanding, however, was incorrect. While the electronic copy was received, it was not received within the next week. Likewise, it was learned that production of the hard copy would require an extraordinary amount of time. Due to the Defendants' finite resources – three employees and one copier for the entire Town office, alternate arrangements for the copying of the Ticket Jackets was necessary and took time to secure.

11.    In the interim, Plaintiffs' counsel transmitted a copy, by e-mail only, of a Deficiency Letter only to the undersigned and her legal administrative assistant. The

OK 1097114.1

letter was inadvertently overlooked despite Defendants' continued work on their production. (E-mail dated 09-29-22, Ex. 11).

12.     On November 10, 2022, Defendants uploaded approximately 500 additional pages of documents and transmitted the same to Plaintiffs.

13.     On November 17, 2022, counsel for the Parties engaged in another discovery call to discuss the scope of their request for the Ticket Jackets and logistical concerns with copying of the same.

14.     Defendants, for the third time, supplemented their discovery responses on November 17, 2022, and advised Plaintiffs that there were over 35 banker boxes, each box containing approximately 600 "Ticket Jackets" for the years requested. (E-mail dated 11-17-22, with attached correspondence, Ex. 12).  Defendants reiterated that production of the Ticket Jackets was time intensive. A sample of the information was transmitted to Plaintiffs for a review (a smaller, redacted sample is attached hereto as Exhibit 13).

15.     On November 18, 2022, Plaintiffs took the deposition of Monika Herrera, the Defendant's Town and Court Clerk. During the deposition, Plaintiffs requested additional documents including: Daily Reports (clean electronic version), Daily Reports with Receipts attached, Court Dockets (clean electronic version), Court Dockets with disposition of matters noted, hard drives, previous forms of plea agreements, pamphlets and signage in the courtroom, electronic reports from 2017 to present showing individuals with outstanding fees and costs, electronic reports from 2017 to present showing individuals who have paid fees and costs, copies of the agreement between the Town and its court management database company, copies of the agreement between the

4

Town and its collection agency, list of bail bondsmen who have a valid Town business license from 2017 to present, agreements between the Town and towing or impound companies, list of towing or impound companies who have a valid Town business license, invoices received by the Town from Oklahoma County for use of the jail, electronic reports showing individuals on probation for the last five years, and electronic reports identifying people who received community service for the last five years.

16.     On November 22, 2022, Defendants supplemented their discovery again and produced approximately 3,200 pages of the Court Dockets containing notes about the disposition of matters.

## ARGUMENT AND AUTHORITIES

### I.     Defendants have not waived their objections.

Contrary to Plaintiffs' assertions, the objections asserted by Defendants are not "boilerplate." Rather, each Response clearly identifies the basis for the objection[1]. For example, in Response to Request No. 1, Defendant Town stated as follows:

---

[1] Similar objections were made to the following: Defendant Town, RFP Nos. 1 – 7, 11, 12, 13, 17 – 20, 18 (*sic*), 23, and 24; Defendant Stamp, RFP Nos. 1, 13, 15, 18, and 19; Defendant Neiman, RFP Nos. 1, 3 – 13, and 15; and, Defendant Haynes, RFP Nos. 1 - 4, 15, 18, and 19. If Defendants were able to identify documents related to the issues in this case, the documents were produced.

OK 1097114.1

**REQUEST NO. 1:** All Documents sufficient to show a breakdown of finances for the Town of Valley Brook, including revenue generated from the collection of Fines, Fees, and Costs and the use of such revenue.

**RESPONSE TO REQUEST NO. 1:**   Objection. Request No. 1 is overly broad, vague and not proportional to the issues in this case. Not every document generated by the Town related to Town finances and revenue are related to the issues in this case. Furthermore, it is unclear what is meant by the phrase "sufficient to show." The Request is not proportional to the issues in this case. The following documents are responsive to this request: Valley Brook 123 − 151 and 161 − 182.

---

1

The objection identified why it was vague – the phrase "sufficient to show" is unclear – and why it was over broad – the request seeks "[a]ll documents" related to finances. In other words, the Request encompasses every document generated related to the Town's finances.

While this is a multi-year case, Plaintiffs are not entitled to *carte blanche* access to the Town's records and files. The use of the word "all" renders a discovery request overly broad and vague. This issue was his issue was analyzed by the Court in *IBP, Inc. v. Mercantile Bank of Topeka*, 176 F.R.D. 316 (D. Kan. 1998) in which the requesting party used the phrase "each and every" similar to Plaintiff's use of the word "all" in our case. The court held that this was overly broad on its face and that discovery would not be compelled. *Id* at 321.

This is not a case where Defendants merely "objected" without stating a reason. The Requests (set forth in Footnote 1, *supra*) are overly broad on their face. Defendants not only articulated the reason for the objection but produced documents if appropriate. The objections have not been waived, and the Motion must be denied.

OK 1097114.1

## II.     Defendants have responded to discovery.

On at least three separate occasions, Defendants have responded to or supplemented their responses to Plaintiffs' voluminous discovery requests[2].  From the early stages of this matter, the discovery in this case has proven to be challenging, predominately due to the number of documents sought.

This is not a case where Defendants have ignored their obligations – the record clearly shows, and Plaintiffs' tacitly acknowledge, that Defendants have strived to keep Plaintiffs informed about the document production and continue to produce documents. Defendants continue to attempt to accommodate Plaintiffs' requests despite their burdensome nature. Defendants are tasked with balancing Plaintiffs' requests with the duty to ensure the Town Clerk's office continues to operate. Alternative arrangements have been made to accommodate Plaintiffs' requests but time is needed to complete the tasks of preparing each Ticket Jacket for copying, copying the contents, returning the contents to the Ticket Jacket, reviewing the information, and labeling for production. These arrangements took longer than expected to make – but Defendants have never indicated nor stated that they are refusing to produce documents[3].

Plaintiffs mischaracterize Defendants' actions in this case. The production of responsive documents has and will continue. However, given the number of documents

---

[2] Defendants acknowledge that additional documents, including, but not limited to, Ticket Jackets and policy handbooks, remain to be produced. Defendants' estimate it would take approximately 36 days, 8 hours a day, to copy the Ticket Jackets.

[3] Defendants are also working to reconfigure certain reports that were produced but where information was cut off during the conversion and production process.

OK 1097114.1

requested by Plaintiffs, this production will take time. Defendants have not failed in their

discovery obligations. The Motion is untimely and must be denied.

WHEREFORE Defendants request that the Court deny Plaintiffs' Motion to

Compel production.

Respectfully submitted,

s/Courtney D. Powell

Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

OK 1097114.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 22nd day of November, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Nikki Hatza | hatzan@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |

<u>s/Courtney D. Powell</u>

OK 1097114.1