**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) |
| Plaintiffs, | ) Case No. 5:21-cv-00097-SLP ) ) |
| v. | ) ) |
| TOWN OF VALLEY BROOK, et al, | ) ) |
| Defendants. | ) ) ) |

_____

**DEFENDANT JUDGE STEPHEN HAYNES' AMENDED RESPONSE TO
PLAINTIFFS'FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Judge

Stephen Haynes ("Haynes") submits the following Responses to Plaintiffs' First Request for

Production of Documents.

**RESPONSES TO REQUESTS
FOR PRODUCTION**

**REQUEST NO. 1:**  All Documents and Orders containing or relating to "findings of

the court regarding [a] defendant's ability or inability to pay" Fees, Fines, or Costs, as

specified in Rule 8.7 of the Oklahoma Court of Criminal Appeals.

**RESPONSE TO REQUEST NO. 1:**      Objection. Request No. 1 is overly broad,

vague and not proportional to the issues in this case. Not every document or order regarding

a defendant's ability to pay is at issue in this case. The Request is not proportional to the

issues in this case. Moreover, Defendant Haynes is sued in his official capacity. Any

responsive documents would be in the possession, custody, and control of the Defendant

Town. Defendant Haynes would refer you to documents labeled Valley Brook 1 – 4 and 51 – 122.

**REQUEST NO. 2:** All Orders entered in Rule 8 Hearings that evidence the "findings of facts and conclusion of law necessary to support" those Orders, as specified in Rule 8.7 of the Oklahoma Court of Criminal Appeals.

**RESPONSE TO REQUEST NO. 2:** Objection. Request No. 2 is overly broad, vague and not proportional to the issues in this case. Not every document or order regarding a defendant's ability to pay is at issue in this case. The Request is not proportional to the issues in this case. Moreover, Defendant Haynes is sued in his official capacity. Any responsive documents would be in the possession, custody, and control of the Defendant Town.

**RESPONSE TO REQUEST NO. 3:** For each instance in which a Municipal Defendant was incarcerated for failure to pay Fees, Fines, or Costs in accordance with a payment plan, all Documents sufficient to evidence Municipal Defendants' "opportunity to be heard as to the refusal or neglect to pay" payment plan installments, as required under Rule 8.4 of the Oklahoma Court of Criminal Appeals.

**RESPONSE TO REQUEST NO. 3:** Objection. Request No. 3 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to evidence." The Request is not proportional to the issues in this case. Defendant Haynes does not personally maintain any responsive documents. Furthermore, any documents responsive to this Request are maintained by the Town. Defendant Haynes would refer you to documents labeled Valley Brook 1 – 4.

OK 1082054.1

**REQUEST NO. 4:**        All Documents sufficient to show Your Policies and Practices for determining whether a Municipal Defendant is in "poverty" or has a "physical disability," as those terms are used in Rule 8.5 of the Oklahoma Court of Criminal Appeals, and all Documents recording any finding or rejection of "poverty" or "physical disability."

**RESPONSE TO REQUEST NO. 4:**    Objection. Request No. 4 is vague. It is unclear what is meant by the phrase "sufficient to show." Defendant Haynes does not personally maintain any responsive documents. Documents responsive to this Request are maintained by the Town. Furthermore, Defendant Haynes states that any determinations are made in accordance with Oklahoma law.

**REQUEST NO. 5:**        Documents, Transcripts, or recordings of any Rule 8 Hearings You conducted in Valley Brook Municipal Court.

**RESPONSE TO REQUEST NO. 5**:    Defendant Haynes does not personally maintain any responsive documents. Any responsive documents to this Request are maintained by the Town.

**REQUEST NO. 6:**        If a Rule 8 Hearing was waived under Okla. Stat. tit. 20 § 106.4(a), any and all Documents recording the consent of Municipal Defendants to excuse the court reporter.

**RESPONSE TO REQUEST NO. 6:**    Defendant Haynes does not personally maintain any responsive documents. Any responsive documents to this Request are maintained by the Town.

**REQUEST NO. 7:**        All Documents sufficient to show all Municipal Defendants imprisoned for failure to pay Fines, Fees, or Costs, and the amount of time Municipal Defendants were held in jail.

OK 1082054.1

**RESPONSE TO REQUEST NO. 7:**     Objection. Request No. 7 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town.

**REQUEST NO. 8:**     All Time Payment Applications and Ticket Jackets for Municipal Defendants that You issued a warrant or held in contempt or imprisoned for failure to pay Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 8:**     Objection. Request No. 8 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town.

**REQUEST NO. 9:**     All Documents pertaining to Municipal Defendants whose license You Suspesded or suggested be suspended for failure to pay Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 9:**     Objection. Request No. 9 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any responsive documents would be maintained by the Town.

**REQUEST NO. 10:**     All Documents and Communications pertaining to Municipal Defendants who You sentenced to probation.

**RESPONSE TO REQUEST NO. 10:**     Objection. Request No. 10 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town.

OK 1082054.1

**REQUEST NO. 11:** All Documents and Communications pertaining to Municipal Defendants sentenced to community service in lieu of or in addition to paying Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 11:** Objection. Request No. 11 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. Defendant Haynes would refer you to documents labeled Valley Brook 1 – 4 and 51 – 122.

**REQUEST NO. 12:** All Documents sufficient to identify all Municipal Defendants incarcerated for failure to pay Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 12:** Objection. Request No. 12 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to identify." Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town.

**REQUEST NO. 13:** For each instance in which a Municipal Defendant requested a payment plan because they were unable to pay Fees, Fines, or Costs at the time of the Court Proceeding, all Documents, Policies, or Procedures regarding Your decision on such payment plans.

**RESPONSE TO REQUEST NO. 13:** Objection. Request No. 13 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. Defendant Haynes would

OK 1082054.1

refer you to documents labeled Valley Brook 1 – 4 and 23 – 50.

**REQUEST NO. 14:**      For each instance in which a Municipal Defendant was permitted to pay in installments, all Documents regarding the amount owed and the intervals at which such payments were owed.

**RESPONSE TO REQUEST NO. 14:**   Objection. Request No. 14 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town.

**REQUEST NO. 15:**      All Communications with Defendants or the City Attorney regarding (1) Rule 8 of the Oklahoma Court of Criminal Appeals, (2) the implementation of or compliance with the same, (3) the assessment and collection of Fines, Fees, or Costs, (4) imprisoning Municipal Defendants for failure to pay, (5) the use, availability, or need of public defenders during Court Proceedings, and (6) Plaintiffs.

**RESPONSE TO REQUEST NO. 15:**   Objection. Request No. 15 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. Clearly, not every communication between Defendant Haynes, Defendants, or the Town Attorney regarding the subjects outlined in Request No. 15 are responsive to the issues in this case. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town.

**REQUEST NO. 16:**      All Documents and Communications concerning complaints, grievances, or accusations of misconduct that have been made against You in Your capacity as a judge and any disciplinary actions taken against You, whether formal or

6

informal.

**RESPONSE TO REQUEST NO. 17:**    Objection. Request No. 17 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City and will be produced pursuant to a protective order.

**REQUEST NO. 17:**        Documents and Communications sufficient to show Your responsibilities as a Valley Brook Municipal Court judge.

**RESPONSE TO REQUEST NO. 17:**            Objection. Request No. 17 is vague. it is unclear what is meant by the phrase "sufficient to identify." Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. Defendant Haynes would refer you to documents labeled Valley Brook 27.

**REQUEST NO. 18:**        All Documents and Communications sufficient to show Your Policies and Procedures in assessing and determining (1) court Fees, Fines, or Costs, including doubling Fees, Fines, or Costs on certain occasions, (2) Time Payment Applications, and (3) credit toward outstanding municipal debt of $100 per day in jail.

**RESPONSE TO REQUEST NO. 18:**    Objection. Request No. 18 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to identify." Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. Defendant Haynes would refer you to documents labeled Valley Brook 23 – 50, 51 – 99, and 153 – 160.

OK 1082054.1

**REQUEST NO. 19:**      All Communications to any Defendant regarding court Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 19:**   Objection. Request No. 19 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" regarding "Fees, Fines, or Costs" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. Defendant Haynes would refer you to documents labeled Valley Brook 1 – 4 and 100 – 122.

**REQUEST NO. 20:**      All Documents You intend to rely upon during trial.

**RESPONSE TO REQUEST NO. 20:**   Objection.   Request   No.   20   seeks information protected the work-product doctrine. Furthermore, Defendant Haynes does not know what documents he intends to rely upon at trial.

Respectfully submitted,

s/Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com

OK 1082054.1

sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 6th day of September, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Laura E. Luisi Gavin | gavinl@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |

s/Courtney D. Powell

OK 1082054.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) |
| Plaintiffs, | ) ) Case No. 5:21-cv-00097-SLP ) ) |
| v. | ) ) |
| TOWN OF VALLEY BROOK, et al, | ) ) |
| Defendants. | ) ) ) |

**DEFENDANT MAYOR LEWIS NEIMAN'S AMENDED RESPONSES TO
PLAINTIFFS'FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Mayor Lewis Neiman ("Neiman") submits the following Responses to Plaintiffs' First Request for Production of Documents.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**  All Documents sufficient to show what percent of Your budget stems from the collection of Fines, Fees, or Costs and how those funds are used.

**RESPONSE TO REQUEST NO. 1:**     Objection. Request No. 1 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to show." Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. Defendant Neiman would refer you to documents labeled Valley Brook 146 – 151 and 161 – 182.

**REQUEST NO. 2:** All schedules of Fees, Fines, or Costs listing each municipal charge and the associated fines or fees, and any court costs assessed by You, including, but

1

not limited to, costs for court proceedings, probation, failures to appear, warrants, trials, appeals, continuances, and time payment.

**RESPONSE TO REQUEST NO. 2:**   Objection. Request No. 2 is overly broad, vague and not proportional to the issues in this case. Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. Defendant Neiman would refer you to documents labeled Valley Brook 51 – 99.

**REQUEST NO. 3:**  All Documents and Communications sufficient to show Your job responsibilities, including Your responsibilities during Court Proceedings and overseeing community service obligations.

**RESPONSE TO REQUEST NO. 3:**   Objection. Request No. 3 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to show." Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. Defendant Neiman would refer you to documents labeled Valley Brook 11 – 12.

**REQUEST NO. 4:**  All Documents and Communications sufficient to show which Court Proceedings You attended.

**RESPONSE TO REQUEST NO. 4:**   Objection. Request No. 4 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to show." Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 5:** All  Communications  with  Defendants  pertaining  to  the

2

assessment and collection of Fines, Fees, or Costs, including the practice of imprisoning or threatening with imprisonment Municipal Defendants for failure to pay; sentencing Municipal Defendants to community service or probation; Time Payment Applications and alternative payment options; and Rule 8 Hearings.

**RESPONSE TO REQUEST NO. 5:**     Objection. Request No. 5 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. Defendant Neiman would refer you to documents labeled Valley Brook 100 – 122.

**REQUEST NO. 6:** All Documents and Communications related to Your role in assessing Time Payment Applications and suggesting payment options, probation, and community service for Municipal Defendants.

**RESPONSE TO REQUEST NO. 6:**     Objection. Request No. 6 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrases "sufficient to show" or "Your role." Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. However, Defendant Neiman does not have a "role" in assessing Time Payment Applications or otherwise suggesting options for Municipal Defendants.

**REQUEST NO. 7:** All Policies, Procedures, and Documents evidencing or other pertaining to Your Practices to determine when a Municipal Defendant may be eligible for community service or alternative payment plans in lieu of or in addition to payment of full Fees, Fines, or Costs.

OK 1082052.1

**RESPONSE TO REQUEST NO. 7:**     Objection. Request No. 7 is overly broad, vague and not proportional to the issues in this case. The request for "all Policies, Procedures and Documents" is overly broad. Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. However, Defendant Neiman does not have a role in determining eligibility.

**REQUEST NO. 8:** All Communications with the City Attorney regarding Court Proceedings, community service, probation, and the assessment and collection of Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 8:**     Objection. Request No. 8 is overly broad, vague and not proportional to the issues in this case. The request for "all Communications" is overly broad. Furthermore, the information requested may be protected by the attorney-client privilege or work product doctrine. Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 9:** All Documents or Communications regarding advice to or conversations with Municipal Defendants during Court Proceedings.

**RESPONSE TO REQUEST NO. 9:**     Objection. Request No. 9 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents or Communications" is overly broad. Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 10:**     All Documents and Communications pertaining to your awareness of Defendant Judge Stephen Haynes' assessment of Fees, Fines, or Costs against Municipal Defendants and any inquiry into Municipal Defendants' ability to pay such

4

municipal debts.

**RESPONSE TO REQUEST NO. 10:**   Objection. Request No. 10 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents and Communications" is overly broad. Moreover, it is unclear what is meant by the phrase "awareness of Defendant Judge Stephen Haynes' assessment." Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 11:**   All Documents or Communications concerning complaints, grievances, or any other accusations that have been made against You, or any disciplinary actions taken against You in Your current capacity as Mayor, whether formal or informal, pertaining to the assessment and collection of Fees, Fines, or Costs against Municipal Defendants and your role during Court Proceedings.

**RESPONSE TO REQUEST NO. 11:**   Objection. Request No. 11 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. There are no responsive documents to this Request.

**REQUEST NO. 12:**   All documents or communications evidencing any statements you have made regarding Municipal Defendants' ability to pay Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 12:**   Objection. Request No. 12 is overly broad, vague and not proportional to the issues in this case. The request for "all documents and communications" is overly broad. Defendant Neiman does not personally maintain any responsive documents. However, there are no responsive documents.

OK 1082052.1

**REQUEST NO. 13:**      All documents or communications pertaining to the collection of Fees, Fines, or Costs and its relationship to the Town of Valley Brook's budget, revenues, or expenditures.

**RESPONSE TO REQUEST NO. 13:**   Objection. Request No. 13 is overly broad, vague and not proportional to the issues in this case. The request for "all documents and communications" is overly broad. Moreover, it is unclear what is meant by the phrase "pertaining to the collection of Fees, Fines, or Costs and its relationship to." Defendant Neiman does not personally maintain any responsive documents. Defendant Neiman would refer you to documents labeled Valley Brook 123 – 147 and 161 – 182.

**REQUEST NO. 14:**      All Documents evidencing Your Policies or Procedures regarding record-keeping.

**RESPONSE TO REQUEST NO. 14:**   Objection. Request No. 14 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents" is overly broad. Defendant Neiman does not personally maintain any responsive documents. Defendant Neiman would refer you to documents labeled Valley Brook 19 – 21.

**REQUEST NO. 15:**      All Documents and Communications regarding Plaintiffs.

**RESPONSE TO REQUEST NO. 15:**   Objection. Request No. 15 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents and Communications" is overly broad. Furthermore, the Request seeks documents protected by the attorney-client privilege and work product doctrine. Excluding any privileged documents, Defendant Neiman does not personally maintain any responsive documents.

**REQUEST NO. 16:**      All Documents You intend to rely upon during trial.

**RESPONSE TO REQUEST NO. 16:**   Objection.   Request   No.   20   seeks

6

information protected the work-product doctrine. Furthermore, Defendant Neiman does not

know what documents he intends to rely upon at trial.

Respectfully submitted,

s/Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

OK 1082052.1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 6th day of September, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Laura E. Luisi Gavin | gavinl@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |

s/Courtney D. Powell

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF
## OKLAHOMA

KIMIESHA HILL, et al., on behalf of )
themselves and all others similarly situated, )
                                ) Case No. 5:21-cv-00097-
               Plaintiffs, ) SLP
                                )
             v. )
                                  )
TOWN OF VALLEY BROOK, et al, )
                                  )
              Defendants. )
_____ )

## DEFENDANT CHIEF OF POLICE MICHAEL STAMP'S AMENDED
## RESPONSES TO PLAINTIFFS' FIRST REQUEST
## <u>FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Chief of

Police Michael Stamp ("Stamp") submits the following Responses to Plaintiffs' First Request

for Production of Documents.

### <u>REQUESTS FOR PRODUCTION</u>

**REQUEST FOR PRODUCTION NO. 1:**      All Documents and Communications

pertaining to Plaintiffs.

**RESPONSE TO REQUEST NO. 1:**     Objection. Request No. 1 is overly broad,

vague and not proportional to the issues in this case. Not every document/communication

regarding Plaintiffs is at issue in this case. Moreover, Defendant Stamp is sued in his official

capacity only. Any responsive documents would be in the possession, custody, and control

of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook

100 – 122.

**REQUEST FOR PRODUCTION NO. 2:**      All Documents sufficient to show any and all training provided to officers of the Valley Brook Police Department on traffic stops, vehicle searches, and use of canines.

**RESPONSE TO REQUEST NO. 2:**      Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City.

**REQUEST FOR PRODUCTION NO. 3:**      All Policies and Procedures regarding traffic stops, including vehicle searches, the use of canines, and impounding vehicles.

**RESPONSE TO REQUEST NO. 3:**      Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City.

**REQUEST FOR PRODUCTION NO. 4:**      All Policies, Procedures, and Documents evidencing your Practices regarding (1) informing individuals of the charges against them and their rights; (2) detaining individuals during and after vehicle searches; (3) holding detained individuals at the Valley Brook Police Station; and (5) allowing detained individuals to use their cell phones to obtain funds for release.

**RESPONSE TO REQUEST NO. 4:**      Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 23 – 50.

**REQUEST FOR PRODUCTION NO. 5:**      All Documents, Policies, and Procedures pertaining to Valley Brook Police Department officers' assessment of Fines, Fees,

2

OK 1082053.1

and Costs.

**RESPONSE TO REQUEST NO. 5:**    Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 51 – 99.

**REQUEST FOR PRODUCTION NO. 6:**    All Documents, Policies, and Procedures sufficient to show a breakdown of Fines, Fees, and Costs assessed in relation to specific charges and municipal violations, and how Your officers determine Fines, Fees, and Costs upon an individual's detention at the Valley Brook Police Station.

**RESPONSE TO REQUEST NO. 6:**    Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 23 – 50 and 51 – 99.

**REQUEST FOR PRODUCTION NO. 7:**    All Documents sufficient to show bail bondsmen You have approved and how they were selected.

**RESPONSE TO REQUEST NO. 7:**    Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City.

**REQUEST FOR PRODUCTION NO. 8:**    All Policies, Procedures, and Documents evidencing or otherwise describing Practices pertaining to transferring detained individuals to Oklahoma County jail for failure to pay Fines, Fees, or Costs.

**RESPONSE TO REQUEST NO. 8:**    Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and

OK 1082053.1

control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 153 – 160.

**REQUEST FOR PRODUCTION NO. 9:**     Policies and Procedures pertaining to the jailing of Municipal Defendants prior to a Court Proceeding, the length of time they are held in jail, and their release, including being released on their own recognizance.

**RESPONSE TO REQUEST NO. 9:**     Objection. Request No. 9 is overly broad, vague and not proportional to the issues in this case. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 23 – 50.

**REQUEST FOR PRODUCTION NO. 10:**     Policies and Procedures regarding an arrested individual's detention at Oklahoma County jail and their ability to challenge their detention prior to the weekly Court Proceeding.

**RESPONSE TO REQUEST NO. 10:**     Objection. Request No. 10 is overly broad, vague and not proportional to the issues in this case. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 23 – 50 and 153 – 160.

**REQUEST FOR PRODUCTION NO. 11:**     All   Policies,   Procedures,   and Documents evidencing or otherwise describing Practices related to warrants for failure to appear and failure to pay Fines, Fees, or Costs.

**RESPONSE TO REQUEST NO. 11:**     Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody,

OK 1082053.1

and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 23 – 50.

**REQUEST FOR PRODUCTION NO. 12:**    All Documents sufficient to show Your and Your officers' roles during Court Proceedings.

**RESPONSE TO REQUEST NO. 12:**    Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 23 – 50.

**REQUEST FOR PRODUCTION NO. 13:**    All Documents and Communications regarding Defendants' assessment and collection of Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 13:**    Objection. Request No. 13 is overly broad, vague and not proportional to the issues in this case. Not every assessment or communication concerning a fee, fine or costs is relevant to the issues in this case. Nor is the Request proportional to the issues before the Court. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 1 – 4 and 51 – 122.

**REQUEST FOR PRODUCTION NO. 14:**    All Documents or Communications evidencing any statements You have made regarding Municipal Defendants ability to pay Fines, Fees, or Costs, whether public or private.

**RESPONSE TO REQUEST NO. 14:**    Objection. Request No. 14 is overly broad, vague and not proportional to the issues in this case. Furthermore, the Request seeks information protected by the attorney-client privilege and work product doctrine. Excluding

OK 1082053.1

protected discussions and documents, Defendant Stamp is not aware of any documents he has made regarding the City's ability to pay Fines, Fees, or costs.

**REQUEST FOR PRODUCTION NO. 15:**     All Documents or Communications concerning complaints, grievances, or any other accusations of misconduct that have been made against You or Your officers, or any disciplinary actions taken against You or Your officers, in relation to traffic stops and searches, assessment and collection of Fines, Fees, or Costs, and detaining individuals after they are unable to pay, whether formal or informal.

**RESPONSE TO REQUEST NO. 15:**     Objection. Request No. 1 is overly broad, vague and not proportional to the issues in this case. Not every document or communication related to traffic stops, searches and assessments are relevant to the issues in this case. The phrase "formal or informal" is vague and unclear. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City and would be produced upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 16:**     All Documents sufficient to show any agreements (formal or informal) between You and the Oklahoma County Jail.

**RESPONSE TO REQUEST NO. 16:**     Defendant Stamp does not have any agreements with the Oklahoma County Jail.  Defendant Stamp would refer you to documents labeled Valley Brook 153 – 160.

**REQUEST FOR PRODUCTION NO. 17:**     All Documents and Communications related to the portion of Your budget funded by the collection of Fines, Fees, or Costs, and Your use of that part of Your budget.

**RESPONSE TO REQUEST NO. 17:**     Objection. Request No. 17 is overly

OK 1082053.1

broad, vague and not proportional to the issues in this case. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 123 – 151 and 161 – 182.

**REQUEST FOR PRODUCTION NO. 18:**     All Documents and Communications sufficient to show the number of officers employed by the Valley Brook Police Department each month during the relevant time period.

**RESPONSE TO REQUEST NO. 18:**          Objection. Request No. 18 is vague in that it is unclear what Plaintiffs' consider "sufficient." Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City.

**REQUEST FOR PRODUCTION NO. 19:**     All Documents evidencing or otherwise identifying individuals sent to Oklahoma County Jail after they could not pay Costs, Fees, or Fines assessed at the Valley Brook Police Department.

**RESPONSE TO REQUEST NO. 19:**          Objection. Request No. 19 is overly broad and not proportional to the issues in this case. Not every document identifying every individual sent to Oklahoma County Jail during the relevant time period is relevant to the issues in this case. As requested, such a production would render numerous duplications. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City.

**REQUEST FOR PRODUCTION NO. 20:**     All Documents and Communications related to jailing or threatening to jail Municipal Defendants for inability to pay Fines, Fees, and Costs.

OK 1082053.1

**RESPONSE TO REQUEST NO. 20:**        Objection. Request No. 20 is overly broad, vague and not proportional to the issues in this case. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 1 – 4 and 23 – 50.

**REQUEST FOR PRODUCTION NO. 21:**    All Documents evidencing or otherwise describing Your Policies or Procedures regarding record-keeping.

**RESPONSE TO REQUEST NO. 21:**        Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 19 – 21.

**REQUEST FOR PRODUCTION NO. 22:**     All Documents You intend to rely upon during trial.

**RESPONSE TO REQUEST NO. 22:**        Objection. Request No. 22 seeks information protected the work-product doctrine. Furthermore, Defendant Stamp does not know what documents he intends to rely upon at trial.

OK 1082053.1

Respectfully submitted,

s/Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 6th day of September, 2022.

Woodrow K. Glass   woody@wardglasslaw.com
Arthur Ago    aago@lawyerscommittee.org
Tianna Mays  tmays@lawyerscommittee.org
Jason A. Leckerman leckermanj@ballardspahr.com
Lisa Swaminathan   swaminathanl@ballardspahr.com
Laura E. Luisi Gavin        gavinl@ballardspahr.com
Izabella Babchinetskaya      babchinetskayal@ballardspahr.com

s/Courtney D. Powell

OK 1082053.1

OK 1082053.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) Case No. 5:21-cv-00097-SLP ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| TOWN OF VALLEY BROOK, et al, | |
| Defendants. | |

_____

**DEFENDANT TOWN OF VALLEY BROOK'S AMENDED RESPONSES TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Town of Valley Brook (the "Town") submits the following Responses to Plaintiffs' First Request for Production of Documents.

**RESPONSES TO REQUESTS
FOR PRODUCTION**

**REQUEST NO. 1:** All Documents sufficient to show a breakdown of finances for the Town of Valley Brook, including revenue generated from the collection of Fines, Fees, and Costs and the use of such revenue.

**RESPONSE TO REQUEST NO. 1:**   Objection. Request No. 1 is overly broad, vague and not proportional to the issues in this case. Not every document generated by the Town related to Town finances and revenue are related to the issues in this case. Furthermore, it is unclear what is meant by the phrase "sufficient to show." The Request is not proportional to the issues in this case. The following documents are responsive to this request: Valley Brook 123 – 151 and 161 – 182.

1

**REQUEST NO. 2:**  All Documents sufficient to show yearly budget allocations for Your Police Department and Your Municipal Court, including a breakdown of how Your Police Department and Your Municipal Court use their respective budgets.

**RESPONSE TO REQUEST NO. 2:**    Objection. Request No. 2 is vague.  It is unclear what is meant by the phrase "sufficient to evidence." However, the following documents are responsive to this request: Valley Brook 123 – 151 and 161 – 182.

**REQUEST NO. 3:**  All schedules of Fees, Fines, or Costs listing each municipal charge and the associated fines or fees, and any court costs assessed by You including, but not limited to, court proceedings, probation, failures to appear, warrants, trials, appeals, continuances, and time payment.

**RESPONSE TO REQUEST NO. 3:**    Objection. Request No. 3 is overly broad, vague and not proportional to the issues in this case. Not all Fees, Fines, or Costs assessed by the Town are relevant to the issues in this case. However, responsive documents identifying fees, fines, and/or costs assessed by the Town in connection with court proceedings, probation, failures to appear, warrants, trials, appeals, continuances, and time payment will be produced. The following documents are responsive to this request: Valley Brook 33 – 36 and 51 – 99.

**REQUEST NO. 4:**  All Documents sufficient to show how You determine Fees, Fines, or Costs schedules.

**RESPONSE TO REQUEST NO. 4:**    Objection. Request No. 4 is vague. It is unclear what is meant by the phrase "sufficient to show." However, the following documents are responsive to this request: Valley Brook 33 – 36 and 51 – 99.

**REQUEST NO. 5:**  All Documents  or  Communications  concerning  complaints,

OK 1082051.1

grievances, or any other accusations of misconduct that have been made against You or Your municipal officials pertaining to the assessment and collection of Fees, Fines, or Costs by Your Police Department and Your Municipal Court, and any disciplinary actions taken in response to such complaints, grievances, or accusations, whether formal or informal.

**RESPONSE TO REQUEST NO. 5:**    Objection. Request No. 5 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents or Communications" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. Furthermore, the phrases "complaints, grievances, or any other accusations" and "formal or informal" are vague. Documents responsive to this Request will be produced pursuant to a protective order. Certain privileged documents will be produced upon entry of a protective order.

**REQUEST NO. 6:** All Documents and Communications evidencing or otherwise indicating Your role in, and awareness of, the assessment and collection of Fees, Fines, or Costs by Your Municipal Court and Police Department.

**RESPONSE TO REQUEST NO. 6:**    Objection. Request No. 6 is overly broad, vague and not proportional to the issues in the case. It is unclear what is meant by the Town's "awareness of." Furthermore, certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 7:** All Documents and Communications pertaining to Municipal Defendants' ability to pay Fees, Fines, or Costs to Your Police Department and Your Municipal Court.

**RESPONSE TO REQUEST NO. 7:**    Objection. Request No. 7 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents and

OK 1082051.1

Communications" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. The phrase "pertaining to" is vague. Furthermore, certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. The following documents are responsive to this request: Valley Brook 1 – 4.

**REQUEST NO. 8:**  All Policies and Procedures regarding probation, including those pertaining to the determination of whether a Municipal Defendant is eligible for probation, the court costs associated with probation, Your oversight over probation, and any supervisory role played by the Municipal Court or the Valley Brook Police Department during the probationary period.

**RESPONSE TO REQUEST NO. 8:**    The following documents are responsive to this request: Valley Brook 23 – 50.

**REQUEST NO. 9:**  All Policies and Procedures regarding an arrested individual's detention at Oklahoma County jail, their ability to challenge their detention prior to the weekly Court Proceeding, and treatment of Pay-For-Stay Costs.

**RESPONSE TO REQUEST NO. 9:**    The following documents are responsive to this request: Valley Brook 153 – 160.

**REQUEST NO. 10:**    All Policies and Procedures regarding notices sent by You to Municipal Defendants of upcoming Court Proceedings.

**RESPONSE TO REQUEST NO. 10:**    The following documents are responsive to this request: Valley Brook 23 – 50.

**REQUEST NO. 11:**    All    Documents,    Policies,    Procedures,    and Communications pertaining to reasonable payment alternatives for Municipal Defendants,

including but not limited to waiver of bonds, reduction of municipal debts, payment plans, probation, or community service.

**RESPONSE TO REQUEST NO. 11:**            Objection. Request No. 11 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents, Policies, Procedures and Communications" is overly broad. The phrase "pertaining to reasonable payment alternatives" is vague. Furthermore, certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. The following documents are responsive to this request: Valley Brook 1 – 4 and 23 – 50.

**REQUEST NO. 12:**        All Documents and Communications pertaining to the practice of jailing or threatening to jail Municipal Defendants who cannot pay Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 12:**     Objection. Request No. 12 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents, Policies, Procedures and Communications" is overly broad. Furthermore, the phrase "pertaining to the practice of " is vague. Certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. The following documents are responsive to this request: Valley Brook 23 – 50.

**REQUEST NO. 13:**        All Documents and Communications evidencing or otherwise describing Your Policies and Procedures pertaining to the availability of public defenders or other counsel for Municipal Defendants, before, during, and after a Court

Proceeding, and to informing Municipal Defendants of their right to counsel when jailed or threatened with jail.

**RESPONSE TO REQUEST NO. 13:**   Objection. Request No. 13 is overly broad, and not proportional to the issues in this case. The request for "all Documents and Communications" is overly broad. Certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. The following documents are responsive to this request: Valley Brook 23 – 50.

**REQUEST NO. 14:**        All Policies and Procedures regarding determinations that a Municipal Defendant is eligible for community service in lieu of or in addition to paying Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 14:**   The following documents are responsive to this request: Valley Brook 1 – 4 and 23 – 50.

**REQUEST NO. 15:**        All training and employment Documents, Polices, or Procedures You provided or which were otherwise provided to Valley Brook Municipal Court employees.

**RESPONSE TO REQUEST NO. 15:**   The following documents are responsive to this request: Valley Brook 1 – 99.

**REQUEST NO. 16:**        All Policies and Procedures regarding the issuance of arrest warrants for failure to appear at a Court Proceeding.

**RESPONSE TO REQUEST NO. 16:**   The following documents are responsive to this request: Valley Brook 23 – 50.

**REQUEST NO. 17:**        All Documents evidencing or otherwise describing Your

6

Practices regarding record-keeping pertaining to financial records; disciplinary proceedings against municipal officials; collection and assessment of Costs, Fees, and Fines; and Court Proceedings.

**RESPONSE TO REQUEST NO. 17:**   Objection. Request No. 17 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents," is overly broad. Certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. The following documents are responsive to this request: Valley Brook 19 – 21.

**REQUEST NO. 18:**        All Documents and Communications regarding Plaintiffs.

**RESPONSE TO REQUEST NO. 18:**   Objection. Request No. 18 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents" is overly broad. Certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. The following documents are responsive to this request: Valley Brook 100 – 122.

**REQUEST NO. 19:**    All Documents evidencing or otherwise identifying Municipal Defendants sent to Oklahoma County Jail after they could not pay Costs, Fees, or Fines.

**RESPONSE TO REQUEST NO. 19:**   Objection. Request No. 19 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents," is overly broad. Certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product

OK 1082051.1

doctrine and attorney-client privilege will be produced.

**REQUEST NO. 20:**      All Documents and Communications regarding revenue generated from the collection of Fines, Fees, or Costs.

**RESPONSE TO REQUEST NO. 20:**   Objection. Request No. 20 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents and Communications" is overly broad. Certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. The following documents are responsive to this request: Valley Brook 146 – 151 and 161 – 182.

**REQUEST NO. 17 (*sic*):** All expert reports prepared on behalf of the Municipality, or in the possession of the Municipality, with respect to the allegations set forth in the Complaint thereof, that were prepared during the two years preceding the filing of the Complaint, in connection with this or any other proceeding, or for any other reason.

**RESPONSE TO REQUEST NO. 17 (*sic*):**      At this time, there are no responsive documents.

**REQUEST NO. 18 (*sic*):**   Any document of which You have knowledge and which relates to or bears upon the subject matter of this Complaint.

**RESPONSE TO REQUEST NO. 18 (*sic*):**      Objection. Request No. 18 (*sic*) is overly broad, vague and not proportional to the issues in this case. The request for "any document" is overly broad, signaling nothing more than a fishing expedition. Furthermore, certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine.

**REQUEST NO. 21:**      All Documents sufficient to show the job descriptions or

8

employment responsibilities of municipal officials pertaining to Court Proceedings.

**RESPONSE TO REQUEST NO. 21:**   The following documents are responsive to this request: Valley Brook 13, 14, 27, and 29.

**REQUEST NO. 22:**      All Documents You intend to rely upon during trial.

**RESPONSE TO REQUEST NO. 22:**   Objection.   Request   No.   22   seeks information protected the work-product doctrine. Furthermore, Defendant Town does not know what documents it intends to rely upon at trial.

**REQUEST NO. 23:**      All Documents concerning the appointment of Defendant Judge Stephen Haynes to the Valley Brook Municipal Court.

**RESPONSE TO REQUEST NO. 23:**   Objection. Request No. 23 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition. Furthermore, certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. The following documents are responsive to this request: Valley Brook 23 – 50 and specifically Valley Brook 27.

**REQUEST NO. 24:**      All Documents concerning the roles and responsibilities of Judge Stephen Haynes for the Valley Brook Municipal Court, including any contracts or agreements.

**RESPONSE TO REQUEST NO. 24:**   Objection. Request No. 23 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition. Furthermore, certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege

9

will be produced. The following documents are responsive to this request: Valley Brook 23 – 50 and specifically Valley Brook 27.

Respectfully submitted,

s/ Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 6th day of September, 2022.

Woodrow K. Glass woody@wardglasslaw.com
Arthur Ago aago@lawyerscommittee.org
Tianna Mays tmays@lawyerscommittee.org
Jason A. Leckerman leckermanj@ballardspahr.com
Lisa Swaminathan swaminathanl@ballardspahr.com
Laura E. Luisi Gavin gavinl@ballardspahr.com
Izabella Babchinetskaya babchinetskayal@ballardspahr.com

s/Courtney D. Powell

OK 1082051.1