## Powell, Courtney

| | |
|---|---|
| **From:** | Powell, Courtney |
| **Sent:** | Thursday, November 17, 2022 5:43 PM |
| **To:** | Babchinetskaya, Izabella; tmays@lawyerscommittee.org; Leckerman, Jason; aago@lawyerscommittee.org; swaminathanl@ballardspahr.com; Jonathan Irwin; woody@wardglasslaw.com; Hatza, Nikki |
| **Cc:** | Ferate, AJ; Holkum, Laura |
| **Subject:** | Hill v. Town of Valley Brook |
| **Attachments:** | Ltr_Supp Discovery_11-17-c.pdf |

Attached please find the correspondence regarding amended and supplemental responses. The link below is to the sample set of documents we discussed. If the link does not work, please let me know.

Courtney

https://spencerfane.sharefile.com/d-sec5b9415084b45e58292c3391b4a5a49


**Courtney Powell**  Of Counsel
Spencer Fane LLP

9400 N. Broadway Ext., Suite 600 | Oklahoma City, OK 73114
**O** 405.753.5915
cpowell@spencerfane.com | spencerfane.com

EXHIBIT 12

COURTNEY D. POWELL
(405) 844-9900
cpowell@spencerfane.com



November 17, 2022

**VIA E-MAIL ONLY**
Izabella Babchinetskaya (babchinetskayai@ballardspahr.com)
Tianna Mayes (tmays@lawyerscommittee.org)
Jason Leckerman (leckermanj@ballardspahr.com)
Lisa Swaminathan (swaminathanl@ballardspahr.com)
Jonathan Irwin (jonathan@wardglasslaw.com)
Woody Glass (woody@wardglasslaw.com)
Arthur Ago (aago@lawyerscommittee.org)
Nikki Hatza (hatzan@ballardspahr.com)

Dear Counsel:

Defendants submit this correspondence as a supplement to their discovery responses. This correspondence is in addition to the documents transmitted to you on Friday, November 11, 2022.

As an initial matter, the lack of a response to your deficiency letter was inadvertent. We would ask that in the future all attorneys be included on correspondence to our office so that this does not occur.

We learned today that the Town of Valley Brook (the "Town") maintains a self-created court docket for each hearing. The court docket includes the following information: name of defendant, charges, plea, probation notes (if applicable), bond forfeiture (if applicable), Time Pay (if applicable), warrant (if applicable), fines (if applicable), and identification of amounts paid (if applicable). These are hard documents with no electronic counterpart. We have requested these documents from our client and will be able to pick up the original documents next Monday.

*<u>Telephone Conference</u>*

We appreciate you taking the time to discuss the outstanding issues with you today. During the call, we discussed that certain documents we produced contained illegible or cut-off columns. We will review this discovery and re-produce documents where it appears that this is an issue.

We also learned that you believe certain electronic reports that were produced are incomplete. We will review the previous productions in an attempt to identify where this has occurred. We will complete this review and follow up with you by Tuesday, November 22.

We also discussed the production of the Ticket Jackets. We explained that the production of the original Ticket Jackets is extremely time-consuming – each envelope must be unstapled, front and back copied, the contents of envelope must be copied, and the envelope re-packaged. We are now in possession of at least 35 banker boxes, each box containing approximately 600 tickets. The information must then be reviewed and scanned.

So that you can be understand the scope of the documents contained within each jacket, we agreed to send a sample of the contents to you for review. This will be sent to you on November 17, 2022.

Unless a subsequent agreement is reached, we will send to you a copy of the documents scanned and Bates labeled at the end of each day. Certain documents, such as law enforcement reports, will be identified as confidential and produced pursuant to the protective order in place in this litigation.

### *Responses to Discovery Requests to Defendant Haynes.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 2:** Objection. Request No. 2 is overly broad, vague and not proportional to the issues in this case. Not every document or order regarding a defendant's ability to pay is at issue in this case. The Request is not proportional to the issues in this case. Moreover, Defendant Haynes is sued in his official capacity. Any responsive documents would be in the possession, custody, and control of the Defendant Town. *Responsive documents will be contained within the appropriate Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 3**: Objection. Request No. 3 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to evidence." The Request is not proportional to the issues in this case. Defendant Haynes does not personally maintain any responsive documents. Furthermore, any documents responsive to this Request are maintained by the Town. Defendant Haynes would refer you to documents labeled Valley Brook 1 – 4. *Any additional responsive documents will be contained within the appropriate Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 5:** Defendant Haynes does not personally maintain any responsive documents. Any responsive documents to this Request are maintained by the Town. *Any additional responsive documents will be contained within the appropriate Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 6:** Defendant Haynes does not personally maintain any responsive documents. Any responsive documents to this Request are maintained by the Town. *Any additional responsive documents will be contained within the appropriate Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 7:** Objection. Request No. 7 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. *There are not any documents*

*that would identify a Municipal Defendant as being "imprisoned for failure to pay Fines, Fees, or Costs." However, any Municipal Defendant that was transported to Oklahoma County would be identified by the Commitment Upon Conviction that will be in the corresponding Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 8:** Objection. Request No. 8 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. *There are not any documents that would identify a Municipal Defendant as being "imprisoned for failure to pay Fines, Fees, or Costs." Defendants are copying the Ticket Jackets as set forth above.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 9:** Objection. Request No. 9 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any responsive documents would be maintained by the Town. *Any responsive documents will be contained within the appropriate Ticket Jacket. There are not any documents that would identify a Municipal Defendant as being "imprisoned for failure to pay Fines, Fees, or Costs."*

**SECOND AMENDED RESPONSE TO REQUEST NO. 10:** Objection. Request No. 10 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. *Any additional responsive documents will be contained within the appropriate Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 11:** Objection. Request No. 11 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. Defendant Haynes would refer you to documents labeled Valley Brook 1 – 4 and 51 – 122. *Any additional responsive documents will be contained within the appropriate Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 12:** Objection. Request No. 12 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to identify." Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. *Any responsive documents will be contained within the appropriate Ticket Jacket. There are not any documents that would identify a Municipal Defendant as being "imprisoned for failure to pay Fines, Fees, or Costs."*

**SECOND AMENDED RESPONSE TO REQUEST NO. 13:** Objection. Request No. 13 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. Defendant Haynes would refer you to documents labeled Valley Brook 1 – 4 and 23 – 50. *Any additional responsive documents will be contained within the appropriate Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 14:** Objection. Request No. 14 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. *Any additional responsive documents will be contained within the appropriate Ticket Jacket.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 15:** Objection. Request No. 15 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. Clearly, not every communication between Defendant Haynes, Defendants, or the Town Attorney regarding the subjects outlined in Request No. 15 are responsive to the issues in this case. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the Town. *At this time, the only known documents, not subject to the attorney-client privilege, would be contained on the Ticket Jackets and the court dockets maintained by the court clerk.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 16:** Objection. Request No. 17 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City and will be produced pursuant to a protective order. *There are no responsive documents.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 19:** Objection. Request No. 19 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" regarding "Fees, Fines, or Costs" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. Defendant Haynes would refer you to documents labeled Valley Brook 1 – 4 and 100 – 122. *At this time, the only known documents, not subject to the attorney-client privilege, would be contained on the Ticket Jackets and the court dockets maintained by the court clerk.*

### *Responses to Discovery Requests to Defendant Neiman.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 4:** Objection. Request No. 4 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to show." Any documents responsive to this Request are maintained by the City. *Neither Defendant Neiman nor Defendant Town are aware of any such documents.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 7:** Objection. Request No. 7 is overly broad, vague and not proportional to the issues in this case. The request for "all Policies, Procedures and Documents" is overly broad. Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

However, Defendant Neiman does not have a role in determining eligibility. *Neither Defendant Neiman nor Defendant Town are aware of any such documents.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 8:**     Objection. Request No. 8 is overly broad, vague and not proportional to the issues in this case. The request for "all Communications" is overly broad. Furthermore, the information requested may be protected by the attorney-client privilege or work product doctrine. Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. *Neither Defendant Neiman nor Defendant Town are aware of any such documents.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 9:**     Objection. Request No. 9 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents or Communications" is overly broad. Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City. *At this time, the only known documents, not subject to the attorney-client privilege, would be contained on the Ticket Jackets and the court dockets maintained by the court clerk.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 10:**     Objection. Request No. 10 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents and Communications" is overly broad. Moreover, it is unclear what is meant by the phrase "awareness of Defendant Judge Stephen Haynes' assessment." Defendant Neiman does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.  *There are no additional responsive documents.*

### *Responses to Discovery Requests to Defendant Stamp.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 2:**     Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City.  *To the extent the request seeks documents related to training provided by the Town to the police department, there are no responsive documents. If the request is seeking information related to training officers may have received by third parties, please advise and the response will be supplemented accordingly.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 3:**     Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. *Responsive documents will be produced by November 22, 2022.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 4:**     Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 23 – 50. *Any additional documents will be produced by November 22, 2022.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 7:** Objection. Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. *Any additional documents will be produced by November 22, 2022.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 13:** Objection. Request No. 13 is overly broad, vague and not proportional to the issues in this case. Not every assessment or communication concerning a fee, fine or costs is relevant to the issues in this case. Nor is the Request proportional to the issues before the Court. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. Defendant Stamp would refer you to documents labeled Valley Brook 1 – 4 and 51 – 122. *At this time, the only known documents, not subject to the attorney-client privilege, would be contained on the Ticket Jackets and the court dockets maintained by the court clerk.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 15:** Objection. Request No. 1 is overly broad, vague and not proportional to the issues in this case. Not every document or communication related to traffic stops, searches and assessments are relevant to the issues in this case. The phrase "formal or informal" is vague and unclear. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City and would be produced upon entry of a protective order. *At this time, Defendant is not aware of any documents.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 18:** Objection. Request No. 18 is vague in that it is unclear what Plaintiffs consider "sufficient." Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. *Any additional documents will be produced by November 22, 2022.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 19:** Objection. Request No. 19 is overly broad and not proportional to the issues in this case. Not every document identifying every individual sent to Oklahoma County Jail during the relevant time period is relevant to the issues in this case. As requested, such a production would render numerous duplications. Moreover, Defendant Stamp is sued in his official capacity only. Any responsive documents would be in the possession, custody, and control of the Defendant City. *Any responsive documents will be contained within the appropriate Ticket Jacket. There are not any documents that would identify a Municipal Defendant as being "imprisoned for failure to pay Fines, Fees, or Costs."*

### *Responses to Discovery Requests to Defendant Town.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 5:** Objection. Request No. 5 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents or Communications" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. Furthermore, the phrases "complaints, grievances, or any other accusations" and "formal or informal" are vague. Documents responsive to this Request will be produced pursuant to a

protective order. Certain privileged documents will be produced upon entry of a protective order. *There are no responsive documents.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 6:** Objection. Request No. 6 is overly broad, vague and not proportional to the issues in the case. It is unclear what is meant by the Town's "awareness of." Furthermore, certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. *Any additional responsive documents will be contained within the Ticket Jackets and court dockets.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 7:** Objection. Request No. 7 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents and Communications" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. The phrase "pertaining to" is vague. Furthermore, certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. The following documents are responsive to this request: Valley Brook 1 – 4. *Any additional responsive documents will be contained within the Ticket Jackets and court dockets.*

**SECOND AMENDED RESPONSE TO REQUEST NO. 19:** Objection. Request No. 19 is overly broad, vague and not proportional to the issues in this case. The request for "all Documents," is overly broad. Certain documents encompassed by this Request are protected by the attorney-client privilege and work product doctrine. Documents not subject to the work-product doctrine and attorney-client privilege will be produced. *There are not any documents that would identify a Municipal Defendant as being sent to Oklahoma County Jail because they could not pay "Fines, Fees, or Costs." However, any Municipal Defendant that was transported to Oklahoma County would be identified by the Commitment Upon Conviction that will be in the corresponding Ticket Jacket.*

With the exception of the documents identified above, Ticket Jackets and court dockets, we have provided you with copies of all documents that we have received.

Should you have any additional questions, please contact me.

Sincerely,

s/Courtney D. Powell
