IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMIESHA HILL, et al., on behalf of themselves )
and all others similarly situated, )
)  Case No. 5:21-cv-00097-SLP
                        Plaintiffs, )
)
                v. )
)
TOWN OF VALLEY BROOK, et al., )
)
                        Defendants. )
)

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS**

Plaintiffs Kimiesha Hill, Kiara McCorkle, and Jason Garnett ("Plaintiffs") moved to compel Defendants Town of Valley Brook, Lewis Nieman, Stephen Haynes, and Michael Stamp (collectively, "Defendants") to produce documents because Defendants failed to comply with their obligations to respond to Plaintiffs' discovery requests. ECF. No. 50 (hereinafter "Motion"). Although Defendants have finally started to produce a fraction of those documents, the vast majority of the relevant documents remain outstanding. Rather than responding with a date certain to produce documents, Defendants' response misrepresents Plaintiffs' efforts to complete discovery. *See* ECF. No. 56 (hereinafter "Response"). Thus, Plaintiffs reply to correct the inaccuracies in Defendants' Response.

*First*, Defendants have not presented any viable basis as to why they did not waive their objections. Defendants argue mistake: that they incorrectly docketed the extension to

respond to Plaintiffs' discovery requests as three weeks rather than two. *Id.* at ¶¶ 3–4. But Defendants themselves confirmed the two-week extension by phone and e-mail. Mot. ¶ 4. Defendants also omit that they failed to meet the three-week deadline that they allege they mistakenly docketed, sending *only* written responses eleven days after the agreed-upon extended deadline, and failing to produce even a single document until September 6, 2022.

*Second,* Defendants incorrectly imply that they have complied with their duty to meaningfully engage with Plaintiffs regarding discovery. Response ¶¶ 6, 8. In reality, Defendants failed to respond to numerous e-mails from Plaintiffs' counsel. *See, e.g.*, Mot. ¶¶ 16–17, 25–27. When Defendants did respond, they still failed to meet the deadlines for production they represented they would meet. *See e.g.*, Mot. ¶¶ 9, 30. Indeed, Defendants did the same when they asked this Court for additional time to respond to Plaintiffs' Motion. *See* ECF. No. 54. To the Court, Defendants represented that they would "provide all outstanding documents and responses to Plaintiffs' counsel, by electronic transmission, no later than 6:00 p.m., central standard time, on November 17, 2022," which they believed would "resolve the issues outlined in the Motion." *Id.* at ¶¶ 6, 8. Defendants did not

produce any documents on November 17, 2022,[1] and to date, Defendants have not produce "all outstanding documents,"[2] as they admit in their Response.[3]

*Third*, Defendants claim that they inadvertently overlooked Plaintiffs' deficiency letter. Response ¶ 11. However, Defendants' counsel responded to the e-mail attaching the deficiency letter. Mot. Ex. 7. Furthermore, on October 10, 2022, in an e-mail to all counsel of record, Plaintiffs requested a response to the deficiency letter, which went unanswered. *Id.* What is more, the deficiency letter was attached to Plaintiffs' Motion, which was filed on October 25, 2022. Mot. Ex. 9. Defendants did not once try to contact Plaintiffs to discuss the contents of the deficiency letter.

*Fourth*, Defendants claim that the production of "ticket jackets," which are municipal records, is time intensive and would take over 36 days to copy. Response at 7 n.2, ¶¶ 13–14. Defendants disregard that they have had the last *159* days to copy ticket jackets. *See* Mot. Ex. 1, Haynes' RFP No. 8. Furthermore, Defendants represented during the parties' September 22, 2022 meet-and-confer that they would keep Plaintiffs updated on their progress copying ticket jackets and would produce the documents on a rolling

---

[1] On November 17, 2022, Defendants circulated a letter in which they amended certain discovery responses by identifying several responsive documents and representing that they would be produced by November 22, 2022. *See* Response Ex. 12. To date, Defendants have not fulfilled those representations.

[2] Defendants claim they produced sufficient information on at least three separate occasions. *See* Response at 1, 7. This is hardly the case. Produced documents include incomplete records for the requested time period and documents that are cut-off or not fully legible.

[3] Defendants' Response also incorrectly implies that Plaintiffs requested "additional documents" during a deposition that occurred on November 18, 2022. Response ¶ 15. Most, if not all, of the documents requested during the depositions are responsive to Plaintiffs' June 23, 2022 discovery requests. *See* Mot. Ex. 1.

basis. Mot. ¶ 30. *Sixty-eight* days have passed since that meeting and Defendants have neither produced the ticket jackets[4] nor provided a concrete date by which they would produce all ticket jackets.[5] There is no question that the ticket jackets are highly relevant to this matter. They are records that identify municipal court defendants (i.e., potential class members in this matter) and the disposition of their cases, including whether they received an ability to pay hearing before being imprisoned for failure to pay thousands of dollars in fines, fees, and costs. In fact, in their second amended responses to discovery requests, Defendants identified ticket jackets as responsive to a total of about 20 discovery requests—often identifying ticket jackets as the only documents responsive to certain requests.

*Fifth*, Defendants confuse Plaintiffs' waiver argument by claiming that their objections were not boilerplate. Response at 5–6. Defendants, however, waived all objections when they failed to timely respond to Plaintiffs' discovery requests. *See e.g.*, *Brunson v. McCorkle*, No. 11-cv-1018 JCH/LAM, 2013 U.S. Dist. LEXIS 202685, at *3–4 (D.N.M. Jan. 4, 2013). The waiver analysis turns on Defendants' delay, not the quality of their boilerplate objections.[6]

---

[4] On November 17, 2022, Defendants provided Plaintiffs a small sample of ticket jackets so that Plaintiffs could assess the contents of the documents. As confirmed by Defendants' amended responses, ticket jackets are relevant to both class certification and liability.

[5] Defendants' November 17, 2022 letter also included a representation that Defendants would produce copied ticket jackets at the end of each day. *See* Response Ex. 12. Again, to date, Defendants have not fulfilled that representation.

[6] The Joint Report filed concurrently with this Reply demonstrates the extent of Defendants' discovery delays. Defendants admit that numerous responsive documents exist, but have yet again failed to commit to a date certain to produce those documents.

For the foregoing reasons and those set forth in their moving papers, Plaintiffs' respectfully request that this Court grant its Motion to Compel Defendants to Produce Documents.

Dated:  November 29, 2022

Respectfully submitted,
/s/ *Jason A. Leckerman*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin (OBA #32636)
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays*
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*
**Admitted in New Jersey and Maryland only.
Practice limited to matters before federal courts*
*Counsel for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of November 2022, I electronically submitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants on file.

*s/Izabella Babchinetskaya*
Izabella Babchinetskaya