# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated,  Plaintiffs,  v.  TOWN OF VALLEY BROOK, et al,  Defendants. | Case No. 5:21-cv-00097-SLP |

## JOINT REPORT

By and through their attorneys, Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs") and Defendants Town of Valley Brook, Lewis Nieman, Stephen Haynes, and Michael Stamp ("Defendants") submit the following Joint Report pursuant to the Court's November 16, 2022 Order.

On October 25, 2022, Plaintiffs filed a Motion to Compel Defendants to Produce Documents (the "Motion"). ECF No. 50. Defendants' response was due November 15, 2022. On November 15, 2022, Defendants asked the Court for a one-week extension, stating, "Defendants will provide the outstanding documents and amended responses to Plaintiffs' counsel, by electronic transmission, no later than 6:00 p.m., central standard time, on November 17, 2022" and "Defendants believe that this supplemental production will resolve the issues outlined in the Motion." ECF No. 54 ¶¶ 6, 8. Based on Defendants' representation that "the outstanding documents" would be produced by

November 17, 2022, Plaintiffs did not oppose Defendants' request for additional time to respond to Plaintiffs' Motion.

On November 17, 2022, the parties participated in a meet and confer in which Defendants reported that they needed additional time to produce documents and copy municipal court records. On November 17, 2022, Defendants provided a sample of municipal court records and supplemented certain responses to document requests in which Defendants stated that they would produce additional documents by November 22, 2022. Defendants did not produce any additional documents by that date and have yet to produce certain responsive documents that they admit exist.

The parties respectfully request that the Court resolve the outstanding issues from the Motion, which include:

**Plaintiffs' Position:**

As Plaintiffs explain more fully in their Motion (ECF No. 50):

1. Defendants waived all objections in their responses and objections to Plaintiffs' discovery requests by failing to timely respond; and

2. Defendants failed to produce all responsive documents to date, and to the extent Defendants asserted that they would produce responsive documents by a specific time, they failed to fulfill their representations.[1]

---

[1] In Defendants' November 17, 2022 correspondence, Defendants represented that they would produce scans of municipal court records daily. They also asserted that the following would be produced by November 22, 2022: (1) documents responsive to Chief Stamps' RFP Nos. 3, 4, 7, and 18, (2) documents that were produced with illegible or cut-off columns, and (3) electronic reports. To date, Defendants have not produced any of these documents. *See* ECF. No. 56-12.

3. Defendants seemingly now seek to bifurcate discovery. At this stage, bifurcation is not proper. Prior to including the idea of bifurcation in this Report, Defendants had not raised bifurcation with Plaintiffs or the Court. Furthermore, failing to timely produce discovery in this matter is not a basis for bifurcation.

**Defendants' Position:**

Defendants have responded and continue to respond to Plaintiffs' requests for document production. Defendants acknowledge that additional document production remains. Plaintiffs' insinuation that Defendants are withholding or willfully failing to produce documents is without merit. As set forth more fully in their Response to the Motion (Dkt. No. 56), Defendants did not waive their objections, have produced, and will continue to produce responsive documents. However, because of the scope and breadth of Plaintiffs' document requests, production will take time.

It is Defendants belief that the following issues remain outstanding:

1. **Ticket Jackets.** As explained in the Response, "Ticket Jackets" are, in essence, the municipal court's file. Each Ticket Jacket contains one citation and all documents related to that citation (payment records, Time-Pay requests, releases, etc.). For example, if an individual was issued three citations in one traffic stop, each citation would receive its own Ticket Jacket with related documentation. Defendants have

identified and are working to copy approximately 20,000 Ticket Jackets (35 boxes x an estimated 600 tickets per box)[2].

    2.    **Court Dockets.** On November 22, 2022, Defendants transmitted copies of the hard court dockets for the years 2017 – 2022 to Plaintiffs. This production consisted of approximately 3,200 pages.

    3.    **Documents requested during Monika Herrera's deposition.** Ms. Herrera, Defendant Town's Municipal and Town Clerk, was deposed on November 18, 2022. During the deposition, the following documents were requested:

    (a)    Daily Reports (clean electronic version);

    (b)    Daily Reports with Receipts (these are the same as Item (a) except receipt and other payment information is attached);

    (c)    Court Dockets (clean electronic version);

    (d)    Court Dockets with disposition of matters noted. *These documents have been produced.* (these are the same as Item (c) except the documents contain hand written notes);

    (e)    hard drives given to Ms. Herrera by the Town's police department prior to hearings (Ms. Herrera testified that she returns the hard drives to the police department after the court docket is called);

    (f)    previous forms of plea agreements. *A current form has been produced;*

    (g)    pamphlets and signage in the courtroom;

---

[2]  The documents are available for Plaintiffs to review, inspect, and copy if Plaintiffs would prefer. However, for chain of custody purposes, the Ticket Jackets must remain in counsel's office.

(h) electronic reports from 2017 to present showing individuals with outstanding fees and costs;

(i) electronic reports from 2017 to present showing individuals who have paid fees and costs;

(j) copies of the agreement between the Town and its court management database company;

(k) copies of the agreement between the Town and its collection agency;

(l) list of bail bondsmen from 2017 to present who possess (or possessed) a valid Town business license;

(m) agreements between the Town and towing or impound companies. *Ms. Herrera testified there were no such agreements*;

(n) list of towing or impound companies who have a valid Town business license;

(o) invoices received by the Town from Oklahoma County for use of the jail;

(p) electronic reports showing individuals on probation for the last five years; and,

(q) electronic reports identifying people who received community service for the last five years.

Defendants' counsel received boxes of documents believed to be responsive to Items (b), (g), and (p) last week and are reviewing the same for production.

4. **Documents with portions cut off.** Plaintiffs identified certain documents where information was cut off in the transmittal process. Defendants are working to reconfigure the documents so that all information will be produced. Defendants believe this includes documents Bates-labeled VB 1131 – 1654.

5. **Documents produced**. To date, Defendants have produced the following categories of documents (totaling over 5,000 pages):

    (a)    Sample Plea Agreement;

    (b)    Sample Time-Pay/Community Service Application;

    (c)    Relevant portions of the Town's policies and procedures;

    (d)    Fine Codes;

    (e)    Offense Codes;

    (f)    Citations for each of the named Plaintiffs;

    (g)    Town Financial Statements and Auditor's Reports dated 06/30/19;

    (h)    Budget for Fiscal Year 2022/2023;

    (i)    Budget for Fiscal Year 2020/2021;

    (j)    Oklahoma County Criminal Justice Authority – Valley Brook Police Department Jail Services Agreement, dated 07-01-2022;

    (k)    Town Financial Statements and Auditor's Reports dated 06/30/17;

    (l)    Town Police Department Citation Fine Amount Report for 2017;

    (m)    Town Police Department Citation Fine Amount Report for 2018;

    (n)    Town Police Department Citation Fine Amount Report for 2019;

    (o)    Town Collections Report for 2019;

    (p)    Town Collections Report for 2020;

    (q)    Town Collections Report for 2021;

    (r)    Town Collections Report for 2022;

    (s)        Town Citation List Report for 2017;

    (t)        Town Citation List Report for 2018;

    (u)        Town Citation List Report for 2019;

    (v)        Town Citation Officer Summary for 2019;

    (w)        Town Citation Officer Summary for 2020;

    (x)        Town Citation Officer Summary for 2021;

    (y)        Town Citation Officer Summary for 2022; and,

    (z)        Town Court Dockets (with notations) for 2017 – 2022.

6. **Documents remaining to be produced.** In addition to the Ticket Jackets and documents identified in Paragraph 3, Defendants believe the following items remain to be produced:

    (a)        Policies and procedures regarding the Town's Police Department's practices related to (1) informing individuals of the charges against them and their rights; (2) detaining individuals during and after vehicle searches; (3) holding detained individuals at the Valley Brook Police Station; and (5) allowing detained individuals to use their cell phones to obtain funds for release;

    (b)        Documents showing the number of officers employed by Town's Police Department each month for the period of 2017 – 2022;

    (c)        Policies and procedures regarding traffic stops, including vehicle searches, the use of canines, and impounding vehicles;

    (d)        Additional policies and procedures describing practices pertaining to transferring detained individuals to Oklahoma County jail;

(e) Additional policies and procedures pertaining to the jailing of municipal defendants prior to a court proceeding, the length of time they are held in jail, and their release, including being released on their own recognizance;

(f) Additional policies and procedures regarding an arrested individual's detention at Oklahoma County jail and their ability to challenge their detention prior to the weekly court proceeding; and,

(g) Additional policy and procedure manuals for Defendant Town's Police Department and Municipal Court.

7. **Discovery Moving Forward.** As the Court may recall, discovery was not bifurcated between class certification issues and general liability at the time of the Joint Status Conference. However, given the scope of the class certification discovery, Defendants believe that it would be beneficial to review the decision not to bifurcate discovery into two stages – Class Certification and General Liability Discovery.

Respectfully Submitted,

| /s/ Courtney D. Powell | /s/ Jason A. Leckerman |
|---|---|
| Courtney D. Powell | Jason A. Leckerman |
| 9400 N. Broadway Extension, Suite 600 | Lisa Swaminathan |
| Oklahoma City, Oklahoma 73114-7423 | Izabella Babchinetskaya |
| Telephone: (405) 844-9900 | Nikki Hatza |
| Facsimile: (405) 844-9958 | Ballard Spahr LLP |
| cpowell@spencerfane.com | 1735 Market St. 51st Floor, |
|  | Philadelphia, PA 19103 |
| *Attorney for Defendants* | 215.864.8266 DIRECT |
|  | 215.864.8999 FAX |
|  | LeckermanJ@ballardspahr.com |
|  | SwaminathanL@ballardspahr.com |
|  | BabchinetskayaI@ballardspahr.com |
|  | HatzaN@ballardspahr.com |

|  | Admitted pro hac vice<br><br>Arthur Ago<br>Tianna Mays*<br>Lawyers' Committee for Civil Rights Under Law<br>1500 K Street NW, Suite 900<br>Washington, DC 20005<br>202-662-8600 DIRECT<br>202-783-0857 FAX<br>aago@lawyerscommittee.org<br>tmays@lawyerscommittee.org<br>Admitted pro hac vice<br>**Admitted in New Jersey and Maryland only. Practice limited to matters before federal courts*<br><br>Woodrow K. Glass (OBA #15690)<br>Jonathan M. Irwin (OBA # 32636)<br>Ward & Glass<br>1601 36th Ave NW<br>Norman, OK 73072<br>405.253.4031 DIRECT<br>405.360.7902 FAX<br>woody@wardglasslaw.com<br><br>*Attorneys for Plaintiffs* |
|---|---|

Date:   November 29, 2022