IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | Case No. 5:21-cv-00097-SLP |
| v. | ) ) ) | |
| TOWN OF VALLEY BROOK, et al., | ) ) ) | |
| Defendants. | ) ) | |

**UNOPPOSED MOTION TO EXTEND CASE DEADLINES**

Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle, by and through their undersigned counsel, hereby move this Court to extend all deadlines set forth in the current First Amended Phase I Scheduling Order, ECF No. 44, by 90 days. This is Plaintiffs' second request to extend case deadlines. In support of this request, Plaintiffs aver as follows:

1. Pursuant to this Court's Order at ECF No. 44, the current case deadlines are as follows:

| Event | Deadline |
|---|---|
| Class certification motion, including all supporting exhibits and reports to be filed by | March 2, 2023 |
| Opposition to class certification motion, including all supporting exhibits and reports to be filed by | April 17, 2023 |
| Reply in support of class certification filed by | Pursuant to Local Civil Rules of this Court |

2. On September 30, 2022, Plaintiffs filed an Unopposed Motion to Extend Case Deadlines by 90 days. ECF No. 43. In support of their Motion, Plaintiffs averred Defendants failed to produce documents responsive to Plaintiffs' First Set of Requests for Production of Documents, served on June 23, 2022. *Id.* ¶ 4. Without such necessary documents, Plaintiffs could not file for class certification. *Id.*

3. This Court granted Plaintiffs' Motion on October 3, 2022, and extended the case deadlines by 90 days. ECF. No. 44.

4. Despite Plaintiffs' efforts to obtain essential discovery in this matter, Defendants did not produce any responsive documents during the month of October 2022. Nor did Defendants respond to Plaintiffs' deficiency letter sent to them on September 29, 2022.

5. Because Plaintiffs' attempts to resolve the ongoing discovery disputes proved futile, Plaintiffs filed a Motion to Compel Defendants to Produce Documents ("Motion to Compel") on October 25, 2022. ECF No. 50.

6. Defendants sought additional time to respond to Plaintiffs' Motion to Compel. ECF No. 54. In their motion, Defendants represented to the Court that they would "provide the outstanding documents and amended responses to Plaintiffs' counsel, by electronic transmission, no later than 6:00 p.m., central standard time, on November 17, 2022[,]" which they believed would "resolve the issues outlined in the Motion [to Compel]." *Id.* ¶¶ 6, 8.

7. Defendants did not produce all outstanding documents. Indeed, to date, Defendants have not produced, among other responsive documents: complete records for the named Plaintiffs; municipal court files; police department records, policies, and procedures; electronic municipal court records and reports; or agreements between the Town of Valley Brook and specified vendors.

8. Plaintiffs' Motion to Compel Defendants to Produce Documents remains pending before this Court. *See* ECF. Nos. 50, 56, 57.

9. According to Defendants, hard copy court files (i.e., "ticket jackets") containing information such as municipal defendants' citations, time spent in jail prior to municipal court hearings, Rule 8 hearings, and time pay applications are the primary – and in most cases only – source of information related to Plaintiffs' claims. This information is essential to identifying potential class members and the motion for class certification, as well as establishing the merits of Plaintiffs' allegations.

10. Defendants produced only a small fraction of responsive ticket jackets between November 29, 2022 and January 4, 2023. Out of a range spanning from 2017 through 2022, Defendants only produced ticket jackets for municipal defendants with the last name beginning with either "A" or "B" in 2017.

11. On December 21, 2022, in an attempt to expedite discovery and obtain necessary information contained in ticket jackets, Plaintiffs offered to engage

3

a vendor and then hired a vendor to scan these documents, as Defendants identified them as being responsive to twenty-eight discovery requests. Indeed, Defendants identified these records as being the sole source of responsive documents for at least eleven discovery requests.

12. Despite Plaintiffs' continued requests, Defendants have also failed to produce responsive documents unrelated to ticket jackets, which are identified in the Joint Report on November 29, 2022. These documents include those produced with portions cut off, documents requested during a deposition, various police and municipal court records, and agreements between the Town and specified vendors. *See* ECF No. 58. Defendants' failure to produce responsive documents has hindered Plaintiffs' ability to pursue discovery, including several depositions directly relevant to class certification.[1]

13. Plaintiffs have and will continue to proceed diligently with fact and class discovery in this case. Nevertheless, in light of Defendants' delayed and limited production of responsive documents, Plaintiffs seek to amend the Scheduling Order.

14. An extension will not affect any other deadlines in this case beyond class certification.

---

[1] The four depositions Plaintiffs conducted remain open because of the volume of remaining documents Defendants must produce.

15. Plaintiffs have notified Defendants of this Motion to Extend Case Deadlines and been advised that Defendants do not oppose this Motion.

16. As a result, Plaintiffs now respectfully request a 90-day extension of the case deadlines, as follows:

| Event | Proposed Deadline |
|---|---|
| Class certification motion, including all supporting exhibits and reports to be filed by | May 31, 2023 |
| Opposition to class certification motion, including all supporting exhibits and reports to be filed by | July 17, 2023 |
| Reply in support of class certification filed by | Pursuant to Local Civil Rules of this Court |

17. A proposed Order is being sent to the Court's inbox for proposed orders.

Respectfully submitted this 20 day of February, 2023.

/s/ *Jonathan M. Irwin*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin (OBA # 32636)
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
*Attorneys for Plaintiffs*