IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMIESHA HILL, et al., on behalf of themselves )
and all others similarly situated, )
)
                         Plaintiffs, )
)
            v. ) Case No. 5:21-cv-00097-SLP
)
TOWN OF VALLEY BROOK, et al., )
)
                         Defendants. )
)

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION
TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS**

Plaintiffs Kimiesha Hill, Kiara McCorkle, and Jason Garnett (collectively, "Plaintiffs") filed a Motion to Compel Defendants Town of Valley Brook, Lewis Nieman, Stephen Haynes, and Michael Stamp (collectively, "Defendants") to produce documents ("Motion to Compel") on October 25, 2022. ECF No. 50. On November 15, 2022, Defendants attested to the Court their belief that the documents they would provide by November 17, 2022 would be sufficient to "resolve the issues outlined in the Motion [to Compel]." *See* Defs.' Mot. for Additional Time ¶ 8, ECF No. 54. On November 29, 2022, Plaintiffs filed their Reply in Support of their Motion to Compel and the Parties filed a Joint Report, specifying the unresolved issues. ECF Nos. 57 & 58. Four months later, as outlined in this Supplemental Brief, Defendants have made little progress in resolving the

deficiencies identified in Plaintiffs' Motion to Compel.[1] Indeed, in many ways, Plaintiffs now know that the Motion to Compel understated the concerns with Defendants' discovery collection and production.

*First*, Plaintiffs and Defendants agree that municipal court files known as "ticket jackets" are central to the claims in this case, and they have been identified by Defendants as the sole source for certain information. *See* ECF No. 56. Nevertheless, in the last four months, Defendants only produced tickets jackets for municipal defendants whose last name started with the letter "A" or "B" for the year 2017.

*Second*, because Defendants specifically identified these ticket jackets as responsive to nearly 20 document requests, in an effort to push discovery forward, Plaintiffs hired a vendor at their own expense to scan the ticket jackets. Plaintiffs instructed the vendor to start by copying records from 2020, the year Plaintiffs themselves were arrested and appeared in the Valley Brook Municipal Court. Yet, after incurring the cost to scan the records, Plaintiffs' review of the 2020 records revealed Defendants had not provided or made available Plaintiffs' records. Plaintiffs notified Defendants of the missing ticket jackets on March 7, 2023, and were only then notified that original copies of Plaintiffs' records are missing. *See* Ex. 1, March 7, 2023 I. Babchinetskaya Email. On March 14, 2023, Defendants produced what they called "copies of Plaintiffs' ticket jackets." *Id.* at March 14, 2023 C. Powell Email. Certain pages within the copies are not readable. Having

---

[1] To date, because of Defendants' continued discovery delays, Plaintiffs' have moved for, and the Court has granted, two extensions of case deadlines. *See* ECF Nos. 44, 73.

2

either lost or destroyed the original copies, Defendants have left no way to confirm that the copies are complete.

*Third*, on January 25, 2023, the vendor notified Plaintiffs that Defendants only made available half a box's-worth of records for 2021. On January 31, 2023, Plaintiffs notified Defendants that they believed there were missing records for 2021. Ex. 2, January 31, 2023 T. Mays Email. In response, Defendants indicated that they "do not know that there are 'missing' ticket jackets," suggesting there would be fewer records for 2020 and 2021 because of the pandemic, and representing that they would confirm that they had all documents. *Id.* at February 1, 2023, C. Powell Email. After the vendor scanned what Defendants purported to be 2021 records, Plaintiffs learned that the number of ticket jackets provided for 2021 – 153 – was barely 10% of the number of ticket jackets provided in 2020: 1,253. What is more, those 153 records consisted of citations from years prior to 2021, and mostly related to charges over which the Valley Brook Municipal Court does not have jurisdiction. It was not until March 17, 2023 that Defendants notified Plaintiffs that they located five additional boxes of records for 2021. Plaintiffs plan to inspect the records prior to the hearing scheduled for March 23, 2023 and will be prepared to address the issue further with the Court.

*Fourth*, Plaintiffs recently learned that Defendants have not preserved relevant documents to this litigation. On February 24, 2023, Defendants produced an electronic version of the Valley Brook Police Department Police Manual. The Manual's publisher identifies the copyright date of the document as October 14, 2022. Upon inquiry, Defendants stated that the Valley Brook Police Department has not maintained prior

versions of manuals, polices, or procedures, including 2021, the year the Complaint was filed in this case. *See* Ex. 1, March 10, 2023 C. Powell Email.

*Fifth*, Defendants have also failed to produce several other categories of documents that Plaintiffs first requested on June 23, 2022. Even after Plaintiffs offered and then hired a vendor to scan municipal records, Defendants made little progress in meeting their discovery obligations. Thus far, Defendants have still failed to produce the following documents in Defendants' possession, custody, and control:

1. Complete records related to the named Plaintiffs maintained on Valley Book Municipal Court's electronic systems;

2. Recordings or transcriptions of Rule 8 hearings;

3. Electronic documents listing individuals sentenced to probation;[2]

4. Electronic documents listing individuals sentenced to community service;

5. Valley Brook Police Department bond schedule(s);

6. Valley Brook Police Department Policy and Procedure Manuals;

7. Valley Brook Police Department training records;

8. Valley Brook Municipal Court Policy and Procedure Manuals, including handbooks and other training material provided to employees;

9. Native versions of docket sheets;

10. Contracts or agreements between the Town and Defendant Judge Haynes;

11. Information showing the number of Valley Brook Police Officers and their personnel records;

---

[2] On November 29, 2022, Defendants' Counsel stated they are in possession of what they believe to be "electronic reports showing individuals on probation for the last five years[.]" Joint Report ¶ 3, ECF No. 58. To date, Plaintiffs have not received these reports.

12. Spreadsheets related to citation fine amounts and citation list reports in a readable format;

13. Documents of financial transactions between the Town and the Oklahoma County Detention Center, including payments and invoices; and

14. Unproduced years of citation list reports, police officer summary reports, the Town's financial statements and audit reports, and proposed budgets.

These documents are unquestionably relevant to Plaintiffs' claims and responsive to their document requests.

Defendants have dragged their feet on discovery for months, while Plaintiffs have made every effort to move forward with discovery. Plaintiffs respectfully request that the Court grant its Motion to Compel Defendants to Produce Documents, ordering that Defendants do so within 15 business days.

Dated:  March 20, 2023

Respectfully submitted,

*/s/ Izabella Babchinetskaya*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin (OBA #32636)
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of March 2023, I electronically submitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants on file.

*s/Jonathan Irwin*
Jonathan M. Irwin