# EXHIBIT 2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| | |
|---|---|
| KIMIESHA HILL, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:21-cv-00097-SLP |
| TOWN OF VALLEY BROOK, et al., | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Pottawatomie County Public Safety Center

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Complete and accurate copies of all documents in your possession, custody or control demanded in the attached "Schedule A."

| Place: Ward & Glass, LLC, 1601 36th Avenue NW, Norman, Oklahoma 73069 | Date and Time: May 15, 2023 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 21, 2023

*CLERK OF COURT*
OR
_____                    /s/ Jonathan M. Irwin
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, who issues or requests this subpoena, are:

Jonathan R. Irwin, 1601 36th Ave. NW, Norman, OK 73069; jonathan@wardglasslaw.com; 405.360.9700

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:21-cv-00097-SLP

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                      *Server's signature*

                                      _____
                                      *Printed name and title*

                                      _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

Case 5:21-cv-00097-SLP   Document 85-2   Filed 04/21/23   Page 4 of 9

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS AND RULES OF CONSTRUCTION**

1. "Agreement" means any contract, arrangement, understanding, meeting of the minds or plan, including jail services agreements, whether written or oral, formal or informal, express or implied, between two or more persons or entities, together with all modifications or amendments.

2. "All/any/each" shall each be construed as encompassing all and any.

3. "And" and "or" mean "and/or" and shall not be interpreted to exclude any information otherwise within the scope of any demand.

4. "City" refers to the Town of Valley Brook, Oklahoma and any of its agents or representatives.

5. "Communications" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and includes without limitation all oral, electronic, or written communications.

6. "You" and "Your" refer to the Pottawatomie County Public Safety Center, Oklahoma.

7. The term "document" is used herein in the broadest sense and means, without limitation, any written, printed, typed, photographed, recorded, electronic, or otherwise reproduced communication or representation, including electronic mail, text or instant messages, chats, social media messages, non-identical copies, preliminary versions, drafts or revisions of any of the foregoing, and all attachments, enclosures or other documents that are attached to such designated documents.

8. "Documents sufficient to show" means both Documents that are necessary and Documents that are sufficient to provide the specified information.

9. "Municipal Defendant(s)" refers to any person arrested by the Valley Brook Police Department and incarcerated in the county jail solely on municipal charges, municipal convictions, and/or any other person that is held solely at the request of the City and/or the Valley Brook Police Department.

10. The terms "regarding," "relating to," "related to," and "referring to," mean concerning, constituting, containing, embodying, evidencing, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular demand.

## INSTRUCTIONS

1. These demands for the production of documents are continuing. If any document sought by these demands is not identified or discovered until after the response is served, or if any response or production for any reason should later become incorrect or incomplete, you have a continuing duty to supplement or change responses previously submitted or supplement prior document productions.

2. Each demand refers to all information that can be located or discovered by you or any person, employee, representative, or agent who has acted or is now acting on your behalf, using reasonably diligent efforts.

3. Each document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever, unless it is clearly indicated otherwise.

4. Where only a portion of a document relates or refers to the subject indicated, the entire document, along with all attachments, appendices, enclosures, and exhibits nevertheless must be produced.

5. If the plain meaning of a term defined herein appears in conflict with its defined meaning, these demands should be read broadly to encompass documents responsive to the demand under either definition.

6. With respect to these demands, your responses shall state with respect to each category of documents or things (1) that inspection and copying will be permitted as requested or, alternatively, that you will produce copies of documents or of electronically stored information instead of permitting inspection, (2) that there are no such documents or things, or (3) that the demand is objected to, in which event the reasons for the objection shall be stated.

7. To the extent that you object to any of the demands herein, whether in whole or in part, on the grounds that the information sought is privileged or otherwise protected, please respond to the portions of the demand as to which no privilege is claimed.  In the event that any document or portion thereof is withheld or redacted on the basis of any privilege or otherwise claimed to be protected against production, such document shall be identified by stating:

    a. the nature of the privilege or reason for withholding and/or redacting which you contend applies;

    b. the factual basis for your assertion of privilege or the reason for withholding and/or redacting;

    c. the type of document (*e.g.*, email, letter, memorandum, etc.);

    d. all authors and addressees;

    e. all indicated and blind copies;

   f. all persons to whom the document was distributed, shown, or explained;

   g. the document's date;

   h. a summary description of the document's subject matter;

   i. the number of pages and attachments or appendices comprising the document; and

   j. its present custodian.

 8. If the responses to any of the following demands are that the documents are not in your possession or custody, and you are not able to identify the location of the documents and who has possession, custody, or control, then describe in detail the efforts you made to locate the documents.

 9. References to the singular include the plural and vice versa.

 10. Words importing the masculine gender shall include the feminine and neutral genders and vice versa.

 11. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

 12. All phrases following the terms "including," "including but not limited to," and "including without limitation" are intended to illustrate the kinds of matters that are responsive to the demand.  Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the demand.

 13. When a demand calls for the production of electronically stored information, you shall produce the material in a .pdf or .tiff image format with a document-control number associated with each page of such images, as well as in the native format of the material so that all associated metadata is also produced with the electronic file.

**DOCUMENTS**

1. All Agreements executed or entered into by You and the City and/or the Valley Brook Police Department, including any agreed upon procedures, amendments, addenda, clarifications, or modifications to such Agreements, from January 1, 2017 to present.

2. All documents identifying and/or listing each Municipal Defendant incarcerated, housed, or held by You from January 1, 2017 to present, including but not limited to, each Municipal Defendants' name, time period in which the Municipal Defendant was in Your custody, and their charges or convictions.

3. All documents received by You from the City and/or Valley Brook Police Department for booking of Municipal Defendants from January 1, 2017 to present.

4. Documents sufficient to show compensation received by You under the terms of the Agreements from January 1, 2017 to present.

5. All statements and/or invoices prepared and submitted by You to the City and/or Valley Brook Police Department from January 1, 2017 to present.