# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMIESHA HILL, et al., on behalf of themselves)
and all others similarly situated,          )
                          )   Case No. 5:21-cv-00097-SLP
             Plaintiffs,      )
                          )
            v.            )
                          )
TOWN OF VALLEY BROOK, et al.,     )
                          )
             Defendants.     )
                          )

## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANTS TO ANSWER INTERROGATORIES AND FOR SANCTIONS

Plaintiffs Kimiesha Hill, Kiara McCorkle, and Jason Garnett ("Plaintiffs") move to compel Defendants Town of Valley Brook, Lewis Nieman, Stephen Haynes, and Michael Stamp (collectively "Defendants") to provide adequate answers and verifications in response to the First Set of Interrogatories that Plaintiffs served on each Defendant (collectively, "Interrogatories").   Plaintiffs respectfully request that the Court compel Defendants to comply with their discovery obligations and sanction Defendants for their continued failures to do so by: (1) ordering Defendants to supplement their Answers; (2) ordering Defendants to provide verifications; and (3) awarding Plaintiffs their reasonable attorneys' fees and costs in bringing this Motion.   Plaintiffs file this Motion only after numerous good faith attempts to resolve this dispute over the course of the past five months; indeed, during that time Defendants agreed on seven separate occasions to remedy the deficiencies.

## FACTUAL BACKGROUND

1.      On November 7, 2022, Plaintiffs served separate sets of Interrogatories on each of the four Defendants.  Ex. 1, Pls.' Interrogatories.

2.      Defendants' failed to timely respond to the Interrogatories (collectively, the "Answers") by December 7, 2022.  *See* Federal Rule of Civil Procedure 34(b)(2).

3.      On December 9, 2022, Plaintiffs notified Defendants of their failure to meet the discovery deadline and inquired as to when they could expect Defendants' Answers. Ex. 2, I. Babchinetskaya December 9, 2022 Email at 7:50 AM.

4.      On December 9, 2022, Defendants responded that they would provide their Answers by December 14, 2022. Ex. 2, C. Powell December 9, 2022 Email at 5:04 PM.

5.      Defendants, however, failed to provide Answers on December 14, 2022.

6.      On December 15, 2022, Plaintiffs again inquired as to when they could expect Defendants' Answers, and requested a meet and confer to discuss Defendants' untimely discovery responses. Ex. 2, I. Babchinetskaya December 15, 2022 Email at 9:48 AM.

7.      On December 15, 2022, Defendants informed Plaintiffs that they would provide Answers by December 20, 2022.  Defendants did not respond to a request to meet and confer.  Ex. 2, C. Powell December 15, 2022 Email at 5:33 PM.

8.      On December 21, 2022, Defendants sent Plaintiffs unverified and incomplete Answers.  Ex. 2, C. Powell December 21, 2022 Email at 1:03 AM; *see also* Ex. 3, Defendants' Answers and Objections to Plaintiffs' Interrogatories.

9.      Defendants never sought nor did Plaintiffs ever consent to an extension of the original December 7, 2022 deadline for Defendants' Answers.

10.     On December 21, 2022, at Plaintiffs' request, the parties engaged in a meet and confer.

11.     During the meet and confer, Plaintiffs informed Defendants that their Answers were unverified and that several responses were incomplete and needed to be supplemented.  Defendants informed Plaintiffs that they would verify and supplement the Answers in the first week of January 2023.  Defendants did not do so.

12.     On January 24, 2023, Plaintiffs sent Defendants a deficiency letter (the "January 24 Deficiency Letter") reiterating their request for Defendants to provide the necessary verifications and to address all deficient Answers by January 30, 2023.  Ex. 4, January 24 Deficiency Letter.

13.     On January 30, 2023, Defendants circulated correspondence in which only Defendant Haynes and Defendant Nieman provided supplemental Answers to certain Interrogatories.   Defendants further informed Plaintiffs that they would provide verifications for all Interrogatories as well as supplemental Answers by February 3, 2023. Ex. 5, January 30 Letter from C. Powell.  Defendants did not do so.

14.     On January 31, 2023, Plaintiffs requested another meet and confer to discuss Defendants' outstanding discovery obligations, including Defendants' failure to address the deficiencies outlined in Plaintiffs' January 24 Deficiency Letter.  Ex. 6, T. Mays January 31, 2023 Email at 3:28 PM.

15.     On February 8, 2023, during the meet and confer, Defendants informed Plaintiffs that they would provide Defendant Town of Valley Brook's and Defendant Haynes' respective verifications by February 10, 2023.  Defendants further promised to supplement deficient Answers for Defendant Town of Valley Brook by February 10, 2023.  Plaintiffs stated that they would file a motion to compel Answers to Interrogatories if Defendants' deficiencies were not remedied.

16.     On February 10, 2023, Defendants once again failed to provide any Interrogatory verifications.[1]  The same day, Defendants informed Plaintiffs that they were not aware of any information responsive to Defendant Town of Valley Brook's Interrogatory No. 11, which seeks "Policies, Procedures, Customs, or Practices for . . . memorializing ability to pay assessments and determinations."  Ex. 6, C. Powell February 10, 2023 Email at 11:27 PM.

17.     On March 23, 2023, the Court held a hearing on Plaintiffs' Motion to Compel Defendants to Produce Documents.  Before the hearing, Plaintiffs again inquired as to the missing verifications and the required supplementations.  Counsel for Defendants stated that she believed she had just received Defendant Haynes' verification.

18.     One week later, Defendants had still failed to remedy their deficiencies.  Plaintiffs inquired again as to when Plaintiffs could expect the outstanding information

---

[1]     Instead, counsel for Defendants provided a verification for Defendant Town of Valley Brook's answers to Requests for Admissions.  Ex. 6, C. Powell February 10, 2023 Email at 11:27 PM.

requested in their January 24 Deficiency Letter.  Ex. 7, I. Babchinetskaya March 29, 2023 Email at 6:20 PM.

19.      On March 30, 2023, Defendants informed Plaintiffs that they would provide Interrogatory verifications by April 4, 2023. Ex. 7, C. Powell March 30, 2023 Email at 5:53 PM.  Defendants did not do so.

20.     On April 4, 2023, Defendants informed Plaintiffs that they would provide Interrogatory verifications by April 18, 2023.  Ex. 7, C. Powell April 4, 2023 Email at 5:51 PM.

21.     On April 18, 2023, Defendants provided documents that Defendants were compelled to produce at the March 23, 2023 hearing.  In the letter accompanying the production, Defendants supplemented their Answer to Defendant Town of Valley Brook Interrogatory No. 11 to note that the Town had identified responsive information, contrary to their previous position that the Town was not aware of any responsive information.  In the same letter, Defendants further informed Plaintiffs that they did not intend to supplement Defendant Nieman's Answer to Interrogatory No. 17. Ex. 8, April 18 Production Letter.

22.     To date, Defendants have failed to (i) provide any Interrogatory verifications, which are now over five months past due and (ii) remedy all Interrogatory deficiencies that Plaintiffs outlined in their January 24 Deficiency Letter—deficiencies that Defendants have promised to cure on at least seven different occasions.

## ARGUMENT AND AUTHORITIES

### I.    Legal Standard

The Federal Rules of Civil Procedure afford discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).  Rule 33(a)(2) of the Federal Rules of Civil Procedure allows parties to serve interrogatories that relate to any matter that is the subject of an inquiry under Rule 26(b).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  Courts treat an evasive or incomplete answer as a failure to answer.  Fed. R. Civ. P. 37(a)(4); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977) (reaffirming that responding party must provide answers that are "responsive, full, complete and unevasive"); *Joint Tech., Inc. v. Weaver*, No. CIV-11-846-M, 2013 U.S. Dist. LEXIS 12509, at *14 (W.D. Okla. Jan. 30, 2013) (same).  Additionally, the answering party "cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control."  *Miller*, 76 F.R.D. at 140.  When a party unjustifiably resists discovery, as Defendants have here, Rule 37 affords the Court broad discretion to sanction that party.  *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011).

Pursuant to Fed. R. Civ. P. 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Plaintiffs have met and conferred to resolve Defendants' deficient Answers and missing interrogatory verifications on at least two separate occasions and have asked Defendants to cure those deficiencies numerous times by email, letter, and face-to-face conversation.

Additionally, counsel for Plaintiffs have in good faith conferred with counsel for Defendants by telephone and videoconference in an effort to obtain discovery without Court intervention in accordance with LCvR37.1. Thus, Plaintiffs have met the requirements necessary to bring this Motion in front of the Court.

## II.   Legal Argument

The Court should compel Defendants to comply with their discovery obligations and sanction Defendants for their failures to do so.[2] No valid excuse exists for Defendants' failures to comply with the discovery rules.

### a.  Defendants' Failed to Verify their Interrogatory Answers

Defendants' Answers are deficient because Defendants did not verify them. Fed. R. Civ. P. 33(b)(5) requires that interrogatory answers be signed. Supplemental answers must also be verified. *Liebeck v. Am. Phx., Inc.*, No. CIV-22-153-PRW, 2023 U.S. Dist. LEXIS 26422, at *6 (W.D. Okla. Feb. 16, 2023) (granting motion to compel verifications). To date, Defendants have failed to provide verifications for the Answers they served on

---

[2]    Plaintiffs' Interrogatories seek information and documents directly related to allegations in their Complaint, including but not limited to: Defendants' violations of individuals' due process rights by imprisoning or threatening them with imprisonment for failure to pay; Defendants' failure to provide an opportunity for individuals to be heard prior to arrest, detention, or other punitive action; Defendants' assessment of excessive fines; their violation of individual's Fourth Amendment rights; and their practices of jailing individuals indefinitely without an opportunity to be heard.

December 21, 2022, despite several requests from Plaintiffs to do so; and, Defendants have not provided verifications for any supplemental responses.

Here, the need for verifications is acute. On numerous occasions, as detailed above and in other motions filed by Plaintiffs, Defendants have consistently provided incomplete and inaccurate answers. *See, e.g.*, ¶ 21. After months of waiting, Plaintiffs require Defendants' assurances that their discovery responses are final and reliable.

### b. Defendants' Answers are Deficient and Must be Supplemented

The following Answers are wholly insufficient, evasive, and not responsive: (1) Stamp's Interrogatory Nos. 8, 11[3]; (2) Haynes' Interrogatory Nos. 4, 5, 6, 7, 12; and (3) Town's Interrogatory Nos. 9, 10[4].

**Stamp's Interrogatory No. 8**. This Interrogatory asks Defendant Stamp to "[e]xplain how You or Your employees or agents calculate the amount Municipal Defendants must pay in order to be released from the Valley Brook Police Station." Defendant Stamp answered: "The amount a Municipal Defendant must pay is established by the Defendant Town's municipal ordinances." Defendant Stamp's Answer is not sufficient because he does not identify which ordinances are used or describe how the calculations are made.

**Stamp's Interrogatory No. 11**. This Interrogatory asks Defendant Stamp to "[i]dentify any and all information that You or Your employees or agents provide to Municipal Defendants regarding the right to counsel before, during, and after arrest." Defendant Stamp answered: "Municipal Defendants are advised of the right to an attorney as required by law." This Answer is nothing more than a confirmation that Defendant Stamp is required by law to advise Municipal Defendants of their rights. The Answer fails to identify the specific "law" relied upon, how Defendant Stamp and his agents comply with said law, and it fails to identify the information provided to Municipal Defendants before, during, and after arrest.

---

[3]     Significantly, Defendant Stamp largely did not lodge objections to Interrogatories directed toward him.

[4]     Defendant Town failed to provide an answer to Interrogatory number 10.

**Haynes' Interrogatory No. 4.**  This Interrogatory asks Defendant Haynes to "[i]dentify any and all formal and informal instructions that You or Your agents have received from Defendants pertaining to assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint.  Describe in detail who provided each instruction and when."  Defendant Haynes objected and answered that: "he receives instruction from Defendant Town regarding the amount of fees or costs that may be assessed. Generally, the instructions received by Defendant Haynes are dictated to him by the Town's ordinances, policies, and procedures." The Answer is insufficient because it does not: (1) identify the instructions, (2) address individuals who are not able to pay, (3) fails to identify the specific Town ordinances, and (4) fails to identify who provided this information and when.

**Haynes' Interrogatory No. 5.**  This Interrogatory asks Defendant Haynes to "[e]xplain the procedure by which You calculate a Municipal Defendant's outstanding Fines, Fees, or Costs; determine a Municipal Defendant's ability to pay Fines, Fees, or Costs; and determine whether to grant a Municipal Defendant an alternative to paying Fines, Fees, or Costs in full, such as granting a payment plan or community service. Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made."  Defendant Haynes objected and answered: "Defendant Haynes states that the determination of a Municipal Defendant's Fines, Fees, or Costs are dictated by the scheduled passed and approved by Defendant Town."  Again, this Answer is entirely insufficient. Defendant Haynes' response only references a schedule that is not identified by Defendant Haynes, and does not address how Defendant Haynes handles ability to pay determinations and alternatives to payment in full.

**Haynes' Interrogatory No. 6.**  This Interrogatory asks Defendant Haynes to "[e]xplain the procedure by which You determine whether to place a Municipal Defendant on probation and what probation entails. Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made."  Defendant Haynes' supplemental response includes that "determination of probation is made on a case-by-case basis.  Probation is governed by the Defendant Town's municipal ordinances. The prosecuting attorney also makes recommendations regarding deferred sentences which would limit the Court's opportunity to decide on deferred sentences because many Municipal Defendants speak with the prosecuting attorney before appearing in front of Defendant Haynes."

The Answer does not identify what factors are considered for a case-by-case determination, what ordinances relate to probation, how the prosecuting attorney limits Defendant Haynes' actions, or what probation entails.

**Haynes' Interrogatory No. 7.**  This Interrogatory asks Defendant Haynes to "[e]xplain the procedure by which You determine whether to send a Municipal Defendant to jail for failure to pay Fines, Fees, or Costs.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made."  Defendant Haynes answered: "Any determination regarding whether a Municipal Defendant is sent to jail is governed by the Defendant Town's municipal ordinances."  The Answer does not identify the ordinance and how Defendant Haynes follows a specific ordinance.

**Haynes' Interrogatory No. 12.**  This Interrogatory asks Defendant Haynes to "[e]xplain the procedure by which you issue bench warrants for Municipal Defendants who fail to appear.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including when any policy changes was made."  Defendant Haynes answered: "Bench warrants are issued pursuant to the Defendant Town's policies.  Bench warrants are typically issued for failure to appear at a hearing or failure to pay."  The Answer does not identify the policy and how Defendant Haynes follows the specific policy.

**Town's Interrogatory No. 9.**  This Interrogatory asks Defendant Town to "[e]xplain Your Policies and Procedures regarding the availability of public defenders or other counsel for Municipal Defendants before, during, and after a Court Proceeding, and to informing Municipal Defendants of their right to counsel when jailed or threatened with jail."  Defendant Town answered that it "provides attorneys as required by Oklahoma state law and in accordance with their status as a court no of record.  Municipal Defendants are advised of their right to an attorney."  The Answer does not identify the Oklahoma state law and how the availability of public defenders is impacted by its status as a court of no record.  It also fails to describe the Town's policies and procedures regarding informing individuals of their rights to counsel.

*See* Ex. 3.

In addition, in lieu of providing responses, several of Defendants' Answers indicated that Defendants were gathering responsive information, reviewing information, or would supplement the Interrogatories.  *See, e.g.*, Haynes' Interrogatory No. 20; Nieman's Interrogatory No. 12; Town's Interrogatory No. 14; and Stamp's Interrogatories Nos. 3, 4, 5, 6, 13, 16.  The requested information in these Interrogatories are not of the nature that would require Defendants to investigate in order to provide a sufficient answer, especially given that discovery requests related to these topics have been pending since June 2022.  And, even if investigation was required, the following Interrogatories have not been supplemented:

> **Haynes' Interrogatory No. 20**.  Defendant Haynes was asked to describe in detail the "discussion regarding the municipal court process" referenced in his Answer at Paragraph 97, and the "process in place for indigent defendants" referenced in his Answer at Paragraph 98.  Without answering, Defendant Haynes stated that he would "supplement this response."  Plaintiffs merely sought information related to Defendant Haynes' pleading—information he should have possessed when the pleading was filed with the Court.

> **Nieman's Interrogatory No. 12**.  Defendant Nieman was asked about any complaint, disciplinary proceeding, or grievance against Defendant Haynes, and, what if any, actions he took in response to the allegations.  Defendant Nieman stated that he did not recall reviewing any formal grievance but that he was "reviewing information available to him."

> **Town's Interrogatory No. 14**.  Defendant Town was asked to identify and describe "any and all training materials You provided to municipal employees and agents about: (a) ability to pay determinations; (b) detaining Municipal Defendants for failure to pay (before and after Court proceedings); (c) Municipal Defendants' right to counsel; (d) assessing Fines, Fees, and Costs, and (e) detaining individuals without an ability to be heard."  Defendant Town answered: "Defendant Town is locating any responsive training materials and will supplement its response."

> **Stamp's Interrogatories Nos. 3, 4, 5, and 6**.  Defendant Stamp was asked to identify "formal and informal policies, instructions, directions, orders, and trainings" provided to Valley Brook police officers related to (1) "stops, searches,

and seizures," (2) "assessing and taking payment for traffic or other violations, for bail, or for any other reason, from individuals between when they are stopped by the Valley Brook Police Officers and transferred to Oklahoma County jail," (3) "detaining individuals who are not able to pay Fines, Fees, or Costs and transferring them to Oklahoma County jail," and (4) "allowing Municipal Defendants to keep their phones to contact Bail Bondman and others to obtain fund for Fines, Fees, and Costs."  In response to these Interrogatories, Defendant Stamp stated that he was reviewing and gathering information, but that he generally "provides Valley Brook Police Officers with instructions and a copy of the Defendant Town's municipal ordinances."  Defendant Stamp did not identify which instructions he provided or what specific ordinances he generally provided regarding the specific topics in these Interrogatories, and he has yet to supplement his Answer with the information he reviewed.

**Stamp's Interrogatory No. 13**.  Defendant Stamp was asked to "[i]dentify which police officers attend Court Proceedings, and describe in detail what their role is in the Court Proceedings."  He responded: "Defendant Stamp is gathering information responsive to this request and will supplement. Police Officers attend weekly court proceedings as a proactive measure to keep the peace."  Defendant Stamp did not describe in detail police officers' role during court proceedings, and has not supplemented this Answer.

**Stamp's Interrogatory No. 16**.  Defendant Stamp was asked to "[d]escribe in detail whether You or Your employees or agents are instructed that Municipal Defendants are not permitted to leave the Valley Brook Municipal Court during Court Proceedings, and identify who provided that instruction."  Defendant Stamp responded that he was "gathering information responsive to this request and will supplement."

*See* Ex. 3.  None of these Interrogatory Answers are in fact answers and none have been supplemented.   Because Defendants' Answers remain largely incomplete and unresponsive, the Court should compel Defendants to adequately answer Plaintiffs' Interrogatories.  *See Miller*, 76 F.R.D. 136 at 140 ("In the interest of narrowing the issues and ascertaining the facts relevant thereto, the Court should not permit answers to interrogatories which are incomplete, inexplicit and unresponsive.").

### c. The Court Should Issue Sanctions Against Defendants For Their Persistently Evasive Behavior

This Court should issue sanctions against Defendants for their failure to comply with their discovery obligations.  For over five months, Defendants have evaded their discovery obligations by unilaterally shifting their deadlines without negotiating or seeking consent from Plaintiffs, by failing to cure deficient or non-responsive Answers, and by failing to verify their Answers as required under Rule 33(b)(3) of the Federal Rules of Civil Procedure.  Defendants' behavior is unacceptable.  Plaintiffs have in good faith tried to work with Defendants to meet their discovery obligations—the parties have met and conferred and Plaintiffs have sent numerous correspondences reminding Defendants of their deadlines and discovery commitments—but to no avail.  *See, e.g.*, ¶¶ 3, 6, 11, 12.

Defendants' actions have left Plaintiffs with no recourse but to file this Motion to obtain necessary information.  This Court has established that in such a situation—where Defendants have continually failed to meet their discovery requirements, where the record reflects that Plaintiffs attempted in good faith to obtain discovery, and where there is nothing in the record that prohibits an award of expenses—an award of expenses is both appropriate and required.  *Palmer v. Homeco* No. CV-17-492-SLP, 2018 U.S. Dist. LEXIS 242990, at *6 (W.D. Okla. Mar. 2, 2018) (Palk, J.) (granting motion to compel discovery and awarding attorney's fees where plaintiff failed to timely respond to the discovery requests, the initial responses were deficient and needed to be supplemented, which only occurred after the filing of a motion, and where there were "significant and repeated delays in providing the discovery"); *Tetra Techs., Inc. v. Hamilton*, No. CIV-07-1186-M, 2008

U.S. Dist. LEXIS 60094, at *7-8 (W.D. Okla. Aug. 7, 2008) (awarding attorney's fees and costs where defendant did not provide an explanation for his failure to timely supplement discovery responses and where nondisclosure, responses, and objections were not substantially justified).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order compelling Defendants to supplement their Answers and provide verifications, and awarding Plaintiffs their reasonable attorneys' fees and costs in bringing this Motion.

Dated:  May 19, 2023                        Respectfully submitted,

*/s/ Jason A. Leckerman*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19 day of May 2023, I electronically submitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants on file.

*/s/Jonathan Irwin*
Jonathan M. Irwin