Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

KIMIESHA HILL, et al., on behalf of themselves)
and all others similarly situated,                          )
                                                                          ) Case No. 5:21-cv-00097-SLP
               Plaintiffs,            )
                                                                          )
               v.                           )
                                                                          )
TOWN OF VALLEY BROOK, et al,                        )
                                                                          )
               Defendants.          )
                                                                          )

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**DIRECTED AT DEFENDANT TOWN OF VALLEY BROOK**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), by their undersigned counsel, hereby propound the following First Set of Interrogatories Directed to Defendant Town of Valley Brook (the "Interrogatories"). Plaintiffs request that Defendant Town of Valley Brook serve its answers, in writing and under oath, to the undersigned counsel for Plaintiffs.

All Interrogatories shall be answered in accordance with the Definitions and Instructions that are below. The full text of the Definitions and Instructions shall be deemed incorporated by reference into each Interrogatory.

## DEFINITIONS

1.      The terms "Town of Valley Brook," "Town," "Valley Brook," "Defendant Valley Brook," "You," and "Your," as used in these Requests, refer to Defendant Town of Valley Brook, its agencies, and to any staff employed in the Town of Valley Brook, or any representative or consultant of the aforementioned.

2.      The term "Plaintiff(s)" refers to Kimiesha Hill, Jason Garnett, and Kiara McCorkle.

3.     The term "Municipal Defendant(s)" refers to individuals who were stopped by Valley Brook Police officers and appeared before Defendant Judge Stephen Haynes, including, but not limited to, Plaintiffs, for the adjudication of municipal or criminal charges in the Valley Brook Municipal Court.

4.     "Defendants" refers to the Town of Valley Brook, Judge Stephen Haynes, Mayor Lewis Nieman, and Police Chief Michael Stamp.

5.     "Complaint" refers to the above-captioned matter filed by Plaintiffs on January 7, 2021.

6.     "Municipal Court" refers to the Valley Brook Municipal Court.

7.     "Police Department" refers to the Valley Brook Police Department.

8.     "City Attorney" refers to the municipal prosecutor who participates in Valley Brook Municipal Court Proceedings.

9.     The term "Time Payment Application(s)" refers to an application filled out by Municipal Defendants requesting installment payments or alternatives to payment in full.

10.    The term "Ticket Jacket" refers to the physical envelope, sleeve, or flat paper container with a sealable flap, used to enclose and record all information regarding each Municipal Defendant during Court Proceedings and any documents or information contained inside the envelope regarding the Municipal Defendant.

11.    The term "Pay-for-Stay Costs" refers to the amount charged to individuals for their confinement in jail.

12.    The terms "Fines," "Fees," or "Costs" refer to a sum imposed for punishment; payment for a municipal or criminal offense; or other amounts assessed against Municipal Defendants for any reason by the Valley Brook Police Department and its officials, Defendant

Judge Stephen Haynes and officials of the Valley Brook Municipal Court, or any other representative or agent of Defendant Town of Valley Brook.

13. "Court Proceedings" means any event pertaining to the adjudication of a municipal or criminal charge in front of Defendant Judge Stephen Haynes.

14. The term "Document(s)" shall have the broadest possible meaning under Fed. R. Civ. P. 34(a)(1), and includes, without limitation, any electronically stored information ("ESI"), written or graphic matter or other tangible means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, including recorded oral statements, written statements, meetings, conversations, or conferences, formal or informal, at any time or place, under any circumstances, whereby any information was exchanged, and, to the extent not previously stated, any other transmission, conveyance, or exchange of information, by writing, recorded oral statement, electronic transmission, fax or other means, including memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, recorded meetings or other communications, recorded interoffice telephone calls, diaries, chronological data, minutes, books, reports, schedules, affidavits, declarations, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

15.     The term "Communications" includes any type of correspondence (*e.g.*, letters, electronic mail, text messages, Twitter messages, Facebook messages, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting, or telephone conversation, as well as every kind of written or graphic communication.

16.     The terms "Policy," "Policies," "Procedure(s)," or "Practices" mean any practice, procedure, directives, memorandum, routine, rules, courses or codes of conduct, whether written or unwritten, formal or informal, recorded or unrecorded, and which were recognized, adopted, or followed by You, the Valley Brook Municipal Court employees or staff, and the Valley Brook Police Station employees and staff.

17.     The term "Rule 8," as used in these Interrogatories, refers to Rule 8.1 – 8.8 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18, which list court procedures relating to the assessment of a criminal defendant's ability to pay.

18.     The term "Rule 8 Hearing" refers to a judicial proceeding required by Rule 8.1 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18.

19.     The term "Order(s)" refers to oral or written judicial decisions.

20.     The terms "and" and "or" should be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of the Interrogatory that which might otherwise be construed to be outside the scope.  Whenever the conjunctive or the disjunctive appears within an Interrogatory, the Interrogatory is to be construed as requesting all information that relates to any one or any combination of elements of the Interrogatory as if each element has been stated

separately.  The conjunctive and disjunctive are not to be construed in any way that would limit the scope of the Interrogatory.

21.     The words "all," "any," and "each" should be construed most expansively.  "Any" includes the word "all," and "all" includes the word "any."   The disjunctive includes the conjunctive and vice versa, as necessary, to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

22.     The terms, "identify," "identification," or "describe":

a.      When used with respect to a person, means to state the person's name, last known business and home addresses, telephone numbers, and all past and present relationships with any party to this case;

b.      When used with respect to an entity or organization, means to state the entity's or organization's name, address, and telephone numbers, the form of entity or organization (e.g., corporation), the name of each individual who acted as a representative of the entity or organization, and all past and present relationships with any party to this case;

c.      When used with respect to a document, means to state the date, the author, the addressees, any other recipients, the type of document (e.g., letter), the subject matter, the current custodian, and the Bates number (where applicable); and

d.      When used with respect to a communication, means to state the date, the parties to the communication, the type of communication (e.g., telephone call), the subject matter, and the identity of all documents reflecting the communication.

23.     The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion, and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

24.      "Pertains to," "Pertaining to," "Relates to" and "Relating to" mean comprising, mentioning, analyzing, discussing, summarizing, describing, reflecting, referring to, containing,

depicting, embodying, evidencing, constituting, concerning, reporting or involving an act, occurrence, event, transaction, fact, thing or course of relating.

25.     The term "including" means including but not limited to.

26.     Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.  If you are unclear on the meaning of any word, please contact the undersigned counsel.

## **INSTRUCTIONS**

1.     These Interrogatories are continuing in nature, and pursuant to Fed. R. Civ. P. 26(e), you are under a duty to amend any answer to these interrogatories for which you learn that the answer is in some respect incomplete or incorrect.

2.     Unless otherwise specified, these Interrogatories are limited to the time period from January 1, 2017 to the present.

3.     In answering these Interrogatories, please furnish all information that is known or available to you, regardless of whether this information is possessed directly by you or by your employees, agents, or proxies.

4.     If any of these Interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder of the Interrogatory and stating whatever information, knowledge, or belief you do have concerning the portion answered.

5.     If you object or otherwise decline to answer any portion of an Interrogatory, please identify the portion of the Interrogatory to which you object or otherwise decline to answer, and state with particularity the reason for such objection or declination, and identify each person or organization having knowledge of the factual basis, if any, upon which the objection, privilege, or other ground is asserted.

6.      If you object to any Interrogatory on the ground that it is too broad, please provide such requested information as you acknowledge to be discoverable. If you object to an Interrogatory on the ground that providing such information would constitute an undue burden, please provide such requested information that you can provide without undue burden.

7.      If you refuse to provide any information demanded herein on the ground that said information is protected from discovery by a privilege or other protection, then you should:

        a.      Specify with particularity the nature of the privilege or other protection (including the work product doctrine) being claimed.

        b.      Identify each person making the purportedly protected communication, the names of persons present while the communication was made, and the relationship of persons present to the person making the communication;

        c.      The date and place of the communication; and

        d.      The general subject matter of the communication.

8.      Where you do not have knowledge of or access to the required information, please identify any person (if known to you) that can provide such information.

9.      These Interrogatories request knowledge and information (whether hearsay or admissible in its present form) in the possession, custody, or control of, or reasonably available to, the defendant.

10.     The use of the singular form of any word includes the plural and vice versa.

11.     The use of the past tense shall include the present tense, and the use of the present tense shall include the past tense, so as to make the Interrogatories inclusive rather than exclusive.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify any and all persons who have information about the dealings of Plaintiff(s) with Valley Brook as they relate to matters alleged in the Complaint, and

for each, describe in detail the information they possess.  This includes any employee or agent of the Municipal Court, Police Department, and municipal government (including the City Attorney).

**Response:**

**INTERROGATORY NO. 2:**  Identify any and all individuals who have been involved in Your Municipal Court Proceedings since five years prior to the filing of the Complaint and describe their roles and whether they are still involved.

**Response:**

**INTERROGATORY NO. 3:**  Identify any and all schedules of Fines, Fees, Costs, and other amounts that You assess against Municipal Defendants, including but not limited to Fines, Fees, Costs or other amounts for offenses, court proceedings, probation, failures to appear, warrants, trials, appeals, continuances, and time payment.

**Response:**

**INTERROGATORY NO. 4:**  Identify and describe any and all recordkeeping practices, for both hard copy and electronic Documents and Communications, that You have used for Municipal Court administration and/or records management related to arrests, payments, and imprisonment for traffic and/or municipal violations beginning five years prior to the filing of this lawsuit, and identify any and all persons with access to such records.

**Response:**

**INTERROGATORY NO. 5:**  Identify all Fines, Fees, Costs or other amounts assessed by Valley Brook against Plaintiffs related to the allegations described in the Complaint and describe in detail how You calculated each Fine, Fee, Cost, or other amount.

**Response:**

**INTERROGATORY NO. 6:**  Identify any and all individuals that You sent from Valley Brook to Oklahoma County Jail after they could not pay Fines, Fees, or Costs beginning five years prior

8

to the filing of the Complaint.  Please include (a) all individuals sent from Valley Brook to Oklahoma County Jail on this basis before the weekly Court Proceeding and (b) all individuals sent to Oklahoma County Jail on this basis after the weekly Court Proceeding.

**Response:**

**INTERROGATORY NO. 7:**  Identify any and all individuals who have made, or had paid on their behalf, a monetary payment to Valley Brook in order to secure their release from the Valley Brook Police Station, Oklahoma County Jail, or Municipal Court beginning five years prior to the filing of the Complaint.

**Response:**

**INTERROGATORY NO. 8:** Explain Your Policies and Procedures regarding a Municipal Defendant's detention at Oklahoma County jail, their ability to challenge their detention prior to the weekly Court Proceeding, and treatment of Pay-For-Stay Costs.

**Response:**

**INTERROGATORY NO. 9:** Explain Your Policies and Procedures regarding the availability of public defenders or other counsel for Municipal Defendants before, during, and after a Court Proceeding, and to informing Municipal Defendants of their right to counsel when jailed or threatened with jail.

**Response:**

**INTERROGATORY NO. 10:** Explain Your Policies and Procedures for assessing Municipal Defendants' ability to pay and/or failure to pay Fines, Fees, or Costs before detaining Municipal Defendants for failure to pay.

**Response:**

**INTERROGATORY NO. 11:** Explain Your Policies, Procedures, Customs, or Practices for recording, transcribing, or otherwise memorializing ability to pay assessments and determinations, including but not limited to any Rule 8 Hearings.

**Response:**

**INTERROGATORY NO. 12:** Explain Your Policies and Procedures pertaining to payment alternatives for Municipal Defendants, including but not limited to waiver of bonds, reduction or elimination of municipal debts, payment plans, probation, or community service.

**Response:**

**INTERROGATORY NO. 13:** Explain Your Policies and Procedures for determining whether and when to issue a warrant for failure to appear, and identify any and all persons involved in making such determinations.

**Response:**

**INTERROGATORY NO. 14:** Identify and describe in detail any and all training materials You provided to municipal employees and agents about: (a) ability to pay determinations; (b) detaining Municipal Defendants for failure to pay (before and after Court proceedings); (c) Municipal Defendants' right to counsel; (d) assessing Fines, Fees, and Costs, and (e) detaining individuals without an ability to be heard.

**Response:**

**INTERROGATORY NO. 15:** Identify and describe in detail any complaints, grievances, or any other accusations of misconduct made against You or Your municipal employees and agents pertaining to the assessment and collection of Fines, Fees, or Costs by Your Police Department or Your Municipal Court and any disciplinary actions taken, whether formal or informal.

**Response:**


Dated:  November 7, 2022

*/s/ Jason A. Leckerman*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays*
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*
*\*Admitted in New Jersey and Maryland only.*
*Practice limited to matters before federal*
*courts*

*Counsel for Plaintiffs*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of November, 2022, I caused a true and correct copy of the foregoing Plaintiffs' First Set of Interrogatories Directed to Defendant Town of Valley Brook to be served via email upon counsel of record.


_/s/ Izabella Babchinetskaya_
Izabella Babchinetskaya

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:21-cv-00097-SLP |
| v. | ) ) | |
| TOWN OF VALLEY BROOK, et al, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**DIRECTED AT JUDGE STEPHEN HAYNES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), by their undersigned counsel, hereby propound the following First Set of Interrogatories Directed to Defendant Judge Stephen Haynes (the "Interrogatories"). Plaintiffs request that Defendant Judge Stephen Haynes serve his answers, in writing and under oath, to the undersigned counsel for Plaintiffs.

All Interrogatories shall be answered in accordance with the Definitions and Instructions that are below. The full text of the Definitions and Instructions shall be deemed incorporated by reference into each Interrogatory.

## DEFINITIONS

1.     The terms "Judge Stephen Haynes," "Judge Haynes," "Haynes," "Defendant Haynes," "You," and "Your," as used in these Interrogatories, refer to Defendant Stephen Haynes, and any clerks or other staff employed in the Valley Brook Municipal Court, or any representative or consultant of the aforementioned individuals.

2.     The term "Plaintiff(s)" refers to Kimiesha Hill, Jason Garnett, and Kiara McCorkle.

3.      The term "Municipal Defendant(s)" refers to individuals who were stopped by Valley Brook Police officers and appeared before Defendant Judge Stephen Haynes, including, but not limited to, Plaintiffs, for the adjudication of municipal or criminal charges in the Valley Brook Municipal Court.

4.      "Defendants" refers to the Town of Valley Brook, Judge Stephen Haynes, Mayor Lewis Nieman, and Police Chief Michael Stamp.

5.      "Complaint" refers to the above-captioned matter filed by Plaintiffs on January 7, 2021.

6.      "Answer" refers to the Amended Answer filed by Defendants on May 11, 2022.

7.      "Municipal Court" refers to the Valley Brook Municipal Court.

8.      "Police Department" refers to the Valley Brook Police Department.

9.      The terms "Fines," "Fees," or "Costs" refer to a sum imposed for punishment; payment for a municipal or criminal offense; or other amounts assessed against Municipal Defendants for any reason by the Valley Brook Police Department and its officials, Defendant Judge Stephen Haynes and officials of the Valley Brook Municipal Court, or any other representative or agent of Defendant Town of Valley Brook.

10.     "Court Proceedings" means any event pertaining to the adjudication of a municipal or criminal charge in front of Defendant Judge Stephen Haynes.

11.     The term "Document(s)" shall have the broadest possible meaning under Fed. R. Civ. P. 34(a)(1), and includes, without limitation, any electronically stored information ("ESI"), written or graphic matter or other tangible means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made

on such copy or otherwise, including, but not limited to, correspondence, including recorded oral statements, written statements, meetings, conversations, or conferences, formal or informal, at any time or place, under any circumstances, whereby any information was exchanged, and, to the extent not previously stated, any other transmission, conveyance, or exchange of information, by writing, recorded oral statement, electronic transmission, fax or other means, including memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, recorded meetings or other communications, recorded interoffice telephone calls, diaries, chronological data, minutes, books, reports, schedules, affidavits, declarations, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

12.    The term "Communications" includes any type of correspondence (*e.g.*, letters, electronic mail, text messages, Twitter messages, Facebook messages, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting, or telephone conversation, as well as every kind of written or graphic communication.

13.    The terms "Policy," "Policies," "Procedure(s)," or "Practices" mean any practice, procedure, directives, memorandum, routine, rules, courses or codes of conduct, whether written

or unwritten, formal or informal, recorded or unrecorded, and which were recognized, adopted, or followed by You and the Valley Brook Municipal Court employees or staff.

14.     The term "Rule 8," as used in these Interrogatories, refers to Rule 8.1 – 8.8 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18, which list court procedures relating to the assessment of a criminal defendant's ability to pay.

15.     The term "Rule 8 Hearing" refers to a judicial proceeding required by Rule 8.1 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18.

16.     The term "Order(s)" refers to oral or written judicial decisions.

17.     The terms "and" and "or" should be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of the Interrogatory that which might otherwise be construed to be outside the scope.  Whenever the conjunctive or the disjunctive appears within an Interrogatory, the Interrogatory is to be construed as requesting all information that relates to any one or any combination of elements of the Interrogatory as if each element has been stated separately.  The conjunctive and disjunctive are not to be construed in any way that would limit the scope of the Interrogatory.

18.     The words "all," "any," and "each" should be construed most expansively.  "Any" includes the word "all," and "all" includes the word "any."   The disjunctive includes the conjunctive and vice versa, as necessary, to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

19.     The terms, "identify," "identification," or "describe":

    a.     When used with respect to a person, means to state the person's name, last known business and home addresses, telephone numbers, and all past and present relationships with any party to this case;

    b.     When used with respect to an entity or organization, means to state the entity's or organization's name, address, and telephone numbers, the form of entity or organization (e.g., corporation), the name of each individual

4

who acted as a representative of the entity or organization, and all past and present relationships with any party to this case;

c.  When used with respect to a document, means to state the date, the author, the addressees, any other recipients, the type of document (e.g., letter), the subject matter, the current custodian, and the Bates number (where applicable); and

d.  When used with respect to a communication, means to state the date, the parties to the communication, the type of communication (e.g., telephone call), the subject matter, and the identity of all documents reflecting the communication.

20.  The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion, and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

21.  "Pertains to," "Pertaining to," "Relates to" and "Relating to" mean comprising, mentioning, analyzing, discussing, summarizing, describing, reflecting, referring to, containing, depicting, embodying, evidencing, constituting, concerning, reporting or involving an act, occurrence, event, transaction, fact, thing or course of relating.

22.  The term "including" means including but not limited to.

23.  Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.  If you are unclear on the meaning of any word, please contact the undersigned counsel.

## **INSTRUCTIONS**

1.  These Interrogatories are continuing in nature, and pursuant to Fed. R. Civ. P. 26(e), you are under a duty to amend any answer to these interrogatories for which you learn that the answer is in some respect incomplete or incorrect.

2.      Unless otherwise specified, these Interrogatories are limited to the time period from January 1, 2017 to the present.

3.      In answering these Interrogatories, please furnish all information that is known or available to you, regardless of whether this information is possessed directly by you or by your employees, agents, or proxies.

4.      If any of these Interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder of the Interrogatory and stating whatever information, knowledge, or belief you do have concerning the portion answered.

5.      If you object or otherwise decline to answer any portion of an Interrogatory, please identify the portion of the Interrogatory to which you object or otherwise decline to answer, and state with particularity the reason for such objection or declination, and identify each person or organization having knowledge of the factual basis, if any, upon which the objection, privilege, or other ground is asserted.

6.      If you object to any Interrogatory on the ground that it is too broad, please provide such requested information as you acknowledge to be discoverable. If you object to an Interrogatory on the ground that providing such information would constitute an undue burden, please provide such requested information that you can provide without undue burden.

7.      If you refuse to provide any information demanded herein on the ground that said information is protected from discovery by a privilege or other protection, then you should:

      a.      Specify with particularity the nature of the privilege or other protection (including the work product doctrine) being claimed.

      b.      Identify each person making the purportedly protected communication, the names of persons present while the communication was made, and the relationship of persons present to the person making the communication;

      c.      The date and place of the communication; and

      d.      The general subject matter of the communication.

8.      Where you do not have knowledge of or access to the required information, please identify any person (if known to you) that can provide such information.

9.      These Interrogatories request knowledge and information (whether hearsay or admissible in its present form) in the possession, custody, or control of, or reasonably available to, the defendant.

10.      The use of the singular form of any word includes the plural and vice versa.

11.      The use of the past tense shall include the present tense, and the use of the present tense shall include the past tense, so as to make the Interrogatories inclusive rather than exclusive.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**      Describe how Your docket is set and the process by which Municipal Defendants are placed on Your docket.

**Response:**

**INTERROGATORY NO. 2:**      Describe in detail documents, information, and statements You provide to Municipal Defendants at the beginning of Court Proceedings.

**Response:**

**INTERROGATORY NO. 3:**      Identify all documents and information You receive about a Municipal Defendant before the Municipal Defendant's Court Proceeding, and where the information is stored.

**Response:**

**INTERROGATORY NO. 4:**      Identify any and all formal and informal instructions that You or Your agents have received from Defendants pertaining to assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning

five years prior to the filing of the Complaint.  Describe in detail who provided each instruction and when.

**Response:**

**INTERROGATORY NO. 5:**        Explain the procedure by which You calculate a Municipal Defendant's outstanding Fines, Fees, or Costs; determine a Municipal Defendant's ability to pay Fines, Fees, or Costs; and determine whether to grant a Municipal Defendant an alternative to paying Fines, Fees, or Costs in full, such as granting a payment plan or community service.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**Response:**

**INTERROGATORY NO. 6:**        Explain the procedure by which You determine whether to place a Municipal Defendant on probation and what probation entails.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**Response:**

**INTERROGATORY NO. 7:**        Explain the procedure by which You determine whether to send a Municipal Defendant to jail for failure to pay Fines, Fees, or Costs.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**Response:**

**INTERROGATORY NO. 8:**        Identify all Rule 8 Hearings You have conducted in Valley Brook Municipal Court in the five years prior to the filing of the Complaint.

**Response:**

**INTERROGATORY NO. 9:**        Identify any and all recordings or transcripts You have made or asked a court reporter to make of Rule 8 Hearings in Valley Brook Municipal Court in the five years prior to the filing of the Complaint.

**Response:**

**INTERROGATORY NO. 10:**        Describe in detail whether You maintain any notes during Court Proceedings, including information relating to assessing Fines, Fees, or Costs for Municipal Defendants or Municipal Defendants' ability to pay Fines, Fees, or Costs.

**Response:**

**INTERROGATORY NO. 11:**        Identify all individuals with whom you consult when determining whether a Municipal Defendant is able to pay Fines, Fees, and Costs and/or whether to grant a Municipal Defendant an alternative to payment in full.  For each, identify: (a) the individual; and (b) the topics You discuss with that individual.

**Response:**

**INTERROGATORY NO. 12:**        Explain the procedure by which you issue bench warrants for Municipal Defendants who fail to appear.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including when any policy change was made.

**Response:**

**INTERROGATORY NO. 13:**        Identify all Municipal Defendants that have outstanding Fines, Fees, or Costs, and for each, include a breakdown of Fines, Fees, or Costs and whether You issued a bench warrant.

**Response:**

**INTERROGATORY NO. 14:**      Identify all Municipal Defendants that You sent to jail for failing to pay Fines, Fees, and Costs.

**Response:**

**INTERROGATORY NO. 15:**      State whether You have ever discussed Time Payment Applications or Rule 8 Hearings with Defendants or their agents, and if so, describe who was involved in the discussion and what was discussed.

**Response:**

**INTERROGATORY NO. 16:**      Identify and describe in detail any investigations, disciplinary proceedings, lawsuits, complaints, or grievances, whether formal or informal, brought against You for failing to conduct Rule 8 Hearings or otherwise assess Municipal Defendants' ability to pay Fines, Fees, or Costs in Valley Brook Municipal Court.

**Response:**

**INTERROGATORY NO. 17:**      Identify all contracts and policies and procedures that govern Your work as a municipal court judge for the Valley Brook Municipal Court.

**Response:**

**INTERROGATORY NO. 18:**       Identify all Municipal Defendants who expressed an inability to pay Fines, Fees, or Costs.

**Response:**

**INTERROGATORY NO. 19:**      State whether You have ever discussed the assessment or collection of Fines, Fees, or Costs with Defendants or their agents, and if so, describe who was involved in the discussion and what was discussed.

**Response:**

**INTERROGATORY NO. 20:**      Describe in detail the "discussion regarding the municipal court process" referenced in Your Answer at Paragraph 97, and the "process in place for indigent defendants" referenced in Your Answer at Paragraph 98.

**Response:**

**INTERROGATORY NO. 21:**      Describe in detail how you communicate with the City Attorney and Defendants (i.e., text message, internal messaging system, e-mail, etc), including communications before, during, and after Court Proceedings.

**Response:**

Dated:  November 7, 2022

/s/ Jason A. Leckerman
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
Admitted Pro Hac Vice

Arthur Ago
Tianna Mays*
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
Admitted Pro Hac Vice
*Admitted in New Jersey and Maryland only.
Practice limited to matters before federal courts

Woody Glass
Jonathan M. Irwin
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com

Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of November, 2022, I caused a true and correct copy of the foregoing Plaintiffs' First Set of Interrogatories Directed to Defendant Judge Stephen Haynes to be served via email upon counsel of record.


_/s/ Izabella Babchinetskaya_
Izabella Babchinetskaya

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>TOWN OF VALLEY BROOK, et al,<br><br>                    Defendants. | )<br>)<br>)<br>)  Case No. 5:21-cv-00097-SLP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**DIRECTED AT DEFENDANT POLICE CHIEF MICHAEL STAMP**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), by their undersigned counsel, hereby propound the following First Set of Interrogatories Directed to Defendant Chief Michael Stamp (the "Interrogatories"). Plaintiffs request that Defendant Chief Michael Stamp serve his answers, in writing and under oath, to the undersigned counsel for Plaintiffs.

All Interrogatories shall be answered in accordance with the Definitions and Instructions that are below. The full text of the Definitions and Instructions shall be deemed incorporated by reference into each Interrogatory.

## DEFINITIONS

1.      The terms "Chief Michael Stamp," "Chief Stamp," "Stamp," "Defendant Stamp," "You," and "Your," as used in these Requests, refer to Defendant Michael Stamp, and any other staff employed in the Valley Brook Police Department, or any representative or consultant of the aforementioned individuals.

2.      The term "Plaintiff(s)" refers to Kimiesha Hill, Jason Garnett, and Kiara McCorkle.

3.     The term "Municipal Defendant(s)" refers to individuals who were stopped by Valley Brook Police officers and appeared before Defendant Judge Stephen Haynes, including, but not limited to, Plaintiffs, for the adjudication of municipal or criminal charges in the Valley Brook Municipal Court.

4.     "Defendants" refers to the Town of Valley Brook, Judge Stephen Haynes, Mayor Lewis Nieman, and Police Chief Michael Stamp.

5.     "Complaint" refers to the above-captioned matter filed by Plaintiffs on January 7, 2021.

6.     "Municipal Court" refers to the Valley Brook Municipal Court.

7.     "Police Department" refers to the Valley Brook Police Department.

8.     "Town of Valley Brook" refers to Defendant Town of Valley Brook, it agencies, and to any staff employed in the Town of Valley Brook, or any representative or consultant of the aforementioned.

9.     "City Attorney" refers to the municipal prosecutor who participates in Valley Brook Municipal Court Proceedings.

10.    The term "Time Payment Application(s)" refers to an application filled out by Municipal Defendants requesting installment payments or alternatives to payment in full.

11.    The term "Ticket Jacket" refers to the physical envelope, sleeve, or flat paper container with a sealable flap, used to enclose and record all information regarding each Municipal Defendant during Court Proceedings and any documents or information contained inside the envelope regarding the Municipal Defendant.

12.    The term "Pay-for-Stay Costs" refers to the amount charged to individuals for their confinement in jail.

13.     The terms "Fines," "Fees," or "Costs" refer to a sum imposed for punishment; payment for a municipal or criminal offense; or other amounts assessed against Municipal Defendants for any reason by the Valley Brook Police Department and its officials, Defendant Judge Stephen Haynes and officials of the Valley Brook Municipal Court, or any other representative or agent of Defendant Town of Valley Brook.

14.     "Court Proceedings" means any event pertaining to the adjudication of a municipal or criminal charge in front of Defendant Judge Stephen Haynes.

15.     The term "Bail Bondsmen" means any bail bond agent or bond dealer, including any person, agency or corporation, that will act as a surety and pledge money or property for a defendant's bail.

16.     The term "Document(s)" shall have the broadest possible meaning under Fed. R. Civ. P. 34(a)(1), and includes, without limitation, any electronically stored information ("ESI"), written or graphic matter or other tangible means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, including recorded oral statements, written statements, meetings, conversations, or conferences, formal or informal, at any time or place, under any circumstances, whereby any information was exchanged, and, to the extent not previously stated, any other transmission, conveyance, or exchange of information, by writing, recorded oral statement, electronic transmission, fax or other means, including memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, recorded meetings or other communications, recorded interoffice telephone calls, diaries, chronological data, minutes, books, reports, schedules, affidavits, declarations, statements,

transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

17.    The term "Communications" includes any type of correspondence (*e.g.*, letters, electronic mail, text messages, Twitter messages, Facebook messages, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting, or telephone conversation, as well as every kind of written or graphic communication.

18.    The terms "Policy," "Policies," "Procedure(s)," or "Practices" mean any practice, procedure, directives, memorandum, routine, rules, courses or codes of conduct, whether written or unwritten, formal or informal, recorded or unrecorded, and which were recognized, adopted, or followed by You and the Valley Brook Municipal Court employees or staff.

19.    The term "Rule 8," as used in these Interrogatories, refers to Rule 8.1 – 8.8 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18, which list court procedures relating to the assessment of a criminal defendant's ability to pay.

20.    The term "Rule 8 Hearing" refers to a judicial proceeding required by Rule 8.1 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18.

21.    The term "Order(s)" refers to oral or written judicial decisions.

22.     The terms "and" and "or" should be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of the Interrogatory that which might otherwise be construed to be outside the scope.  Whenever the conjunctive or the disjunctive appears within an Interrogatory, the Interrogatory is to be construed as requesting all information that relates to any one or any combination of elements of the Interrogatory as if each element has been stated separately.  The conjunctive and disjunctive are not to be construed in any way that would limit the scope of the Interrogatory.

23.     The words "all," "any," and "each" should be construed most expansively.  "Any" includes the word "all," and "all" includes the word "any."  The disjunctive includes the conjunctive and vice versa, as necessary, to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

24.     The terms, "identify," "identification," or "describe":

   a.     When used with respect to a person, means to state the person's name, last known business and home addresses, telephone numbers, and all past and present relationships with any party to this case;

   b.     When used with respect to an entity or organization, means to state the entity's or organization's name, address, and telephone numbers, the form of entity or organization (e.g., corporation), the name of each individual who acted as a representative of the entity or organization, and all past and present relationships with any party to this case;

   c.     When used with respect to a document, means to state the date, the author, the addressees, any other recipients, the type of document (e.g., letter), the subject matter, the current custodian, and the Bates number (where applicable); and

   d.     When used with respect to a communication, means to state the date, the parties to the communication, the type of communication (e.g., telephone call), the subject matter, and the identity of all documents reflecting the communication.

25.     The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion, and other

information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

26.      "Pertains to," "Pertaining to," "Relates to" and "Relating to" mean comprising, mentioning, analyzing, discussing, summarizing, describing, reflecting, referring to, containing, depicting, embodying, evidencing, constituting, concerning, reporting or involving an act, occurrence, event, transaction, fact, thing or course of relating.

27.      The term "including" means including but not limited to.

28.      Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.  If you are unclear on the meaning of any word, please contact the undersigned counsel.

## INSTRUCTIONS

1.      These Interrogatories are continuing in nature, and pursuant to Fed. R. Civ. P. 26(e), you are under a duty to amend any answer to these interrogatories for which you learn that the answer is in some respect incomplete or incorrect.

2.      Unless otherwise specified, these Interrogatories are limited to the time period from January 1, 2017 to the present.

3.      In answering these Interrogatories, please furnish all information that is known or available to you, regardless of whether this information is possessed directly by you or by your employees, agents, or proxies.

4.      If any of these Interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder of the Interrogatory and stating whatever information, knowledge, or belief you do have concerning the portion answered.

5.      If you object or otherwise decline to answer any portion of an Interrogatory, please identify the portion of the Interrogatory to which you object or otherwise decline to answer, and state with particularity the reason for such objection or declination, and identify each person or organization having knowledge of the factual basis, if any, upon which the objection, privilege, or other ground is asserted.

6.      If you object to any Interrogatory on the ground that it is too broad, please provide such requested information as you acknowledge to be discoverable. If you object to an Interrogatory on the ground that providing such information would constitute an undue burden, please provide such requested information that you can provide without undue burden.

7.      If you refuse to provide any information demanded herein on the ground that said information is protected from discovery by a privilege or other protection, then you should:

    a.      Specify with particularity the nature of the privilege or other protection (including the work product doctrine) being claimed.

    b.      Identify each person making the purportedly protected communication, the names of persons present while the communication was made, and the relationship of persons present to the person making the communication;

    c.      The date and place of the communication; and

    d.      The general subject matter of the communication.

8.      Where you do not have knowledge of or access to the required information, please identify any person (if known to you) that can provide such information.

9.      These Interrogatories request knowledge and information (whether hearsay or admissible in its present form) in the possession, custody, or control of, or reasonably available to, the defendant.

10.      The use of the singular form of any word includes the plural and vice versa.

11.    The use of the past tense shall include the present tense, and the use of the present tense shall include the past tense, so as to make the Interrogatories inclusive rather than exclusive.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Identify any and all formal and informal policies, instructions, directions, orders, and training that You have received from the Town of Valley Brook pertaining to traffic stops, searches, seizures, beginning five years prior to the filing of the Complaint. Describe in detail who provided each instruction and when.

**Response:**

**INTERROGATORY NO. 2:** Identify any and all formal and informal policies, instructions, directions, orders, and training that You have received from the Town of Valley Brook pertaining to assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint.  Describe in detail who provided each instruction and when.

**Response:**

**INTERROGATORY NO. 3:** Identify any and all formal and informal policies, instructions, directions, orders, and trainings that You have provided to Valley Brook Police Officers related to stops, searches, and seizures, beginning five years prior to the filing of the Complaint.

**Response**:

**INTERROGATORY NO. 4:** Identify any and all formal and informal policies, instructions, directions, orders, and trainings that You have provided to Valley Brook Police Officers related to assessing and taking payment for traffic or other violations, for bail, or for any other reason, from individuals between when they are stopped by the Valley Brook Police Officers and transferred to Oklahoma County jail.

**Response:**

**INTERROGATORY NO. 5:** Identify any and all formal and informal policies, instructions, directions, orders, and trainings that You have provided to Valley Brook Police Officers pertaining to detaining individuals who are not able to pay Fines, Fees, or Costs and transferring them to Oklahoma County jail.

**Response**:

**INTERROGATORY NO. 6:** Identify any and all formal policies, instructions, directions, orders, and trainings that You have provided to Valley Brook Police Officers pertaining to allowing Municipal Defendants to keep their phones to contact Bail Bondman and others to obtain fund for Fines, Fees, and Costs.

**Response**:

**INTERROGATORY NO. 7:** Describe the Valley Brook jail and/or holding area for Municipal Defendants, including but not limited to capacity, descriptions of seating, and location of phones.

**Response**:

**INTERROGATORY NO. 8:** Explain how You or Your employees or agents calculate the amount Municipal Defendants must pay in order to be released from the Valley Brook Police Station.

**Response:**

**INTERROGATORY NO. 9:** Identify any and all Bail Bondsmen that You or Your employees or agents recommend Municipal Defendants contact to secure an amount for release from the Valley Brook Police Station before the weekly Court Proceeding.

**Response:**

**INTERROGATORY NO. 10:** Identify any and all steps You or Your employees or agents take to determine whether a Municipal Defendant has the ability to pay for release from the Valley Brook Police Station after the Municipal Defendant's initial detention or arrest.

**Response:**

**INTERROGATORY NO. 11:** Identify any and all information that You or Your employees or agents provide to Municipal Defendants regarding the right to counsel before, during, and after arrest.

**Response:**

**INTERROGATORY NO. 12:** Explain the extent to which You attend weekly Court Proceedings and describe in detail why You attend Court Proceedings.

**Response:**

**INTERROGATORY NO. 13:** Identify which police officers attend Court Proceedings, and describe in detail what their role is in the Court Proceedings.

**Response:**

**INTERROGATORY NO. 14:** Identify all individuals You or Your employees or agents transferred to Oklahoma County jail after being held in the Valley Brook Police Station.

**Response:**

**INTERROGATORY NO. 15:** Identify all individuals You or Your employees or agents transferred to Oklahoma County jail after Court Proceedings.

**Response:**

**INTERROGATORY NO. 16:** Describe in detail whether You or Your employees or agents are instructed that Municipal Defendants are not permitted to leave the Valley Brook Municipal Court during Court Proceedings, and identify who provided that instruction.

**Response:**

**INTERROGATORY NO. 17:** Describe in detail Your interactions with Plaintiffs relating to the allegations in the Complaint.

**Response:**


Dated:  November 7, 2022

*/s/Jason A. Leckerman*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays*
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*
*\*Admitted in New Jersey and Maryland only.*
*Practice limited to matters before federal*
*courts*

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 7th day of November, 2022, I caused a true and correct copy of the foregoing Plaintiffs' First Set of Interrogatories Directed to Defendant Chief Michael Stamp to be served via email upon counsel of record.


 */s/ Izabella Babchinetskaya*
 Izabella Babchinetskaya

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

KIMIESHA HILL, et al., on behalf of themselves)
and all others similarly situated,        )
           )  Case No. 5:21-cv-00097-SLP
         Plaintiffs,  )
           )
v.            )
           )
TOWN OF VALLEY BROOK, et al,    )
           )
         Defendants.  )
           )

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**DIRECTED AT DEFENDANT MAYOR LEWIS NIEMAN**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle ("Plaintiffs"), by their undersigned counsel, hereby propound the following First Set of Interrogatories Directed to Defendant Mayor Lewis Nieman (the "Interrogatories"). Plaintiffs request that Defendant Mayor Lewis Nieman serve his answers, in writing and under oath, to the undersigned counsel for Plaintiffs.

All Interrogatories shall be answered in accordance with the Definitions and Instructions that are below. The full text of the Definitions and Instructions shall be deemed incorporated by reference into each Interrogatory.

**DEFINITIONS**

1.    The terms "Mayor Lewis Nieman," "Mayor Nieman," "Nieman," "Defendant Nieman," "You," and "Your," as used in these Requests, refer to Defendant Lewis Nieman, and any staff employed in the Valley Brook Mayor's Office, or any representative or consultant of the aforementioned individuals.

2.    The term "Plaintiff(s)" refers to Kimiesha Hill, Jason Garnett, and Kiara McCorkle.

3.      The term "Municipal Defendant(s)" refers to individuals who were stopped by Valley Brook Police officers and appeared before Defendant Judge Stephen Haynes, including, but not limited to, Plaintiffs, for the adjudication of municipal or criminal charges in the Valley Brook Municipal Court.

4.      "Defendants" refers to the Town of Valley Brook, Judge Stephen Haynes, Mayor Lewis Nieman, and Police Chief Michael Stamp.

5.      "Complaint" refers to the above-captioned matter filed by Plaintiffs on January 7, 2021.

6.      "Answer" refers to the Amended Answer filed by Defendants on May 11, 2022.

7.      "Municipal Court" refers to the Valley Brook Municipal Court.

8.      "Police Department" refers to the Valley Brook Police Department.

9.      "Town of Valley Brook" refers to Defendant Town of Valley Brook, it agencies, and to any staff employed in the Town of Valley Brook, or any representative or consultant of the aforementioned.

10.     "City Attorney" refers to the municipal prosecutor who participates in Valley Brook Municipal Court Proceedings.

11.     The term "Time Payment Application(s)" refers to an application filled out by Municipal Defendants requesting installment payments or alternatives to payment in full.

12.     The term "Ticket Jacket" refers to the physical envelope, sleeve, or flat paper container with a sealable flap, used to enclose and record all information regarding each Municipal Defendant during Court Proceedings and any documents or information contained inside the envelope regarding the Municipal Defendant.

13.     The term "Pay-for-Stay Costs" refers to the amount charged to individuals for their confinement in jail.

14.     The terms "Fines," "Fees," or "Costs" refer to a sum imposed for punishment; payment for a municipal or criminal offense; or other amounts assessed against Municipal Defendants for any reason by the Valley Brook Police Department and its officials, Defendant Judge Stephen Haynes and officials of the Valley Brook Municipal Court, or any other representative or agent of Defendant Town of Valley Brook.

15.     "Court Proceedings" means any event pertaining to the adjudication of a municipal or criminal charge in front of Defendant Judge Stephen Haynes.

16.     The term "Document(s)" shall have the broadest possible meaning under Fed. R. Civ. P. 34(a)(1), and includes, without limitation, any electronically stored information ("ESI"), written or graphic matter or other tangible means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, including recorded oral statements, written statements, meetings, conversations, or conferences, formal or informal, at any time or place, under any circumstances, whereby any information was exchanged, and, to the extent not previously stated, any other transmission, conveyance, or exchange of information, by writing, recorded oral statement, electronic transmission, fax or other means, including memoranda, notes, transcribed notes, logs, messages, letters, telegrams, teletype, telefax, bulletins, recorded meetings or other communications, recorded interoffice telephone calls, diaries, chronological data, minutes, books, reports, schedules, affidavits, declarations, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts,

alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings).

17.     The term "Communications" includes any type of correspondence (*e.g.*, letters, electronic mail, text messages, Twitter messages, Facebook messages, instant messages, voicemail, memoranda, or any other document in any medium used to make or record communications), and any oral conversation, interview, discussion, negotiation, agreement, understanding, meeting, or telephone conversation, as well as every kind of written or graphic communication.

18.     The terms "Policy," "Policies," "Procedure(s)," or "Practices" mean any practice, procedure, directives, memorandum, routine, rules, courses or codes of conduct, whether written or unwritten, formal or informal, recorded or unrecorded, and which were recognized, adopted, or followed by You and the Valley Brook Municipal Court employees or staff.

19.     The term "Rule 8," as used in these Interrogatories, refers to Rule 8.1 – 8.8 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18, which list court procedures relating to the assessment of a criminal defendant's ability to pay.

20.     The term "Rule 8 Hearing" refers to a judicial proceeding required by Rule 8.1 of the Oklahoma Court of Appeals in Oklahoma Statutes, Title 22, Chapter 18.

21.     The term "Order(s)" refers to oral or written judicial decisions.

22.     The terms "and" and "or" should be construed either disjunctively or conjunctively or both, as necessary to bring within the scope of the Interrogatory that which might otherwise be

construed to be outside the scope. Whenever the conjunctive or the disjunctive appears within an Interrogatory, the Interrogatory is to be construed as requesting all information that relates to any one or any combination of elements of the Interrogatory as if each element has been stated separately. The conjunctive and disjunctive are not to be construed in any way that would limit the scope of the Interrogatory.

23. The words "all," "any," and "each" should be construed most expansively. "Any" includes the word "all," and "all" includes the word "any." The disjunctive includes the conjunctive and vice versa, as necessary, to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

24. The terms, "identify," "identification," or "describe":

    a. When used with respect to a person, means to state the person's name, last known business and home addresses, telephone numbers, and all past and present relationships with any party to this case;

    b. When used with respect to an entity or organization, means to state the entity's or organization's name, address, and telephone numbers, the form of entity or organization (e.g., corporation), the name of each individual who acted as a representative of the entity or organization, and all past and present relationships with any party to this case;

    c. When used with respect to a document, means to state the date, the author, the addressees, any other recipients, the type of document (e.g., letter), the subject matter, the current custodian, and the Bates number (where applicable); and

    d. When used with respect to a communication, means to state the date, the parties to the communication, the type of communication (e.g., telephone call), the subject matter, and the identity of all documents reflecting the communication.

25. The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion, and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

26.     "Pertains to," "Pertaining to," "Relates to" and "Relating to" mean comprising, mentioning, analyzing, discussing, summarizing, describing, reflecting, referring to, containing, depicting, embodying, evidencing, constituting, concerning, reporting or involving an act, occurrence, event, transaction, fact, thing or course of relating.

27.     The term "including" means including but not limited to.

28.     Unless otherwise defined, all words and phrases used herein shall be accorded their usual meanings and shall be interpreted in their common, ordinary sense.  If you are unclear on the meaning of any word, please contact the undersigned counsel.

## INSTRUCTIONS

1.      These Interrogatories are continuing in nature, and pursuant to Fed. R. Civ. P. 26(e), you are under a duty to amend any answer to these interrogatories for which you learn that the answer is in some respect incomplete or incorrect.

2.      Unless otherwise specified, these Interrogatories are limited to the time period from January 1, 2017 to the present.

3.      In answering these Interrogatories, please furnish all information that is known or available to you, regardless of whether this information is possessed directly by you or by your employees, agents, or proxies.

4.      If any of these Interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder of the Interrogatory and stating whatever information, knowledge, or belief you do have concerning the portion answered.

5.      If you object or otherwise decline to answer any portion of an Interrogatory, please identify the portion of the Interrogatory to which you object or otherwise decline to answer, and state with particularity the reason for such objection or declination, and identify each person or

organization having knowledge of the factual basis, if any, upon which the objection, privilege, or other ground is asserted.

6.      If you object to any Interrogatory on the ground that it is too broad, please provide such requested information as you acknowledge to be discoverable. If you object to an Interrogatory on the ground that providing such information would constitute an undue burden, please provide such requested information that you can provide without undue burden.

7.      If you refuse to provide any information demanded herein on the ground that said information is protected from discovery by a privilege or other protection, then you should:

a.      Specify with particularity the nature of the privilege or other protection (including the work product doctrine) being claimed.

b.      Identify each person making the purportedly protected communication, the names of persons present while the communication was made, and the relationship of persons present to the person making the communication;

c.      The date and place of the communication; and

d.      The general subject matter of the communication.

8.      Where you do not have knowledge of or access to the required information, please identify any person (if known to you) that can provide such information.

9.      These Interrogatories request knowledge and information (whether hearsay or admissible in its present form) in the possession, custody, or control of, or reasonably available to, the defendant.

10.     The use of the singular form of any word includes the plural and vice versa.

11.     The use of the past tense shall include the present tense, and the use of the present tense shall include the past tense, so as to make the Interrogatories inclusive rather than exclusive.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Identify any and all formal and informal instructions that You or Your employees or agents have received from the Town of Valley Brook pertaining to attending Court Proceedings, assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint.  Describe in detail who provided each instruction and when.

**Response:**

**INTERROGATORY NO. 2:**  Identify any and all formal and informal instructions that You and Your employees or agents have provided to other municipal employees or agents, including but not limited to Defendant Judge Stephen Haynes, Valley Brook Municipal Court staff, Defendant Valley Brook Police Chief Michael Stamp, or Valley Brook Police Officers pertaining to attending Court Proceedings, assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint.

**Response:**

**INTERROGATORY NO. 3:**  Identify how often You attend Court Proceedings, as described in Paragraph 9 of Your Answer, and describe in detail why you attend Court Proceedings and Your role during Court Proceedings.

**Response:**

**INTERROGATORY NO. 4:**  Identify all Municipal Defendants who expressed an inability to pay Fines, Fees, or Costs when you attended Court Proceedings.

**Response:**

**INTERROGATORY NO. 5:** Identify all Municipal Defendants who completed community service instead of, or in addition to, payment of Fines, Fees, or Costs; and, for each, describe the type of community service and identify the individual(s) who supervised the community service.

**Response:**

**INTERROGATORY NO. 6:** State whether You have ever collected, read, or reviewed Time Payment Applications during Court Proceedings, and if so, explain why.

**Response**:

**INTERROGATORY NO. 7:** State whether You have ever discussed Time Payment Applications with any of the Defendants, including agents of Defendant Town of Valley Brook, and if so, describe what you discussed.

**Response:**

**INTERROGATORY NO. 8:** State whether You have ever discussed Rule 8 Hearings with any of the Defendants, including agents of Defendant Town of Valley Brook, and if so, describe what you discussed.

**Response:**

**INTERROGATORY NO. 9:** State whether You have ever spoken directly with a Municipal Defendant about paying Fines, Fees, or Costs before or after he or she expressed an inability to pay, and if so, describe what you discussed.

**Response**:

**INTERROGATORY NO. 10:** State whether You have ever provided a recommendation to Defendant Judge Haynes or anyone else at the Valley Brook Municipal Court as to a Municipal Defendant, including Time Payment Application, and if so, describe the circumstances surrounding Your recommendation.

**Response:**

**INTERROGATORY NO. 11:**  State whether You have ever accepted a monetary payment directly from a Municipal Defendant for Fines, Fees, or Costs or any other amount on behalf of Defendant Town of Valley Brook, and if so, describe the circumstances surrounding that payment.

**Response:**

**INTERROGATORY NO. 12:**  State whether You have ever reviewed a complaint, disciplinary proceeding, grievance, or any other accusations of misconduct made against Defendant Judge Haynes or Valley Brook Municipal Court staff pertaining to the assessment and collection of Fines, Fees, or Costs, and describe any actions You have taken in response to such allegations.

**Response:**

**INTERROGATORY NO. 13:**  Describe in detail how you communicate with Defendants (i.e., text message, internal messaging system, e-mail, phone calls, etc).

**Response:**

**INTERROGATORY NO. 14:**  Describe in detail Your interactions with Plaintiffs relating to the allegations in the Complaint.

**Response:**

**INTERROGATORY NO. 15:**  State whether You have any role in administration or oversight of the Valley Brook Police Department, and if so, describe Your role.

**Response:**

**INTERROGATORY NO. 17:**  State whether You have ever discussed the assessment or collection of Fines, Fees, or Costs with Defendant Police Chief Stamp, and if so, describe what you discussed.

**Response:**

Dated:  November 7, 2022

*/s/ Jason A. Leckerman*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
405.360.7902 FAX
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays*
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*
*\*Admitted in New Jersey and Maryland only.*
*Practice limited to matters before federal*
*courts*

*Counsel for Plaintiffs*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 7th day of November, 2022, I caused a true and correct copy of the foregoing Plaintiffs' First Set of Interrogatories Directed to Defendant Mayor Lewis Nieman to be served via email upon counsel of record.

*/s/ Izabella Babchinetskaya*
Izabella Babchinetskaya