Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | Case No. 5:21-cv-00097-SLP |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TOWN OF VALLEY BROOK, et al, | ) ) | |
| Defendants. | ) ) | |

_____

## DEFENDANT TOWN OF VALLEY BROOK'S RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Town of Valley Brook ("Defendant Town") submits the following Responses to Plaintiffs' First Interrogatories.

## GENERAL OBJECTIONS

A.     Defendant object to Plaintiffs' Interrogatories to the extent that they seek information and/or documents that are not relevant to the subject matter of this litigation or not reasonably calculated to lead to the discovery of admissible evidence.

B.     Defendant objects to Plaintiffs' Interrogatories to the extent that they are oppressive, unduly burdensome, and would cause unreasonable annoyance, embarrassment, oppression, burden and/or expense to Defendants.

C.     Defendant objects to Plaintiffs' Interrogatories to the extent that they are vague, ambiguous and/or overly broad.

D.     Defendant objects to Plaintiffs' Interrogatories to the extent they seek

1

information for an unreasonable, irrelevant, or unspecified period of time.

E.      Defendant objects to Plaintiffs' Interrogatories to the extent that they seek documents and/or information that are already in Plaintiffs' possession, custody or control or were created by Plaintiff.

F.      Defendant objects to Plaintiffs' Interrogatories to the extent that they purport to require Defendant to provide documents and/or information held by third parties.

G.      Defendant objects to Plaintiffs' Interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive.

H.      Defendant objects to Plaintiffs' Interrogatories to the extent that they seek documents or information protected by the attorney-client privilege, work product, and any other applicable law, privilege, protection or doctrine.  Any production of any privileged document by Defendant should be considered unintentional, and Defendant does not intend to waive any applicable objection or privilege as a result of such production.

I.      Defendant objects to Plaintiffs' Interrogatories to the extent they request information or documentation prepared by Defendant or its representatives in anticipation of litigation or for trial, and which is beyond the scope of permissible discovery established by the Federal Rules of Civil Procedure.

J.      Defendant reserves the right to seasonably supplement, clarify, revise or correct any of their responses to the Interrogatories or their document production, throughout discovery before trial.

K.      Defendant objects to Plaintiffs' Interrogatories to the extent that Defendant is still conducting investigation in this matter.

OK 1100263.1

L.      Defendant will make reasonable efforts to respond to each Interrogatory, to the extent that no objection is made, as Defendant understands and interprets the Interrogatory.  If Plaintiff subsequently asserts any interpretation of any Interrogatory that differs from Defendant's interpretation, Defendant reserves the right to supplement its objections and responses.

M.      The foregoing objections are referred to collectively as "General Objections" and are specifically and explicitly incorporated into each response set forth below.

<u>**RESPONSE TO INTERROGATORIES**</u>

**INTERROGATORY NO. 1:**  Identify any and all persons who have information about the dealings of Plaintiff(s) with Valley Brook as they relate to matters alleged in the Complaint, and for each, describe in detail the information they possess.  This includes any employee or agent of the Municipal Court, Police Department, and municipal government (including the City Attorney).

**RESPONSE TO INTERROGATORY NO. 1:**          Objection.          The Interrogatory is overly broad. Defendant cannot identify "all persons" who have information regarding Plaintiffs' dealings with Defendant Town. Furthermore, the Interrogatory seeks information protected by the attorney-client privilege and work product doctrine. However, Defendant Town believes the following individuals may have information:

| 1. | Justin Nelson | Arresting officer of Plaintiff Garrett. Information related to the events leading up to the arrest, arrest, and events resulting therefrom. |
|----|---------------|------------------------------------------------------------------------------------------------|
| 2. | Jeremy Mashore | Arresting officer of Plaintiffs Hill and McCorkle. Information related to the events leading up to the arrests, arrests, |

OK 1100263.1

| | | and events resulting therefrom. |
|---|---|---|
| 3. | Stephen Haynes | Presiding judge during hearing. |
| 4. | Monika Herrera | Court clerk during the hearings. |

**INTERROGATORY NO. 2:** Identify any and all individuals who have been involved in Your Municipal Court Proceedings since five years prior to the filing of the Complaint and describe their roles and whether they are still involved.

**RESPONSE TO INTERROGATORY NO. 2:** Objection. The Interrogatory is vague. It is unclear what is meant by the phrase "involved in Your Municipal Court Proceedings." Defendant Town states that the following individuals are/were involved with Municipal Court Proceedings: Stephen Haynes, Municipal Judge (still involved), Monika Herrera, Town/Court Clerk (still involved), various officers of Defendant Town's police force (as required/needed; in addition, one officer or reserve officer would be scheduled to attend the weekly hearing date for security purposes), Ray Vincent, City Attorney (still involved), Maxine Fisher, Former Town/Court Clerk (no longer involved), Melissa McGinty, Former Town/Court Clerk (no longer involved), Naomi Perez, Former Deputy Town/Court Clerk (no longer involved), Terri Brown, Former Deputy Town/Court Clerk (no longer involved), Teresa Brown, Former Deputy Town/Court Clerk (no longer involved), Donna Murnane, Deputy Town/Court Clerk (still involved), John Steward, Deputy Town/Court Clerk (still involved), various attorneys representing Municipal Defendants (entries for attorneys will be noted in the Ticket Jackets), and the Municipal Defendants.

**INTERROGATORY NO. 3:** Identify any and all schedules of Fines, Fees, Costs, and other amounts that You assess against Municipal Defendants, including but not limited

to Fines, Fees, Costs or other amounts for offenses, court proceedings, probation, failures to appear, warrants, trials, appeals, continuances, and time payment.

**RESPONSE TO INTERROGATORY NO. 3:**      Documents responsive to this Interrogatory were previously produced. Defendant Town would refer you to documents labeled VB  0051 - 0099.

**INTERROGATORY NO. 4:**  Identify and describe any and all recordkeeping practices, for both hard copy and electronic Documents and Communications, that You have used for Municipal Court administration and/or records management related to arrests, payments, and imprisonment for traffic and/or municipal violations beginning five years prior to the filing of this lawsuit, and identify any and all persons with access to such records.

**RESPONSE TO INTERROGATORY NO. 4:**      The recordkeeping policy for Defendant Town is found at documents labeled VB 0019 – 0021. Records are maintained on-site at the Defendant Town Clerk's office.

**INTERROGATORY NO. 5:**  Identify all Fines, Fees, Costs or other amounts assessed by Valley Brook against Plaintiffs related to the allegations described in the Complaint and describe in detail how You calculated each Fine, Fee, Cost, or other amount.

**RESPONSE TO INTERROGATORY NO. 5:** Documents responsive to this Interrogatory were previously produced. Defendant Town would refer you to documents labeled VB  0051 - 0122. The Fines, Fees, and Costs assessed were calculated based on the schedule set by Defendant Town.

**INTERROGATORY NO. 6:**  Identify any and all individuals that You sent from Valley Brook to Oklahoma County Jail after they could not pay Fines, Fees, or Costs

OK 1100263.1

beginning five years prior to the filing of the Complaint.  Please include (a) all individuals sent from Valley Brook to Oklahoma County Jail on this basis before the weekly Court Proceeding and (b) all individuals sent to Oklahoma County Jail on this basis after the weekly Court Proceeding.

**RESPONSE TO INTERROGATORY NO. 6:**      Objection. Plaintiffs have previously requested this information. Information identifying these individuals are contained within the individual Ticket Jackets. Documents responsive to this request are in the process of being copied and produced.

**INTERROGATORY NO. 7:**  Identify any and all individuals who have made, or had paid on their behalf, a monetary payment to Valley Brook in order to secure their release from the Valley Brook Police Station, Oklahoma County Jail, or Municipal Court beginning five years prior to the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**      Documents responsive to this request are in the process of being produced. Information identifying these individuals are contained within the individual Ticket Jackets. In addition, the Daily Logs will also identify any payments that have been made.

**INTERROGATORY NO. 8:**  Explain Your Policies and Procedures regarding a Municipal Defendant's detention at Oklahoma County jail, their ability to challenge their detention prior to the weekly Court Proceeding, and treatment of Pay-For-Stay Costs.

**RESPONSE TO INTERROGATORY NO. 8:**      The policy regarding detention can be found at VB 0031-0039 and 0044 – 0046.

**INTERROGATORY NO. 9:**  Explain Your Policies and Procedures regarding the availability of public defenders or other counsel for Municipal Defendants before, during,

6

and after a Court Proceeding, and to informing Municipal Defendants of their right to counsel when jailed or threatened with jail.

**RESPONSE TO INTERROGATORY NO. 10:**    Defendant Town provides attorneys as required by Oklahoma state law and in accordance with their status as a court not of record. Municipal Defendants are advised of their right to an attorney.

**INTERROGATORY NO. 11:**   Explain Your Policies, Procedures, Customs, or Practices for recording, transcribing, or otherwise memorializing ability to pay assessments and determinations, including but not limited to any Rule 8 Hearings.

**RESPONSE TO INTERROGATORY NO. 11:** Defendant Town provides transcription services as required by Oklahoma state law and in accordance with their status as a court not of record. Municipal Defendants are permitted to provide their own court reporter for proceedings.

**INTERROGATORY NO. 12:**  Explain Your Policies and Procedures pertaining to payment alternatives for Municipal Defendants, including but not limited to waiver of bonds, reduction or elimination of municipal debts, payment plans, probation, or community service.

**RESPONSE TO INTERROGATORY NO. 12:**    Defendant Town's Policies and Procedures for payment alternatives may be found in §§ 6-137 – 6-139 of the Town's municipal ordinances. These policies were previously produced at VB 0044 – 0045.

**INTERROGATORY NO. 13:**   Explain Your Policies and Procedures for determining whether and when to issue a warrant for failure to appear, and identify any and all persons involved in making such determinations.

**RESPONSE TO INTERROGATORY NO. 13:**    Defendant Town's Policies

OK 1100263.1

and Procedures for issuing a warrant for failure to appear may be found in § 6-128 and § 6-128.1 of the Town's municipal ordinances.

**INTERROGATORY NO. 14:** Identify and describe in detail any and all training materials You provided to municipal employees and agents about: (a) ability to pay determinations; (b) detaining Municipal Defendants for failure to pay (before and after Court proceedings); (c) Municipal Defendants' right to counsel; (d) assessing Fines, Fees, and Costs, and (e) detaining individuals without an ability to be heard.

**RESPONSE TO INTERROGATORY NO. 14:** Defendant Town is locating any responsive training materials and will supplement its response.

**INTERROGATORY NO. 15:** Identify and describe in detail any complaints, grievances, or any other accusations of misconduct made against You or Your municipal employees and agents pertaining to the assessment and collection of Fines, Fees, or Costs by Your Police Department or Your Municipal Court and any disciplinary actions taken, whether formal or informal.

**RESPONSE TO INTERROGATORY NO. 15:** Objection. The Interrogatory is vague in that it includes every accusation or comment made by any individual against Defendant Town. Defendant Town is not aware of any formal grievances or complaints regarding the assessment and collection of Fines, Fees, or Costs.

OK 1100263.1

Respectfully submitted,

s/ Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 20th day of December, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |
| Nikki Hatza | hatzan@ballardspahr.com |

s/Courtney D. Powell

9

OK 1100263.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
OKLAHOMA**

| | | |
|---|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) | |
| | ) | Case No. 5:21-cv-00097-SLP |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF VALLEY BROOK, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

**DEFENDANT JUDGE STEPHEN HAYNES' RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES**

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Judge

Stephen Haynes ("Haynes" or "Defendant") submits the following Responses to Plaintiffs'

First Interrogatories.

**GENERAL OBJECTIONS**

A.    Defendant object to Plaintiffs' Interrogatories to the extent that they seek

information and/or documents that are not relevant to the subject matter of this litigation

or not reasonably calculated to lead to the discovery of admissible evidence.

B.    Defendant objects to Plaintiffs' Interrogatories to the extent that they are

oppressive, unduly burdensome, and would cause unreasonable annoyance,

embarrassment, oppression, burden and/or expense to Defendants.

C.    Defendant objects to Plaintiffs' Interrogatories to the extent that they are

vague, ambiguous and/or overly broad.

1

D.    Defendant objects to Plaintiffs' Interrogatories to the extent they seek information for an unreasonable, irrelevant, or unspecified period of time.

E.    Defendant objects to Plaintiffs' Interrogatories to the extent that they seek documents and/or information that are already in Plaintiffs' possession, custody or control or were created by Plaintiff.

F.    Defendant objects to Plaintiffs' Interrogatories to the extent that they purport to require Defendant to provide documents and/or information held by third parties.

G.    Defendant objects to Plaintiffs' Interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive.

H.    Defendant objects to Plaintiffs' Interrogatories to the extent that they seek documents or information protected by the attorney-client privilege, work product, and any other applicable law, privilege, protection or doctrine.  Any production of any privileged document by Defendant should be considered unintentional, and Defendant does not intend to waive any applicable objection or privilege as a result of such production.

I.    Defendant objects to Plaintiffs' Interrogatories to the extent they request information or documentation prepared by Defendant or its representatives in anticipation of litigation or for trial, and which is beyond the scope of permissible discovery established by the Federal Rules of Civil Procedure.

J.    Defendant reserves the right to seasonably supplement, clarify, revise or correct any of their responses to the Interrogatories or their document production, throughout discovery before trial.

K.    Defendant objects to Plaintiffs' Interrogatories to the extent that Defendant

OK 1100264.1

is still conducting investigation in this matter.

L.      Defendant will make reasonable efforts to respond to each Interrogatory, to the extent that no objection is made, as Defendant understands and interprets the Interrogatory.  If Plaintiffs subsequently assert any interpretation of any Interrogatory that differs from Defendant's interpretation, Defendant reserves the right to supplement its objections and responses.

M.      The foregoing objections are referred to collectively as "General Objections" and are specifically and explicitly incorporated into each response set forth below.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**      Describe how Your docket is set and the process by which Municipal Defendants are placed on Your docket.

**RESPONSE TO INTERROGATORY NO. 1:**      Defendant does not set the docket.

**INTERROGATORY NO. 2:**      Describe in detail documents, information, and statements You provide to Municipal Defendants at the beginning of Court Proceedings.

**RESPONSE TO INTERROGATORY NO. 2:**      Objection. The request is overly broad. Defendant cannot identify every document or statement he has provided to Municipal Defendants over the course of the last five years.

**INTERROGATORY NO. 3:**      Identify all documents and information You receive about a Municipal Defendant before the Municipal Defendant's Court Proceeding, and where the information is stored.

**RESPONSE TO INTERROGATORY NO. 3:**      The only information Defendant receives about a Municipal Defendant before the court proceeding is the

3

information contained in the Ticket Jacket and the information listed on the court docket provided to me by the Court Clerk.

**INTERROGATORY NO. 4:** Identify any and all formal and informal instructions that You or Your agents have received from Defendants pertaining to assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint. Describe in detail who provided each instruction and when.

**RESPONSE TO INTERROGATORY NO. 4:** Objection. The Interrogatory is vague in that it is unclear what is meant by the phrase "formal and informal instructions." The Interrogatory is also overly broad in that it seeks "any and all" information related to "instructions" Defendant may have received from the other Defendants. Defendant Haynes states that he receives instruction from Defendant Town regarding the amount of fees or costs that may be assessed. Generally, the instructions received by Defendant Haynes are dictated to him by the Town's ordinances, policies, and procedures.

**INTERROGATORY NO. 5:** Explain the procedure by which You calculate a Municipal Defendant's outstanding Fines, Fees, or Costs; determine a Municipal Defendant's ability to pay Fines, Fees, or Costs; and determine whether to grant a Municipal Defendant an alternative to paying Fines, Fees, or Costs in full, such as granting a payment plan or community service. Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**RESPONSE TO INTERROGATORY NO. 5:** Objection. The

4

Interrogatory is compound in that it asks Defendant Haynes to respond to five different questions. Defendant Haynes states that the determination of a Municipal Defendant's Fines, Fees, or Costs are dictated by the scheduled passed and approved by Defendant Town.

**INTERROGATORY NO. 6:**     Explain the procedure by which You determine whether to place a Municipal Defendant on probation and what probation entails.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**RESPONSE TO INTERROGATORY NO. 6:**     Defendant Haynes states that the determination of probation is made on a case by case basis. Probation is governed by the Defendant Town's municipal ordinances.

**INTERROGATORY NO. 7:**     Explain the procedure by which You determine whether to send a Municipal Defendant to jail for failure to pay Fines, Fees, or Costs. Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**RESPONSE TO INTERROGATORY NO. 7:**     Any      determinations regarding whether a Municipal Defendant is sent to jail is governed by the Defendant Town's municipal ordinances.

**INTERROGATORY NO. 8:**     Identify all Rule 8 Hearings You have conducted in Valley Brook Municipal Court in the five years prior to the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**     Objection.     The

5

OK 1100264.1

Interrogatory is overly broad. Defendant cannot identify every Rule 8 hearing he has conducted over the last five years. Defendant would refer you to the Ticket Jackets. If a request for a Rule 8 hearing is included in the Ticket Jacket, a Rule 8 hearing was conducted.

**INTERROGATORY NO. 9:**   Identify any and all recordings or transcripts You have made or asked a court reporter to make of Rule 8 Hearings in Valley Brook Municipal Court in the five years prior to the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**   Responsive documents will be produced.

**INTERROGATORY NO. 10:**   Describe in detail whether You maintain any notes during Court Proceedings, including information relating to assessing Fines, Fees, or Costs for Municipal Defendants or Municipal Defendants' ability to pay Fines, Fees, or Costs.

**RESPONSE TO INTERROGATORY NO. 10:**   Any notes made by Defendant Haynes are included either on the Court docket he is provided or on the Ticket Jacket.

**INTERROGATORY NO. 11:**   Identify all individuals with whom you consult when determining whether a Municipal Defendant is able to pay Fines, Fees, and Costs and/or whether to grant a Municipal Defendant an alternative to payment in full.  For each, identify: (a) the individual; and (b) the topics You discuss with that individual.

**RESPONSE TO INTERROGATORY NO. 11:**   In determining whether a Municipal Defendant is able to pay, Defendant Haynes consults the Municipal Defendant who is requesting an alternative or indicates they cannot pay.

OK 1100264.1

**INTERROGATORY NO. 12:**    Explain the procedure by which you issue bench warrants for Municipal Defendants who fail to appear.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including when any policy change was made.

**RESPONSE TO INTERROGATORY NO. 12:**   Bench warrants are issued pursuant to the Defendant Town's policies. Bench warrants are typically issued for failure to appear at a hearing or failure to pay.

**INTERROGATORY NO. 13:**    Identify all Municipal Defendants that have outstanding Fines, Fees, or Costs, and for each, include a breakdown of Fines, Fees, or Costs and whether You issued a bench warrant.

**RESPONSE TO INTERROGATORY NO. 13:**     Objection. This information is maintained by the Defendant Town, not Defendant Haynes. Defendant Haynes does not know which Municipal Defendants have outstanding Fines, Fees, or Costs.

**INTERROGATORY NO. 14:** Identify all Municipal Defendants that You sent to jail for failing to pay Fines, Fees, and Costs.

**RESPONSE TO INTERROGATORY NO. 14:**     Objection. This information is maintained by the Defendant Town, not Defendant Haynes. Defendant Haynes cannot identify which Municipal Defendants were sent to jail.

**INTERROGATORY NO. 15:**    State whether You have ever discussed Time Payment Applications or Rule 8 Hearings with Defendants or their agents, and if so, describe who was involved in the discussion and what was discussed.

**RESPONSE TO INTERROGATORY NO. 15:** Objection. The Interrogatory is overly broad in that it seeks every discussion Defendant Haynes may have had with any of

OK 1100264.1

the Defendants, regardless of whether the conversation is relevant to the issues in this case. Furthermore, to the extent the Interrogatory seeks information transmitted as part of or during the course of litigation, Defendant Haynes objects on the basis of attorney client privilege and the work product doctrine. However, Defendant Haynes cannot recall any specific conversation.

**INTERROGATORY NO. 16:**   Identify and describe in detail any investigations, disciplinary proceedings, lawsuits, complaints, or grievances, whether formal or informal, brought against You for failing to conduct Rule 8 Hearings or otherwise assess Municipal Defendants' ability to pay Fines, Fees, or Costs in Valley Brook Municipal Court.

**RESPONSE TO INTERROGATORY NO. 16:**      Objection.        The Interrogatory is overly broad in that it is not limited in time. Defendant Haynes is not aware of any investigations or lawsuits.

**INTERROGATORY NO. 17:**     Identify all contracts and policies and procedures that govern Your work as a municipal court judge for the Valley Brook Municipal Court.

**RESPONSE TO INTERROGATORY NO. 17:**      Objection.        The Interrogatory is overly broad in that it is not limited in time. However, Defendant Haynes is governed by the Defendant Town's municipal code and ordinances.

**INTERROGATORY NO. 18:** Identify all Municipal Defendants who expressed an inability to pay Fines, Fees, or Costs.

**RESPONSE TO INTERROGATORY NO. 18:**      Objection.        The Interrogatory is overly broad. Defendant cannot identify every Municipal Defendant who expressed an inability to pay. Furthermore, this information is maintained by the Defendant Town, not Defendant Haynes.  If a request for a Rule 8 hearing is included in the Ticket

OK 1100264.1

Jacket, a Rule 8 hearing was conducted.

**INTERROGATORY NO. 19:**   State whether You have ever discussed the assessment or collection of Fines, Fees, or Costs with Defendants or their agents, and if so, describe who was involved in the discussion and what was discussed.

**RESPONSE TO INTERROGATORY NO. 19:**   Objection.   The Interrogatory is overly broad in that it seeks every discussion Defendant Haynes may have had with any of the Defendants about Fines, Fees, or Costs, regardless of whether the conversation is relevant to the issues in this case. Furthermore, to the extent the Interrogatory seeks information transmitted as part of or during the course of litigation, Defendant Haynes objects on the basis of attorney client privilege and the work product doctrine. However, Defendant Haynes cannot recall any specific conversation.

**INTERROGATORY NO. 20:**   Describe in detail the "discussion regarding the municipal court process" referenced in Your Answer at Paragraph 97, and the "process in place for indigent defendants" referenced in Your Answer at Paragraph 98.

**RESPONSE TO INTERROGATORY NO. 20:**   Defendant Haynes will supplement this response.

**INTERROGATORY NO. 21:**Describe in detail how you communicate with the City Attorney and Defendants (i.e., text message, internal messaging system, e-mail, etc), including communications before, during, and after Court Proceedings.

**RESPONSE TO INTERROGATORY NO. 21:**   Defendant Haynes cannot identify every method of communication but states most communications are either in person or over the telephone.

Respectfully submitted,

s/ Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 20th day of December, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |
| Nikki Hatza | hatzan@ballardspahr.com |

s/Courtney D. Powell

10

OK 1100264.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

KIMIESHA HILL, et al., on behalf of    )
themselves and all others similarly situated,  )
                                  ) Case No. 5:21-cv-00097-SLP
                Plaintiffs,    )
                                  )
             v.            )
                                  )
TOWN OF VALLEY BROOK, et al,    )
                                  )
             Defendants.    )
                                  )

_____

**DEFENDANT MAYOR LEWIS NIEMAN'S RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES**

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Mayor Lewis Nieman ("Nieman" or "Defendant") submits the following Responses to Plaintiffs' First Interrogatories.

**GENERAL OBJECTIONS**

A.    Defendant object to Plaintiffs' Interrogatories to the extent that they seek information and/or documents that are not relevant to the subject matter of this litigation or not reasonably calculated to lead to the discovery of admissible evidence.

B.    Defendant objects to Plaintiffs' Interrogatories to the extent that they are oppressive, unduly burdensome, and would cause unreasonable annoyance, embarrassment, oppression, burden and/or expense to Defendants.

C.    Defendant objects to Plaintiffs' Interrogatories to the extent that they are vague, ambiguous and/or overly broad.

D.    Defendant objects to Plaintiffs' Interrogatories to the extent they seek

information for an unreasonable, irrelevant, or unspecified period of time.

E.      Defendant objects to Plaintiffs' Interrogatories to the extent that they seek documents and/or information that are already in Plaintiff's possession, custody or control or were created by Plaintiff.

F.      Defendant objects to Plaintiffs' Interrogatories to the extent that they purport to require Defendant to provide documents and/or information held by third parties.

G.      Defendant objects to Plaintiffs' Interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive.

H.      Defendant objects to Plaintiffs' Interrogatories to the extent that they seek documents or information protected by the attorney-client privilege, work product, and any other applicable law, privilege, protection or doctrine.  Any production of any privileged document by Defendant should be considered unintentional, and Defendant does not intend to waive any applicable objection or privilege as a result of such production.

I.      Defendant objects to Plaintiffs' Interrogatories to the extent they request information or documentation prepared by Defendant or its representatives in anticipation of litigation or for trial, and which is beyond the scope of permissible discovery established by the Federal Rules of Civil Procedure.

J.      Defendant reserves the right to seasonably supplement, clarify, revise or correct any of their responses to the Interrogatories or their document production, throughout discovery before trial.

K.      Defendant objects to Plaintiffs' Interrogatories to the extent that Defendant is still conducting investigation in this matter.

OK 1100284.1

L.      Defendant will make reasonable efforts to respond to each Interrogatory, to the extent that no objection is made, as Defendant understands and interprets the Interrogatory.  If Plaintiff subsequently asserts any interpretation of any Interrogatory that differs from Defendant's interpretation, Defendant reserves the right to supplement its objections and responses.

M.      The foregoing objections are referred to collectively as "General Objections" and are specifically and explicitly incorporated into each response set forth below.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify any and all formal and informal instructions that You or Your employees or agents have received from the Town of Valley Brook pertaining to attending Court Proceedings, assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint.  Describe in detail who provided each instruction and when.

**RESPONSE TO INTERROGATORY NO. 1:**      Objection.      The Interrogatory is compound. Moreover, Defendant Nieman is sued in his official capacity. As Mayor, he does not have employees or agents. To the extent the Interrogatory seeks information provided to Defendant Nieman during the course of litigation, Defendant Nieman objects on the basis of attorney-client privilege and work product doctrine. Defendant Nieman is aware of Defendant Town of Valley Brook's ("Defendant Town") municipal ordinances and provisions relating to the assessment and collecting of Fines, Fees, or Costs, as well as detention of individuals.

**INTERROGATORY NO. 2:**  Identify any and all formal and informal instructions

3

that You and Your employees or agents have provided to other municipal employees or agents, including but not limited to Defendant Judge Stephen Haynes, Valley Brook Municipal Court staff, Defendant Valley Brook Police Chief Michael Stamp, or Valley Brook Police Officers pertaining to attending Court Proceedings, assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**        Objection.        The Interrogatory is compound. Moreover, Defendant Nieman is sued in his official capacity. As Mayor, he does not have employees or agents. Defendant Nieman does not recall providing any instruction regarding the activities identified in the Interrogatory.

**INTERROGATORY NO. 3:**  Identify how often You attend Court Proceedings, as described in Paragraph 9 of Your Answer, and describe in detail why you attend Court Proceedings and Your role during Court Proceedings.

**RESPONSE TO INTERROGATORY NO. 3:**        Defendant Nieman does not know how often or how many times he has attended Court Proceedings. Defendant Nieman has attended court proceedings in his capacity as a reserve police officer when he was placed on the schedule to attend. Sometimes during Court Proceedings, Defendant Nieman would be asked where there was a need for community service.

**INTERROGATORY NO. 4:**  Identify all Municipal Defendants who expressed an inability to pay Fines, Fees, or Costs when you attended Court Proceedings.

**RESPONSE TO INTERROGATORY NO. 4:**        Defendant Nieman cannot recall any individual Municipal Defendants who expressed an inability to pay.

**INTERROGATORY NO. 5:**  Identify all Municipal Defendants who completed

4

community service instead of, or in addition to, payment of Fines, Fees, or Costs; and, for each, describe the type of community service and identify the individual(s) who supervised the community service.

**RESPONSE TO INTERROGATORY NO. 5:** Defendant Nieman does not have any responsibility regarding completion of community service. Defendant Nieman has no knowledge of individuals who completed community service, the type of community service, or who supervised the community service.

**INTERROGATORY NO. 6:** State whether You have ever collected, read, or reviewed Time Payment Applications during Court Proceedings, and if so, explain why.

**RESPONSE TO INTERROGATORY NO. 6**: Defendant Nieman cannot recall if he has ever collected, read, or reviewed Time Payment Applications during Court Proceedings.

**INTERROGATORY NO. 7:** State whether You have ever discussed Time Payment Applications with any of the Defendants, including agents of Defendant Town of Valley Brook, and if so, describe what you discussed.

**RESPONSE TO INTERROGATORY NO. 7:** Objection. The Interrogatory is overly broad in that it seeks every discussion Defendant Nieman may have been involved in regarding Time Payment Applications regardless of whether the discussion is related to the issues in this case. To the extent the Interrogatory seeks information provided to Defendant Nieman during the course of litigation, Defendant Nieman objects on the basis of attorney-client privilege and work product doctrine. However, Defendant Nieman cannot recall any specific discussions regarding Time Payment Applications.

OK 1100284.1

**INTERROGATORY NO. 8:**   State whether You have ever discussed Rule 8 Hearings with any of the Defendants, including agents of Defendant Town of Valley Brook, and if so, describe what you discussed.

**RESPONSE TO INTERROGATORY NO. 8:** Objection. The Interrogatory is overly broad in that it seeks every discussion Defendant Nieman may have been involved in regarding Rule 8 Hearings regardless of whether the discussion is related to the issues in this case. To the extent the Interrogatory seeks information provided to Defendant Nieman during the course of litigation, Defendant Nieman objects on the basis of attorney-client privilege and work product doctrine.  However, Defendant Nieman cannot recall any specific discussions regarding Rule 8 Hearings.

**INTERROGATORY NO. 9:**   State whether You have ever spoken directly with a Municipal Defendant about paying Fines, Fees, or Costs before or after he or she expressed an inability to pay, and if so, describe what you discussed.

**RESPONSE TO INTERROGATORY NO. 9**: Objection. The Interrogatory is overly broad in that it seeks every discussion Defendant Nieman may have been involved in regarding a Municipal Defendant and payment of Fines, Fees, or Costs, regardless of whether the discussion is related to the issues in this case. To the extent the Interrogatory seeks information provided to Defendant Nieman during the course of litigation, Defendant Nieman objects on the basis of attorney-client privilege and work product doctrine. However, Defendant Nieman cannot recall any specific discussions with a Municipal Defendant regarding payment of Fines, Fees, or Costs.

**INTERROGATORY NO. 10:**   State whether You have ever provided a recommendation to Defendant Judge Haynes or anyone else at the Valley Brook Municipal

OK 1100284.1

Court as to a Municipal Defendant, including Time Payment Application, and if so, describe the circumstances surrounding Your recommendation.

**RESPONSE TO INTERROGATORY NO. 10:** Objection. The Interrogatory is vague in that it is unclear what is meant by the use of the word "recommendation." To the extent the Interrogatory seeks information provided to Defendant Nieman during the course of litigation, Defendant Nieman objects on the basis of attorney-client privilege and work product doctrine. Defendant Nieman has advised what type of community service work is available. However, Defendant Nieman cannot recall any specific recommendations.

**INTERROGATORY NO. 11:** State whether You have ever accepted a monetary payment directly from a Municipal Defendant for Fines, Fees, or Costs or any other amount on behalf of Defendant Town of Valley Brook, and if so, describe the circumstances surrounding that payment.

**RESPONSE TO INTERROGATORY NO. 11:** Defendant Nieman does not recall directly accepting a payment from a Municipal Defendant.

**INTERROGATORY NO. 12:** State whether You have ever reviewed a complaint, disciplinary proceeding, grievance, or any other accusations of misconduct made against Defendant Judge Haynes or Valley Brook Municipal Court staff pertaining to the assessment and collection of Fines, Fees, or Costs, and describe any actions You have taken in response to such allegations.

**RESPONSE TO INTERROGATORY NO. 12:** Objection. The Interrogatory is overly broad in that it includes any accusation that may have been made regarding Defendant Haynes or Municipal Court staff, including those made in passing. Defendant Nieman does not recall reviewing any formal grievance but is reviewing

7

information available to him.

**INTERROGATORY NO. 13:**  Describe in detail how you communicate with Defendants (i.e., text message, internal messaging system, e-mail, phone calls, etc).

**RESPONSE TO INTERROGATORY NO. 13:**    Defendant Nieman cannot recall all methods of communication but believes most communications are either in person or over the telephone.

**INTERROGATORY NO. 14:**  Describe in detail Your interactions with Plaintiffs relating to the allegations in the Complaint.

**RESPONSE TO INTERROGATORY NO. 14:** Defendant Nieman cannot recall interacting with any of the Plaintiffs.

**INTERROGATORY NO. 15:**  State whether You have any role in administration or oversight of the Valley Brook Police Department, and if so, describe Your role.

**RESPONSE TO INTERROGATORY NO. 15:**    Defendant Nieman's role as mayor is outlined in § 2-201 of Defendant Town's municipal ordinances.

**INTERROGATORY NO. 17:**  State whether You have ever discussed the assessment or collection of Fines, Fees, or Costs with Defendant Police Chief Stamp, and if so, describe what you discussed.

**RESPONSE TO INTERROGATORY NO. 17:** Objection. To the extent the Interrogatory seeks information provided to Defendant Nieman during the course of litigation, Defendant Nieman objects on the basis of attorney-client privilege and work product doctrine. However, Defendant Nieman cannot recall any specific recommendations.

OK 1100284.1

Respectfully submitted,

s/ Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 20th day of December, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |
| Nikki Hatza | hatzan@ballardspahr.com |

s/Courtney D. Powell

OK 1100284.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | Case No. 5:21-cv-00097-SLP |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF VALLEY BROOK, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

**DEFENDANT POLICE CHIEF MICHAEL STAMP'S**
**RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES**

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Police Chief Michael Stamp ("Stamp" or "Defendant") submits the following Responses to Plaintiffs' First Interrogatories.

**GENERAL OBJECTIONS**

A.    Defendant object to Plaintiff's Interrogatories to the extent that they seek information and/or documents that are not relevant to the subject matter of this litigation or not reasonably calculated to lead to the discovery of admissible evidence.

B.    Defendant objects to Plaintiff's Interrogatories to the extent that they are oppressive, unduly burdensome, and would cause unreasonable annoyance, embarrassment, oppression, burden and/or expense to Defendants.

C.    Defendant objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous and/or overly broad.

D.    Defendant objects to Plaintiff's Interrogatories to the extent they seek

1

information for an unreasonable, irrelevant, or unspecified period of time.

E.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek documents and/or information that are already in Plaintiff's possession, custody or control or were created by Plaintiff.

F.      Defendant objects to Plaintiff's Interrogatories to the extent that they purport to require Defendant to provide documents and/or information held by third parties.

G.      Defendant objects to Plaintiff's Interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive.

H.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek documents or information protected by the attorney-client privilege, work product, and any other applicable law, privilege, protection or doctrine.  Any production of any privileged document by Defendant should be considered unintentional, and Defendant does not intend to waive any applicable objection or privilege as a result of such production.

I.      Defendant objects to Plaintiff's Interrogatories to the extent they request information or documentation prepared by Defendant or its representatives in anticipation of litigation or for trial, and which is beyond the scope of permissible discovery established by the Federal Rules of Civil Procedure.

J.      Defendant reserves the right to seasonably supplement, clarify, revise or correct any of their responses to the Interrogatories or their document production, throughout discovery before trial.

K.      Defendant objects to Plaintiff's Interrogatories to the extent that Defendant is still conducting investigation in this matter.

OK 1100285.1

L.      Defendant will make reasonable efforts to respond to each Interrogatory, to the extent that no objection is made, as Defendant understands and interprets the Interrogatory.  If Plaintiff subsequently asserts any interpretation of any Interrogatory that differs from Defendant's interpretation, Defendant reserves the right to supplement its objections and responses.

M.      The foregoing objections are referred to collectively as "General Objections" and are specifically and explicitly incorporated into each response set forth below.

## <u>RESPONSES TO INTERROGATORIES</u>

**INTERROGATORY NO. 1:**    Identify any and all formal and informal policies, instructions, directions, orders, and training that You have received from the Town of Valley Brook pertaining to traffic stops, searches, seizures, beginning five years prior to the filing of the Complaint.  Describe in detail who provided each instruction and when.

**RESPONSE TO INTERROGATORY NO. 1:**  Defendant Stamp was advised of Defendant Town of Valley Brook's ("Defendant Town") policies and procedures regarding traffic stops and enforcement. These policies and procedures are set out in the Defendant Town's municipal code. Defendant Town did not "train" Defendant Stamp in traffic stops, searches or seizures.

**INTERROGATORY NO. 2:**  Identify any and all formal and informal policies, instructions, directions, orders, and training that You have received from the Town of Valley Brook pertaining to assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint.  Describe in detail who provided each instruction and when.

**RESPONSE TO INTERROGATORY NO. 2:**          Defendant      Stamp      was

3

OK 1100285.1

advised of Defendant Town's policies and procedures regarding traffic stops and enforcement. These policies and procedures are set out in the Defendant Town's municipal code

**INTERROGATORY NO. 3:** Identify any and all formal and informal policies, instructions, directions, orders, and trainings that You have provided to Valley Brook Police Officers related to stops, searches, and seizures, beginning five years prior to the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 3**: Defendant Stamp is reviewing and gathering information responsive to this request. However, Defendant Stamp generally provides Valley Brook Police Officers with instructions and a copy of the Defendant Town's municipal ordinances.

**INTERROGATORY NO. 4:** Identify any and all formal and informal policies, instructions, directions, orders, and trainings that You have provided to Valley Brook Police Officers related to assessing and taking payment for traffic or other violations, for bail, or for any other reason, from individuals between when they are stopped by the Valley Brook Police Officers and transferred to Oklahoma County jail.

**RESPONSE TO INTERROGATORY NO. 4:** Defendant Stamp is reviewing and gathering information responsive to this request. However, Defendant Stamp generally provides Valley Brook Police Officers with instructions and a copy of the Defendant Town's municipal ordinances which sets forth the policies and procedures for assessing and taking payment for traffic and other violations.

**INTERROGATORY NO. 5:** Identify any and all formal and informal policies, instructions, directions, orders, and trainings that You have provided to Valley Brook

4

Police Officers pertaining to detaining individuals who are not able to pay Fines, Fees, or Costs and transferring them to Oklahoma County jail.

**RESPONSE TO INTERROGATORY NO. 5**: Defendant Stamp is reviewing and gathering information responsive to this request. However, Defendant Stamp generally provides Valley Brook Police Officers with instructions and a copy of the Defendant Town's municipal ordinances.

**INTERROGATORY NO. 6:**  Identify any and all formal policies, instructions, directions, orders, and trainings that You have provided to Valley Brook Police Officers pertaining to allowing Municipal Defendants to keep their phones to contact Bail Bondman and others to obtain fund for Fines, Fees, and Costs.

**RESPONSE TO INTERROGATORY NO. 6**:       Defendant       Stamp       is reviewing and gathering information responsive to this request and will supplement.

**INTERROGATORY NO. 7:**  Describe the Valley Brook jail and/or holding area for Municipal Defendants, including but not limited to capacity, descriptions of seating, and location of phones.

**RESPONSE TO INTERROGATORY NO. 7**:       There   are   two   holding rooms, one for males and one for females. While there are no telephones in the holding rooms, telephones are made available for individuals to use.

**INTERROGATORY NO. 8:**  Explain how You or Your employees or agents calculate the amount Municipal Defendants must pay in order to be released from the Valley Brook Police Station.

**RESPONSE TO INTERROGATORY NO. 8:**       The   amount   a   Municipal Defendant must pay is established by the Defendant Town's municipal ordinances.

OK 1100285.1

**INTERROGATORY NO. 9:**  Identify any and all Bail Bondsmen that You or Your employees or agents recommend Municipal Defendants contact to secure an amount for release from the Valley Brook Police Station before the weekly Court Proceeding.

**RESPONSE TO INTERROGATORY NO. 9:**     Defendant Stamp does not recommend Bail Bondsmen. Individuals are advised that Bail Bondsmen must have a Valley Brook business license.

**INTERROGATORY NO. 10:**  Identify any and all steps You or Your employees or agents take to determine whether a Municipal Defendant has the ability to pay for release from the Valley Brook Police Station after the Municipal Defendant's initial detention or arrest.

**RESPONSE TO INTERROGATORY NO. 10:**     Objection.        The Interrogatory is vague. It is unclear what is meant by the use of the word "determine." As understood, neither Defendant Stamp nor any Police Officer makes any "determination" if an individual has the ability to pay.

**INTERROGATORY NO. 11:**  Identify any and all information that You or Your employees or agents provide to Municipal Defendants regarding the right to counsel before, during, and after arrest.

**RESPONSE TO INTERROGATORY NO. 11:**     Municipal Defendants are advised of their right to an attorney as required by law.

**INTERROGATORY NO. 12:**  Explain the extent to which You attend weekly Court Proceedings and describe in detail why You attend Court Proceedings.

**RESPONSE TO INTERROGATORY NO. 12:**     The reason for attending weekly Court Proceedings varies. In some instances, Defendant Stamp may attend as the

OK 1100285.1

officer on duty. Defendant Stamp may also be asked to attend as a witness, however, this may not be during the weekly Court Proceedings.

**INTERROGATORY NO. 13:** Identify which police officers attend Court Proceedings, and describe in detail what their role is in the Court Proceedings.

**RESPONSE TO INTERROGATORY NO. 13:** Defendant Stamp is gathering information responsive to this request and will supplement. Police Officers attend weekly court proceedings as a proactive measure to keep the peace.

**INTERROGATORY NO. 14:** Identify all individuals You or Your employees or agents transferred to Oklahoma County jail after being held in the Valley Brook Police Station.

**RESPONSE TO INTERROGATORY NO. 14:** Objection. The Interrogatory is overly broad in that it seeks all individuals that have been transferred to the Oklahoma County Jail. Information regarding who was confined to Oklahoma County can be found in the Ticket Jackets for the individual in question.

**INTERROGATORY NO. 15:** Identify all individuals You or Your employees or agents transferred to Oklahoma County jail after Court Proceedings.

**RESPONSE TO INTERROGATORY NO. 15:** Objection. The Interrogatory is overly broad in that it seeks all individuals that have been transferred to the Oklahoma County Jail. Information regarding who was confined to Oklahoma County can be found in the Ticket Jackets for the individual in question.

**INTERROGATORY NO. 16:** Describe in detail whether You or Your employees or agents are instructed that Municipal Defendants are not permitted to leave the Valley Brook Municipal Court during Court Proceedings, and identify who provided that

instruction.

**RESPONSE TO INTERROGATORY NO. 16:**   Defendant   Stamp   is gathering information responsive to this request and will supplement.

**INTERROGATORY NO. 17:**  Describe in detail Your interactions with Plaintiffs relating to the allegations in the Complaint.

**RESPONSE TO INTERROGATORY NO. 17:**   Defendant Stamp does not recall any interaction with the Plaintiffs.

Respectfully submitted,

s/ Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

OK 1100285.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 20th day of December, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |
| Nikki Hatza | hatzan@ballardspahr.com |

s/Courtney D. Powell

OK 1100285.1