# Exhibit 4

# Ballard Spahr
### LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Jason Leckerman
Tel: 215.864.8266
Fax: 215.864.8999
leckermanj@ballardspahr.com

January 24, 2023

*By Email (cpowell@spencerfane.com)*

Courtney Jo Davis Powell
Spencer Fane LLP - OKC
9400 N Broadway Extension
Suite 600
Oklahoma City, OK 73114-7423

Re:     *Hill, et al. v. Valley Brook, et al.*, Case No. 5:21-cv-00097-SLP

Dear Courtney:

I write to address a number of issues related to Defendants' handling of discovery in the above-captioned matter, including: (1) Officer Nelson's and Officer Mashore's failure to appear for noticed depositions on January 11, 2023; (2) Defendants' failure to timely and properly respond to Plaintiffs' First Set of Interrogatories directed at each of the four Defendants (the "Interrogatories"); and (3) Defendants' continued failure to produce responsive documents.

On numerous occasions, Plaintiffs' Counsel have sought to work cooperatively with Defendants' Counsel, including repeatedly seeking confirmation of scheduling availability, timely asking for meet-and-confer conferences on the many occasions an issue has arisen with respect to Defendants' discovery responses, and agreeing to pay for much of the copying of certain hard copy documents (i.e., the ticket jackets) to facilitate the discovery process.  Yet Defendants' actions have made it impossible for Plaintiffs' Counsel to litigate this case in an efficient and expeditious manner, and have forced Plaintiffs to incur numerous unnecessary costs.  We write this letter with the hope that Defendants will cease and rectify this conduct.

## I.     Failure to Appear at Noticed Depositions

As you know, since November 28, 2022, Plaintiffs have sought to depose Valley Brook Police Officers Justin Nelson and Jeremy Mashore (the "Officers"),[1] and my co-counsel, Izabella Babchinetskaya and Tianna Mays, have repeatedly communicated with you regarding those depositions. Plaintiffs attempted to work with Defendants on an agreeable date—even delaying the depositions until January

---

[1]     In December, Counsel for Defendants advised that she represented both Officers and would accept service of the notices.

Courtney Powell
January 24, 2023
Page 2

to accommodate Defendants' schedules. Defendants suggested January 10 and 11, 2023 for the depositions, and the depositions were noticed accordingly on December 21, 2022 for those dates. On several occasions, Plaintiffs sought confirmation that all deponents would be present for the depositions. Indeed, counsel for Plaintiffs, who were traveling from Philadelphia (co-counsel Ms. Hatza) and Washington, D.C. (Ms. Mays and Mr. Aiken), waited to book travel in an attempt to receive confirmation. Because of the delay in confirming the depositions, the cost of airfare increased substantially.

The night before Plaintiffs' Counsel was set to travel for the depositions, January 8, 2023 at 4:55 p.m., Defendants' Counsel emailed Plaintiffs' Counsel stating that she had an emergency hearing scheduled for January 11, 2023, the same day as the Officers' depositions.[2]  On several occasions, Plaintiffs' Counsel offered to accommodate the scheduling conflict, by deposing one or both of the officers on January 10 following Mr. Vincent's deposition, or by extending the trip if necessary. Yet, Defendants never responded to the offers. On January 10, 2023, Defendants' Counsel requested a 1:00 p.m. or 1:30 p.m. start time for the Officers' depositions the following day, knowing that Plaintiffs' Counsels' return flights were on January 11. In an email at 10:00 a.m. on January 11, Defendants' Counsel confirmed that Officer Nelson would appear for the deposition at 1:30 p.m. but provided no information as to Officer Mashore.

At 12:30 p.m., however, Defendants' Counsel, via email, pushed the start time of the deposition to 2:15 p.m. At 1:36 p.m., while Plaintiffs' Counsel was en route to the deposition, Defendants' Counsel emailed again, delaying the start time until 3:00 p.m. Plaintiffs' Counsel, Ms. Hatza, Ms. Mays, and Mr. Aiken, and the court reporter convened for the deposition on January 11, 2023 around 2:00 p.m., but neither Defendants' Counsel nor the deponent arrived. At 2:50 p.m., Defendants' Counsel emailed again, delaying her arrival time to 3:19 p.m. At 3:16 p.m., Defendants' Counsel emailed once more, this time requesting that she be teleconferenced into the deposition, and noting that her client was "on his way."

Defendants' Counsel arrived for the deposition at 3:32 p.m., approximately six and a half hours after the noticed start time of the deposition, and two hours after the rescheduled start time to accommodate the "emergency hearing." Defendants' Counsel then began to exchange text messages with her client and informed Plaintiffs' counsel that he was 10-15 minutes away but had not yet begun his trip to the deposition. After a further exchange, Defendants' Counsel stated that Officer Nelson would not arrive until 4:00 p.m., making it impossible for Plaintiffs to take the noticed depositions prior to their departing flights. At no time was it ever made clear why another attorney from the office of Defense Counsel could not represent the witnesses at the depositions.

On January 24, 2023, Plaintiffs' Counsel took Officer Mashore's deposition, which had previously been scheduled for January 11. Despite the fact that Defendants' Counsel confirmed Officer Mashore's

---

[2]     Plaintiffs' Counsel had already accommodated Defendants' schedule by moving the Officers' depositions from January 10 to January 11, 2023.

Courtney Powell
January 24, 2023
Page 3

deposition for January 11, 2023,[3] on the record, Officer Mashore testified that Defense Counsel did not inform him that his deposition was set for January 11.  In fact, Defense Counsel *first* contacted Officer Mashore the week of January 16, 2023.

This behavior caused Plaintiffs to incur unnecessary travel costs and wasted time, and further delayed and obstructed Plaintiffs' ability to obtain necessary discovery.  Because the Officers failed to appear at their duly noticed depositions, despite several attempts by Plaintiffs' Counsel to accommodate Defense Counsel's schedule, Plaintiffs request that Defendants reimburse the travel costs incurred and time spent for the duly noticed depositions of Officers Nelson and Mashore,[4] and that Defendants pay the court reporter's invoice for the same, attached as Exhibit A.  Plaintiffs also expect that you will promptly comply with Plaintiffs' continued efforts to depose Officer Nelson, including by providing Plaintiffs with his last known address so that Plaintiffs can subpoena him.

If the above-outlined issues are not addressed as requested, Plaintiffs will consider all options, including filing for sanctions.

## II.   Interrogatory Deficiencies

### a.   Failure to Timely Respond and Verify Answers

Plaintiffs served each Defendant with Interrogatories on November 7, 2022.  On December 8, 2022, Plaintiffs notified Defendants that Defendants failed to answer the Interrogatories by the December 7, 2022 deadline.  On December 9, 2022, Defendants indicated that answers would be provided by December 14, 2022.  However, on December 15, 2022, Defendants indicated that answers would not be provided until Tuesday, December 20.[5]  On December 21, 2022, Defendants sent unverified answers to Plaintiffs' Interrogatories (the "Answers").  Throughout this time, Defendants did not seek an extension, and Plaintiffs did not consent to an extension of the December 7, 2022 deadline.

On December 21, 2022, at Plaintiffs' request, the parties engaged in a meet and confer.  During the meeting, Plaintiffs told Defendants that the Answers were not complete, as they were unverified, and that they needed to be supplemented.  In response, Defendants stated that they would verify and

---

[3]   On January 6, 2023, Defendants' Counsel confirmed that both Officers would be deposed on January 11, 2023.

[4]   Plaintiffs will provide Defense Counsel with an itemized list of travel costs and time incurred for Wednesday, January 11, 2023.

[5]   Because of Defendants' continued failure to timely provide answers to the Interrogatories, Plaintiffs requested a meet and confer on December 15, 2021.  Defendants did not respond to the request until December 21, 2022, after Plaintiffs sent two additional emails requesting a meeting.

Courtney Powell
January 24, 2023
Page 4

supplement the Answers in the first week of January.  To date, Defendants have not done either.[6]
Please provide verifications by January 30, 2023.

### b.  Non-Responsive or Insufficient Answers to Interrogatories

To the extent Defendants provided answers, they were either insufficient or not responsive to the
Interrogatories.  *See* Stamp's Interrogatories 1, 2, 8, 9, 11; Haynes' Interrogatories 1, 4, 5, 6, 7, 8, 11,
12, 15, 17, 18, 19; Nieman's Interrogatories 1, 7, 8, 9, 15, 17; Town's Interrogatories 5, 9, 10[7], 11.  As
examples, Answers that are insufficient and not responsive include:

- Haynes' Interrogatory 6.  This interrogatory seeks information regarding placement of
  Municipal Defendants on probation and what probation entails, including whether the
  probationary process has changed in the five years prior to the filing of the Complaint.
  Defendant Haynes' answer—i.e., "the determination of probation is made on a case by case
  basis.  Probation is governed by the Defendant Town's municipal ordinances"—is entirely
  insufficient.  It fails to describe what probation entails, what specific procedure Defendant
  Haynes employs when deciding to place a Municipal Defendant on probation, and whether the
  process has changed.

- Stamp's Interrogatory 11.  This interrogatory asks Defendant Stamp to "identify any and all
  information that You or Your employees or agents provide to Municipal Defendants regarding
  the right to counsel before, during, and after arrest."  Defendant Stamp's answer states,
  "Municipal Defendants are advised of the right to an attorney as required by law."  This answer
  is nothing more than a confirmation that Defendant Stamp is required by law to advise
  Municipal Defendants of their rights.  The answer fails to describe the specific "law" relied
  upon and how Defendant Stamp and his agents comply with said law.  It does not identify the
  information provided to Municipal Defendants before, during, and after arrest.

- Town's Interrogatory 11.  This interrogatory seeks "Policies, Procedures, Customs, or
  Practices for recording, transcribing, or otherwise memorializing ability to pay assessments
  and determinations, including but not limited to any Rule 8 Hearings."  In response, Defendant
  Town states that "Defendant Town provides transcription services as required by Oklahoma
  state law and in accordance with their status as a court not of record.  Municipal Defendants
  are permitted to provide their own court reporter for proceedings."  Defendant again failed to
  identify the specific state law and how exactly the Town complies with the law.

---

[6]    Plaintiffs reserve the right to raise further concerns with Defendants' Answers as Plaintiffs
       continue to review Defendants' discovery, including, but not limited to Defendants' use of
       boilerplate objections in both their general objections and in specific Answers to
       Interrogatories, *see* Haynes' Interrogatory 2.

[7]    Defendant Town of Valley Brook failed to respond to Interrogatory 10.

Courtney Powell
January 24, 2023
Page 5

- <u>Haynes' Interrogatory 1</u>.  This interrogatory asks Defendant Haynes to describe how his docket is set, including the process by which Municipal Defendants are placed on his docket.  His response—"Defendant does not set the docket"—is not responsive.

- <u>Nieman's Interrogatory 1</u>.  This interrogatory seeks instructions that Defendant Nieman received from Defendant Town of Valley Brook pertaining to attending Court Proceedings, assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs.  Defendant Nieman's response only indicates that he is aware of municipal ordinances and provisions related to the assessment and collection of Fines, Fees, or Costs.

- <u>Nieman's Interrogatory 15</u>.  This interrogatory asks whether Defendant Nieman "has any role in administration or oversight of the Valley Brook Police Department, and if so, [to] describe [his] role."  In response, Defendant Nieman wrote, "Defendant Nieman's role as mayor is outlined in § 2-201 of Defendant Town's municipal ordinances."  Reference to § 2-201 does not respond to the interrogatory.

- <u>Nieman's Interrogatories 7, 8, 9, and 17</u>.  These interrogatories ask whether Defendant Nieman has ever discussed a specific topic with other individuals.  Defendant Nieman failed to state whether or not he has ever discussed the specific topics.

### c.   "Gathering information responsive to this request" and/or "will supplement"

Defendants indicated that they are gathering information and/or will supplement the Interrogatories.  *See, e.g.*, Nieman's Interrogatory 12; Stamp' Interrogatories 3, 4, 5, 6, 13, 16; Haynes' Interrogatories 9, 20; Town's Interrogatories 7, 14.  Defendants cannot avoid answering Interrogatories by offering to supplement their responses at a later date, particularly when, as here, Defendants have had ample opportunity to review these subjects: Plaintiffs requested documents that related to these subject matters on June 23, 2022—seven months ago.

In lieu of answers to other Interrogatories, Defendants have said that they would produce responsive documents.  *See e.g.*, Stamp's Interrogatory 2; Town's Interrogatory 6; Haynes' Interrogatory 9.  Although Defendants do not cite a legal basis for the sufficiency of this response, Plaintiffs assume Defendants are relying on Federal Rule of Civil Procedure 33(d).  Rule 33(d) requires that Defendants identify specific "answering" documents *and* that Defendants produce those documents with their Answers.  Defendants have not supplemented their Answers to identify responsive documents and have not produced any documents identified in their Answers.  Please supplement and amend answers and produce the documents immediately.

### III.   Defendants' Undue Delay in Producing Documents

Defendants continue to fail to produce documents in response to Plaintiffs' First Set of Document Requests, which is an issue currently pending before the Court.  ECF Nos. 50; 57.  Throughout the last seven months, Defendants have made multiple representations that they would produce documents—

Courtney Powell
January 24, 2023
Page 6


representations that have not yet proven accurate.  In fact, Plaintiffs have even offered to bring in a vendor to copy ticket jackets, which they are in the process of finalizing.[8]  Since making that offer, Defendants have not made a single production unrelated to ticket jackets.  Specifically, Defendants acknowledged that they have not produced responsive documents in the Joint Report filed November 29, 2022.  Defendants' Position: Nos. 6(a)–6(g).  Yet, seven months after the initial request, and nearly two months after the Joint Report, Defendants still have not produced these documents.[9]

Finally, Defendants have failed to produce documents requested by Plaintiffs during Monika Herrera's deposition on November 18, 2022, which are also responsive to Plaintiffs' First Set of Document Requests.[10]  Again, as Defendants acknowledged in the Joint Report, with the exception of the pamphlets and signage in the courtroom, these requested documents remain unproduced.  Defendants' Position Nos. 3(a)–3(f).

The continued delays in document production have placed a significant strain on Plaintiffs' time, resources, and budget.  Plaintiffs have spent a significant amount of time seeking responsive discovery, and have been forced to delay noticing depositions or to leave open depositions because of the number of outstanding documents.  Because of these ongoing discovery issues, Plaintiffs have and will continue to incur additional costs in litigating this matter.

Please produce all remaining documents by January 30, 2023.  Otherwise, as discussed during the December 21, 2022 meet and confer, Plaintiffs will file supplemental briefing in support of their pending Motion to Compel.

* * *

To date, Plaintiffs have participated in several meet-and-confers and remain ready and willing to continue participating in professional and productive conversations.  Please respond to this letter no later than January 30, 2023.

---

[8]     Additionally, to finalize the vendor's engagement, Plaintiffs expect that Defendants will promptly cooperate and confer with the vendor to complete any and all necessary form(s).

[9]     During Officer Mashore's January 24 deposition, he testified that he could not recall the circumstances of Plaintiffs' citations, but that reviewing his "offense report narrative" would refresh his recollection.  Defendants have not produced any offense reports, even though they are responsive to the requests served seven months ago and maintained in an electronic format by the Valley Brook Police Department.  As a result, Plaintiffs' Counsel was forced to leave Officer Mashore's deposition open.

[10]    Plaintiffs further note that Ms. Herrera failed to meet the 30-day deadline to return the jurat page and complete the errata sheet.

Courtney Powell
January 24, 2023
Page 7

Sincerely,

Jason A. Leckerman

cc:     Andrew W Lester
        Anthony J Ferate
        Shannon F Davies
        Woodrow K. Glass
        Jonathan M. Irwin
        Arthur Ago
        Tianna Mays
        Benjamin F. Aiken
        Izabella Babchinetskaya
        Lisa Swaminathan
        Nikki Hatza

Exhibit A

# I N V O I C E

1 of 2

instaScript
125 Park Avenue, LL
Oklahoma City, OK 73102
T: 405-605-6880  F: 405-605-6881

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 19479 | 1/13/2023 | 15980 |
| **Job Date** | **Case No.** | |
| 1/11/2023 | 5:2021-cv-00097 | |
| **Case Name** | | |
| Hill, et al v. Town of Valley Brook, et al | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Tianna Mays
Lawyers' Committee For Civil Rights Under Law
15 K St NW, Ste 900
Washington, DC 20005

ORIGINAL AND ONE CERTIFIED COPY OF:
    Record of Proceedings

508.99

**TOTAL DUE  >>>**                     **$508.99**

Location of Job   : instaScript
                125 Park Avenue, Lower Level
                Oklahoma City, OK 73102

Thank you for your business!

Please note: If payment is not received within 90 days, interest charges of 3.5% will be added each month.  Payments received within 30 days of invoice date and paid via check or ACH deposit may be discounted the 5.0% processing/financing fee.

You may pay via credit card by logging in with your username and password at instascript.reporterbase.com/contact.  Once logged in, if you click on Account Activity, you may hit the search icon and pay your invoice(s) whenever convenient.

If instaScript deems it necessary to pursue legal action on any and all invoices, accumulated interest, any and all court costs and/or attorney fees will be sought.  The party identified as the billing party above is the contracting party unless agreed to in writing and is entirely responsible for the complete payment of fees described above.  We do not offer courtesy credit to non-attorneys.

**Tax ID:** 47-1113641

*Please detach bottom portion and return with payment.*

Tianna Mays
Lawyers' Committee For Civil Rights Under Law
15 K St NW, Ste 900
Washington, DC 20005

| | | | |
|---|---|---|---|
| Job No. | : 15980 | BU ID | : 1-MAIN |
| Case No. | : 5:2021-cv-00097 | | |
| Case Name | : Hill, et al v. Town of Valley Brook, et al | | |
| Invoice No. | : 19479 | Invoice Date | : 1/13/2023 |
| **Total Due** | : **$508.99** | | |

Remit To: **instaScript**
            **125 Park Avenue, LL**
            **Oklahoma City, OK 73102**

**PAYMENT WITH CREDIT CARD**  

Cardholder's Name:
Card Number:
Exp. Date:                     Phone#:
Billing Address:
Zip:                     Card Security Code:
Amount to Charge:
Cardholder's Signature:
Email:

# I N V O I C E

2 of 2

instaScript
125 Park Avenue, LL
Oklahoma City, OK 73102
T: 405-605-6880  F: 405-605-6881

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 19479 | 1/13/2023 | 15980 |
| **Job Date** | **Case No.** | |
| 1/11/2023 | 5:2021-cv-00097 | |
| **Case Name** | | |
| Hill, et al v. Town of Valley Brook, et al | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Tianna Mays
Lawyers' Committee For Civil Rights Under Law
15 K St NW, Ste 900
Washington, DC 20005

| | |
|---|---|
| **(-) Payments/Credits:** | 0.00 |
| **(+) Finance Charges/Debits:** | 0.00 |
| **(=) New Balance:** | **$508.99** |

**Tax ID:** 47-1113641

*Please detach bottom portion and return with payment.*

Tianna Mays
Lawyers' Committee For Civil Rights Under Law
15 K St NW, Ste 900
Washington, DC 20005

Job No.      : 15980          BU ID          : 1-MAIN
Case No.     : 5:2021-cv-00097
Case Name  : Hill, et al v. Town of Valley Brook, et al

Invoice No.  : 19479          Invoice Date : 1/13/2023
**Total Due**  : **$508.99**

Remit To:  **instaScript**
             **125 Park Avenue, LL**
             **Oklahoma City, OK 73102**

| PAYMENT WITH CREDIT CARD     AMEX  MasterCard  VISA |
|---|
| Cardholder's Name: |
| Card Number: |
| Exp. Date:                Phone#: |
| Billing Address: |
| Zip:             Card Security Code: |
| Amount to Charge: |
| Cardholder's Signature: |
| Email: |