# Exhibit 5

COURTNEY D. POWELL
(405) 844-9900
cpowell@spencerfane.com



November 17, 2022

**VIA E-MAIL ONLY**
Jason Leckerman
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103-7599
leckermanj@ballardspahr.com

Dear Jason:

Attached hereto please find Defendants' responses to Plaintiffs' Requests for Admission.

Pursuant to your request, we are responding to your January 24 correspondence. We have endeavored to address each accordingly. If, after review, you feel additional discussion is needed, and we would be happy to engage in a discovery conference.

*Deposition scheduling.* We appreciate your concerns regarding the depositions and have worked to accommodate your requests. A request was made on or about December 8, 2022, to take the depositions of Ray Vincent, Officer Mashore, and Officer Nelson. We were able to confirm Mr. Vincent's deposition on December 22 but due to scheduling conflicts, we were unable to confirm the depositions of Officers Mashore and Nelson on December 21. On December 15, 2022, we advised that we tentatively believed January 10 and 11 would work for the requested depositions. On December 21, the depositions were noticed for January 10 and 11. At the time the notices were issued, we had not been able to confirm availability for those dates but were working to do so.

On January 8, I advised Ms. Mays of an emergency hearing that was set without my knowledge on January 11, 2023. I advised Ms. Mays that it did not appear that another attorney could appear on January 11 and suggested pushing the depositions a week or proceeding with just Mr. Vincent's deposition. We further advised that we would attempt to see if the hearing could be rescheduled. Ms. Mays advised that the decision was made to proceed with Mr. Vincent's deposition as well as the other officers if possible.

On January 9, I spoke with Ms. Mays and advised we had not been able to move the hearing. It was our understanding that we would attempt to fit in the officers' depositions if possible. Steps were then taken to ascertain the officers' availability in light of the change in schedule.

The deposition of Mr. Vincent took place on January 10. At the conclusion of the deposition, the depositions scheduled for the next day were discussed. Contrary to your allegation, I advised Ms.

Mays that scheduling conflicts prevented other attorneys from appearing for the depositions. I reiterated what I believed the time schedule to be with regard to the hearing, time it would take and timing for the depositions for the following afternoon.

Unfortunately, the hearing the following morning, which was 2 ½ hours away from Oklahoma City, did not stay on the believed schedule and took longer to resolve than anticipated. In an effort to keep Plaintiffs' counsel informed, I endeavored to keep them, as well as the deponent, apprised of my approximate return time. We relayed information to Plaintiffs' counsel as it was relayed to us that day.

With regard to your allegation that we did not contact the deponents, we took steps to ensure their appearance at the deposition. We worked with our client to facilitate this discussion. Likewise, we contacted you as soon as we learned of the conflict to try and resolve the issue. Plaintiffs' counsel made the decision to travel to Oklahoma, knowing that there was an unforeseen scheduling issue that was out of Defendants' counsel's control. These steps were taken in good faith in an attempt to resolve the situation before additional costs were incurred. It was Plaintiffs' counsel who chose to adopt a wait and see approach to the situation.

While we disagree with your characterization of the events related to the January 11 depositions, in an effort to resolve this issue, we are considering your request for reimbursement pursuant and will advise you no later than Friday, February 3 regarding the decision related to your request.

*Interrogatories.* Turning now to the discovery issues you identified, below are additional and supplemental responses to Defendant Haynes' responses to interrogatories:

> **Supplemental Response to Interrogatory No. 6:** Defendant Haynes states that the determination of probation is made on a case-by-case basis. Probation is governed by the Defendant Town's municipal ordinances. The prosecuting attorney also makes recommendations regarding deferred sentences which would limit the Court's opportunity to decide on deferred sentences because many Municipal Defendants speak with the prosecuting attorney before appearing in front of Defendant Haynes.
>
> **Supplemental Response to Interrogatory No. 21:** Defendant Haynes cannot identify every method of communication but states most communications are either in person or over the telephone. However, there is no internal messaging system or texts exchanged by Defendant Haynes and the City Attorney either before, during, or after court.

You identified certain responses that you believed required additional explanation. In response, we advise and supplement with the below.

> Haynes' Response to Interrogatory No. 1: Defendant Haynes does not set the docket. He is provided with a copy of the court docket by the town/court clerk, who is responsible for creating the court docket and providing Defendant Haynes with a copy of the same. If you

are seeking information regarding how the town/court clerk creates the docket each week, please advise and we will supplement the same.

Nieman's Response to Interrogatory No. 1:  By way of further explanation, Defendant Nieman, in his capacity as mayor, has not received any formal or informal instructions regarding attendance at court proceedings, assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs. To the best of Defendant Nieman's knowledge, the court clerk and deputy court clerks, in addition to Defendant Judge Haynes, attend Court proceedings. If there is additional information you are seeking, please advise.

Nieman's Responses to Interrogatories Nos. 7 – 9:  As stated in his responses, Defendant Nieman cannot recall any specific discussions. If there is additional information you are seeking, please advise.

Nieman's Response to Interrogatory No. 15:  Section 2-201 sets forth the scope of Defendant Nieman's roles as mayor. To the extent that oversight of the police department is not included, it is not within Defendant Nieman's role as mayor.

Verifications for the interrogatories, including the above supplemental responses as well as any supplemental responses raised by your January 24 correspondence (specifically, Town's Interrogatory No. 11, Nieman's Interrogatory No. 17), will be provided by Friday, February 3, 2023.

*Documents.* With regard to the identification of specific documents, Defendants would direct you to the following:

- Stamp's Response to Interrogatory No. 2:     VB 0005 – 0099, 0153-0160;

- Town's Response to Interrogatory No. 6:     Responsive information is located in the Ticket Jackets. Additional information may be found in the Daily Receipts. Daily Receipts for the years 2018 and 2021 will be produced tomorrow; and,

- Haynes' Response to Interrogatory No. 9:     Defendant Haynes is not in possession of any responsive documents.

The first round of Ticket Jackets were picked up by the vendor last week. It is our understanding that as copying is completed, the vendor will advise us, and we will make additional documents available. We have provided the vendor with the names/contact information for multiple people to contact when that time arises.

As noted above, certain additional documents will be produced tomorrow. We have produced all documents we have received and will continue to do so. Requests were made after Officer Mashore's deposition for production of the reports. Upon receipt, we will forward the same.

We appreciate your willingness to discuss these discovery matters with you. However, we have strived to produce all documents and information available to us in a timely matter. And we will continue to do so. Again, if you believe a discovery conference is required, we can make ourselves available on Wednesday, February 1, after 10:00 A.M. central time.

Should you have any additional questions, please contact me.

          Sincerely,
         s/Courtney D. Powell

cc:  Woodrow K. Glass
   Jonathan M. Irwin
   Arthur Ago
   Tianna Mays
   Benjamin F. Aiken
   Izabella Babchinetskaya
   Lisa Swaminathan
   Nikki Hatza