## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves) and all others similarly situated, ) | |
| ) | Case No. 5:21-cv-00097-SLP |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| TOWN OF VALLEY BROOK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' MOTION FOR SANCTIONS
## AGAINST DEFENDANT JUDGE STEPHEN HAYNES
## AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs Kimiesha Hill, Kiara McCorkle, and Jason Garnett (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Motion for Sanctions against Defendant Judge Stephen Haynes ("Defendant Haynes") for dilatory and obstructive discovery tactics, which unnecessarily multiplied the burdens and expenses of litigation in this matter. In support of their Motion, Plaintiffs state:

### INTRODUCTION

Plaintiffs filed suit in January 2021 seeking to hold Defendants Judge Stephen Haynes, Mayor Lewis Nieman, Chief of Police Michael Stamp, and the Town of Valley Brook (collectively, "Defendants") accountable for their unlawful and unconstitutional policies and practices that perpetuated the contemporary equivalent of a debtors' prison. Defendants' persistent noncompliance with the rules governing discovery has effectively stalled the adjudication of this case. Defendants' actions have delayed discovery and

forced Plaintiffs to divert significant resources from the merits of their claims.  Despite filing a Motion to Compel, which the Court granted, ECF No. 81, Defendant Haynes continues to act without regard for this Court's Orders or his own obligations under the Federal Rules of Civil Procedure.[1]

Plaintiffs now move for sanctions against Defendant Haynes for failing to (1) disclose responsive documents and (2) abide by the Court's Orders regarding discovery. *First*, in his written discovery responses, Defendant Haynes knowingly concealed the existence of recordings related to ability to pay determination hearings (i.e., "Rule 8 recordings"), which play a significant role in Plaintiffs' allegations.  *See, e.g.*, ECF No. 1, Compl. ¶¶ 5-6, 98, 105–117, 152–159.  Plaintiffs only recently learned that, despite multiple representations that he did not maintain responsive documents, Defendant Haynes has been using his personal phone to record these proceedings.  *Second,* Defendant Haynes is still withholding his phone from inspection by Plaintiffs, in violation of this Court's Order, and failed to meet the court-imposed deadline to produce all Rule 8 recordings by April 12, 2023.  *See* ECF No. 84.

Plaintiffs respectfully request that this Court use its inherent authority and its authority as prescribed by the Federal Rule of Civil Procedure 37 to sanction Defendant Haynes for his violations.  These sanctions include: (1) a finding that Defendant Haynes is in contempt of the Court's March 24, 2023 and April 11, 2023 Orders; (2) jury instructions regarding Defendant Haynes' discovery failures; (3) adverse inferences that Defendant

---

[1]	There remain other, significant issues with Defendants' responses to discovery, which Plaintiffs anticipate bringing to the Court's attention shortly.

Haynes failed to produce his phone for inspection because his phone contains information that would be harmful for his defense, and that other than Rule 8 hearings evidenced in the two recordings from 2019 and the two recordings from 2020 that Defendant Haynes produced, Defendant Haynes did not conduct Rule 8 hearings prior to the filing of this lawsuit; (4) payment of reasonable costs, including attorney's fees; and (5) other relief that this Court deems just and proper.

## RELEVANT BACKGROUND

### *The Court's Discovery-Related Orders*

1.      Since June 23, 2022, Plaintiffs have diligently sought to obtain necessary discovery from Defendants.  Defendants' obstructionist discovery tactics have compelled Plaintiffs to seek two extensions[2] of the deadline to file their class certification motion. ECF Nos. 43, 71.

2.      Faced with Defendants' discovery delays, on October 25, 2022, Plaintiffs filed a Motion to Compel Defendants to Produce Documents ("Motion to Compel").  ECF No. 50.

3.      The Court held a hearing on Plaintiffs' Motion to Compel on March 23, 2023. In the five months that elapsed between filing and the hearing, Defendants continued to flout their obligations to respond to Plaintiffs' discovery requests.

4.      On March 24, 2023, the Court entered an Order by agreement granting Plaintiffs' Motion to Compel (the "Motion to Compel Order"), requiring Defendants to

---

[2]      Plaintiffs anticipate filing a third extension of the deadline to file their class certification motion because of Defendants' continued discovery deficiencies.

produce all outstanding responsive documents in electronic form within 15 days, paper or hard copy documents within 25 days, and to confirm in writing if Defendants do not have responsive documents in their possession, custody, or control.  ECF No. 81.  The Court explicitly required production of "[r]ecordings or transcriptions of Rule 8 hearings."  *Id.*

5.      On April 10, 2023, the deadline imposed by the Court to produce documents, and to which Defendants agreed, without notifying Plaintiffs, at 10:48 p.m., Defendants Haynes and the Town of Valley Brook filed a Motion for Extension of Time to Produce Recordings.  ECF No. 82.

6.      According to the Motion, Defendant Haynes maintains at least 79 recordings on his personal phone and only tendered his phone to his counsel's office on the day that the recordings were due to be produced.  *Id.* ¶ 5.  The filing also revealed that attempts were made to download the files from the phone without a vendor, but that the recordings could not be safely transferred.  *Id.* ¶ 7.

7.      On April 11, 2023, the Court struck the filing for failure to comply with LCvR 7.1.

8.      Then, for the first time, Counsel for Defendant Haynes, Attorney Powell,[3] contacted Plaintiffs to seek Plaintiffs' position on Defendant Haynes' request for additional time to produce recordings.  Ex1, C. Powell Apr. 11, 2023 Email at 11:39 AM.

---

[3]      As explained infra ¶ 26, Attorney Powell represents Defendant Haynes in his official capacity.  However, both Defendant Haynes and Attorney Powell have communicated to Plaintiffs that as of April 25, 2023, Attorney Powell does not represent Defendant Haynes regarding the production of his phone.

9.      With no feasible option to receive the documents in accordance with the Court's previous order due to Defendant Haynes' unexplained delay, and based on Defendant Haynes' representation that he would produce all recording by April 12, 2023 and tender his phone to Ward & Glass for inspection, Plaintiffs did not object to the extension.[4]  Ex. 1, I. Babchinetskaya Apr. 11, 2023 Email at 11:14 AM.

10.     On April 11, 2023, the Court entered an order (the "Order"), directing Defendant Haynes to produce the recordings by April 12, 2023 and to tender his phone for inspection.  ECF No. 84.

11.     On April 11, 2023, Defendant Haynes produced 85 recordings from his phone with metadata showing file name, custodian, and the date and time the recording was created.[5]  Ex. 1, C. Powell Apr. 11, 2023 Email at 10:18 PM.

12.     Defendant Haynes created 81 of the recordings after Plaintiffs commenced this litigation.  Defendant Haynes produced only 2 recordings from 2019 and 2 from 2020.

13.     Defendant Haynes did not produce any recordings created after December 28, 2022 even though Defendant Haynes is in possession of those recordings and Plaintiffs requested production of recordings created between January 1, 2017 and present day, with no objection from Defendant Haynes.  Ex. 2, Defendant Haynes' Response to Requests for Production (hereinafter, "RFP Responses").

---

[4]      On April 11, 2023, Defendants Haynes and Town of Valley Brook re-filed their Motion for Extension of Time as an unopposed motion.  ECF No. 83.

[5]      Plaintiffs do not know, nor did Defendant Haynes explain, why he stated that only 79 recordings existed in his Request for an Extension.  ECF No. 83.

### *Discovery Related to Rule 8 Recordings*

14.     Until the late night filing on April 10, 2023, Defendant Haynes actively concealed the existence of the recordings that he maintained on his personal phone.

15.     For instance, on August 19, 2022, in response to Plaintiffs' request for "Documents, Transcripts, or Recordings of any Rule 8 Hearings conducted in Valley Brook Municipal Court," Defendant Haynes stated that "Defendant Haynes *does not* personally maintain any responsive documents. Any responsive documents to this Request are maintained by the City." Ex. 2, at RFP No. 5 (emphasis added). Defendant Haynes reiterated this response in his September 6, 2022 amended RFP Responses. Ex. 3, Defendant Haynes' Amended RFP Responses.

16.     On November 17, 2022 counsel for Defendant Haynes circulated a letter in which Defendant Haynes amended RFP Response Number 5. The revised response stated that responsive information would be contained in the Town's municipal court records (i.e., "ticket jackets"), but it repeated Defendant Haynes' assertion that he "does not personally maintain any responsive documents." Ex. 4, C. Powell Nov. 17, 2022 Correspondence.

17.     In Addition, on December 21, 2022, Defendant Haynes again failed to identify the existence of Rule 8 recordings when his answer to an interrogatory asking him to identify all Rule 8 hearings in the last five years simply referred Plaintiffs to the ticket jackets. Ex. 5, Defendant Haynes' Answers to Interrogatories at No. 8.

18.     On February 10, 2023, in response to an interrogatory inquiring about Town's policy regarding recording or transcribing Rule 8 hearings, Attorney Powell stated

that "the City is not aware of any written policy or custom regarding the recording of Rule 8 proceedings." Ex. 6, C. Powell Feb. 10, 2023 Email at 11:27 PM.

19.     Even during the Court ordered meet-and-confer, which occurred on March 23, 2023, Attorney Powell represented that Defendants only located one transcript from a Rule 8 hearing and could not locate recordings.

### *Defendant Haynes' Failure to Comply with the Order*

20.     The Court's Order requires Defendant Haynes to produce his phone for inspection. ECF No. 84.

21.     On April 13, 2023, counsel for Plaintiffs and Defendants held a meet-and-confer to discuss inspection of Defendant Haynes' phone.

22.     During the meeting, Plaintiffs' counsel raised concerns regarding Defendant Haynes' discovery responses and that he may have altered or deleted information saved to his phone in the months that he was concealing the existence of the recordings. Plaintiffs' counsel requested to image the entire phone. Imaging will allow Plaintiffs' counsel to review metadata to ensure all responsive information on the phone is produced and to verify that no recordings have been altered or deleted.

23.     Attorney Powell consented to the phone imaging. She also communicated that Defendant Haynes was concerned about privileged information on his phone related to his work as a practicing attorney. Therefore, she requested that contents of the phone be reviewed pursuant to a protocol designed to isolate any privileged information and agreed to provide the protocol to Plaintiffs' counsel by April 21, 2023.

24.     Over the next 5 days, Plaintiffs attempted to schedule a date for Defendant Haynes to produce his phone for imaging.  After multiple communications with Attorney Powell, who was unable to confirm a date with Defendant Haynes, Defendant Haynes contacted the law offices of Ward & Glass and said that he was no longer represented by Spencer Fane LLP, Attorney Powell's law firm.

25.     Before contacting Defendant Haynes, Plaintiffs contacted Attorney Powell to confirm that she no longer represented Defendant Haynes.  Ex. 1, at T. Mays' Apr. 25, 2023 Email at 5:12 PM.

26.     Attorney Powell responded: "With regard to the request for the cell phone, the Town is not in possession, custody, or control of the cell phone at issue.  We have attempted in good faith to coordinate the production of the cell phone but were unable to confirm production of the cell phone for tomorrow.  It is our understanding that Defendant Haynes will be selecting new counsel with regard to this issue.  At this time, we believe alternative steps may be necessary to facilitate the production."  *Id.* at C. Powell Apr. 25, 2023 Email at 6:29 PM.

27.     Because Plaintiffs needed to confirm that Defendant Haynes was not represented as to this issue, Plaintiffs did not have a chance to contact Defendant Haynes until the next day when Defendant Haynes arrived at the law offices of Ward & Glass.  An employee at Ward & Glass told Defendant Haynes that counsel for Plaintiffs would contact him to confirm the date of the imaging.

28.     Plaintiffs' counsel contacted Defendant Haynes and let him know that the vendor that Plaintiffs engaged was available on Monday, May 1, 2023.

29.     Plaintiffs' counsel also requested that Defendant Haynes notify Plaintiffs if he hires new counsel.  Defendant Haynes has not provided such notification.

30.     On Friday, April 28, 2023, Defendant Haynes told counsel for Plaintiffs that he was not available on May 1, 2023.  Thus, Plaintiffs' counsel contacted Defendant Haynes and again re-scheduled the imaging, this time for Wednesday, May 3, 2023.

31.     Plaintiffs' counsel also notified Attorney Powell of the scheduled time.  Ex. 1, T. Mays May 1, 2023 Email.

32.     On May 3, 2023, Defendant Haynes arrived with his phone but refused to allow the vendor, who drove from Tulsa, Oklahoma, to image his phone.

## CERTIFICATE OF COMPLIANCE WITH LCvR 37.1

The undersigned counsel advises the Court that the parties met and conferred in good faith.  A virtual meet and confer was held on April 13, 2023 where the parties agreed to image Defendant Haynes' phone and review the contents according to a review protocol. In addition, on May 3, 2023, Defendant Haynes, counsel for Plaintiffs, and an attorney from Spencer Fane were present at the law offices of Ward & Glass for the scheduled phone imaging.  Despite multiple attempts by both Plaintiffs' counsel and counsel from Spencer Fane to work with Defendant Haynes, Defendant Haynes refused to provide his phone for imaging.

## ARGUMENT AND AUTHORITIES

The Court should sanction Defendant Haynes for violating the Court's Orders and his obligations under the Federal Rules of Civil Procedure.  Under the Federal Rules of

Civil Procedure, if a party fails to obey an order to provide discovery, a court may issue

further a just order that may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  *See also Proctor & Gamble Co. v. Haugen*, 427 F.3d

727, 738 (10th Cir. 2005) (explaining a district court is afforded the discretion in choosing

an appropriate discovery sanction); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.

1992) ("Determination of the correct sanction for a discovery violation is a fact-specific

inquiry that the district court is best qualified to make.").

Rule 37(b)(2)(C) also requires that the Court order "the disobedient party, the

attorney advising that party, or both to pay the reasonable expenses, including attorney's

fees, caused by the failure, unless the failure was substantially justified or other

circumstances make an award of expenses unjust."  In addition, where a party fails to

disclose or supplement his discovery responses, a court may "order payment of the

reasonable expenses, including attorney's fees, caused by the failure," "inform the jury of

the party's failure," or "impose other appropriate sanctions, including any of the orders

listed in Rule 37(b)(2)(A)(i)–(vi)."  Fed. R. Civ. P. 37(c)(1)(A)-(C).

I.   **Sanctions are Appropriate Because Defendant Haynes Failed to Disclose the Rule 8 <u>Recordings and Disregarded the Court's Orders.</u>**

   a.   **Defendant Haynes Failed to Disclose Rule 8 Recordings**

Defendant Haynes' failure to comply with Rule 26(e) by not disclosing the Rule 8 recordings is subject to sanctions. *See* Fed. R. Civ. P. 37(c)(1). Rule 26(e)(1) requires that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response." Fed. R. Civ. P. 26(e). Rule 37(c)(1) allows for sanctions when a party fails to comply with these discovery obligations unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *see, e.g.*, *Pappas v. Frank Azar & Assocs., P.C.*, No. 06-cv-01024-MSK-BNB, 2008 U.S. Dist. LEXIS 27225, at *5-7 (D. Colo. Apr. 3, 2008) (awarding reasonable costs because of plaintiffs' false interrogatory responses and deposition testimony); *Kerr v. Burlington Northern & Santa Fe Ry.*, No. CIV 98-73 BB/LFG, 1999 U.S. Dist. LEXIS 24673, at * 17 (D.N.M. Mar. 9, 1999) (imposing sanctions for false and misleading discovery response).

For over ten months, Plaintiffs sought to obtain relevant and necessary discovery from Defendants. As early as June 23, 2022, Plaintiffs requested that Defendant Haynes produce Rule 8 recordings from January 1, 2017 to present. Defendant Haynes failed to disclose the existence of the recordings, which he exclusively controlled, as he maintained them on his personal phone.

Instead, in his initial responses and objections to Plaintiffs' June 23, 2022 discovery requests, Defendant Haynes wrote that he "*does not* personally maintain any responsive

documents. Any responsive documents to this Request are maintained by the City." Ex. 2, RFP Response No. 5 (emphasis added); *see also* Ex. 3, RFP Response No. 5.  He again reiterated that he was not in possession of responsive documents when he supplemented his response on November 17, 2022.  Ex. 4, RFP Response No. 5.

Defendant Haynes acted knowingly, claiming that he does not maintain recordings of Rule 8 hearings at the same time that he was using his phone weekly to record the next court session.  Just the day before Defendant Haynes supplemented his responses and reiterated that he does not maintain responsive documents, he used his phone to create a recording of what he purported to be a "Rule 8, Time payment, and community service hearing" that was 52 minutes and 24 seconds long.  And, as recently as March 23, 2023, Attorney Powell reiterated that no Rule 8 recordings had been located.

### b.  Defendant Haynes Failed to Comply with the Court's Orders

In addition to failing to abide by the Federal Rules of Civil Procedure, Defendant Haynes disregarded this Court's Orders by not producing all Rule 8 recordings (i.e., recordings from 2023) and failing to produce his phone for inspection, which is subject to sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii).

#### i.  *The Court Should Hold Defendant Haynes in Contempt*

This Court can and should hold Defendant Haynes in contempt for failure to comply with its Orders.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).  To hold a person in civil contempt, the Court must find, by clear and convincing evidence, that (1) a valid court order existed; (2) the defendant had knowledge of that order; and (3) the defendant disobeyed the order. *FTC v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004) (finding defendant in contempt

for failure to obey a court order). Once a *prima facie* case is established, the defendant can avoid a contempt adjudication by showing through clear and convincing evidence his inability to comply with the order of the court. *Donovan v. Burgett Greenhouses*, 759 F.2d 1483, 1486 (10th Cir. 1985).

Here, the Court issued two Orders related to discovery, and Defendant Haynes violated both: the Court's Order granting Plaintiffs' Motion to Compel and ordering Defendant Haynes to produce all Rule 8 recordings by April 10, 2023, ECF No. 81; and its subsequent order granting the extension, ordering that Defendant Haynes produce recordings by April 12, 2023 and his phone for inspection. ECF No. 84.

There is no dispute that Defendant Haynes had knowledge of the Court's Orders or even that—as an officer of the court—he understood his obligations under those Orders. He requested an extension of time to produce the recordings, communicated with Plaintiffs' Counsel about the inspection, and his own counsel communicated that she had advised him of the need to produce his phone for imaging. *See* ECF No. 83; *see also* Ex. 1. Further, as a judge and officer of the court, Defendant Haynes undoubtedly understands his discovery obligations and the meaning of Orders issued by this Court.

Despite his knowledge and understanding of the Court's Orders, Defendant Haynes violated both Orders by failing to produce all recordings on his personal phone and refusing to tender his phone for inspection. Defendant Haynes did not produce any recordings made after December 2022, even though Plaintiffs' requests sought recordings from January 1, 2017 to present, Defendant Haynes did not object, and Attorney Powell confirmed that Defendant Haynes maintains recordings made in 2023.

In further violation of the Court's Order, Defendant Haynes refused to produce his phone for inspection. Although Defendant Haynes brought his phone to Ward & Glass, he refused to tender his phone to the vendor. Since April 13, 2023, Defendant Haynes has known that Plaintiffs' counsel engaged a vendor to image his phone; he required that Attorney Powell and Plaintiffs' counsel engage in a days-long back and forth about scheduling and a protocol to protect privileged information; fired Attorney Powell when it was finally time to produce his phone; and told his own lawyer and Plaintiffs' counsel that he needed further counsel on the phone imaging. After lengthy delays, Defendant Haynes continues to refuse to turn over his phone, leaving Plaintiffs without recourse while he chooses to remain uncounseled on an issue as to which this Court has already entered an order.

Given Defendant Haynes' repeated and knowing violations of this Court's Orders and Defendant Haynes' discovery obligations, the Court should find Defendant Haynes in contempt of the Court's March 24, 2023 and April 11, 2023 Orders.

   *ii. The Court Should Grant an Adverse Inference Regarding the Contents of Defendant Haynes' Phone*

Defendant Haynes' discovery tactics, including continued refusal to allow his phone to be imaged, despite the Court Order and Attorney Powell's consent, is without excuse and has, and will continue to prejudice Plaintiffs, meriting an adverse inference and jury instructions regarding the phone's contents.

"Jury instructions on the adverse inference rule are permissible in federal court when there exists an unexplained failure or refusal of a party . . . to produce evidence that

would tend to throw light on the issues." *Gilbert v. Cosco, Inc.*, 989 F.2d 399, 406 (10th Cir. 1993) (quotation marks omitted).   The Tenth Circuit, following Eighth Circuit precedent, considers the following factors in deciding whether an adverse inference is appropriate: "(1) it appears that the documentary evidence exists or existed; (2) the suppressing party has possession or control of the evidence; (3) the evidence is available to the suppressing party, but not to the party seeking production; (4) it appears that there has been actual suppression or withholding of evidence." *Stambaugh v. Smith's Food & Drug Ctr., Inc.*, No. 18-CV-0213-F, 2019 U.S. Dist. LEXIS 246115, at *20 (D. Wyo. Dec. 16, 2019) (quoting *Gilbert*, 989 F.2d at 406 (10th Cir. 1993) (granting adverse inference and instructing jury that defendant's failures—to prepare and provide a corporate representative and to conduct a reasonable search for responsive documents—may be "presumed by the jury to mean that such [documents] would be beneficial to Plaintiff")); *see also AKH Co. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2019 U.S. Dist. LEXIS 44642, at *17 (D. Kan. Mar. 19, 2019) ("adverse inference instruction is warranted directing the jury that it may infer from AKH's changed position that it sought to conceal assets from UUIC in order to avoid a judgment in this matter"); *Stanphill v. Health Care Serv. Corp.*, No. CIV-06-985-BA, 2008 U.S. Dist. LEXIS 43878, at *23 (W.D. Okla. June 3, 2008) (explaining that because defendant failed to timely produce certain exhibits "the Court will instruct the jury that it can draw inferences adverse to the Defendant based on its failure to timely supplement its document").

Here, the central focus of this Motion—Rule 8 recordings—is critical to the allegations in Plaintiffs' Complaint.  *See, e.g.*, ECF No. 1, Compl. ¶¶ 5–6, 98, 105–17,

152–59.  Rule 8 recordings provide essential information regarding ability to pay hearings, which Plaintiffs contend Defendant Haynes did not provide at the time the action was initiated.  Despite their significance to the case, Defendant Haynes hid their existence, failed to produce all the recordings in his possession, and refused to produce metadata that could shed light on Defendant Haynes' discovery tactics.  Thus, all of the *Gilbert* factors are met—it is undisputed that Defendant Haynes possesses relevant information on his personal phone that he refuses to turn over to Plaintiffs.

An adverse inference is an appropriate remedy in light of the significance of the requested discovery and Defendant Haynes' discovery deficiencies.  As discussed in Section I.a., Plaintiffs cannot rely on Defendant Haynes' written discovery responses, which is why Plaintiffs' counsel requested a full image of Defendant Haynes' phone to which Attorney Powell agreed.  The phone image would allow Plaintiffs to view metadata that would show among other things what, if anything, had been altered or deleted from the phone and would ensure receipt of all relevant recordings.  It would also allow Plaintiffs to test the veracity of Defendant Haynes' other written discovery responses.

It is clear that Defendant Haynes has not upheld his discovery obligations, has attempted to shield the contents of his phone from discovery, and has caused significant delays to discovery in this matter.  Therefore, the Court should provide the jury the following instructions—(1) Defendant Haynes failed to disclose responsive information on his phone; (2) failed to produce his phone for inspection; (3) only produced four Rule 8 recordings from 2019 and 2020; and (4) the jury shall infer that Defendant Haynes' phone contains material that is damaging to his defense and that Defendant Haynes did not

conduct Rule 8 hearings prior to the initiation of this litigation, except in the instances where he actually produced recordings.

### c. The Court Should Order that Defendant Haynes Pay Reasonable Costs and Fees

Plaintiffs have spent significant resources because of Defendants' discovery deficiencies.[6]  And now Defendant Haynes has once again decided to delay discovery in this matter by refusing to provide his phone for imaging—after months of affirmatively denying the existence of relevant information on his personal phone.  The resources Plaintiffs expended related to the instant Motion include but are not limited to: several email exchanges with Attorney Powell regarding Defendant Haynes' phone, a meet-and-confer with Attorney Powell, communications with the vendor and Defendant Haynes to schedule the phone imaging, the scheduled meeting with the vendor and Defendant Haynes where he refused to tender his phone, and drafting the instant Motion.[7]

Defendant Haynes' actions have significantly impaired and prejudiced Plaintiffs' ability to litigate this matter.  His blatant disregard for his obligations under the Federal Rules of Procedure and this Court's Orders have not only delayed discovery but also cost Plaintiffs significant time and resources.  Given the history of discovery in this matter, including a previous discovery motion that was granted, and Defendants Haynes' knowing violation of this Court's Orders and his discovery obligations, Plaintiffs respectfully seek

---

[6]     Plaintiffs previously spent time and resources filing a Motion to Compel Defendants to Produce Documents, which was granted by the Court.  *See* ECF No. 81.  Rule 8 recordings were a subject of that Motion, as well.  Judicial resources have also been expended resolving these discovery disputes.

[7]     Plaintiffs' counsel will provide a complete breakdown of fees and costs.

reasonable expenses and costs, including attorney's fees.  *See, e.g.*, *Olcott v. Delaware Flood Co*., 76 F.3d 1538, 1557 (10th Cir. 1996) (affirming district court's award of expenses and attorney's fees directly attributable to defendants' sanctionable conduct); *Dejager v. State Farm Fire & Cas. Ins. Co.*, No. 1:21-cv-00449-CNS-SKC, 2022 U.S. Dist. LEXIS 230638, at *7 (D. Colo. Dec. 22, 2022) (awarding reasonable attorney's fees for failing to comply with the court's order and "needlessly augment[ing] these proceedings by causing [p]laintiffs to file a discovery motion and seek an extension of time to complete a second deposition.  In turn, the Court had to convene yet another discovery hearing and issue yet another order to complete the Rule 30(b)(6) deposition by extending, again, its discovery deadline.").

## <u>CONCLUSION</u>

Plaintiffs respectfully ask that the Court grant Plaintiffs' Motion for Sanctions, and order the following relief:

1. A finding that Defendant Haynes is in contempt of the Court's March 24, 2023 and April 11, 2023 Orders;

2. Jury instructions that Defendant Haynes failed to disclose responsive information on his phone, failed to produce his phone for inspection, and only produced four Rule 8 recordings from 2019 and 2020;

3. Adverse inferences that Defendant Haynes has information on his phone that is damaging to his defense, and that other than Rule 8 hearings evidenced in the two recordings from 2019 and the two recordings from 2020, Defendant Haynes did not conduct Rule 8 hearings prior to the filing of this lawsuit;

4.  Payment of reasonable costs and expenses, including attorney's fees; and

5.  Other relief that this Court deems just and proper.

Dated:  May 19, 2023

Respectfully submitted,

*/s/ Jason A. Leckerman*
Jason A. Leckerman
Lisa Swaminathan
Izabella Babchinetskaya
Ballard Spahr LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
BabchinetskayaI@ballardspahr.com
*Admitted pro hac vice*

Woodrow K. Glass (OBA #15690)
Jonathan M. Irwin (OBA #32636)
Ward & Glass
1601 36th Ave NW
Norman, OK 73072
405.253.4031 DIRECT
woody@wardglasslaw.com
jonathan@wardglasslaw.com

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19 day of May 2023, I electronically submitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants on file.  The filing will also be mailed to Defendant Judge Stephen Haynes at the following address:

Law Offices of R. Stephen Haynes, P.C.
Suite 150
6307 Waterford Boulevard
Oklahoma City, OK 73118- 1117


<u>/s/Jonathan Irwin</u>
Jonathan M. Irwin