# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 5:21-cv-00097-SLP<br>)<br>) |
| v. | )<br>) |
| TOWN OF VALLEY BROOK, et al, | )<br>) |
| Defendants. | )<br>) |

**DEFENDANT JUDGE STEPHEN HAYNES' RESPONSE TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Judge Stephen Haynes ("Haynes") submits the following Responses to Plaintiffs' First Request for Production of Documents.

**RESPONSES TO REQUESTS
FOR PRODUCTION**

**REQUEST NO. 1:** All Documents and Orders containing or relating to "findings of the court regarding [a] defendant's ability or inability to pay" Fees, Fines, or Costs, as specified in Rule 8.7 of the Oklahoma Court of Criminal Appeals.

**RESPONSE TO REQUEST NO. 1:** Objection. Request No. 1 is overly broad, vague and not proportional to the issues in this case. Not every document or order regarding a defendant's ability to pay is at issue in this case. The Request is not proportional to the issues in this case. Moreover, Defendant Haynes is sued in his official capacity. Any responsive documents would be in the possession, custody, and control of the Defendant City.

1

**REQUEST NO. 2:** All Orders entered in Rule 8 Hearings that evidence the "findings of facts and conclusion of law necessary to support" those Orders, as specified in Rule 8.7 of the Oklahoma Court of Criminal Appeals.

**RESPONSE TO REQUEST NO. 2:** Objection. Request No. 2 is overly broad, vague and not proportional to the issues in this case. Not every document or order regarding a defendant's ability to pay is at issue in this case. The Request is not proportional to the issues in this case. Moreover, Defendant Haynes is sued in his official capacity. Any responsive documents would be in the possession, custody, and control of the Defendant City.

**RESPONSE TO REQUEST NO. 3:** For each instance in which a Municipal Defendant was incarcerated for failure to pay Fees, Fines, or Costs in accordance with a payment plan, all Documents sufficient to evidence Municipal Defendants' "opportunity to be heard as to the refusal or neglect to pay" payment plan installments, as required under Rule 8.4 of the Oklahoma Court of Criminal Appeals.

**RESPONSE TO REQUEST NO. 3:** Objection. Request No. 3 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to evidence." The Request is not proportional to the issues in this case. Defendant Haynes does not personally maintain any responsive documents. Furthermore, any documents responsive to this Request are maintained by the City.

**REQUEST NO. 4:** All Documents sufficient to show Your Policies and Practices for determining whether a Municipal Defendant is in "poverty" or has a "physical disability," as those terms are used in Rule 8.5 of the Oklahoma Court of Criminal Appeals,

and all Documents recording any finding or rejection of "poverty" or "physical disability."

**RESPONSE TO REQUEST NO. 4:** Objection. Request No. 4 is vague. It is unclear what is meant by the phrase "sufficient to show." Defendant Haynes does not personally maintain any responsive documents. Documents responsive to this Request are maintained by the City. Furthermore, Defendant Haynes states that any determinations are made in accordance with Oklahoma law.

**REQUEST NO. 5:** Documents, Transcripts, or recordings of any Rule 8 Hearings You conducted in Valley Brook Municipal Court.

**RESPONSE TO REQUEST NO. 5**: Defendant Haynes does not personally maintain any responsive documents. Any responsive documents to this Request are maintained by the City.

**REQUEST NO. 6:** If a Rule 8 Hearing was waived under Okla. Stat. tit. 20 § 106.4(a), any and all Documents recording the consent of Municipal Defendants to excuse the court reporter.

**RESPONSE TO REQUEST NO. 6:** Defendant Haynes does not personally maintain any responsive documents. Any responsive documents to this Request are maintained by the City.

**REQUEST NO. 7:** All Documents sufficient to show all Municipal Defendants imprisoned for failure to pay Fines, Fees, or Costs, and the amount of time Municipal Defendants were held in jail.

**RESPONSE TO REQUEST NO. 7:** Objection. Request No. 7 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly

3

broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 8:** All Time Payment Applications and Ticket Jackets for Municipal Defendants that You issued a warrant or held in contempt or imprisoned for failure to pay Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 8:** Objection. Request No. 8 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 9:** All Documents pertaining to Municipal Defendants whose license You Suspended or suggested be suspended for failure to pay Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 9:** Objection. Request No. 9 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any responsive documents would be maintained by the City.

**REQUEST NO. 10:** All Documents and Communications pertaining to Municipal Defendants who You sentenced to probation.

**RESPONSE TO REQUEST NO. 10:** Objection. Request No. 10 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 11:** All Documents and Communications pertaining to

Municipal Defendants sentenced to community service in lieu of or in addition to paying Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 11:** Objection. Request No. 11 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 12:** All Documents sufficient to identify all Municipal Defendants incarcerated for failure to pay Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 12:** Objection. Request No. 12 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to identify." Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 13:** For each instance in which a Municipal Defendant requested a payment plan because they were unable to pay Fees, Fines, or Costs at the time of the Court Proceeding, all Documents, Policies, or Procedures regarding Your decision on such payment plans.

**RESPONSE TO REQUEST NO. 13:** Objection. Request No. 13 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 14:** For each instance in which a Municipal Defendant was

5

permitted to pay in installments, all Documents regarding the amount owed and the intervals at which such payments were owed.

**RESPONSE TO REQUEST NO. 14:**   Objection. Request No. 14 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 15:**   All Communications with Defendants or the City Attorney regarding (1) Rule 8 of the Oklahoma Court of Criminal Appeals, (2) the implementation of or compliance with the same, (3) the assessment and collection of Fines, Fees, or Costs, (4) imprisoning Municipal Defendants for failure to pay, (5) the use, availability, or need of public defenders during Court Proceedings, and (6) Plaintiffs.

**RESPONSE TO REQUEST NO. 15:**   Objection. Request No. 15 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. Clearly, not every communication between Defendant Haynes, Defendants, or the City Attorney regarding the subjects outlined in Request No. 15 are responsive to the issues in this case. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 16:**   All Documents and Communications concerning complaints, grievances, or accusations of misconduct that have been made against You in Your capacity as a judge and any disciplinary actions taken against You, whether formal or informal.

6

**RESPONSE TO REQUEST NO. 17:** Objection. Request No. 17 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad, signaling nothing more than a fishing expedition by Plaintiffs. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City and will be produced pursuant to a protective order.

**REQUEST NO. 17:** Documents and Communications sufficient to show Your responsibilities as a Valley Brook Municipal Court judge.

**RESPONSE TO REQUEST NO. 17:** Objection. Request No. 17 is vague. it is unclear what is meant by the phrase "sufficient to identify." Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 18:** All Documents and Communications sufficient to show Your Policies and Procedures in assessing and determining (1) court Fees, Fines, or Costs, including doubling Fees, Fines, or Costs on certain occasions, (2) Time Payment Applications, and (3) credit toward outstanding municipal debt of $100 per day in jail.

**RESPONSE TO REQUEST NO. 18:** Objection. Request No. 18 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" is overly broad. Moreover, it is unclear what is meant by the phrase "sufficient to identify." Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 19:** All Communications to any Defendant regarding court Fees, Fines, or Costs.

**RESPONSE TO REQUEST NO. 19:** Objection. Request No. 19 is overly broad, vague and not proportional to the issues in this case. The request for "all documents" regarding "Fees, Fines, or Costs" is overly broad. Defendant Haynes does not personally maintain any responsive documents. Any documents responsive to this Request are maintained by the City.

**REQUEST NO. 20:** All Documents You intend to rely upon during trial.

**RESPONSE TO REQUEST NO. 20:** Objection. Request No. 20 seeks information protected the work-product doctrine. Furthermore, Defendant Haynes does not know what documents he intends to rely upon at trial.

Respectfully submitted,

s/Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 19th day of August, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Laura E. Luisi Gavin | gavinl@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |

s/Courtney D. Powell