# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
OKLAHOMA**

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | )<br>)<br>) Case No. 5:21-cv-00097-SLP |
| Plaintiffs, | ) |
| v. | )<br>) |
| TOWN OF VALLEY BROOK, et al, | ) |
| Defendants. | )<br>)<br>) |

**DEFENDANT JUDGE STEPHEN HAYNES' RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES**

Pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, Defendant Judge Stephen Haynes ("Haynes" or "Defendant") submits the following Responses to Plaintiffs' First Interrogatories.

**GENERAL OBJECTIONS**

A.   Defendant object to Plaintiffs' Interrogatories to the extent that they seek information and/or documents that are not relevant to the subject matter of this litigation or not reasonably calculated to lead to the discovery of admissible evidence.

B.   Defendant objects to Plaintiffs' Interrogatories to the extent that they are oppressive, unduly burdensome, and would cause unreasonable annoyance, embarrassment, oppression, burden and/or expense to Defendants.

C.   Defendant objects to Plaintiffs' Interrogatories to the extent that they are vague, ambiguous and/or overly broad.

1

D.   Defendant objects to Plaintiffs' Interrogatories to the extent they seek information for an unreasonable, irrelevant, or unspecified period of time.

E.   Defendant objects to Plaintiffs' Interrogatories to the extent that they seek documents and/or information that are already in Plaintiffs' possession, custody or control or were created by Plaintiff.

F.   Defendant objects to Plaintiffs' Interrogatories to the extent that they purport to require Defendant to provide documents and/or information held by third parties.

G.   Defendant objects to Plaintiffs' Interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive.

H.   Defendant objects to Plaintiffs' Interrogatories to the extent that they seek documents or information protected by the attorney-client privilege, work product, and any other applicable law, privilege, protection or doctrine.  Any production of any privileged document by Defendant should be considered unintentional, and Defendant does not intend to waive any applicable objection or privilege as a result of such production.

I.   Defendant objects to Plaintiffs' Interrogatories to the extent they request information or documentation prepared by Defendant or its representatives in anticipation of litigation or for trial, and which is beyond the scope of permissible discovery established by the Federal Rules of Civil Procedure.

J.   Defendant reserves the right to seasonably supplement, clarify, revise or correct any of their responses to the Interrogatories or their document production, throughout discovery before trial.

K.   Defendant objects to Plaintiffs' Interrogatories to the extent that Defendant

is still conducting investigation in this matter.

  L. Defendant will make reasonable efforts to respond to each Interrogatory, to the extent that no objection is made, as Defendant understands and interprets the Interrogatory. If Plaintiffs subsequently assert any interpretation of any Interrogatory that differs from Defendant's interpretation, Defendant reserves the right to supplement its objections and responses.

  M. The foregoing objections are referred to collectively as "General Objections" and are specifically and explicitly incorporated into each response set forth below.

## RESPONSES TO INTERROGATORIES

  **INTERROGATORY NO. 1:** Describe how Your docket is set and the process by which Municipal Defendants are placed on Your docket.

  **RESPONSE TO INTERROGATORY NO. 1:** Defendant does not set the docket.

  **INTERROGATORY NO. 2:** Describe in detail documents, information, and statements You provide to Municipal Defendants at the beginning of Court Proceedings.

  **RESPONSE TO INTERROGATORY NO. 2:** Objection. The request is overly broad. Defendant cannot identify every document or statement he has provided to Municipal Defendants over the course of the last five years.

  **INTERROGATORY NO. 3:** Identify all documents and information You receive about a Municipal Defendant before the Municipal Defendant's Court Proceeding, and where the information is stored.

  **RESPONSE TO INTERROGATORY NO. 3:** The only information Defendant receives about a Municipal Defendant before the court proceeding is the

information contained in the Ticket Jacket and the information listed on the court docket provided to me by the Court Clerk.

**INTERROGATORY NO. 4:** Identify any and all formal and informal instructions that You or Your agents have received from Defendants pertaining to assessing and collecting Fines, Fees, or Costs, and/or detaining individuals who are not able to pay Fines, Fees, or Costs beginning five years prior to the filing of the Complaint.  Describe in detail who provided each instruction and when.

**RESPONSE TO INTERROGATORY NO. 4:** Objection. The Interrogatory is vague in that it is unclear what is meant by the phrase "formal and informal instructions." The Interrogatory is also overly broad in that it seeks "any and all" information related to "instructions" Defendant may have received from the other Defendants. Defendant Haynes states that he receives instruction from Defendant Town regarding the amount of fees or costs that may be assessed. Generally, the instructions received by Defendant Haynes are dictated to him by the Town's ordinances, policies, and procedures.

**INTERROGATORY NO. 5:** Explain the procedure by which You calculate a Municipal Defendant's outstanding Fines, Fees, or Costs; determine a Municipal Defendant's ability to pay Fines, Fees, or Costs; and determine whether to grant a Municipal Defendant an alternative to paying Fines, Fees, or Costs in full, such as granting a payment plan or community service.  Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**RESPONSE TO INTERROGATORY NO. 5:** Objection. The

Interrogatory is compound in that it asks Defendant Haynes to respond to five different questions. Defendant Haynes states that the determination of a Municipal Defendant's Fines, Fees, or Costs are dictated by the scheduled passed and approved by Defendant Town.

**INTERROGATORY NO. 6:** Explain the procedure by which You determine whether to place a Municipal Defendant on probation and what probation entails. Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**RESPONSE TO INTERROGATORY NO. 6:** Defendant Haynes states that the determination of probation is made on a case by case basis. Probation is governed by the Defendant Town's municipal ordinances.

**INTERROGATORY NO. 7:** Explain the procedure by which You determine whether to send a Municipal Defendant to jail for failure to pay Fines, Fees, or Costs. Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including whether and when any policy change was made.

**RESPONSE TO INTERROGATORY NO. 7:** Any determinations regarding whether a Municipal Defendant is sent to jail is governed by the Defendant Town's municipal ordinances.

**INTERROGATORY NO. 8:** Identify all Rule 8 Hearings You have conducted in Valley Brook Municipal Court in the five years prior to the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Objection. The

Interrogatory is overly broad. Defendant cannot identify every Rule 8 hearing he has conducted over the last five years. Defendant would refer you to the Ticket Jackets. If a request for a Rule 8 hearing is included in the Ticket Jacket, a Rule 8 hearing was conducted.

**INTERROGATORY NO. 9:** Identify any and all recordings or transcripts You have made or asked a court reporter to make of Rule 8 Hearings in Valley Brook Municipal Court in the five years prior to the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9:** Responsive documents will be produced.

**INTERROGATORY NO. 10:** Describe in detail whether You maintain any notes during Court Proceedings, including information relating to assessing Fines, Fees, or Costs for Municipal Defendants or Municipal Defendants' ability to pay Fines, Fees, or Costs.

**RESPONSE TO INTERROGATORY NO. 10:** Any notes made by Defendant Haynes are included either on the Court docket he is provided or on the Ticket Jacket.

**INTERROGATORY NO. 11:** Identify all individuals with whom you consult when determining whether a Municipal Defendant is able to pay Fines, Fees, and Costs and/or whether to grant a Municipal Defendant an alternative to payment in full. For each, identify: (a) the individual; and (b) the topics You discuss with that individual.

**RESPONSE TO INTERROGATORY NO. 11:** In determining whether a Municipal Defendant is able to pay, Defendant Haynes consults the Municipal Defendant who is requesting an alternative or indicates they cannot pay.

**INTERROGATORY NO. 12:** Explain the procedure by which you issue bench warrants for Municipal Defendants who fail to appear. Please include both how this process currently works and how this process has worked in the five years prior to the filing of the Complaint, including when any policy change was made.

**RESPONSE TO INTERROGATORY NO. 12:** Bench warrants are issued pursuant to the Defendant Town's policies. Bench warrants are typically issued for failure to appear at a hearing or failure to pay.

**INTERROGATORY NO. 13:** Identify all Municipal Defendants that have outstanding Fines, Fees, or Costs, and for each, include a breakdown of Fines, Fees, or Costs and whether You issued a bench warrant.

**RESPONSE TO INTERROGATORY NO. 13:** Objection. This information is maintained by the Defendant Town, not Defendant Haynes. Defendant Haynes does not know which Municipal Defendants have outstanding Fines, Fees, or Costs.

**INTERROGATORY NO. 14:** Identify all Municipal Defendants that You sent to jail for failing to pay Fines, Fees, and Costs.

**RESPONSE TO INTERROGATORY NO. 14:** Objection. This information is maintained by the Defendant Town, not Defendant Haynes. Defendant Haynes cannot identify which Municipal Defendants were sent to jail.

**INTERROGATORY NO. 15:** State whether You have ever discussed Time Payment Applications or Rule 8 Hearings with Defendants or their agents, and if so, describe who was involved in the discussion and what was discussed.

**RESPONSE TO INTERROGATORY NO. 15:** Objection. The Interrogatory is overly broad in that it seeks every discussion Defendant Haynes may have had with any of

7  
OK 1100264.1

the Defendants, regardless of whether the conversation is relevant to the issues in this case. Furthermore, to the extent the Interrogatory seeks information transmitted as part of or during the course of litigation, Defendant Haynes objects on the basis of attorney client privilege and the work product doctrine. However, Defendant Haynes cannot recall any specific conversation.

**INTERROGATORY NO. 16:** Identify and describe in detail any investigations, disciplinary proceedings, lawsuits, complaints, or grievances, whether formal or informal, brought against You for failing to conduct Rule 8 Hearings or otherwise assess Municipal Defendants' ability to pay Fines, Fees, or Costs in Valley Brook Municipal Court.

**RESPONSE TO INTERROGATORY NO. 16:** Objection. The Interrogatory is overly broad in that it is not limited in time. Defendant Haynes is not aware of any investigations or lawsuits.

**INTERROGATORY NO. 17:** Identify all contracts and policies and procedures that govern Your work as a municipal court judge for the Valley Brook Municipal Court.

**RESPONSE TO INTERROGATORY NO. 17:** Objection. The Interrogatory is overly broad in that it is not limited in time. However, Defendant Haynes is governed by the Defendant Town's municipal code and ordinances.

**INTERROGATORY NO. 18:** Identify all Municipal Defendants who expressed an inability to pay Fines, Fees, or Costs.

**RESPONSE TO INTERROGATORY NO. 18:** Objection. The Interrogatory is overly broad. Defendant cannot identify every Municipal Defendant who expressed an inability to pay. Furthermore, this information is maintained by the Defendant Town, not Defendant Haynes. If a request for a Rule 8 hearing is included in the Ticket

8

Jacket, a Rule 8 hearing was conducted.

**INTERROGATORY NO. 19:** State whether You have ever discussed the assessment or collection of Fines, Fees, or Costs with Defendants or their agents, and if so, describe who was involved in the discussion and what was discussed.

**RESPONSE TO INTERROGATORY NO. 19:** Objection. The Interrogatory is overly broad in that it seeks every discussion Defendant Haynes may have had with any of the Defendants about Fines, Fees, or Costs, regardless of whether the conversation is relevant to the issues in this case. Furthermore, to the extent the Interrogatory seeks information transmitted as part of or during the course of litigation, Defendant Haynes objects on the basis of attorney client privilege and the work product doctrine. However, Defendant Haynes cannot recall any specific conversation.

**INTERROGATORY NO. 20:** Describe in detail the "discussion regarding the municipal court process" referenced in Your Answer at Paragraph 97, and the "process in place for indigent defendants" referenced in Your Answer at Paragraph 98.

**RESPONSE TO INTERROGATORY NO. 20:** Defendant Haynes will supplement this response.

**INTERROGATORY NO. 21:** Describe in detail how you communicate with the City Attorney and Defendants (i.e., text message, internal messaging system, e-mail, etc), including communications before, during, and after Court Proceedings.

**RESPONSE TO INTERROGATORY NO. 21:** Defendant Haynes cannot identify every method of communication but states most communications are either in person or over the telephone.

Respectfully submitted,

s/ Courtney D. Powell
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
sdavies@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted a copy of the above document to the following individuals on the 20th day of December, 2022.

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| Izabella Babchinetskaya | babchinetskayal@ballardspahr.com |
| Nikki Hatza | hatzan@ballardspahr.com |

s/Courtney D. Powell