## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMIESHA HILL, et al.,                    )
                                          )
                    Plaintiffs,           )
                                          )
vs.                                       )          **Case No 5:21-cv-00097-SLP**
                                          )
TOWN OF VALLEYBROOK, et al.,              )
                                          )
                    Defendants.           )

_____

## DEFENDANT JUDGE STEPHEN HAYNES RESPONSE
## TO PLAINTIFFS' APPLICATION FOR SANCTIONS

## **TABLE OF CONTENTS**

Introduction..................................................................................................................... 1

Discharge of Counsel........................................................................................................ 2

Relevant Background......................................................................................................... 3

Motion for Sanctions......................................................................................................... 10

Conclusion........................................................................................................................12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMIESHA HILL, et al.,         )
                               )
          Plaintiffs,       )
                               )
vs.                           )     **Case No 5:21-cv-00097-SLP**
                               )
TOWN OF VALLEYBROOK, et al.,  )
                               )
         Defendants.     )

## DEFENDANT JUDGE STEPHEN HAYNES RESPONSE
## TO PLAINTIFFS' APPLICATION FOR SANCTIONS

Defendant Stephen Haynes, *pro se*, files his Response to the Plaintiffs' Motion for Sanctions, a motion which asserts that the Respondent willfully and knowingly "engaged in dilatory and obstructive discovery tactics which unnecessarily multiplied the burden and expense of litigation in this matter." For his Response and denial, Respondent would show the Court as follows:

### INTRODUCTION

This lawsuit was filed in January, 2021, alleging that the Valleybrook Defendants engaged in unlawful and unconstitutional acts and/or omissions which Plaintiffs claim amount to an impermissible "debtors prison." Although Plaintiffs suggest there is other unspecified Discovery conduct by the Valleybrook Defendants that is suspect, the sole specific conduct at issue here and which gives rise to this Motion for Sanctions, stems from Respondent's failure to deliver his mobile cellular telephone to Plaintiffs' technician in order that everything on the telephone could be completely copied and retained by Plaintiffs. The initial predicate for this Discovery demand arises from Respondent's recording of numerous Rule 8 Time Payment Hearings on Respondents personal cellular telephone recording application and device. The Motion for Sanctions is confined to that

issue and is the sole matter now before this Court.

While it is indeed unfortunate that the Court has been required to intervene in a *Discovery Dispute*; Respondent would submit that intervention would not have been necessary had defense counsel, *retained by the Defendants' insurance carrier* to represent Respondent and the other Valleybrook Defendants, fulfilled her oath and obligation to the Court, her clients and to Plaintiffs and their counsel, by providing accurate, timely, fair and competent representation in this case. As a result of this conduct, counsel Courtney Powell and the Spencer-Fain Law Firm, were terminated by Respondent and a request has been made to the insurance carrier by all other Valleybrook Defendants for the appointment of new counsel. No response from the insurance carrier has been received as of the preparation of this Response, necessitating the *pro se* entry of appearance by Respondent.

## **DISCHARGE OF COUNSEL**

Shortly after the filing of this case in January, 2021, and the subsequent retaining of Defense Counsel for the Valleybrook Defendants by its insurance carrier, Respondent received a short introductory email from assigned counsel Courtney Powell on February 12, 2021. Following that email, Respondent made multiple calls to Courtney Powell at the Spencer-Fane Law Firm, who was identified as the lead counsel assigned by the insurance carrier to represent all of the Valleybrook Defendants. Respondent left messages requesting a meeting to discuss the case and determine what assistance Respondent could provide. From February 12, 2021 until February, 2023, not one call or voice message was returned from attorney Powell nor anyone else from the Spencer-Fane law firm; not one filed pleading was provided to Respondent; not one piece of correspondence to or from Plaintiffs' counsel regarding the case was provided to Respondent. The only thing received from

2

attorney Powell were partially completed responses to discovery requests with a blank verification pages to be completed by Respondent which Respondent refused to sign until the Responses were in final form.

In early February, 2023, Respondent learned by chance during a Valleybrook Court session from his Clerk Monica Herrerra that the Case Jackets and Files for the Plaintiffs cases were missing. I reminded her that on the date Respondent was served with summons, Ms. Herrerra and Respondent copied the files and jackets and that those copies were in his possession. At that time, Respondent was not only unaware that Discovery Requests had been issued to him but was also unaware that unverified Responses to the Discovery had be delivered to Plaintiffs' counsel which claimed the files were lost. Respondent had not been consulted or informed as to the Discovery Requests and provided no input to their preparation. To this date, Respondent has no idea where attorney Powell obtained the information included in the Responses.

Respondent immediately informed the Valleybrook City Attorney, Ray Vincent, that he had copies of the Jackets and Files and again attempted to contact Ms. Powell, without success. Finally in mid February,2023, Respondent requested that Mr. Vincent attempt to arrange a three way conference call with attorney Powell to discuss the outstanding discovery. Respondent later discovered that the pending discovery requests had been issued in October, 2022, and that Responses and Amended Responses were submitted on his behalf to Plaintiffs without ever consulting him or obtaining information as to the facts.

## RELEVANT BACKGROUND

1.      Prior to December 23, 2022, Respondent was never provided nor made aware of any Discovery Requests from the Plaintiffs, as set forth in Paragraph 1 of Plaintiffs' Motion for

3

Sanctions.

2.      Respondent was never provided nor made aware of the Motion to Compel filed by the Plaintiffs on October 22, 2022 as set forth in Paragraph 2 of the Motion for Sanctions.

3.      Respondent was never advised that a hearing was held on March 23, 2023, on the Motion to Compel, he would have attended.

4.      On August 19, 2022, an unverified document entitled **"DEFENDANT JUDGE STEPHEN HAYNES' RESPONSE TO PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS"** was served upon Plaintiffs' counsel, (Document 90-2 to Plaintiffs' Motions for Sanctions). At the time of the serving of that Response on Plaintiffs' counsel, Respondent had never been advised that any request for production had ever been served by Plaintiffs, he had never reviewed the responses contained therein and, in fact, Respondent had never spoken to attorney Courtney Powell nor anyone from her law firm, nor had anyone else ever advised Respondent that the Document Request had been issued nor that any response was or had been prepared. Respondent, in fact, saw the document for the first time while reviewing the current Motion for Sanctions. Further, Respondent had never provided anyone with any information upon which the Responses to the Production Document could have been prepared. The Response is also unverified.

5.      On September 6, 2022, an unverified document entitled **"DEFENDANT JUDGE STEPHEN HAYNES' AMENDED RESPONSE TO PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS"** was served upon Plaintiffs' counsel, (Document 90-3 to Plaintiffs' Motions for Sanctions). At the time of the serving of that Response on Plaintiffs' counsel, Respondent had never been advised that any request for production had ever been served by Plaintiffs, he had never review the Amended Responses contained therein and, in fact, Respondent

4

had never spoken to counsel Courtney Powell nor anyone from her law firm, nor had anyone else ever advised Respondent that the Document Request had been issued nor that any amended response was or had been prepared. Respondent, in fact, saw the document for the first time while reviewing the current Motion for Sanctions. Further, Respondent had never provided anyone with any information upon which the Responses to the Production Document could have been prepared. The Response is also unverified.

6.      On November 17, 2022, a letter (Document 90-4 to Plaintiffs' Motions for Sanctions) stating that the letter was a "Supplement to Discovery Responses" was mailed to Plaintiffs' counsel, At the time of the serving of that Response on Plaintiffs' counsel, Respondent had never been advised that any Discovery Requests had ever been served by Plaintiffs, he had never review the responses contained in any Discovery Responses, Amendments or Supplements and, in fact, Respondent had never spoken to attorney Courtney Powell nor anyone from her law firm, nor had anyone else ever advised Respondent that the any Document Requests had been issued nor that any response was or had been prepared, amended or supplemented. Respondent, in fact, saw the document for the first time while reviewing the current Motion for Sanctions. Further, Respondent had never provided anyone with any information upon which the Responses to the Production Document could have been prepared. The Supplement to the Responses is also unverified and does not reflect having been copied to Respondent.

7.      On December 20, 2022, an unverified document entitled **"DEFENDANT JUDGE STEPHEN HAYNES' RESPONSE TO PLAINTIFFS FIRST INTERROGATORIES"** was served upon Plaintiffs' counsel, (Document 90-4 to Plaintiffs' Motions for Sanctions). At the time of the serving of that Response on Plaintiffs' counsel, Respondent had received an email the

previous day requesting that Respondent review the Proposed Interrogatory Responses, however, Respondent did not view the email until three days later. The emailed Responses did not include the actual Interrogatories, the instructions nor definitions.  Respondent had never been advised that the Interrogatories would be sent to Plaintiffs' counsel on December 21, 2022. had ever been served by Plaintiffs, he had never review the responses contained therein and, in fact, Respondent had never spoken to attorney Courtney Powell nor anyone from her law firm, nor had anyone else ever advised Respondent that the Document Request had been issued nor that any response was or had been prepared.  Respondent, in fact, saw the document for the first time while reviewing the current Motion for Sanctions. Further, Respondent had never provided anyone with any information upon which the Responses to the Production Document could have been prepared.  The Response is also unverified.

8.     None of the email documents between Plaintiffs' counsel and Respondent's former counsel (Document 90-1 to Plaintiffs' Motions for Sanctions attached to Plaintiffs' Motion for Sanctions) were ever provided to Respondent, who is not included in the list of recipients.  The emails contain information contrary to what Respondent was told by former counsel regarding the production of the Respondent's cellular telephone for inspection.

9.     Respondent was never advised that a Motion to Compel had been filed by Plaintiffs nor that any Order had been issued until Respondent discovered it on April 25, 2023.

10.     In regard to the allegations contained in Paragraph 15 of Plaintiffs' Motion for Sanctions, the information contained therein is not accurate and was apparently prepared by Respondent's former counsel.  Respondent has no idea where the information was obtained by former counsel in answering the Discovery Request. On the date of the Responses,  August 19,

2022, Respondent had never spoken to attorney Powell, nor any other member or employee of her law firm, had never provided any information to anyone for answering the subject Discovery Requests, had never seen the Discovery Request and would represent to counsel and the Court that the information contained in the Response is not accurate.

11.    In regard to the allegations contained in Paragraph 16 of Plaintiffs' Motion for Sanctions, the information contained in the November 17, 2022, letter was apparently prepared by Respondent's former counsel, is not accurate and was prepared without any communication or input from Respondent.  Respondent has no idea where the information was obtained by former counsel for the November 17, 2022, correspondence.  On the date of that letter, Respondent had never spoken to attorney Powell, nor any other member or employee of her law firm, had never provided any information to anyone for answering the subject Discovery Requests, had never seen the Discovery Request and would represent to counsel and the Court that the information contained in the Response is not accurate.

12.    In regard to the allegations contained in Paragraph 17 of Plaintiffs' Motion for Sanctions, the information contained December 21, 2022, Discovery Responses is not accurate and was apparently prepared by Respondent's former counsel without any communication or input from Respondent.  Respondent has no idea where the information was obtained by former counsel in answering the Discovery Request.  On the date of the Responses, December 21, 2022, Respondent had never spoken to Ms. Powell, nor any other member or employee of her law firm, had never provided any information to anyone for answering the subject Discovery Requests, had never seen the Discovery Request and would represent to counsel and the Court that the information contained in the Response is not accurate.

13.     In regard to the allegations contained in Paragraph 18 of Plaintiffs' Motion for Sanctions, the information contained February 10, 2023, Discovery Responses is not accurate and was apparently prepared by Respondent's former counsel without any communication or input from Respondent.  Respondent has no idea where the information was obtained by former counsel in answering the Discovery Request.  On the date of the Responses, February 10, 2023, Respondent had never provided counsel or anyone else any information for answering the subject Discovery Requests.

14.     Respondent was unaware of any March 23, 2023, meet-and-confer or any Motion to Compel as referenced in Paragraph 19 or Plaintiffs' Motion for Sanctions.  While Respondent did meet for the first time with attorney Powell on March 13, 2023, and did provide a copy of a transcript to her one Rule 8 Hearing that had been transcribed.  Respondent also advised Ms. Powell that recordings were made of Rule 8 Hearings and were on Respondent's recording application on his telephone.  On March 17, 2023, Respondent confirmed the recordings again after being unable to download them because of the volume of the recordings.

15.     Following the hiring of a computer tech, it is Respondent's understanding that all of the unedited recordings of Rule 8 Hearings on Respondent's cellular telephone were downloaded and  provided to Plaintiffs' counsel on April 12, 2023.

16.     On April 13, 2023, Respondent received a text message from Courtney Powell asking:

> "Would you drop your phone off at Ward and Glass either this afternoon or sometime tomorrow morning?  They are wanting to take their own image of the recordings. after doing research I think they are entitled to do this at their cost.  They are engaging a third-party vendor to do the retrieval but will not review anything until we have

8

agreed on search parameters."

Respondent replied:

> "I will not surrender by phone to them without personally being with the phone at all times...I have privileged client information on the phone."

This was the first time Respondent had been advised that Plaintiffs wanted to examine the telephone and requested that attorney Powell make an Application for Protective Order regarding the parameters of the inspection. Respondent further offered to turn the phone over to a Special Master appointed by the Court or that the all information not pertaining to Valleybrook and the issues in this case be removed from the telephone.

17.     Counsel responded on April 24, 2023, (Exhibit 1) that the only information that would be accessed would be the Rule 8 Hearings and the "metadata" related thereto.

18.     Following the production of the recordings, Respondent became concerned that information had been withheld or misleading information had been provided to Respondent by his counsel, attorney Powell regarding the status of Discovery. On April 25, 2023, Respondent emailed attorney Powell terminating her for not disclosing to Respondent that orders for production on a Motion to Compel had already been entered, both by the Court and by Agreement, without notice to Respondent and without his consent, even as she was asking for Respondent's input on how to respond to the issue of the production of the telephone. Attorney Powell failed to communicate, consult or provide information in this case and made Discovery deals with Plaintiffs' counsel without informing or consulting Respondent, without Respondent's approval and misled Respondent into believing that the issue of the production of the telephone was not yet decided..

19.     Learning that in fact an Order to Compel had been entered by the Court requiring

9

Respondent to produce the telephone for inspection, Respondent terminated attorney Powell and appeared at the offices of Plaintiffs' local counsel, Ward & Glass, at the scheduled time, believing that the inspection was limited to the Rule 8 Hearings. When Respondent arrived, the Plaintiffs were not available for the inspection and the inspection was canceled.

20.     The inspection was continued to May 3, 2023, as indicated in Paragraph 32 of Plaintiffs' Motion for Sanctions. When Respondent arrived, Plaintiffs' counsel advised that the technician would be copying everything on the telephone, contrary to what Respondent was advised by attorney Powell (Exhibit 1 and 2) and inferred by local counsel's representation during the rescheduling of the inspection that Plaintiffs would "only be looking at the recordings of the Rule 8 Hearings." Although the Court's Order compelling production does not indicate the Plaintiffs will be permitted to copy or "image" anything, only inspect the telephone, Respondent offered to allow the Rule 8 Hearings to be copied along with the metadata related thereto. The technician retained by Plaintiff was working on that resolution when Plaintiffs' local counsel advised that everything on the telephone had to be copied. Respondent declined to permit a total copying of the telephone and the meeting ended.

## **MOTION FOR SANCTIONS**

Plaintiffs' counsel makes compelling arguments that Respondent ignored Orders of the Court, delayed production and willfully refused to comply with this Court's Order compelling production. Each of those arguments though, are predicated on the assumption that Respondent knew of the Production Requests, knew of the hearings, knew of the Court's Order and participated in their preparation. Such an assumption is not unreasonable, any more than Defendants' assumption that Plaintiffs' counsel fulfilled the obligation of making a reasonable due diligence investigation

as to the facts of the case as shared to them by counsel's clients, before filing this case. Sometimes assumptions are wrong.

In support of these assumptions, Plaintiffs attach to their Motion correspondence from attorney Powell who was fired for failing to communicate and provide information to Respondent, filing unverified discovery requests, delaying the filing of Discovery, misrepresenting by omission that while indicating that information was needed to respond to Plaintiffs' Discovery demand, orders had already been entered by the Court compelling production. While it is and should be the rule that considerable weight should be given to the principle that the parties should be bound by the representations of their chosen lawyer, in this case, Respondent did not chose the lawyer, the insurance company chose the lawyer.

Contrary to Plaintiffs' assertion that she was fired because it was time to produce the telephone, Respondent agreed to produce the telephone for the recordings, which had already been produced along with the "metadata" related to the Rule 8 Hearings and continues to agree to that today. Nothing in any of the Orders of the Court required the production of the telephone so that it could be completely copied. As reflected in Exhibits 1 and 2, nothing but the recordings of the Rule 8 Hearings would be reviewed and that "Allowing the other side to image and download the recordings is not going to impact the other communications on you telephone."

None of the documents and exhibits offered by Plaintiffs reflect that they were ever sent to Respondent nor verified by Respondent. None. Attorney Powell refused to communicate or respond to Respondent's requests for a meeting, for information, for correspondence, for a litigation plan. Respondent advised Attorney Powell's associate that he had copies of the missing files and that they needed to be provided to Plaintiffs' counsel to which, the associate, A. J. Ferate stated that they

11

would talk to the insurance company, *their client*, about the issue. In fact the only way Respondent was able to finally get a meeting with attorney Powell was if she agreed to meed with him upon delivery of those documents.

The Responses to Discovery do not bear Respondents verification because they were filed months before Respondents first meeting, communication or conference with attorney Powell. Again, Respondent has no idea where attorney Powell obtained the information used in filing the Discovery Responses.

## CONCLUSION

Plaintiffs argue that Respondent wanted to conceal the Rule 8 Hearings and the Court File information. The contrary is true. The recordings have all been produced in accordance with the original Production Request. As for the recordings and the Court Files, if damaging, Respondent could have, but would not have, simply dropped them in the trash can. But for good or bad, Respondent came forward with the information when he learned in February and March, 2023 that they had been requested. When Respondent discovered that the files were missing he went to the City Attorney and to his counsel, told them he had a copy and produced them. Frankly, Respondent believes that both the recordings and the file information are helpful to the defense by illustrating that claims by Plaintiffs in the Complaint are simply not true a belief which is bolstered by Plaintiff current fight to bar them.

Setting aside the fact that Respondent has been a practicing attorney, member of this bar and municipal judge for 45 years, holds an AV rating and has an unblemished record with the Oklahoma Bar Association, Plaintiffs' position simply makes no sense in light of the problems Plaintiffs' counsel has experienced with attorney Powell as evidenced in the correspondence exhibits.

However, since credibility is an issue here, Respondent has included his vitae as Exhibit 3.

Each of the Valleybrook Defendants has experience the same lack of communication and cooperation form attorney Powell which has resulted in their request to the insurance company for new counsel.  Exhibit 4.

Respondent has taken the appropriate action in light of very bad circumstances.  He stands ready to produce the telephone recordings and have the metadata examine for those recordings. Other than an attempt to impute attorney Powell's conduct to Respondent and a "what is he hiding" argument, Plaintiffs have not shown any special need for all of the information on the telephone as required for an order to copy the phone.  Such copying would compel a violation of the attorney client protection to Respondent's other clients.  Respondent has agreed not to erase any materials from the phone except unrelated data necessary to allow the telephone to work properly.  The Respondent has agreed to allow Plaintiffs to make their own copy of the recordings and the metadata for those recordings-and has appeared at Plaintiffs' local counsel offices twice to do that.  None of the Court's prior Orders direct that Plaintiffs may copy the entire telephone, only inspect it.

Wherefore, Respondent moves the Court to deny the Motion for Sanctions, set this matter for hearing for an evidentiary inquiry regarding exactly what is to be copied and the protocol to be used.

R. Stephen Haynes, OBA no. 40
Attorney at Law
12600 N. Rockwell Ave. Unit 42
Oklahoma City, OK 73142
(405) 627-9959 Telephone
judgehaynes@gmail.com

*Pro Se*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and exact copy of the above and foregoing Response was electronically transmitted on the 5th day of June, 2023 to:

Woodrow K. Glass
Arthur Ago
Tianna Mays
Jason A. Leckerman
Lisa Swaminathan
IzabellaBabchinetskaya
Courtney D. Powell

woody@wardglasslaw.com
aago@lawyerscommittee.org
tmays@lawyerscommittee.org
leckermanj@ballardspahr.com
swaminathanl@ballardspahr.com
babchinetskayal@ballardspahr.com
cpowell@spencerfane.com

_____



**R. Stephen Haynes**

| | |
|---|---|
| **From:** | Powell, Courtney <cpowell@spencerfane.com> |
| **Sent:** | Monday, April 24, 2023 3:30 PM |
| **To:** | R. Stephen Haynes |
| **Cc:** | rayvincent@coxinet.net; Ferate, AJ; Lester, Andy |
| **Subject:** | Valley Brook - Telephone |
| | |
| **Importance:** | High |

Judge Haynes –

Plaintiffs have requested to inspect your phone on Wednesday, April 26 at Ward & Glass. We understand that you have significant concerns regarding the production/imaging of your telephone, and we understand that you (1) object to the imaging because you have information protected by the attorney-client privilege stored on your telephone and (2) will not produce your telephone for imaging of the entire telephone.

However, we did agree to produce your telephone with regard to the recordings.

Based on our exchange of messages, it is our understanding that you do not have any text messages or other information stored on your telephone regarding the issues in this case or the named Plaintiffs (other than the recorded hearings or text communications with our office). It is also our understanding that you have not deleted any such information. If any of this is incorrect, please let us know.

We recommend the following course of action. We agree to meet on Wednesday and agree to allow them to pull the recordings related only to Valley Brook off of your phone. This will allow Plaintiffs to collect the metadata associated with the recordings to be captured and produced. In addition, we tender your affidavit to Plaintiffs stating generally that you do not have any text messages or other communications on your telephone regarding the named Plaintiffs, the issues in this case, and have not deleted any of that information. We also agree to allow them to search your messages for the following telephone numbers: Chief Stamp, the Mayor, and Ms. Herrera. Would these searches yield any communications? You and either myself or A.J. Ferate in our office would be present at the time of the search.

We understand that you have concerns. However, requests have been made for communications by/between agents of the town regarding the issues in this case. This would include your communications. Given the Court's demeanor at our last hearing, we need to make a good faith effort to produce the information.

Please let us know your thoughts.

Thanks, Courtney

Courtney Powell  Of Counsel
Spencer Fane LLP

 Gmail

steve haynes <judgehaynes@gmail.com>

---

## Phone issue
2 messages

---

**steve haynes** <judgehaynes@gmail.com>                                         Tue, Apr 25, 2023 at 3:46 PM
To: cpowell@spencerfane.com
Cc: rayvincent@coxinet.net, AJFerate@spencerfane.com, alester@spencerfane.com

My thoughts?  Really?  My thoughts are that the entire discovery process has been horribly handled.  You texted me on April 13, 2023, "After doing research, I think they are entitled to do this at their cost."  I asked that you send me the research.  Which you did not do. In fact, you have sent me very little of what I have asked for.  But it really wouldn't have done much good this week and for this issue SINCE YOU ALREADY HAD AN ORDER DATED APRIL 11, 2023, DIRECTING PRODUCTION OF THE PHONE-- IN HAND!.  You never told me that until your email TODAY.  I have no idea how that happened since it was not directly requested in the original production request. You would have to sort through the definitions and do some considerable interpretation to even remotely find a request for the actual phone   You told me the logistics were being worked out and they could only view the hearings. I TOLD SEVERAL CONDIDTIONS UNDER WHICH I WOULD ALLOW MY PHONE TO BE EXAMINED.  In your email of today you have cherrypicked the part of those requirements which apparently you feel are useful to you.  You never told me those conditions didn't matter because an order had been already entered. Now you are telling me that they will be retrieving metadata.  To now suggest that I am moving the goalpost is simply a sad lie.  I told you once that I was not happy with the way things have been done, not even a little bit.  Now I'm just plain mad. You have refused to communicate with me from the date of filing of this lawsuit until late February 2023 despite multiple calls to you, voicemails, emails and letters until I finally forced the issue because, unknowing to me, you had grossly failed to comply with discovery and then tried to blame Ray Vincent saying that he told you who to talk to.  Despite what Mr. Farate thinks (that your client is the insurance company), I was your client.  You had an obligation and duty to contact me, respond to me and keep me informed.  But at least we do agree on one thing-this cannot continue.  You're fired.  It will not be necessary for you to appear on my behalf in Norman tomorrow.  I will contact them directly.  Please have all pleadings, correspondence, texts, emails copied and available for me to pick up by the end of the week.

---

**Powell, Courtney** <cpowell@spencerfane.com>                                   Tue, Apr 25, 2023 at 5:15 PM
To: "judgehaynes@gmail.com" <judgehaynes@gmail.com>
Cc: "rayvincent@coxinet.net" <rayvincent@coxinet.net>, "Ferate, AJ" <AJFerate@spencerfane.com>, "Lester, Andy" <alester@spencerfane.com>, "Lanon, Lori" <llanon@spencerfane.com>

Judge Haynes –


We represent the municipality in this matter, which includes the charges/claims levied against the office you hold, and will continue to do so. We understand that the telephone is your personal device, and you are certainly welcome to retain an attorney to represent you with regard to the production of the same. We have attempted to assist you with production of this information but understand you want to pursue alternative measures.


We are advising Plaintiffs' counsel that we have turned over everything within the Town's authority – as a contract employee your device is not within the Town's custody or control. We respectfully recommend you seek outside counsel to address this matter. We do believe that they will seek to compel the production of your telephone for the recordings as well as seek to image it.


Please let us know who you would like us to forward information to and in what form.

Sincerely,

Courtney


**Courtney Powell** Of Counsel
Spencer Fane LLP

9400 N. Broadway Ext., Suite 600 | Oklahoma City, OK 73114
**O** 405.753.5915
cpowell@spencerfane.com | spencerfane.com


**From:** steve haynes <judgehaynes@gmail.com>
**Sent:** Tuesday, April 25, 2023 3:46 PM
**To:** Powell, Courtney <cpowell@spencerfane.com>
**Cc:** rayvincent@coxinet.net; Ferate, AJ <AJFerate@spencerfane.com>; Lester, Andy <alester@spencerfane.com>
**Subject:** [EXTERNAL] Phone issue

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

[Quoted text hidden]

**E3**

**_R. STEPHEN HAYNES_**
**_Law Offices of R. Stephen Haynes_**
**_12600 N. Rockwell, Suite 42  P.O._**
**_Box 18202   Oklahoma City,_**
**_Oklahoma 73154 Office:_**
**_405-840-0501   Cell:  405-627-9959_**
**_steve@rstephenhaynes.com_**



**_R. STEPHEN HAYNES_**

**_STATEMENT OF PRACTICE_**_: Law Offices of R. Stephen Haynes, P.C. is a General Trial and Documentation Practice, concentrating in the areas of Municipal Law;  Banking and Commercial Litigation; Secured Transactions, Transactional and Banking Documentation; Officer and Director Errors and Omissions Defense, Policy Formation and Coverage Protection; Bad Faith Defense;Property Development Acquisition and Transactional Law; Bond Defense, Aircraft Acquisitions; Aviation Law._

**_Martindale-Hubbell Legal Rating:  AV Preeminent_**

**_Court Admissions:_**

_Oklahoma Supreme Court; United States Supreme Court; United States Court of Appeals, 10th Circuit; United States District Court, Western, Eastern and Northern Districts of Oklahoma._

**_Education:_**

_Oklahoma State University, B.S. (Political Science), M.Ed. (Mass Communications and Broadcast Journalism)(incl.); Oklahoma City University, J.D., Phi Delta Phi National Legal Fraternity (upper 20% class standing)._

**_Publications:_**

_"Failed Financial Institutions: Officer & Director Liability," Facts & Findings, National Association of Legal Assistants, Vol. 18, Issue 1.._

_"Complex Litigation," The Voice, Orange County Florida Association of Legal Assistants, Vol. 32, No. 1._

_"Resale of Collateral–The Commercially Reasonable Dilemma," The Community Banker, Vol. 2, No. 11._

_"E-I-E-I-OH NO!, Bank Liability in Farm Loan Foreclosures,"The Community Banker, Vol.2,No.5._

## Teaching:

*Oklahoma City University, Adjunct, Civil Procedure; University of Oklahoma, Instructor, Law Office Management; Redlands Community College, Adjunct, Real Estate; Oklahoma State University, Mass Communications/Radio-TV-Film.*

## Judicial:

*Special Municipal Judge (Ret.), City of Oklahoma City; Presiding Municipal Judge, Spencer, Oklahoma; Associate Municipal Judge, Nichols Hills, Oklahoma; Presiding Municipal Judge Forest Park, Oklahoma; Presiding Municipal Judge Valleybrook, Oklahoma: Presiding Municipal Judge (Ret.), Luther, Oklahoma; Presiding Municipal Judge (Ret.), Geary, Oklahoma; Presiding Municipal Judge (Ret.), Crescent, Oklahoma; Special Municipal Judge, Choctaw, Oklahoma; Oklahoma Education Association, Teachers Arbitration Judge.*

## Appointments:

**Oklahoma Governor's Commission on Status of Women**; *Advisory Board, (2022-Present).*

**United States Senate Page**, *90th and 91st Congress, Washington D.C. (1967-1969).*

**Personal Floor Page**, *Vice President Hubert Humphrey, United States Senators Mike Monroney and Fred R. Harris, 1968 Democratic National Convention, Chicago, Illinois.*

## Investigatory:

**Special Legal Counsel**, *City of Blackwell, 2019. Appointed to investigate allegations of RICO violations, Bankruptcy Fraud, Elected and Appointed Public Official Fraud; Elected Officials Errors and Omission. Investigation resulted in the conviction of the Blackwell Mayor and removal from office.  Multiple felony charges of other city officials are awaiting trial.*

## Seminar Presentations:

**National Convention, Independent Bankers Association**, *Agricultural Lending Seminar, Orlando, Florida, "Impact of the Federal Farm Bill and Food Security Act on Rural Bank Lending Practices and Liability."*

**Kansas Independent Bankers Association**, *Agricultural Lending Seminar, "Pitfalls of Agricultural Lending."*

**Oklahoma Paralegal Association**, *Association Workshop, "Preparing for the Certified Legal Assistant Examination."*

**Oklahoma Paralegal Association**, *Association Workshop, "Exercise in Handling a Business Nightmare."*

## **Banking Related Activities:**

*Former Director and Counsel, Quail Creek Bankshares; Counsel, First Commercial Bank; Incorporating Counsel, Community Bankers Association; Incorporating Counsel, The Banker's Bank.*

## **Current Law Related Memberships:**

*Oklahoma Bar Association Special Committee for Revised Model Code for Judicial Conduct; Bench & Bar Standing Committee; Legislative Monitoring Standing Committee; Oklahoma Bar Association Presiding Judge, Mock Trial Competition; Oklahoma County Bar Association, "On to Adulthood" Program Moderator; Member and Past Director, Oklahoma Conference of Municipal Judges.*

## **Published Cases:**

*Bierman v. Aramark, 2008 OK 29; Bank of Oklahoma v. Briscoe, 1995 OK CIV APP 156; Bannister v. Farmers Alliance Mutual Insurance Company, 1981 OK 67.*

## **Memberships, Social & Civic:**

*Oklahoma City Chamber of Commerce; Oklahoma Pilots Association, Fraternal Order of the Quiet Birdmen, The Economic Club of Oklahoma, Pi Kappa Alpha Alumni Management Board, Oklahoma State University.*

## **Boards:**

*Director and General Counsel, Oklahoma Pilots Association; Rock Creek Homeowners Association.*

## **Licensed Pilot**



**RAYMOND A. VINCENT, LLC**
*1919 S. SUNNYLANE RD., SUITE 200*
*DEL City, OK 73115*
Telephone:  405.235.0484
rayvincent@coxinet.net
Facsimile:  405.236.3689

May 24, 2023

Matt Love
Oklahoma Municipal Assurance Group
3650 S. Boulevard
Edmond, Oklahoma 73013

Re: *Hill, et al. v Town of Valley Brook, et al,*
    Case No. CIV-2021-97-SLP

Dear Mr. Love:

It is my understanding that you are the supervising attorney for the above case.  The Board of Trustees has directed me to write this letter.  They are not satisfied with the law firm that has been assigned to defend the Town.  There have been problems.  Courtney Powell emailed responses to Request for Admissions only three days before they were due and wanted them completed and verification signed.   They should have been emailed 30 days before they were due with the explanation concerning the date they were due.  I was able to help get the Request for the Town and the Request for the Mayor completed within the 3 days.  Chief Stamp and Judge Haynes could not get them completed in time.  Judge Haynes called me and said Courtney would not call him back to go over them and I arranged a conference call with her and Judge Haynes to work on them.  She then said she would email the completed responses to Judge Haynes.  Judge Haynes informed me that she did not email the completed response for him to review.  Chief Stamp informed me that he has repeatedly informed her he does not check his email every day and that sending him an email with a 3 day deadline is not acceptable.

Chief Stamp is concerned that Courtney does not understand criminal law.  He does not think she knows the difference between an inventory of the vehicle when it will be impounded and a probable cause search.  In reviewing her Summary and Recommendation it appears she does not know the difference.

I have to keep abreast of this case by regularly checking the case on Pacer.  The only pleadings she has emailed me are ones I specifically ask for.  I have downloaded the pleadings to stay informed.  Every other attorney assigned by OMAG to represent the Town and all other Cities and Towns I represent emails every pleading as well as regular updates.  The only update I have received from her was the Summary and Recommendation.  I think I should have received every Request for Production, Request for Admissions and Interrogatories with the explanation of the due date.  She has copied me on emails to the Town requesting additional documents needed for the Request for Production.  At this point she will not return my calls or emails other

than the Summary and Recommendation she emailed after several emails requesting it and a phone call to Andrew Lester which he returned by email.

Judge Haynes is very dissatisfied. He states that Courtney will not return his calls. He is dissatisfied that he is not given the discovery request and not given adequate time for his response. I think you are aware about the issue with his phone. I am not sure his phone was every requested to be produced. There is an Order entered on March 23, 2023 on Plaintiff's Motion to Compel. It mentions Recordings and transcriptions of Rule 8 hearings. It does not require production of Judge Haynes personal phone. On April 11, 2023 a Motion for an Extension of Time was filed in which Courtney stated that Judge Haynes is able to deliver his phone to Plaintiff's local counsel's office on Tuesday, April 11, 2023 for inspection. On April 11, 2023 and Order was entered that Judge Haynes was to produce his phone for inspection and the Plaintiff's office of Ward & Glass. I am including Judge Haynes email to Courtney on April 25, 2023 as follows:

> My thoughts? Really? My thoughts are that the entire discovery process has been horribly handled. You texted me on April 13, 2023, "After doing research, I think they are entitled to do this at their cost." I asked that you send me the research. Which you did not do. In fact, you have sent me very little of what I have asked for. But it really wouldn't have done much good this week and for this issue SINCE YOU ALREADY HAD AN ORDER DATED APRIL 11, 2023, DIRECTING PRODUCTION OF THE PHONE-- IN HAND!. You never told me that until your email TODAY. I have no idea how that happened since it was not directly requested in the original production request. You would have to sort through the definitions and do some considerable interpretation to even remotely find a request for the actual phone You told me the logistics were being worked out and they could only view the hearings. I TOLD SEVERAL CONDIDTIONS UNDER WHICH I WOULD ALLOW MY PHONE TO BE EXAMINED. In your email of today you have cherry picked the part of those requirements which apparently you feel are useful to you. You never told me those conditions didn't matter because an order had been already entered. Now you are telling me that they will be retrieving metadata. To now suggest that I am moving the goalpost is simply a sad lie. I told you once that I was not happy with the way things have been done, not even a little bit. Now I'm just plain mad. You have refused to communicate with me from the date of filing of this lawsuit until late February 2023 despite multiple calls to you, voicemails, emails and letters until I finally forced the issue because, unknowing to me, you had grossly failed to comply with discovery and then tried to blame Ray Vincent saying that he told you who to talk to. Despite what Mr. Farate thinks (that your client is the insurance company), I was your client. You had an obligation and duty to contact me, respond to me and keep me informed. But at least we do agree on one thing-this cannot continue. You're fired. It will not be necessary for you to appear on my behalf in Norman tomorrow. I will contact them directly. Please have all pleadings, correspondence, texts, emails copied and available for me to pick up by the end of the week

Judge Haynes was unaware of the Order entered on April 11, 2023 for him to produce his phone. He references a communication with Mr. Farate in which he ask him a question and Mr. Farate said he would have to check with his client. Judge Haynes was taken aback because he believed

he was Mr. Farate's client.  Judge Haynes has ask me to bring this to your attention.  He appeared at the office of Ward & Glass on April 26, 2023 and said they could extract the Rule 8 hearing recordings only.  They said they wanted to copy the entire phone.  He said he has confidential attorney client information on his phone and would not let them copy his entire phone.  Now Judge Haynes if at risk for an Order for Sanctions because he would not let them copy his entire phone.  I see that a Motion for Sanctions was filed on May 22, 2023 a copy of which was not emailed to me.  I see on Pacer that this Motion is set for hearing on June 6, 2023.  I don't know if Judge Haynes knows this.  I have not been copied on an email to him informing him of this.  In looking at the Motion for Sanctions and the attached exhibits I am amazed at the number of emails concerning the phone that I have never seen and I am sure Judge Haynes has not seen.  If Courtney would have copied her client on these emails I think there would have been a much different result.  I have emailed the Motion for Sanctions to you.  She knew of Judge Haynes's concerns about his confidential client information on his phone and should have ask for a Protective Order.  She agreed to produce his entire phone without consulting him.  Now she is taking the position that it is his personal phone that is not in the Town's custody or control even though she agreed to produce it.

Courtney emailed Judge Haynes and said she represents him in his official capacity.  I was copied on the email and I emailed her asking if she represents him in his individual capacity.  She replied that the remaining claims are only in his official capacity.  I don not find that in any pleading or Order.  It appears the Court thinks she represents him in his individual capacity.  In looking at docket entry number 83 it says that the Motion for an Extension of Time is filed by Judge Haynes in his official capacity and in his individual capacity.

At this time as directed by the Town Board of Trustees the Town is respectfully requesting that OMAG assign another law firm to represent them.  I realize it is entirely up to OMAG whom to assign the representation.  If that is not possible of more importance it appears that OMAG should assign another firm to represent Judge Haynes.  Time is of the essence since the Motion for Sanctions is set for June 6, 2023.


Sincerely,


Raymond A. Vincent
For the Firm


RAV