## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KIMIESHA HILL, et al.,    )
            )
    Plaintiffs,   )
            )
v.           )   Case No. CIV-2021-97-SLP
            )
1. TOWN OF VALLEY BROOK, et al., )
            )
    Defendants.  )

## MOTION TO STRIKE AND CLAWBACK CERTAIN EXHIBITS
## AND BRIEF IN SUPPORT

Defendants, Town of Valley Brook, Lewis Nieman, in his official capacity, Stephen Haynes, in his official capacity, and Michael Stamp, in his official capacity, (collectively, the "Town"), request the Court to strike Exhibits 1, 2, and 4 (the "Exhibits") to Defendant Judge Stephen Haynes Response to Plaintiffs' Application for Sanctions (Dkt. No. 96). Exhibits 1 and 2 contain attorney-client privileged information between the undersigned and their client. Exhibit 4 is an unsigned, draft copy of a communication written by the Town's City Attorney on its behalf. The Town has not waived this privileged, and the Exhibits should be struck.

## SUMMARY

In filing his response to Plaintiffs' Motion for Sanctions (Dkt. No. 90), Judge Haynes, responding in his individual capacity, attached three documents as exhibits. Two of the documents were e-mails between the Town, Judge Haynes (who was represented by the undersigned counsel and law firm), and counsel. The emails contained detailed discussions about strategy and the production of Judge Haynes' personal device, and the

information housed on the device. The third document was an unsigned, unfinished draft of a correspondence written by the Town's City Attorney regarding the issues in this case. The Town was unaware Judge Haynes intended to the attach documents as exhibits. Upon learning of the production, the Town advised Judge Haynes and Plaintiffs that the use of the Exhibits was not a waiver of privilege by the Town and asked that they cease use of the documents. (E-mail from Powell, 06/06/23, Ex. 1).

## ARGUMENT AND AUTHORITIES

**1.     The Exhibits are protected by the attorney-client privilege.**

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *In re Qwest Communs. Int'l*, 450 F.3d 1179, 1185 (10th Cir. 2006), citing *Upjohn Co. v. United States*, 449 U.S. 383, 389, (1981).  Title 12 O.S. §2502(B) defines the application of the attorney/client privilege: "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client [] [b]etween the client or a representative of the client and the client's attorney[.]" The attorney-client privilege was created to protect "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *De Los Santos v. City of Roswell*, 2013 WL 12330144, at *4 (D.N.M. May 21, 2013), citing *Fisher v. United States*, 425 U.S. 391, 403 (1976).

The purpose of the attorney-client privilege is to: "1) encourage full and frank communications between attorneys and their clients and thereby promote broader public interest in the observance of law and the administration of justice and 2) to allow the

attorney to obtain full disclosure of facts that relate to the reasons the client is seeking representation." *Wyoming v. USDA*, 239 F. Supp. 2d 1219, 1229 (D.Wyo. 2002) (citations omitted). The party asserting the attorney-client privilege has the burden of proving that the privilege is warranted under the circumstances. *Id*. To do so, the party asserting the privilege must establish: (1) the holder of the privilege is a client; (2) the person to whom the communication was made is an attorney; (3) the communication was made in connection with the person's role as an attorney; (4) the communication relates to a fact of which the attorney was informed by his client, without the presence of strangers (i.e. was confidential), for the purpose of securing legal advice, services, or assistance; and (5) the privilege has not been waived. *Id.*

There is no question that the Exhibits are protected by the attorney-client privilege. In Exhibits 1 and 2, the Town, represented by Ray Vincent (e-mail address rayvincent@coxinet.net), is included in the correspondence with counsel. The communications are made between the undersigned and their clients, Mr. Vincent (on behalf of the Town) and Judge Haynes. The communications are clearly discussions of strategy with regard to the issues in this case, namely, the production of Judge Haynes' telephone and how to proceed. Exhibit 4 is a draft of a correspondence prepared by Mr. Vincent on behalf of his client, the Town. The Exhibits are clear examples of the "full and frank" conversations the attorney-client privilege is designed to protect.

It is undisputed that the Town can "can invoke the attorney-client privilege to protect communications between its representatives and attorneys regarding legal advice sought and received on behalf of the municipality." *De Los Santos,* at *4, relying on,

3

*Hinsdale v. City of Liberal*, 961 F. Supp. 1490, 1494 (D. Kan. 1997) (applying attorney-client privilege to a city); *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) (discussing application of attorney-client privilege to government entities and collecting cases).  The Town did not authorize the production of and did not waive privilege as to the Exhibits. Judge Haynes did not have authority to waive privilege on behalf of the Town, and the Motion should be granted.

**2.      The work product doctrine also prohibits disclosure of the information.**

The Exhibits are also protected by the work-product doctrine.  Fed. R. Civ. P. 26(b)(3) provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)…" Hence, to be protected by the work-product doctrine, a party must show that "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party." *TP ST Acquisition, LLC v. Lindsey*, 2022 WL 252001, at *7 (D. Kan. Jan. 26, 2022).

Exhibits 1 and 2 discussed strategies related to the production of Judge Haynes' cell phone. They included recommendations by counsel and offered insight into counsel's thought process. These discussions included not only Judge Haynes but Mr. Vincent on behalf of the Town. Exhibit 4 is an unsigned, draft correspondence prepared by Mr. Vincent during the course of this litigation related to his analysis of certain issues. Judge Haynes

does not have authority to waive privilege on behalf of the Town. The Motion must be granted.

**3.      The Court should clawback the disclosed information.**

Pursuant to Fed. R. Evid. 502, an inadvertent disclosure in a federal proceeding does not operate as a waiver if "(1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holding promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."

This was not a voluntary disclosure by the Town of privileged information. Judge Haynes does not have the authority to waive either the attorney-client privilege or the protections afforded by the work product doctrine on behalf of the Town. Rule 1.13(a) of the Oklahoma Rules of Professional Conduct provides that a lawyer retained by an organization can only act "through its duly authorized constituents." The Comments to Rule 1.13 note that the rule applies to governmental organizations although the application differs than that of a corporate client. In the context of a corporation as a client, "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *De Los Santos,* at \*7, citing *Commidity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49. This same "logic" has been extended to governments. *Id.,* citing *Interfaith Housing Del., Inc. v. Town of Georgetown*, 841 F. Supp. 1393, 1399-1400 (D. Del. 1994) (finding member of town council did not have authority to waive the town's privilege because, unlike a mayor or CEO, he did not have a "clear leadership position" which gave him authority to bind the

town); *Oasis Int'l Waters, Inc. v. United States*, 2013 WL 1680460, at *12-*13, *16-*17 (Fed. Cl. Apr. 18, 2013) (finding Lieutenant Colonel in the U.S. Army had authority to waive United States' privilege but Army contractor did not); *Powers v. Chicago Transit Auth.,* 890 F.2d 1355, 1359 (7th Cir. 1989) (indicating position of Chicago Transit Authority employee is relevant to whether he or she has authority to waive CTA's privilege). The Motion should be granted.

## **RELIEF REQUESTED**

The Town did not consent to disclosure of the Exhibits. The Town asks that the Exhibits be stricken from the Response, clawed back, and the information contained in the Exhibits not be used for any purpose.

Respectfully submitted,

s/ Courtney D. Powell
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Spencer Fane LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: cpowell@spencerfane.com
ajferate@spencerfane.com
alester@spencerfane.com
sdavies@spencerfane.com
**Attorneys for Defendants, Town of Valley Brook, Valley Brook Municipal Court, Lewis Nieman, Stephen Haynes, Michael Stamp and Valley Brook Police Department**

## CERTIFICATE OF SERVICE

This certifies that on the 7th day of June, 2023, I electronically filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

Woodrow K. Glass - woody@wardglasslaw.com
Jonathan M. Irwin - jonathan@wardglasslaw.com
Izabella Babchinetskaya - babchinetskayai@ballardspahr.com
Lisa B. Swaminathan - swaminathanl@ballardspahr.com
Jason A. Leckerman - leckermanj@ballardspahr.com
Arthur Ago - aago@lawyerscommittee.org
Tianna J. Mays - tmays@lawyerscommittee.org

A copy of the above and foregoing was also e-mailed separately to Stephen Haynes at judgehaynes@gmail.com.

s/ Courtney D. Powell