IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No 5:21-cv-00097-SLP |
| ) | |
| TOWN OF VALLEYBROOK, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT JUDGE STEPHEN HAYNES RESPONSE
TO MOTION TO STRIKE AND MOTION TO WITHDRAWAL**

Defendant Stephen Haynes, *pro se*, files his Response to the Plaintiffs' Motion to Strike and Motion to Withdraw. In support, the Respondent would show the Court:

**MOTION TO STRIKE**

1. Counsel for Defendants, "Town of Valley Brook, Lewis Nieman, in his official capacity, Stephen Haynes, in his official capacity, and Michael Stamp, in his official capacity, (collectively, the "Town"), request the Court to strike Exhibits 1, 2, and 4 (the "Exhibits")" to Defendant Judge Stephen Haynes Response to Plaintiffs' Application for Sanctions (Dkt. No. 96).

2. In her Motion, counsel takes a unique and troubling skew on the right of Attorney Client Privilege. The argument narrowed seems to suggest that when undertaking representation of the Town of Valleybrook and the individual Defendants, she claims dual representation of the individuals, including Respondent, in which only she on behalf of the Town can speak for the individual Defendants in their official capacity. Such logic automatically creates a conflict of interest between the individual defendant and the individual defendant acting in an official capacity, including Respondent here. Without addressing the other individual Defendants, Respondent would submit that this conflict creates a conflict that is unresolvable and compels her complete removal

from representation in this case.

## ATTORNEY CLIENT PRIVILEGE

3. The communications attached as exhibits to Respondents Response all involve the same subject matter communication, i.e., the discovery of court proceedings recorded on Respondent's cell phone. When Respondent arrived at the time and place for producing the cell phone he was advised that, while plaintiffs would only look at the Court Hearing Recordings, the entire phone had to be copied. This was contrary to what Respondent was told by representing counsel as provided in the subject exhibits.

4. Moving counsel's Motion to Strike objects to a straight forward subject matter waiver of the attorney client privilege as it pertains to the reason why the phone was not turned over to Plaintiffs for total copying.

5. Both Oklahoma and Federal law provide that there is no attorney client privilege if the subject matter relates to the a communication relevant to an issue of breach of duty by the attorney to the client. Further, if the waiver was intentional. The same rule applies to the work product exception. 12, O.S. §§ 2502 (D)(3)(F)(1); Nguyen v. Excel Corp., 197 F.3d 200 (5th Cir. 1999) (reliance on an advice of counsel defense waives the privilege with respect to attorney-client communications pertinent to that defense); Ryers v. Burleson, 100 F.R.D. 436 (D.D.C. 1983) (allegation of lawyer malpractice constituted a waiver of confidential communications under the circumstances).

## WAIVER

6. The duly appointed municipal judge, by statute and ordinance is the director and supervisor of the municipal court as a separate and distinct branch of municipal government. The city attorney nor mayor, nor any Town administrator has no authority to speak for the municipal

court or otherwise engage in any act of administration of the municipal court. 11 O.S. § 27-101; 11 O.S. § 27-114; Oklahoma Constitution, Art 7 §1

7. The Response of Judge Haynes included subject matter waived communication between his former counsel, terminated for breach of duty as described therein. None of the cited authorities in the Motion in any manner relate to a defense counsel attempting to claim a privilege on behalf of one represented party by another for the malfeasance of that attorney.

8. Further, if you follow counsel's logic she spoke to the half of the judge about matters that she now claims were privileged to the opposite half of the judge. In doing so, under her theory, she violated the privilege, without a joint defense agreement, that she now seeks to enforce. This duality of identity argument has no merit in the facts and circumstances present here and the Motion to Strike should be denied.

9. As for the application to withdraw from half of the representation of Respondent should be denied in favor of the Court requiring complete withdrawal.

Respectfully submitted,

_____
R. Stephen Haynes, OBA no. 40
Attorney at Law
12600 N. Rockwell Ave. Unit 42
Oklahoma City, OK 73142
(405) 627-9959 Telephone
judgehaynes@gmail.com

*Pro Se*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and exact copy of the above and foregoing Response was electronically transmitted on the 5th day of June, 2023 to:

| | |
|---|---|
| Woodrow K. Glass | woody@wardglasslaw.com |
| Arthur Ago | aago@lawyerscommittee.org |
| Tianna Mays | tmays@lawyerscommittee.org |
| Jason A. Leckerman | leckermanj@ballardspahr.com |
| Lisa Swaminathan | swaminathanl@ballardspahr.com |
| IzabellaBabchinetskaya | babchinetskayal@ballardspahr.com |
| Courtney D. Powell | cpowell@spencerfane.com |

_____