**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMIESHA HILL, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )  Case No. CIV-2021-97-SLP |
| | ) |
| 1. TOWN OF VALLEY BROOK, et al., | ) |
| | ) |
|     Defendants. | ) |

**REPLY TO DEFENDANT JUDGE STEPHEN HAYNES' RESPONSE TO MOTION TO STRIKE AND CLAWBACK CERTAIN EXHIBITS AND BRIEF IN SUPPORT**

Defendants, Town of Valley Brook, Lewis Nieman, in his official capacity, Stephen Haynes, in his official capacity, and Michael Stamp, in his official capacity, (collectively, the "Town"), hereby reply to the response of Defendant Judge Stephen Haynes (Dkt. No. 99) and in support of its Motion to Strike and Clawback Certain Exhibits (Dkt. No. 97) (the "Motion"). As set forth in the Motion, Exhibits 1, 2, and 4 contain attorney-client privileged information.

Defendant Stephen Haynes does not dispute that Exhibits 1, 2, and 4 are protected by either the attorney-client privilege or the work-product doctrine. Rather, Defendant Stephen Haynes argues that the production was warranted because of a reliance on advice of counsel and application of the waiver doctrine. The Town has not waived either its privilege or the protections of the work-product doctrine. Defendant Judge Stephen Haynes could not waive the protections afforded by each of those doctrines. The Motion should be granted.

1

***Procedural posture of this case***. Initially, Plaintiffs brought claims against Defendant Stephen Haynes in his individual and official capacities. Dkt. No. 1-2. However, the Court subsequently determined that Defendant Stephen Haynes' judicial immunity had not been abrogated. As a result, the only remaining claims were those seeking declaratory relief for Judge Stephen Haynes' actions in his official capacity. Dkt. No. 29 at 14.

It is undisputed that an official capacity suit "is the same as asserting a claim against the municipality or county the official represents and is considered under the standards applicable to 42 U.S.C. § 1983 claims against municipalities or counties." *Burke v. Glanz*, 292 F. Supp. 3d 1235, 1249 (N.D. Okla. 2017), citing *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010); see also *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The remaining claims are official capacity claims and are, therefore, against the Town.

***There is no waiver of the attorney-client privilege or work-product doctrine, and no basis exists for the unauthorized disclosure of the privileged information found in Exhibits 1, 2, and 4.*** Defendant Stephen Haynes appears to assert that (1) disclosure was appropriate because of an advice of a counsel defense and (2) the attorney client privilege was waived. These arguments fail.

    1.  **Advice of counsel**. Curating selected communications, Defendant Stephen Haynes attached Exhibits 1, 2, and 4 as a way to explain his actions in connection with the production of his cell phone for inspection and imaging**.** Defendant Stephen Haynes asserts

that such a waiver is permitted because advice of counsel is at issue. This logic, however, is flawed because the privilege was not Defendant Stephen Haynes' to waive – the privilege belongs to the Town.

However, assuming *in arguendo* that Defendant Stephen Haynes could waive the Town's privilege, the assertion of waiver based on the advice of count still fails. The Tenth Circuit has identified "three general approaches that courts use to determine whether the attorney client privilege has been waived by putting advice of counsel at issue." *Bley v. Indep. Sch. Dist. No. I-002 of Oklahoma Cnty.*, 2023 WL 3330273, at *1–2 (W.D. Okla. May 9, 2023). As noted in *Bley,*

> The first of these general approaches is the "automatic waiver" rule, which provides that a litigant automatically waives the privilege upon assertion of a claim, counterclaim, or affirmative defense that raises as an issue a matter to which otherwise privileged material is relevant.... The second set of generalized approaches provides that the privilege is waived only when the material to be discovered is both relevant to the issues raised in the case and either vital or necessary to the opposing party's defense of the case.... Finally, several courts have recently concluded that a litigant waives the attorney-client privilege if, and only if, the litigant directly puts the attorney's advice at issue in the litigation.

*Id.*, citing *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 699–700 (10th Cir. 1998) (internal citations omitted). In *Bley*, the Court noted that the second approach "has been applied to claims arising under Oklahoma state law" and was the approach adopted by the *Bley* court.  This test requires three conditions to find waiver of the attorney-client privilege:

> (1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party; (2) through this

> affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to [its] defense.

*Id.*, citing *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 701 (10th Cir. 1998) (quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

Those conditions are not met. The privilege belonged to the Town – not Defendant Stephen Haynes acting in his individual capacity. Furthermore, the three conditions enumerated in *Bley* are not satisfied. The assertion of the privilege was not the result of some affirmative act on the part of either Defendant Haynes or the Town. Neither Haynes nor the Town filed a suit. Rather, the purported waiver was in response to a motion filed in this litigation. The Town did not put the information at issue. Furthermore, applying the privilege does not deny Plaintiffs with information valid to its defense.

The Town has not waived its privilege, and the subject matter/advice of counsel exception does not apply.

**2. Waiver.** Communications between the Town, its counsel, and Defendant Stephen Haynes are protected by the attorney-client privilege. The attorney-client privilege attaches to communications between attorneys, clients, and "any of their agents that help facilitate attorney-client communications or legal representation." *Hedquist v. Patterson*, 215 F.Supp.3d 1237, 1244 (D.Wyo. 2016), citing *In re Teleglobe Commc'ns. Corp.*, 493 F.3d 345 (3rd Cir. 2007). For example, district courts have applied the attorney-client privilege to city council members "and the entire city council concurrently, even when an individual council member claims to be acting independently." *Id.* at 1245, citing *Interfaith*

*Hous. Del., Inc. v. Town of Georgetown*, 841 F.Supp. 1393, 1397-98 (D.Del. 1994) ("The individual councilmembers are all agents of the Town Council and share common interests with the Town Council regarding the proposed development…[and have] an independent obligation to bring judgment to bear on the issues confronting the town."). The attorney-client privilege would attach to communications, like Exhibits 1 and 2, which were discussions of strategies and representation.

Furthermore, none of the authority cited in the Response supports the allegation that Defendant Stephen Haynes has the authority to speak for the Town's sub-division, the municipal court, during litigation involving the actions of the court. Rather, the statutes address the creation of a court not of record (11 O.S. § 27-101), the ability of a municipal judge to create rules for municipal courts (11 O.S. § 27-114), and the identification of courts where judicial power is vested (Okla. Const. Art. 7, § 1).

As this Court has found, it is a "sub-municipal entit[y]" and a "division[] of the Town of Valley Brook, all alleged conduct may therefore be attributed to the Town of Valley Brook." Dkt. No. 29 at 16; *see e.g.* 11 O.S. § 14-1113 (when a defendant is in the custody of a municipal jail, the custodial municipality is liable for cost of medical care). There is no basis in law or evidentiary support for the assertion that Defendant Stephen Haynes, and only Defendant Stephen Haynes, can speak for the municipal court. The Municipal Court is a division of the Town – not a separate and distinct entity. The privilege belonged to the Town.

***<u>Even if Defendant Stephen Haynes was an individual defendant, the common-interest doctrine prohibits disclosure.</u>*** The common-interest doctrine applies when "two

[or more] parties have in common an interest in securing legal advice related to the same matter – and that the communications be made to advance their shared interest in securing legal advice on that common matter." *Hedquist*, 215 F.Supp.3d at 1246, citing, *Metro Wastewater Reclamation Dist. v. Cont'l Cas. Co.,* 142 F.R.D. 471, 478 (D.Colo. 1992). The interest in securing legal advice must not just be similar but identical. *Id.*

Courts have generally held that the "common-interest doctrine to government entities...applies to the governmental entity as a whole when its members are collectively participating the matter at issue" and even "where members of the entity act with differing interest." *Id.* at 1247, citing *In re Grand Jury Subpoena,* 886 F.2d 135, 137-139 (6th Cir. 1989); *Interfaith House Del., Inc.,* 841 F.Supp. at 1397, 1398; *Humphries v. Chicarelli,* 2012 WL 5930437, at *5 (S.D.Ohio Nov. 27, 2012); *Bauer v. City of Saginaw,* 2015 WL 1439424, at *4 (E.D.Mich. Mar. 27, 2015). For example, in *In re Grand Jury Subpoena*, *supra*, the attorney-client privilege was found to protect communications "shared between outside counsel, the city council, and the city administration, even though the city council and administration held different positions on a condemnation action." *In re Grand Jury Subpoena,* 886 F.2d at 138. The common interest doctrine would also apply to documents protected by the work product privilege, such as Exhibit 4.

Defendant Stephen Haynes, as an individual, does not have any remaining claims asserted against him. However, if he did, the common-interest doctrine would protect shared communications between the Town, Defendant Stephen Haynes, and their outside counsel. The claims asserted against the Town and Defendant Stephen Haynes are not similar – they are identical. There is no dispute that the doctrine applies.

6

## **RELIEF REQUESTED**

The Town did not consent to disclosure of the Exhibits. The Town asks that the Exhibits be stricken from the Response, clawed back, and the information contained in the Exhibits not be used for any purpose.

Respectfully submitted,

s/ Courtney D. Powell
Courtney D. Powell, OBA No. 19444
Anthony J. Ferate, OBA No. 21171
Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Spencer Fane LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: cpowell@spencerfane.com
ajferate@spencerfane.com
alester@spencerfane.com
sdavies@spencerfane.com
**Attorneys for Defendants, Town of Valley Brook, Valley Brook Municipal Court, Lewis Nieman, Stephen Haynes, Michael Stamp and Valley Brook Police Department**

**CERTIFICATE OF SERVICE**

This certifies that on the 22nd day of June, 2023, I electronically filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

Woodrow K. Glass - woody@wardglasslaw.com
Jonathan M. Irwin - jonathan@wardglasslaw.com
Izabella Babchinetskaya - babchinetskayai@ballardspahr.com
Lisa B. Swaminathan - swaminathanl@ballardspahr.com
Jason A. Leckerman - leckermanj@ballardspahr.com
Arthur Ago - aago@lawyerscommittee.org
Tianna J. Mays - tmays@lawyerscommittee.org

A copy of the above and foregoing was also e-mailed separately to Stephen Haynes at judgehaynes@gmail.com.

s/ Courtney D. Powell