## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-21-97-SLP |
| TOWN OF VALLEY BROOK, et al. | ) ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court are three related motions, all of which are at issue.  First, Plaintiffs filed a Motion to Compel Defendants to Answer Interrogatories and For Sanctions [Doc. No. 88] ("the Motion to Compel"), to which Defendants responded, *see* [Doc. No. 94]. Second, Plaintiffs filed a Motion for Sanctions Against Defendant Judge Stephen Haynes and Memorandum of Law in Support [Doc. No. 90] ("the Motion for Sanctions"). Defendants filed a response, *see* [Doc. No. 95], and Defendant Haynes filed a *pro se* response in his individual capacity, *see* [Doc. No. 96].  Plaintiffs have not replied, and the time to do so has passed.  The Court conducted a hearing on these two Motions on June 9, 2023.

Finally, Defendants filed a Motion to Strike and Clawback Certain Exhibits and Brief in Support [Doc. No. 97] ("the Motion to Strike"), which implicates three of the exhibits attached to Defendant Haynes's *pro se* response [Doc. No. 96] to the Motion for Sanctions.  Defendant Haynes filed a *pro se* response to the Motion to Strike, *see* [Doc.

No. 99], and Defendants replied, *see* [Doc. No. 107].  Plaintiffs did not respond to the Motion to Strike, and the time for doing so has expired.  Because the Motion to Strike was filed less than 48 hours before the scheduled hearing and was therefore not fully briefed, the Court did not address it at the June 9, 2023 hearing.

## I.   <u>Background</u>

The Motion for Sanctions involves recordings of "Rule 8 hearings" that Defendant Haynes maintains on his personal cellphone.[1]  *See* [Doc. No. 90] at 2.  The Rule 8 hearings were also subject to an earlier discovery dispute.  Following a March 23, 2023 hearing, the Court entered an agreed order that required Defendants to produce, *inter alia*, "recordings or transcriptions of Rule 8 hearings" by April 10, 2023.  [Doc. No. 81] at 1.  The evening of the deadline, Defendants moved for an extension of time to produce the recordings.  The Court struck that motion because it did not state whether Plaintiffs opposed the requested relief.  *See* [Doc. No. 82].

Defendants refiled their motion the following day, stating Plaintiffs did "not oppose the Motion based on Defendants' representations that the recordings will be produced no later than tomorrow and that the telephone will be made available to Ward & Glass." [Doc. No. 83] ¶ 12.  The motion also indicated that "Defendant Haynes [wa]s able to deliver his telephone to Plaintiffs' local counsel's office on Tuesday, April 11, 2023, for inspection." *Id.* ¶ 9.  The Court granted the requested extension, ordering Defendants to "produce

---

[1] As alleged in the Complaint, "municipal courts must hold 'Rule 8 hearings' to evaluate financial circumstances and consider reasonable payment alternatives whenever a municipal defendant alleges an inability to pay." [Doc. No. 1-2] ¶ 4; *see also* Rule 8.1, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.

recordings of the Rule 8 proceedings no later than Wednesday, April 12, 2023" and "produce the relevant telephone for inspection at the offices of Ward & Glass." [Doc. No. 84].

On April 11, Defendants produced eighty-five Rule 8 recordings to Plaintiffs' counsel, though none of the 2023 recordings were include in the production. *See* [Doc. No. 90-1] at 13. Defendants did not produce the phone at this time, however. Instead, the parties exchanged emails regarding the scope of the request, with Plaintiffs indicating they "plan[ned] to keep the phone" because they are "not in Oklahoma." *Id.* at 14. Defendants replied that they "ha[d] significant concerns and objections" to allowing the phone to be transported to Plaintiffs' counsel in Philadelphia, but explained that if Plaintiffs' "request [wa]s just for inspection," Defendants could "arrange for that to occur as early as" the following day. *Id.* at 13. Defendants urged that "[a]ny inspection of the telephone would need to occur in the presence of one of [their] attorneys in Oklahoma and should be limited to review of the Rule 8 hearings." *Id.* Plaintiffs explained they did "not plan to transfer the device to Philadelphia, but [] need[ed] to *image* the cell phone" to gain "access to metadata related to the recordings, including any alterations or deletions." *Id.* at 12 (emphasis added).

The parties conferred the following day and "proceeded with [a] plan" to "imag[e] Judge Haynes' telephone but not review[] any information, except the Rule 8 recordings, until a protocol was developed and agreed upon that protected and ensured any privileged and/or confidential information would not be disclosed." [Doc. No. 95] at 8. Defendants agreed to "deliver [] the telephone . . . for imaging" once Plaintiffs' counsel secured a

vendor for this purpose.  [Doc. No. 91-1] at 10.  Though Plaintiffs' counsel secured a vendor for April 26, Defendant Haynes did not produce the phone at this time.  *See id.* at 9.  Instead, he contacted Plaintiffs' counsel "stating that [Defendants' counsel] no longer represent[ed] him."  *Id.* at 7.  On April 26, Defendants' counsel asserted they were "not representing Judge Haynes in his individual capacity."[2]  *Id.* at 5.  The imaging was rescheduled for May 1, *see id.* at 4, and again for May 3, *see id.* at 3.  While Defendant Haynes "arrived with his phone" on that date, he "refused to allow the vendor . . . to image his phone."  [Doc. No. 90] at 9.

After the June 9 hearing on the Motions, the Court ordered the parties to submit a joint status report "provid[ing] the status of all discovery issues raised in the Motion to Compel."  [Doc. No. 100].  With respect to the Rule 8 hearings, the parties represent:

> Defendant Haynes agrees to provide his cellphone for complete imaging and copying to Plaintiffs on June 16, 2023 at the offices of Ward & Glass at 10 a.m. (central) subject to the Parties' agreement that at this time Plaintiffs will only extract and review the Rule 8 recordings and the metadata associated with the recordings stored on the cellphone.  Plaintiffs reserve the right to request additional searches of Defendant Haynes' cellphone.  The Parties agree that if Plaintiffs find it necessary to conduct additional searches, Plaintiffs will provide Defendant Haynes and Defendants' counsel with notice of the searches and Defendant Haynes and/or Defendants' counsel will then have 72 hours to lodge objections or seek Court intervention before Plaintiffs conduct the noticed searches.

[Doc. No. 104] ¶ 3.  The deadline has passed, and the parties have not sought relief from this Court.  Accordingly, the Court assumes Defendant Haynes produced his phone on the

---

[2] Defendants' counsel did not file a motion to withdraw from representing Defendant Haynes in his individual capacity until June 8, 2023—over a month after making this representation to Plaintiff.  To date, the Court has not ruled on the Motion to Withdraw [Doc. No. 98].

agreed-upon date and in the agreed-upon manner.

The parties also indicate the remaining substantive issues raised in the Motion to Compel—including verification and supplementation of certain interrogatories—have been resolved. *Id.* ¶¶ 1–2. Plaintiffs still "maintain their request for sanctions related to the filing of the discovery motions, as Defendants only remedied the discovery deficiencies after Plaintiffs filed the at-issue Motions." *Id.* ¶ 4.

## II.    <u>Legal Standard</u>

As relevant to this case, Federal Rule of Civil Procedure 37 provides two avenues for sanctions. First, the Rule permits a district court to impose sanctions for a party's "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The district court may impose a number of sanctions, including treating the failure to obey a discovery order "as contempt of Court." Fed. R. Civ. P. 37(b)(2)(A)(vii). The district court must also "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Second, Rule 37(c)(1) authorizes sanctions when a party fails to "timely supplement[] its inadequate discovery responses as required by Rule 26(e)." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1224 (10th Cir. 2015). Sanctions under this subsection may only be imposed against a party, not that party's counsel. *See id.* at 1226–27.

Finally, a district court also has inherent power "to impose 'a sanction for abuse of the judicial process, or, in other words, for bad faith conduct in litigation.'" *Id.* at 1227

(quoting *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015)). Sanctions are appropriate under a court's inherent power only in certain "'narrowly defined circumstances' . . . involving actions taken 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).

### III.   Discussion

#### A.   Motion for Sanctions

Plaintiffs ask the Court to (1) sanction Defendant Haynes for his failure to disclose Rule 8 recordings, (2) find that Defendant Haynes violated both of the Court's discovery orders, (3) hold Defendant Haynes in civil contempt, (4) permit an adverse inference instruction that Defendant Haynes "failed to produce his phone for inspection because his phone contains information that would be harmful for his defense,"[3] and (5) impose costs and fees.  Mot. [Doc. No. 90] at 2.  Defendants oppose the Motion, arguing that neither order provides a basis for sanctions.

#### 1.   Failure to Disclose Rule 8 Recordings

First, Plaintiffs seek sanctions under Rule 37(c)(1) because Defendant Haynes has "fail[ed] to comply with Rule 26(e) by not disclosing the Rule 8 recordings."  Mot. [Doc. No. 90] at 10.  Plaintiffs previously requested "Documents, Transcripts, or recordings of any Rule 8 Hearings [] conducted in Valley Brook Municipal Court."  [Doc. No. 90-2] at 4.  Defendant Haynes responded that he "does not personally maintain any responsive

---

[3] Plaintiffs separately request "jury instructions regarding Defendant Haynes' discovery failures." Mot. [Doc. No. 90] at 2.  At the hearing, Plaintiffs' counsel confirmed they seek an adverse inference instruction.

6

documents," and that "[a]ny responsive documents to this Request are maintained by the City." *Id.* Over a period of months, Defendants repeatedly affirmed that Defendant Haynes did not personally maintain Rule 8 recordings. *See* [Doc. No. 90-3] at 4 (dated September 6, 2022); [Doc. No. 90-4] at 3 (dated November 17, 2022). But these assertions are belied by the fact that Defendant Haynes has now produced recordings made on his personal cellphone—many of which predate Defendants' initial response to Plaintiffs' request for production. Defendants do not address sanctions under Rule 37(c) or attempt to explain this obvious discrepancy. Nor do they argue that "the failure [to disclose the Rule 8 recordings] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Court intends to impose sanctions based on Defendants' repeated erroneous discovery responses. It is unclear at this juncture, however, who is responsible for the discrepancy. Plaintiffs seek sanctions under Rule 37(c)(1), which only authorizes sanctions against a party, not that party's counsel. *Cf.* Fed. R. Civ. P. 26(g) (requiring the Court, "on motion or on its own. . . [to] impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification "violates th[e] rule without substantial justification"). The request for sanctions under Rule 37(c)(1) is therefore DENIED without prejudice to refiling after the factual record is more thoroughly developed on this issue.[4]

## 2. Failure to Comply with Court Orders

Plaintiffs seek sanctions under Rule 37(b)(2)(A) based on Defendant Haynes's

---

[4] The parties have agreed to conduct additional depositions related specifically to discovery issues. *See* [Doc. No. 105]. Plaintiffs plan to depose Defendant Haynes on July 26. *See* [Doc. No. 108].

failure to comply with two of the Court's previous orders.  Defendants argue sanctions are unwarranted because they did not violate either order.

### a.      Rule 8 Hearing Recordings

The March 24 Order required Defendants to produce "recordings or transcriptions of all Rule 8 hearings," [Doc. No. 81] at 1.  Similarly, the April 11 Order extended the deadline for production, ordering Defendants to "produce recordings of the Rule 8 proceedings no later than Wednesday, April 12, 2023."  [Doc. No. 84].  Plaintiffs contend that Defendant Haynes violated these orders "by failing to produce all recordings on his personal phone."  [Doc. No. 90] at 13.  Specifically, Plaintiffs note that "Defendant Haynes did not produce any recordings made after December 2022."  *Id.*  Defendants urge they "believed they were complying with the Court's order when the 2021 and 2022 recordings were produced."  [Doc. No. 95] at 9.  Defendants impliedly concede that Plaintiffs are entitled to the 2023 Rule 8 recordings,[5] asserting that "[a] protocol for the production of the on-going 2023 records must be agree [sic] upon to ensure timely production—not sanctions."  *Id.*

The Court's March 24 Order was entered at the parties' request and included no temporal scope.[6]  It simply required Defendants to produce "Recordings or transcriptions

---

[5] Defendants' counsel expressly confirmed as much during the June 9, 2023 hearing.

[6] Similarly, Request for Production 5 requested Defendant Haynes produce "Documents, Transcripts, or recordings of any Rule 8 Hearings [] conducted in Valley Brook Municipal Court." [Doc. No. 50-1] at 31.  The document further explained the "Requests are continuing in nature," and "[i]f, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce such additional documents."  *Id.* at 28.

of Rule 8 hearings." [Doc. No. 81] at 1.  There is no indication that Defendants attempted to establish a protocol for production before Plaintiffs sought sanctions, nor did Defendants seek that relief from the Court.  Rather, it appears Defendants unilaterally decided to withhold recordings to which they admit Plaintiffs are entitled.  Even if the Court agreed with Defendants' protocol argument, they do not explain why recordings from January 1 through March 24—the date the earlier Order was entered—were not produced. Accordingly, Defendants have failed to comply with the Court's orders in this respect.  The Court GRANTS the Motion on these grounds but reserves judgment on the precise nature of the sanctions until after it conducts a hearing.

### b.      Production of the Cellphone

The April 11 Order required Defendants to "produce the relevant telephone for inspection at the offices of Ward & Glass." [Doc. No. 84].  Plaintiffs argue Defendant Haynes violated the Order by refusing to allow his phone to be imaged. *See* [Doc. No. 90] at 13–14.  Defendants disagree because the April 11 Order only directed Defendant Haynes "to produce his telephone for inspection—not imaging." [Doc. No. 95] at 8.  The Court agrees with Defendants' position.  The April 11 Order did not mention imaging, which is plainly different than inspection.  Though it appears the parties engaged in discussions and reached an agreement allowing the phone to be imaged, at no point has the Court ordered imaging of Defendant Haynes's phone.  Accordingly, the Court declines to find that Defendant Haynes has violated this portion of the Court's April 11 Order.

### 3.  Civil Contempt

Rule 37(b)(2)(A)(vii) authorizes the Court to "treat[] as contempt of court the failure to obey any order."  But these "[c]ivil-contempt sanctions may be imposed only to compel or coerce obedience to a court order or to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) (cleaned up) (quotation omitted).  Before civil contempt sanctions may be imposed, Plaintiffs "ha[ve] the burden of proving, by clear and convincing evidence that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998) (citation omitted).  As articulated above, it is not clear that the failure to comply with the Court's orders lies with Defendant Haynes—the party against whom Plaintiff seek sanctions.  Accordingly, the request to hold Defendant Haynes in civil contempt is DENIED without prejudice to refiling upon a more developed record.

### 4.  Adverse Inference Instruction

An adverse inference instruction may be appropriate "when there exists an 'unexplained failure or refusal of a party . . . to produce evidence that would tend to throw light on the issues.'" *Gilbert v. Cosco Inc.*, 989 F.2d 399, 406 (10th Cir. 1993) (alteration in original) (quoting *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983)).  In determining the propriety of an adverse inference instruction, the Court may consider whether: "(1) it appears that the documentary evidence exists or existed; (2) the suppressing party has possession or control of the evidence; (3) the evidence is available to the

suppressing party, but not to the party seeking production; (4) it appears that there has been actual suppression or withholding of evidence." *Id.* (quoting *Evans v. Robbins*, 897 F.2d 966, 970 (8th Cir. 1990)).

At this time, the Court declines to order the inclusion of an adverse inference instruction. While the 2023 recordings were not initially produced, as explained above, Defendant Haynes has now "agree[d] to provide his cellphone for complete imaging and copying to Plaintiffs." [Doc. No. 104] ¶ 3. Thus, it appears no recordings are being withheld at this time.[7] Accordingly, the Motion is DENIED without prejudice as to this request.

### 5. Fees and Costs

Finally, Plaintiffs seek fees and costs related to the Motion for Sanctions, including those incurred through "several email exchanges with Attorney Powell regarding Defendant Haynes' phone, a meet-and-confer with Attorney Powell, communications with the vendor and Defendant Haynes to schedule the phone imaging, the scheduled meeting with the vendor and Defendant Haynes where he refused to tender his phone, and drafting the instant Motion." [Doc. No. 90] at 17.

When a party fails to comply with a discovery order pursuant to Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay

---

[7] Though Plaintiffs also assert that Defendant Haynes "only produced four Rule 8 recordings from 2019 and 2020," [Doc. No. 90] at 16, they have not provided sufficient evidence to show that any of these earlier recordings—which predate the filing of this lawsuit—existed or have been suppressed or withheld.

the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In this case, Defendants have not shown that the noncompliance was substantially justified, or that other circumstances make an award of expenses unjust. Accordingly, the Court finds that an award of fees and costs is appropriate for the time Plaintiffs spent preparing the Motion for Sanctions and seeking compliance with the Court's orders, as set forth herein. In imposing fees and costs, the Court is mindful of Defendants' repeated issues with discovery, including those discussed at the March 23, 2023 hearing.

### B. Motion to Compel

Next, Plaintiffs moved to compel Defendants to verify and/or supplement certain discovery responses. Plaintiffs also seek fees and costs related to the filing of the Motion to Compel. At this time, it appears the parties have resolved the substantive issues raised in the Motion to Compel.[8] *See* [Doc. No. 104]. Nevertheless, Plaintiffs "maintain their request for sanctions related to the filing of the discovery motions, as Defendants only remedied the discovery deficiencies after Plaintiffs filed the at-issue Motions." *Id.* ¶ 4.

---

[8] Plaintiffs indicate that Defendant Haynes's answer to one interrogatory was deficient, but that he planned to "supplement his answer once he obtain[ed] a copy of the Answer filed in this matter." [Doc. No. 104] ¶ 2. As Plaintiffs have not moved for any further relief, the Court assumes that a sufficient response to the interrogatory has been provided. If this is not the case, the Court encourages Plaintiffs to attempt to resolve the matter and, if necessary, to file a motion seeking that specific relief.

Defendants oppose this request, "assert[ing] that the discovery was supplemented as necessary, as set forth more fully in their Response." *Id.*

> Federal Rule of Civil Procedure 37(a)(5)(A) provides:
>
> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The Court must not award expenses or fees, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

There is no question that the verifications, supplemental responses, and 2023 Rule 8 recordings were only produced after Plaintiffs moved to compel their production. But Defendants contend that an award of expenses is unwarranted because Plaintiffs filed the Motion to Compel without meeting and conferring about "the details surrounding why Plaintiffs found many of Defendants' responses inadequate." [Doc. No. 94] at 15–16.

Upon review of the record in this case, the Court finds that Plaintiffs should be awarded reasonable fees and expenses in connection with the Motion to Compel. Plaintiffs' January 24, 2023 deficiency letter specifically addressed Defendants' failure to verify discovery responses and supplement particular discovery responses. *See* [Doc. No. 88-4]. Plaintiffs followed up on these shortcomings, *see, e.g.* [Doc. No. 88-7] at 3, and Defendants agreed to comply, though the issues were not fully resolved until after Plaintiffs filed the

Motion to Compel.  Thus, any suggestion that Defendants were unaware of the issues raised in the Motion is meritless.  The record reflects Plaintiffs' persistent  efforts "to obtain the disclosure or discovery without court action."  Fed. R. Civ. P. 37(a)(5)(A)(i).  Defendants have repeatedly agreed to produce information to which they admit Plaintiffs are entitled, but Defendants have repeatedly missed those agreed-upon deadlines.  Defendants' conduct in discovery has needlessly multiplied the time and resources required to move this action forward.  Accordingly, the Court GRANTS the Motion to Compel with respect to the request for fees and costs, and DENIES the remainder of the Motion as moot.

### C.    Motion to Strike

Defendants also request an order striking and clawing back certain exhibits attached to Defendant Haynes's *pro se* response.  *See* [Doc. No. 96-1, 96-2, 96-4].  Defendants argue that "the use of the Exhibits was not a waiver of privilege by the Town."  [Doc. No. 97] at 2.  But the Town's attorneys also represent Defendant Haynes in both his official and individual capacities.  Given this dual representation, Defendants have failed to articulate why the privilege at issue here belongs to the Town, and not to Defendant Haynes.  Indeed, the relevant emails are between counsel and Defendant Haynes and implicate Defendant Haynes's personal cellphone.  Defendants make similar arguments with respect to the work-product doctrine, which the Court finds unpersuasive for the same reason.  Accordingly, the Motion is DENIED without prejudice to refiling.

### D.    Additional Hearing

The Court will conduct a status conference on **August 17, 2023 at 2:00 p.m., in Courtroom 304**, where the parties should be prepared to address the matters discussed in

this Order and the attorney-client privilege issues implicated by the pending Motion to Withdraw [Doc. No. 98].  Following the status conference, the Court will schedule a hearing to resolve the outstanding issues highlighted herein.

    IV.    **Conclusion**

    IT IS THEREFORE ORDERED that the Motion to Compel Defendants to Answer Interrogatories and For Sanctions [Doc. No. 88] is GRANTED in part and DENIED in part, as set forth above.

    IT IS FURTHER ORDERED that the Motion for Sanctions Against Defendant Judge Stephen Haynes and Memorandum of Law in Support [Doc. No. 90] is GRANTED in part and DENIED in part, as set forth above.

    IT IS FURTHERED ORDERED that the Motion to Strike and Clawback Certain Exhibits and Brief in Support [Doc. No. 97] is DENIED without prejudice.

    IT IS FURTHER ORDERED that Defendants and their counsel shall pay Plaintiffs' reasonable expenses incurred in making the Motions, including attorney's fees.  Plaintiffs and Defendants shall confer regarding the appropriate amount and notify the Court of any stipulation and payment made.  This conference shall occur no more than ten days after the upcoming hearing.  If no stipulation is made as to an appropriate amount, Plaintiffs are directed to submit documentation of their expenses, including attorney's fees, to the Court for determination of the appropriate award.  In that event, Defendants will be given an opportunity to submit any objection to the requested amount.

IT IS SO ORDERED this 1st day of August, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE