IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated,    )<br>)<br>)<br>Plaintiffs,    )<br>)<br>vs.    )<br>)<br>TOWN OF VALLEY BROOK, et al.,    )<br>)<br>Defendants.    ) | Case No. CIV-21-97-SLP |

**O R D E R**

The parties have informally advised the Court of their agreement to settle this matter. Relatedly, they have informally requested an unusually lengthy administrative closing order. But the Plaintiffs filed this action on behalf of themselves and all others similarly situated. It is unclear whether the parties' agreement implicates the rights of the putative class,[1] or whether they have agreed to settle *only* the named Plaintiffs' individual claims. This distinction matters. If the parties wish to settle claims on behalf of the putative class, they must follow the notice and approval procedures outlined in Federal Rule of Civil Procedure 23(e), whereas resolution of the Plaintiffs' individual claims does not require Court approval. *See* Fed. R. Civ. P. 23(e) advisory committee's note to 2003 amendment.

IT IS THEREFORE ORDERED that the parties shall file a joint motion within 7 days of the date of this Order requesting the specific relief they seek from the Court (e.g.,

---

[1] The Court has not yet certified a class. *See* Order [Doc. No. 125] (staying Plaintiffs' deadline to file motion for class certification).

entry of a three-year administrative closing order).  The joint motion shall explain what effect, if any, the proposed agreement has on claims asserted on behalf of the putative class members.  The parties are further instructed to identify any other issues which may require approval or action by the Court.

    IT IS FURTHER ORDERED that the status conference scheduled for 10:00 a.m. on February 12, 2024 is STRICKEN, to be reset if necessary.

    IT IS SO ORDERED this 9th day of February, 2024.

_[signature]_

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE