IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KIMIESHA HILL,<br>(2) JASON GARNETT, and,<br>(3) KIARA McCORKLE, on behalf of themselves and all others similarly situated,<br><br>                 Plaintiffs,<br>v.<br><br>(1) TOWN OF VALLEY BROOK,<br>(2) VALLEY BROOK MUNICIPAL COURT,<br>(3) LEWIS NIEMAN, Mayor of Valley Brook, in his official capacity;<br>(4) STEPHEN HAYNES, Municipal Judge, in his official and individual capacity;<br>(5) MICHAEL STAMP, Chief of Valley Brook Police Department, in his official capacity;<br>(6) VALLEY BROOK POLICE DEPARTMENT,<br><br>                 Defendants. | Case No. CIV-21-97-SLP |

**RESPONSE AND POSITION STATEMENT OF JUDGE STEPHEN HAYNES IN RESPONSE TO COURT'S ORDER (DOC. NO. 127) REGARDING PROPOSED SETTLEMENT AGREEMENT OF PARTIES AND IN RESPONSE TO UNOPPOSED MOTION TO EXTEND DEADLINES (DOC. NO. 123)**

COMES NOW defendant Judge Stephen Haynes, by and through his personal attorney, Danny K. Shadid, and here by submits his Response and Position Statement for the Court's consideration of the following issues, pursuant to the Court's Order of February 9, 2024 (Doc. No. 127), directing the parties to submit a Joint Motion as to their individual analysis of (1) the proposed settlement's effect on the putative class on claims asserted on

behalf of the putative class members; and, (2) the identify any other issues which may require approval or action by the Court. Judge Haynes, through undersigned counsel, submitted this Response and Position Statement to counsel for all other parties, including Attorney Powell who is still an attorney of record for Judge Haynes, for inclusion in the Joint Motion which was to be filed, jointly by the parties, according to the Court's aforesaid Order. Thereafter, plaintiffs' counsel corresponded back that Judge Haynes should file his own document. See the series of e-mails of this date (and prior hereto) between counsel, which is attached hereto as Exhibit 1. That being the case, Judge Haynes is submitting his Response and Position Statement in response to the proposed Settlement Agreement submitted to the Court by the other parties and in response to the "Unopposed Motion to Extend Deadlines" (Doc. No. 123), which did not include Judge Haynes as part of that "Unopposed Motion."

This separate Response and Position Statement is being submitted due to, *inter alia*, lack of cooperation by counsel for the defendant Town of Valley Brook (who is also still a counsel of record for Judge Haynes), the inherent conflict of interests between the Town and Judge Haynes, the failure to include Judge Haynes in settlement discussions, the continued exposure of Judge Haynes, in his individual capacity, to further suit by the other members of the putative class as well as the current plaintiffs themselves, and the failure of all other parties to recognize the impact of entering into a settlement without inclusion of the putative class by means of notice and certification of the class. Counsel Courtney Powell (whose application to withdraw from representation of Judge Haynes has not been ruled upon by the

Court), has essentially described Judge Haynes' input as unnecessary, citing the Court's Order (Doc. No. 29) dismissing Judge Haynes in his individual capacity. As noted below, such an Order is not a final Order, is not res judicata and does not prevent others from filing an identical lawsuit to seek relief against Judge Haynes for declaratory relief.

## I. DEFENSE COUNSEL'S CONFLICT OF INTEREST

Defendant Haynes has stated to the Court previously that Attorney Courtney Powell has been in the midst of a conflict of interest in representation of the Judge Haynes, in his individual capacity, and all of the other co-defendants. (Doc. Nos. 96 and 99). That conflict is now further exposed in that the proposed "Settlement Agreement" was negotiated without the participation of Judge Haynes.

Similarly, the "Unopposed Motion to Extend Deadlines" (Doc. No. 123) reflects the same conflict of interest. The "Unopposed Motion" was submitted without the knowledge or Judge Haynes or Attorney Shadid, and contains many highly inaccurate statements, such as "defendants approved the terms of the settlement agreement on November 6, 2023." Doc. No. 123, ¶4. To the contrary, Defendant Haynes never communicated approval of any Settlement Agreement. Judge Haynes was not consulted regarding the terms of the settlement agreement during the Summer of 2023, prior to retaining Attorney Shadid to assist, and did not participate in communicating his approval of any Settlement Agreement. The Unopposed Motion also incorrectly recites that "on November 20, 2023, the parties had finalized a written Settlement Agreement," that "on December 5, 2023, Defendants

confirmed that they were collecting signatures" on the Settlement Agreement, that "Defendants represented on January 22, 2024, that they would be able to finalize the Settlement Agreement 'shortly.'" Doc. No. 123, ¶¶5, 6 and 7. None of this is accurate with respect to Judge Haynes.

**II.      PROPOSED SETTLEMENT'S EFFECT ON PUTATIVE CLASS AND DEFENDANT HAYNES.**

While Fed.R.Civ.P.23(e), would permit the dismissal of the representative class members of the putative class, this proposed settlement and its continuing "monitoring" responsibilities of the Defendant Town present to the Court a confounding dichotomy of issues regarding potential collateral estoppel issues as to the putative class and class representatives, together with an apparent conflict with plaintiffs' counsel's obligation to the class under Fed.R.Civ.P.23(g)(3)(4), where there are issues which may affect the putative class as a result of the settlement as proposed by the individual plaintiffs and the defendant Town.

Under the terms of the proposed Settlement Agreement, the Town would have an agreed long term continuing commitment to provide documents and other detailed information regarding Valley Brook Municipal Court records and operations. Setting aside for the moment questions including Oklahoma's statutory prohibition against municipalities entering into any agreement or contract extending beyond one (1) year, or the Agreement's requirement that the Town must provide information covered by potential Town and citizen protective exemptions under the Freedom of Information and Privacy Acts, or the total

absence of any detail regarding what Plaintiffs' counsel, a non-regulatory and non-court-monitored entity, may do with such information, or what sanctions might result from noncompliance with the monitoring, or any consequential actions or sanctions regarding the Town's disclosure of information which Plaintiffs' counsel believe should give rise to some additional past or new violations claims, the Settlement Agreement at "dismissal" may materially affect the rights of the members of the putative class through the ongoing process of the production, reporting and monitoring of the Town.

As reflected below, Judge Haynes will make requests which may also affect class members' rights. As a result of the special nature of this Settlement Agreement as proposed, the class should be certified for dismissal and this proposed settlement and the requisite notice be given to the class pursuant to Fed.R.Civ.P.23(e)(2). As suggested by the 2009 and 2003 Advisory Committee Notes, while voluntary dismissal may not require the Court's approval, Rule 23 and the Advisory Committee Notes suggest that where such voluntary dismissal affects the rights of the non-included putative class, the Court should require such approval in the fashioning of an Order covering dismissal.

### III. THE SETTLEMENT AS PROPOSED BY THE PLAINTIFFS AND THE TOWN LEAVES JUDGE HAYNES EXPOSED TO FURTHER LITIGATION, IN HIS INDIVIDUAL CAPACITY, FROM ALL OTHER MEMBERS OF THE UNCERTIFIED CLASS.

The case was brought as a class action. The Settlement Agreement, being settled on behalf of the three named Plaintiffs and not the putative plaintiff class, leaves Judge Haynes (and all other defendants) open to future lawsuits brought by other potential plaintiffs. Only

with a certification of the plaintiff class can there be protection and closure of this matter as to Judge Haynes, individually, and as to all other defendants. The proposed settlement does not, and cannot as a matter of law, prohibit any other member of the putative class (which Plaintiffs told the Court contained "hundreds of indigent people," in classes that were constantly "fluid," such that "members of the proposed classes are so numerous that joinder is impracticable," Doc. No. 1-5, at ¶¶123 and 124) from filing new lawsuits against Judge Haynes. The current Settlement Agreement does not contain any mechanism to protect even the Town from further lawsuits by other former Town of Valley Brook defendants, much less to protect Judge Haynes. Only certification of the class can act as a bar to future suits based upon the same claims.

### IV.  CONTRARY TO THE POSITION OF COUNSEL FOR THE TOWN, JUDGE HAYNES REMAINS A PARTY TO THIS LITIGATION

#### A.  Fed. R. Civ. P. 54.

The position of Town's counsel (who is also still a counsel of record for Judge Haynes) is that settlement may be achieved without the consent or without consultation with or input from Defendant Haynes. Relying on Judge Wyrick's Order of Dismissal in part (Doc. No. 29), Town's counsel takes the position that Judge Haynes has been dismissed from the case *and is no longer a party* with the substitution of the new Town Judge, Blaine Nice, in a representative/official capacity for the Valley Brook Municipal Court pursuant to Fed.R.Civ.P.25, and leaves no standing for Judge Haynes in the case. (Joint Stipulation of the Parties, Doc. No. 126, to which Judge Haynes was not a participant). The plaintiffs and

Town of Valley Brook are in error. Fed.R.Civ.P. 54 specifically provides the circumstances under which a decision is considered "final" and appealable and, additionally, how parties may go about requesting certification of a non-final decision for interlocutory review. Fed.R.Civ.P. 54(b) provides:

> "(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry *of a judgment* adjudicating all the claims and all the parties' rights and liabilities."(Emphasis added.)

Accordingly, under the Rule, a decision that does not adjudicate all of the claims, right, or liabilities of all the parties in the action is not considered "final" and, therefore, not appealable. Thus, in circumstances where the trial court dismisses or enters judgment on some of the claims, but other claims remain pending, the trial court's decision is not considered a final judgment for appeal and, thus, cannot be immediately appealed. Judge Haynes remains a party to this action until Judge Wyrick's Order of Dismissal becomes an appealable order.

Further, Judge Haynes, not Judge Nice, remains the Defendant of Fact, if not at law, under the claim for Declaratory Judgment against whom findings of fact and conclusions of law are sought under the pleadings. The Court has specifically rejected the notion that Judge

Haynes in his official capacity as Judge of the Valley Brook Municipal Court, and Judge Haynes, an individual, are two separate and distinct defendants that may be represented but treated differently by conflicting conduct or argument by counsel. This observation is first supported by a finding that the Municipal Court of Valley Brook is a sub-entity of the Town of Valley Brook and not a distinct entity subject to suit. Second, that the case may proceed against Judge Haynes for declaratory judgment which, if successful, would result in a finding of unconstitutional conduct by Judge Haynes, not the new Judge, Blaine Nice.

Instead, parties will have to wait until all of the claims are litigated before appealing unless the dismissal or judgment is exceptional enough to qualify it for interlocutory review. *See Williams v. Alabama Department Industrial Relations*, 4:13-cv-1825-KOB (N.D. Ala., M.D., Nov. 13, 2014) (discussing the general policy of trial courts disfavoring piecemeal litigation in the form of interlocutory appeals).

Judge Wyrick dismissed the Amended Complaint as to Judge Haynes, individually, under the judicial immunity doctrine. (Doc. No. 29, at 14), but allowed the case to proceed against Judge Haynes, individually, for declaratory relief. (Doc. No. 29, at 13 and 14). The proposed Settlement Agreement does not address this aspect of the case, and, again, absent a certification of the putative class, cannot protect Judge Haynes from future suits for declaratory relief by other former Town of Valley Brook defendants.

### B.   Fed. R. Civ. P.25.

Judge Wyrick's March 31, 2022, Order (Doc. No. 29), sustaining in part Defendants'

Motion to Dismiss, dismisses Judge Haynes in his individual capacity in accordance with the doctrine of *judicial immunity*, finding that none of the actions as claimed and as asserted against Judge Haynes abrogate Judge Haynes' judicial immunity. (Doc. No. 29). Judge Wyrick's Order likewise dismisses the Municipal Court of Valley Brook since, as a matter of law, the Municipal Court is a division of the Town of Valley Brook having no distinct separate identity from the Town itself. Therefore, the substitution of the new Valley Brook Judge, Judge Blaine Nice, has no legal significance to this case and nothing in the Settlement Agreement should recite a settlement with the "Valley Brook Municipal Court," it having under Judge Wyrick's Order, no separate status or identity in this case.

While finding that Judge Haynes, individually, should be dismissed, Judge Wyrick specifically found that the declaratory and injunctive claims would be heard as to Judge Haynes. Any finding or order as to the remaining claims for injunctive relief are specifically reserved by the Court's Order against Judge Haynes and any adverse finding would have a direct impact upon Judge Haynes' personal rights, reputation and standing in the legal and judicial community. It would be manifestly unjust to completely remove Judge Haynes from this case and allow claims of fact and law to be asserted against him without an opportunity provided to him to defend.

### V.     SETTLEMENT OF THE CASE DOES NOT ABROGATE PENDING APPLICATION FOR SANCTIONS AGAINST JUDGE HAYNES

On October 25, 2022, following months of discovery controversies, Plaintiffs filed their Motion to Compel (Doc. No. 50). Most of that Motion concerned claims that ***Judge***

*Haynes* had failed to cooperate in discovery and provide requested discovery materials in whole or in part and that an Order should issue directing compliance. On May 22, 2023, Plaintiffs filed their Motion for Sanctions, seeking multiple remedies against *Judge Haynes*, including, among other requests, costs, the entry of findings of fact and an Order finding Judge Haynes in contempt of court. (Doc. No. 90),

The proposed Settlement Agreement does not even address the pending sanctions Motion nor suggest a process to be brought before this Court for resolution of the pending sanctions Motion. Even if the case were to be settled as proposed by the Plaintiffs and the Town, the pending Motion is beyond the reach of its terms and will remain a continuing issue until acted upon by the Court, *regardless of the Settlement Agreement*. Since the Motion for Sanctions was filed against Judge Haynes alone, absent a hearing and contrary finding by the Court, it leaves him alone at jeopardy for misconduct that he knew nothing about, all as described in his June 6, 2023, *Pro Se* Response, (Doc. No. 96), which affirmatively reflects and affirms that he had no knowledge of, no input to, nor approval of, documents filed under his name nor commitments and representation made by counsel on his behalf.

Moreover, the Court, in its Order addressing the Motion for Sanctions (Doc. No. 114) denied the Motion **based upon Rule 37(c)(1)**, but stated the Court's intent to impose sanctions **due to erroneous discovery responses**. The Court simply had not decided **against whom** the sanctions should be imposed. The Court said:

> "The Court intends to impose sanctions based on Defendants'
> repeated erroneous discovery responses. It is unclear at this

juncture, however, who is responsible for the discrepancy."
(Doc. No. 114, at 7).

The sanctions intended by the Court, as set forth above, remain an open issue yet to be resolved and leaves Judge Haynes exposed for the erroneous discovery responses submitted by conflicted defense counsel without consultation with or the knowledge of Judge Haynes.

## VI. THE SETTLEMENT AGREEMENT MAKES NO REFERENCE TO NOR SUGGESTS ANY PROCESS FOR THE DESTRUCTION OF ALL INFORMATION HELD BY PLAINTIFFS' TECHNICIAN FROM JDUGE HAYNES' TELEPHONE.

In furtherance of a resolution to the request for production of and imaging of Judge Haynes' entire telephone, an agreement was made and put in writing at the time of his appearance for the imaging process. Although requested, Judge Haynes does not believe he received a copy of the signed agreement pertaining to the imaging of his telephone contents, but recalls that there was a process set forth therein which accommodated Judge Haynes' request that upon resolution of the case, the image would be deleted and the technician would so certify. That issue is not addressed in the proposed Settlement Agreement.

## VII.            JUDGE HAYNES' REQUESTED RELIEF

Judge Haynes has made clear his decision that he will not execute the proposed Settlement Agreement, nor be considered a party to or be bound by its terms. If modifications can be made to the Settlement Agreement through Orders of the Court, Judge Haynes believes the case by the representative Plaintiffs and the putative class can be settled without his involvement or consent. As a result, he would request the following terms to be

included in an Order of the Court:

1. The Order approving settlement and dismissing the case must include a provision that the March 31, 2022, Order (Doc. No. 29) dismissing Judge Haynes from personal liability becomes a final appealable Order of the Court with the dismissal of the case, and that such dismissal with prejudice does not nullify that Order.

2. The class should be certified for the purpose of settlement with such remedies as the Town and Plaintiffs agree, including as example a stipulation that, without any admission of wrongdoing, the Town has compied with the 2023 legislative acts of Oklahoma which revise the procedures and requirements contained in the Statutes.

3. The image of Judge Haynes' phone will be deleted and the Plaintiffs' technician and Plaintiffs' counsel will provide certification of that process and result.

4. Certification that no copies or transcripts of any the recorded Rule 8 Hearings exist and that the information provided therein has not been disseminated to any person or entity, and if they have been disseminated, they will be returned to Judge Haynes.

5. Since the Plaintiffs and Defendant Town have previously stipulated that Judge Haynes is not a necessary party to the settlement, none of the relief or consideration provided by Town or any other Defendants or third party (including insurers) for the settlement includes any consideration provided by, to, or from, or on behalf of Judge Haynes. This settlement of the case, as proposed by the plaintiffs and the defendant Town, is being undertaken over the objection of Judge Haynes and without his participation.

6.       Counsel for Plaintiffs and Defendant Town will stipulate that Judge Haynes did not participate nor have any prior knowledge of the conduct that led to the Application for Sanctions.

7.       Copies of all documents obtained through discovery will be destroyed and any documents disseminated to third persons shall be retrieved for such destruction.

8.       Attorney Powell and her Firm's conflict of interest ultimately forced Judge Haynes to hire Attorney Shadid to protect his interests, and Judge Haynes' costs and legal fees should and must be paid by the Town of Valley Brook's or its insurer.

9.       Withdrawal by Ms. Powell and her Firm from further representation of Judge Haynes should be conditioned upon the Court ordering the payment of all costs and attorneys fees incurred by Judge Haynes, personally.

10.     Defendant Haynes believes and suggests a judicial settlement conference before a Magistrate of the Court for help and guidance in resolving the matters discussed hereinabove.

<u>s/Danny K. Shadid</u><br>
Danny K. Shadid, OBA#8104<br>
DANNY K. SHADID, P.C.<br>
6307 Waterford Blvd., Suite 230<br>
Oklahoma City, OK 73118<br>
Telephone: (405) 397-9024<br>
E-mail: Danny@ShadidLaw.com<br>
<i>Attorney for Defendant,</i>

*Stephen Haynes, Municipal Judge*,

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Woody Glass, OBA#15690
Ward & Glass, LLP
1601 36th Ave. NW
Norman, OK 73072
405.360.9700 DIRECT
405.360.7302 FAX
woody@wardglasslaw.com
*Counsel for the Plaintiffs*

Arthur Ago
Tianna Mays
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
202-662-8600 DIRECT
202-783-0857 FAX
aago@lawyerscommitte.org
tmays@lawyerscommitte.org
*Counsel for the Plaintiffs*

Jason A. Leckerman
Lisa Swaminthan
Laura E. Luisi Gavin
Ballard Sphar LLP
1735 Market St. 51st Floor,
Philadelphia, PA 19103
215.864.8266 DIRECT
215.864.8999 FAX

LeckermanJ@ballardspahr.com
SwaminathanL@ballardspahr.com
GavinL@ballardspahr.com
*Counsel for the Plaintiffs*

Andrew W. Lester, OBA No. 5388
Shannon F. Davies, OBA No. 13565
Courtney D. Powell, OBA NO. 19444
Anthony J. Ferate, OBA NO. 21171
Spencer Fane LLP
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114-7423
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
alester@spencerfane.com
adaviess@spencerfane.com
cpowell@spencerfane.com
ajferate@spencerfane.com
*Attorneys for Defendant Town of*
*Valley Brook and for Defendant Haynes*

                                                                                 s/Danny K. Shadid
                                                                                  Danny K. Shadid