IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMIESHA HILL, et al., on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>TOWN OF VALLEY BROOK, et al.,<br><br>                      Defendants. | Case No. 5:21-cv-00097-SLP |

**JOINT MOTION FOR ADMINISTRATIVE CLOSING ORDER AND CLARIFYING REQUESTED RELIEF**

Plaintiffs, Kimiesha Hill, Jason Garnett, and Kiara McCorkle and Defendant Town of Valley Brook[1] respectfully request this Court enter an order of dismissal dismissing this case with prejudice and providing that this court will retain jurisdiction of the Parties' settlement agreement for three years. The Parties state that the settlement agreement settles the claims of the Named Plaintiffs' individual claims, and any claims asserted by any potential class member is not affected. In support of this Joint Motion, the Parties state as follows:

**INTRODUCTION**

Plaintiffs Kimiesha Hill, Kiara McCorkle, and Jason Garnett (collectively, "Named Plaintiffs"), by and through their undersigned counsel, and Defendants the Town of Valley

---

[1] The remaining named Defendants are sued in their official capacity only. Official capacity suits are suits against the Town.

Brook, Michael Stamp, in his official capacity, Lewis Nieman, in his official capacity, and Blaine Nice[2], in his official capacity, (collectively, "Defendants") (together, Named Plaintiffs and Defendants are the "Parties") began settlement discussions in June 2023, and in September 2023, reached a tentative settlement agreement. Since that time, the Parties negotiated a final settlement agreement, which was fully executed on January 26, 2024 (the "Settlement Agreement"). At all times since the tentative Settlement Agreement was reached in September 2023, the Parties agreed that the Settlement Agreement would settle the claims of the Named Plaintiffs only because no class was ever certified

The Parties now move to dismiss the case and request the Court to retain jurisdiction for three years to ensure performance under the Settlement Agreement.

## RELEVANT BACKGROUND

1. In January 2021, Named Plaintiffs initiated legal proceedings against the Defendants. ECF No. 5.

2. Named Plaintiffs and Defendants entered into a Settlement Agreement on January 26, 2024.

3. The Settlement Agreement defines the Parties to the agreement as the Named Plaintiffs and Defendants.

---

[2] Effective August 1, 2023, the Town of Valley Brook appointed a new Municipal Court judge, Blaine Nice, who assumed the role previously held by Stephen Haynes. Pursuant to Fed. R. Civ. P. 25(d), the official capacity claims against the Valley Brook Municipal Court judge remain and Judge Blaine Nice is automatically substituted as a party.

4. The Settlement Agreement states that the Parties are entering into the agreement to "fully and completely resolve any and all claims . . . that exist or may exist *between the Parties*" (emphasis added). Settlement Agreement p. 1.[3]

5. The Settlement Agreement provides a settlement payment only to the Named Plaintiffs. Settlement Agreement ¶ 2.1A.

6. The Settlement Agreement states that the Town of Valley Brook agrees to provide certain information regarding jailed individuals "for a period of 3 years". Settlement Agreement ¶ 2.1.E.

7. The Settlement Agreement provides that the lawsuit is to be dismissed with prejudice within seven days after certain conditions are fulfilled. Settlement Agreement ¶ 2.3.

8. Further, the Settlement Agreement contains a release provision, whereby, in part, the Named Plaintiffs agree to release Defendants from claims related to the underlying lawsuit. Settlement Agreement ¶ 3.1.

9. The Settlement Agreement releases only the claims of the Named Plaintiffs.

## ARGUMENT AND AUTHORITIES

**I.   The Matter May be Dismissed with Prejudice while the Court Retains Jurisdiction Over the Settlement Agreement.**

The Parties respectfully request that this Court enter an order dismissing the matter with prejudice but providing for the Court to retain jurisdiction over the Settlement

---

[3] Section 1 of the Settlement Agreement expressly incorporates the recitals into the agreement.

Agreement for a three-year period.. The Parties make this request so that, if any dispute arises related to performance under the Settlement Agreement during that time, the Court may quickly and easily step in and assist the Parties with a resolution.

A district court may retain jurisdiction over a settlement agreement if the parties agree that the court should do so. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994); *see Pedroza v, No Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 337 (D. N.M. 2014) (holding that "it is for the Parties to decide whether the Court retains jurisdiction" for stipulated dismissals under F.R.C.P. 41(a)(1)(A)(ii))). A district court retains jurisdiction "if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (citing *Kokkonen*, 511 U.S. 375). Even an Administrative Closing Order stating that this Court retains jurisdiction regarding enforcement of the Settlement Agreement is sufficient to retain such jurisdiction. *Barham v. Toney*, No. CIV-14-388-JHP, 2016 U.S. Dist. LEXIS 178040, at *8 (E.D. Okla. Dec. 7, 2016) (finding the district court retains jurisdiction because the Administrative Closing Order states the "Court retains complete jurisdiction" related to the settlement agreement).

There is no limit on the timeframe during which the court may retain such jurisdiction. Courts in this Circuit have retained jurisdiction for the same length of time as requested here—3 years—and even indefinitely. *See Adames v. Crow*, No. CIV-20-594-G, 2020 U.S. Dist. LEXIS 260138, at *5 (W.D. Okla. Oct. 19, 2020) (noting that "this Court has frequently entered an administrative closing order for an indefinite period of time" in connection with monitoring a related state court action); *O'Dowd v. Anthem, Inc.*,

No. 14-cv-02787-KLM-NYW, 2019 U.S. Dist. LEXIS 153610, at *9, *70 (D. Colo. Sept. 9, 2019) (retaining jurisdiction over class settlement for "[a]ny disputes or controversies arising with respect to the Settlement" which includes obligations of Defendants for three years); *see also Barham*, 2016 U.S. Dist. LEXIS at *8 (quoting the Administrative Closing Order that states "[t]he Court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary."); *Ibarra v. City of Tahlequah*, No. 12-CV-0098-JHP, 2013 U.S. Dist. LEXIS 119308, at *2 (E.D. Okla. Aug. 22, 2013) (ordering that the "Court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary.").

The Parties have agreed to request that this Court retain jurisdiction, and that it do so for three years. Settlement Agreement ¶ 2.1.E. This timeframe is sufficient to ensure compliance with the Settlement Agreement's terms, including the longest-running obligation: that the Town of Valley Brook provide certain information regarding jailed and arrested individuals for a period of three years. Settlement Agreement ¶ 2.1.E. Any dispute related to the Settlement Agreement will likely arise within three years of its execution. Retaining jurisdiction for those three years will allow the Court to quickly and efficiently resolve any dispute that may arise.

Therefore, the Parties request the Court to enter an order dismissing the case with prejudice but retaining jurisdiction over the Settlement Agreement for three years.

## II. The Settlement Agreement Does Not Require Court Approval.

The Settlement Agreement is between the Named Plaintiffs and the Defendants only. The Parties have neither certified a class nor proposed a class in connection with this settlement, and therefore this is not a class settlement governed by Fed. R. Civ. P. 23(e). As such, the settlement does not require Court approval. Rule 23 of the Federal Rules of Civil Procedure provides that "[t]he claims, issues, or defenses of a *certified* class—or a class proposed to be certified for purposes of settlement" may be settled or voluntarily dismissed "only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). Any possible future claims by a putative class are not affected by this Settlement Agreement.

## III. Judge Haynes Is No Longer a Party to This Action.

The Parties understand that Judge Stephen Haynes intends to file a motion in connection with this Joint Motion. Judge Stephen Haynes is no longer a party to this matter. First, the individual claims against Judge Haynes have been dismissed in this matter. ECF No. 29. Second, the claims against Judge Haynes in his official capacity automatically transferred to his successor when Valley Brook appointed Blaine Nice as the new municipal court judge, replacing Stephen Haynes. "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). The Parties previously clarified Judge Haynes' status in the matter in a Joint Stipulation, which recognized that Judge Haynes is no longer a defendant to this action. ECF No. 126. Judge Haynes does not have standing to challenge the settlement.

## **CONCLUSION**

The Parties respectfully ask the Court to grant the Parties' Joint Motion and enter an order dismissing the matter with prejudice but providing that the Court retain jurisdiction over the Settlement Agreement for a period of three years from the date of such Order.

Respectfully submitted this 16 day of February, 2024.

> *s/Jonathan M. Irwin*
> Woodrow K. Glass (OBA #15690)
> Jonathan M. Irwin (OBA # 32636)
> Glass & Tabor LLP
> 1601 36th Ave NW
> Norman, OK 73072
> 405.253.4031 DIRECT
> 405.360.7902 FAX
> jonathan@glasstaborlaw.com
> *Attorneys for Plaintiffs*
>
> Tianna Mays
> Arthur Ago
> Lawyers' Committee for Civil Rights
> Under Law
> 1500 K Street NW, Suite 900
> Washington, DC 20005
> 202-662-8600 DIRECT
> 202-783-0857 FAX
> aago@lawyerscommittee.org
> tmays@lawyerscommittee.org
> *Admitted pro hac vice*
>
> Jason A. Leckerman
> Lisa Swaminathan
> Ballard Spahr LLP
> 1735 Market St. 51st Floor,
> Philadelphia, PA 19103
> 215.864.8266 DIRECT

        215.864.8999 FAX
        LeckermanJ@ballardspahr.com
        SwaminathanL@ballardspahr.com
        *Admitted pro hac vice*

        /s/Courtney D. Powell
        Courtney D. Powell
        9400 N. Broadway Extension, Suite 600
        Oklahoma City, Oklahoma 73114-7423
        Telephone: (405) 844-9900
        Facsimile: (405) 844-9958
        cpowell@spencerfane.com
        *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 16 day of February 2024, I electronically submitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants on file.

        */s/Jonathan Irwin*
        Jonathan M. Irwin