IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMIESHA HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-2021-97-PRW |
| | ) | |
| TOWN OF VALLEY BROOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENT TO JOINT MOTION FOR ADMINISTRATIVE CLOSING ORDER AND CLARIFYING REQUESTED RELIEF**

Defendants Town of Valley Brook, Lewis Nieman, in his official capacity, Blaine Nice, in his official capacity (who as the new Municipal Judge was substituted for the official capacity claim against Stephen Haynes), and Michael Stamp, in his official capacity, file this supplement to the Joint Motion for Administrative Closing Order and Clarifying Requested Relief (Dkt. No. 129). This supplement provides additional information considering the filing made by Stephen Haynes in his individual capacity (Dkt. No. 126).

**There are no claims remaining against Mr. Haynes.** The Court's Order addressing Defendants' Motion to Dismiss disposed of the individual claims against Mr. Haynes. Dkt. No. 29. Official capacity claims against public officials are considered as claims against the public entity – in this case, the Town of Valley Brook (the "Town" or "Valley Brook"). *See, e.g., White v. Oklahoma ex rel. Tulsa Cnty. Off. of Dist. Att'y*, 250 F. Supp. 2d 1319, 1323 (N.D. Okla. 2002) ("A suit against Harris in his official capacity as a state official is in actuality a suit against the State itself.").

Not only do Plaintiffs agree that they are not seeking declaratory relief from Mr. Haynes, but Mr. Haynes is no longer the municipal judge in Valley Brook. Dkt. No. 126, ¶ 4. Pursuant to Fed. R. Civ. P. 25 (d), when a public officer ceases to hold office during the pendency of an action, "[t]he officer's successor is automatically substituted as a party." As such, Blaine Nice, Mr. Hayne's successor as municipal judge, is the appropriate party – not Mr. Haynes.  The only claims remaining against Mr. Haynes after the ruling on the motion to dismiss were in his official capacity, and, as such, were claims against the Town.

**Approval of the Settlement Agreement.** Valley Brook's Board of Trustees (the "Board") and municipal attorney reviewed the proposed settlement agreement. After consideration, the Board approved the proposed settlement agreement. In addition to dismissing all named parties with prejudice, the Town agreed to provide certain information, all which would be available pursuant to an Open Records Request, to Plaintiffs' counsel for three years. Dkt. No. 129, ¶ 7. Contrary to Mr. Haynes' assertions (Dkt. No. 126, at * 4), the settlement agreement does not contain any financial obligation made by the Town that carries over until the next fiscal year. *Cf.* Art. 10, § 26, Okla. Const. (establishing a single year limit for certain public financial obligations).

Mr. Haynes continues to insist that there exists a conflict of interest. Claims against Mr. Haynes, in his individual capacity, were dismissed before the settlement agreement was negotiated. The remaining claims were against the office of municipal judge – an office Mr. Haynes held at one time but does not currently and did not when the settlement agreement was reached. The Town duly considered and approved the settlement

agreement. While Mr. Haynes may disagree with the terms of the settlement agreement, he has no authority to object or stop the enforcement of the terms of the settlement agreement.

**The individual claims against Stephen Haynes were dismissed.** Plaintiffs have clearly and repeatedly stated that they do not have any remaining claims against Mr. Haynes individually. Dkt. No. 126, ¶¶ 2, 3, 6. Despite the entry of an agreed stipulation clearly stating that there are **not** any individual claims remaining involving Mr. Haynes, he continues to insist he is still being sued individually in this matter. Dkt. 126, at * 6 – 9.

The Petition is clear in that Plaintiffs were only seeking damages against Mr. Haynes in his individual capacity. The Complaint states:

> 151. On behalf of themselves and the Fined Class, Ms. Hill, Mr. Garnett, and Ms. McCorkle seek damages against Valley Brook, and Judge Haynes in his individual capacity.
>
> 159. On behalf of themselves and the Fined Class, Ms. Hill, Mr. Garnett, and Ms. McCorkle seek damages against Valley Brook, and Judge Haynes in his individual capacity.
>
> 181. On behalf of themselves and the Fined Class, Ms. Hill, Ms. McCorkle, and Mr. Garnett seek damages and restitution against Valley Brook and Judge Haynes in his individual capacity.
>
> 191. On behalf of themselves and the Fined Class, Ms. Hill, Ms. McCorkle, and Mr. Garnett seek damages against the Town, and Judge Haynes in his individual capacity.

Dkt. No. 1-2. In each instance when Plaintiffs sought some type of declaratory judgment, the reference was simply to "Judge Haynes." Dkt. No. 1-2, ¶¶ 150, 158, 167, 180, 190. Plaintiffs specifically noted when they were seeking relief against Mr. Haynes individually – and each instance was regarding the award of damages. The Court unequivocally dismissed all claims against Mr. Haynes except those seeking declaratory relief. Dkt. No.

29, at * 14. And, as seen from the wording in the Complaint, the declaratory relief sought was against Stephen Haynes in his official capacity.

Plaintiffs reiterated this position during the litigation – stating to the undersigned that it was their position Mr. Haynes remained in the action in his official capacity only. Solidifying this position, the Parties filed the Joint Stipulation on February 5, 2024 (Dkt. No. 126), which stipulated there were no longer any individual claims remaining in this litigation against Stephen Haynes in his individual capacity. Dkt. No. 126, ¶¶ 2, 3, 6.

**Rule 8 recordings.** Plaintiffs and Mr. Haynes reached an agreement that allowed for Plaintiffs to retain a copy of Mr. Haynes' telephone. Dkt. No. 104, ¶ 3. The agreement provided that the only information extracted from the imaging would be the Rule 8 recordings and associated metadata. *Id.* Plaintiffs and Mr. Haynes agreed that Plaintiffs would provide 72-hour notice before conducting any additional searches of the imaged material. *Id.*

**Negotiation of the settlement agreement.** Mr. Haynes, individually, was dismissed from this lawsuit on March 31, 2022. Dkt. No. 29. The interests of the Town and its officers have been defended throughout this lawsuit. Plaintiffs' counsel has repeatedly reiterated to the Court and to Mr. Haynes that they are not pursing any causes of action against him individually – only official capacity claims remain. The Town and its Board of Trustees reviewed and considered the settlement agreement and decided it was in the best interest of the Town to settle. It is the Town – not Mr. Haynes – who makes this decision.

Mr. Haynes' counsel entered his appearance in this case after the Town responded to Plaintiffs' settlement offer. Mr. Haynes' counsel was advised of the settlement offer and subsequent acceptance. Mr. Haynes' counsel was advised as to the progress of the drafting of the settlement agreement and its terms – including revisions to proposed terms. During this process, Mr. Haynes did not advise of any objections until late December 2023. And, when undersigned counsel responded to his concern, there was no response.

**Relief Requested.** Plaintiffs and the Town are asking that this Court enter an order of dismissal with prejudice but noting that the Court will retain jurisdiction over the matter for the next three years. The Court is not being asked to review or consider any information. Rather, the Parties wanted to ensure that it was clear where relief should be sought if it became necessary.

        Respectfully submitted,

        */s/ Courtney D. Powell*
        Courtney D. Powell, OBA No. 19444
        9400 N. Broadway Extension, Suite 600
        Oklahoma City, Oklahoma 73114-7423
        Telephone: (405) 844-9900
        Facsimile: (405) 844-9958
        Email: cpowell@spencerfane.com
        *Attorney for Defendants Town of Valley Brook, Lewis Nieman, in his official capacity, Blaine Nice, in his official capacity, and Michael Stamp, in his official capacity*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March, 2024, I electronically submitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants on file.

*s/Courtney D. Powell*