### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMIESHA HILL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-21-97-SLP |
| | ) | |
| TOWN OF VALLEY BROOK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### **O R D E R**

Before the Court is the Joint Motion for Administrative Closing Order and Clarifying Requested Relief [Doc. No. 129] filed by Plaintiffs Kimiesha Hill, Jason Garnett, and Kiara McCorkle, and Defendant Town of Valley Brook. As set forth in the Motion, "the Named Plaintiffs and Defendants" have entered into a settlement agreement.[1] *Id.* at 2. But the precise nature of the relief they seek is somewhat unclear. Although the title of the Motion contemplates the entry of an "Administrative Closing Order," *id.* at 1, this request is at odds with the parties' repeated entreaties for the Court to "enter an order dismissing the matter with prejudice," *id.* at 7; *see also id.* at 1, 3, 5. An administrative closing order does not itself operate as a dismissal with prejudice. *See Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (explaining how administrative closing order

---

[1] The parties have made clear that the settlement agreement implicates only the named Plaintiffs' individual claims. *See* [Doc. No. 129] at 6. No class has yet been certified, nor do the parties ask the Court to certify a proposed class for settlement purposes. Thus, the Court need not approve the terms of the settlement. *See* Fed. R. Civ. P. 23(e) advisory committee's note to 2003 amendment.

may eventually "mature[] into [a] final judgment"); *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) ("When a court administratively closes a case, the closure generally operates as 'the practical equivalent of a stay.'" (quoting *Quinn v. CGR*, 828 F.2d 1463, 1465 & n. 2 (10th Cir.1987))). Additionally, the parties ask the Court to retain jurisdiction for three years "to ensure performance under the Settlement Agreement." [Doc. No. 129] at 2.

Given the parties' clear and unequivocal requests for the Court to enter an order dismissing this case with prejudice, the Court construes the Joint Motion as a request for relief pursuant to Federal Rule of Civil Procedure 41(a)(2). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (explaining that district courts may dismiss actions pursuant to Rule 41(a)(2) and condition the dismissal on the court's retention of jurisdiction over the settlement contract). The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1047 (10th Cir. 2002) (quoting *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)). The Court's main concern when considering a motion under Rule 41(a)(2) is "whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id.* (quoting *Clark*, 13 F.3d at 1411).

Stephen Haynes, the former municipal judge for the Town of Valley Brook, has filed a "Response and Position Statement" [Doc. No. 128] objecting to the dismissal. In this document, Mr. Haynes raises a variety of objections to the Court's entry of an order dismissing this case. The Town contends that because all claims against Mr. Haynes have

been dismissed, he is "no longer a defendant in this ongoing litigation." [Doc. No. 126] at 2. Defendant Haynes disagrees, claiming this Court "allowed the case to proceed against Judge Haynes, individually, for declaratory relief." [Doc. No. 128] at 8. But claims seeking declaratory relief are only proper in official-capacity claims. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022) ("Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief."), *cert. denied*, 143 S. Ct. 1748 (2023). The parties represent—and Mr. Haynes does not dispute—that Blaine Nice now serves as the municipal judge for the Town of Valley Brook. *See* [Doc. No. 126] at 2. To the extent that claims for declaratory relief remain in this action, they are asserted against Mr. Nice, not Mr. Haynes. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("In an official-capacity action in federal court, . . . replacement of the named official will result in automatic substitution of the official's successor in office." (citing Fed. R. Civ. P. 25(d)(1))). Thus, the Court agrees that no claims remain pending against Mr. Haynes. *See* [Doc. No. 29] at 14.

The remaining Defendants join the Motion and ask the Court to dismiss Plaintiffs' claims with prejudice. The Court sees no reason to deny the Motion where all remaining parties to the litigation have settled their claims and agree the action should be dismissed. Likewise, there is no reason to address most of Mr. Haynes's response, as he is not a party to this lawsuit.[2] The Court does clarify, however, that it no longer intends to impose

---

[2] Mr. Haynes also filed a Motion to Strike Defendant Town of Valley Brook's, Nieman's, Nice's and Stamp's "Supplement to Joint Motion for administrative Closing Order and Clarifying Requested Relief." [Doc. No. 131]. Shortly thereafter, Plaintiffs filed a Motion for Leave to File Supplemental Brief on Joint Motion to Approve Settlement Agreement [Doc. No. 132]. The

sanctions for previous discovery conduct.  *See* Court's Aug. 1, 2023 Order [Doc. No. 114] (signaling the Court's "inten[t] to impose sanctions" but ultimately denying the request for Rule 37(c)(1) sanctions without prejudice).  The Court finds it would be a waste of judicial resources to adjudicate this issue in light of the parties' settlement and under the particular circumstances of this case.  Thus, the question of sanctions is no longer an "open issue yet to be resolved." [Doc. No. 128] at 11.

Upon review and in light of the parties' agreement, the Court GRANTS the Parties' Joint Motion [Doc. No. 129] and DISMISSES this action with prejudice under Rule 41(a)(2).  Pursuant to the parties' agreement, the Court retains jurisdiction "to ensure performance under the Settlement Agreement" for a period of three years from the date of this Order.  [Doc. No. 129] at 2.

IT IS SO ORDERED this 5th day of April, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

Court's Order does not rely on the supplement that Mr. Haynes requests to strike.  *See* [Doc. No. 130].  And for the reasons set forth herein, the Court finds supplemental briefing to be unnecessary. Thus, both the Motion to Strike [Doc. No. 131] and the Motion to Supplement [Doc. No. 132] are DENIED as moot.

4